Hon. Andrea R. Wood

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER MOEHRL, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., RE/MAX HOLDINGS, INC., and KELLER WILLIAMS REALTY, INC.,<br><br>       Defendants. | Civil Action No.: 1:19-cv-01610<br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g) |

-1-

<u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ................................................................................................. 1

II.     BACKGROUND ................................................................................................... 2

III.    ARGUMENT ........................................................................................................ 3

        A.      Rule 23 Permits Appointment of Interim Co-Lead Counsel .......................... 3

                1.      The Standards Under Rule 23(g) ........................................................ 3

                2.      Private Ordering Among Counsel Is Encouraged............................... 4

        B.      Appointment of Interim Co-Lead Counsel Will Benefit the Plaintiff's
                Prosecution of the Claim................................................................................ 4

        C.      Cohen Milstein, Hagens Berman, and Susman Godfrey Are Eminently
                Qualified to Be Interim Co-Lead Counsel ...................................................... 5

                1.      Cohen Milstein Sellers & Toll PLLC ................................................. 6

                2.      Hagens Berman Sobol Shapiro LLP .................................................. 10

                3.      Susman Godfrey L.L.P. ..................................................................... 13

        D.      Proposed Interim Co-Lead Counsel Have Undertaken the Investigation
                and Research Underpinning the Realtors Action........................................... 16

        E.      Proposed Interim Co-Lead Counsel Have Organized Plaintiff's
                Counsel and Managed the Litigation Effectively .......................................... 16

        F.      Proposed Interim Co-Lead Counsel Have Substantial Experience in
                Leading the Prosecution of Class Actions .................................................... 16

        G.      Proposed Interim Co-Lead Counsel Have the Requisite Knowledge
                and Expertise to Prosecute this Action ......................................................... 17

        H.      Proposed Interim Co-Lead Counsel Will Commit the Time, Staffing,
                and Monetary Resources Necessary to Prosecute These Actions................. 17

IV.     CONCLUSION................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### FEDERAL CASES

*Hill v. The Tribune Co.*,
 2005 WL 3299144 (N.D. Ill. Oct 13, 2005)..............................................................3, 4

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
 240 F.R.D. 56 (E.D.N.Y. 2006) .........................................................................................4

*In re Navistar Maxxforce Engines Mktg., Sales Practices and Prods. Liability Litig.*,
 2015 WL 1216318 (N.D. Ill. Mar. 5, 2015)....................................................................4

*Parkinson v. Hyundai Motor Am.*,
 2006 WL 2289801 (C.D. Cal. Aug. 7, 2006).....................................................................4

*Walker v. Discover Fin. Servs.*,
 2011 WL 2160889 (N.D. Ill. May 26, 2011) ..............................................................3, 4

### FEDERAL STATUTES

Sherman Act § 1, 15 U.S.C. § 1 ..............................................................................................3

### FEDERAL RULES

Federal Rule of Civil Procedure 23(g)............................................................... *passim*

### OTHER AUTHORITIES

Manual for Complex Litigation (4th ed. 2006).......................................................1, 2, 4

## I.    <u>INTRODUCTION</u>

Pursuant to Federal Rule of Civil Procedure 23(g), plaintiff Christopher Moehrl respectfully moves the Court for an Order appointing the following law firms as plaintiff's Interim Co-Lead Class Counsel in the above-captioned action (the "Realtors Action"): Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"); Hagens Berman Sobol Shapiro LLP ("Hagens Berman"); and Susman Godfrey L.L.P. ("Susman Godfrey") (collectively, "Proposed Interim Co-Lead Counsel"). This motion is supported by all of the counsel for plaintiff and the proposed class in this action. The only other plaintiff to file a similar action, *Sawbill Strategies, Inc. v. National Association of Realtors, et al.*, Case No. 19-cv-2544 (N.D. Ill.), supports this motion.

Consistent with Rule 23(g) and sound principles of efficient case management, the Court should appoint interim leadership for the proposed class at this stage of the litigation. *See* Manual for Complex Litigation § 21.11 at 246 (4th ed. 2006) (the "Manual").[1] The proposed leadership structure will ensure this complex litigation proceeds in an efficient manner. Appointment of leadership for the proposed class will permit plaintiff's counsel to work with counsel for defendants on basic case management issues, such as the negotiation of pretrial orders, and to structure and streamline communication with the Court on behalf of the plaintiff and the class he seeks to represent.

As demonstrated below, Proposed Interim Co-Lead Counsel—both collectively and individually—possess the requisite expertise to lead the Realtors Action. Proposed Interim Co-Lead Counsel's individual track records in other complex class action litigation, as well as their success in working cooperatively together in conducting complex class action litigation,

---

[1] "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.*

-1-

demonstrate that they can be counted on to dedicate the time, resources, and skill required of Interim Co-Lead Counsel under Rule 23(g). The firms have spent decades prosecuting complex antitrust class actions with equally complex issues to those in this action, and each has a history of winning landmark verdicts and negotiating favorable settlements for their clients. Proposed Interim Co-Lead Counsel have already undertaken substantial investigation into the industry and defendants' violation of the antitrust laws and begun working with experts to analyze the conduct at issue in this case, both confirming their dedication to plaintiff's cause and strengthening plaintiff's ability to vindicate it. Plaintiff is represented by counsel with superior leadership abilities and the substantive knowledge necessary to prosecute these claims on behalf of plaintiff and the proposed class.

The proposed leadership structure results from the agreement of all plaintiff's counsel in this action and the agreement of the only other plaintiff who has filed a similar action. Courts generally favor such private ordering in appointing class counsel. Manual § 21.272 at 279 ("The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests."). Plaintiff and his counsel believe that the proposed leadership structure will best enable plaintiff to represent the class he seeks to represent. Accordingly, because the proposal satisfies Rule 23(g) and furthers its purposes, plaintiff respectfully requests that the Court grant this motion and enter the proposed Order submitted with this motion.

## II.     BACKGROUND

On March 6, 2019, plaintiff filed the complaint against defendants on behalf of himself and a class of all other similarly situated persons. In this action, plaintiff alleges that defendants entered into an illegal conspiracy whereby they agreed that home sellers must make a unilateral

blanket commission offer to the purchaser's real estate broker, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

Since the complaint was filed, counsel have worked cooperatively to coordinate their efforts and spoken with one voice, and by so doing, have been able to confer with defendants with respect to their response to the complaint. Plaintiff now moves the Court for an order permitting these cases to proceed under their agreed-upon leadership structure.

## III.    ARGUMENT

### A.    Rule 23 Permits Appointment of Interim Co-Lead Counsel

#### 1.    The Standards Under Rule 23(g)

Under Rule 23(g)(3), a court has discretion whether to appoint class counsel before class certification.[2] A court considering the appointment of interim class counsel must consider the following criteria: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The focus in appointing interim class counsel should be the best interests of the parties, the proposed class, and the Court.[3]

---

[2] A court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *Id.*

[3] While neither Rule 23(g) nor the Advisory Committee Notes explicitly set forth the standards to be applied in choosing interim class counsel, courts generally apply the same factors in choosing interim class counsel as they apply in choosing class counsel upon class certification. *See Walker v. Discover Fin. Servs.*, No. 10-cv-6994, 2011 WL 2160889, at *2 (N.D. Ill. May 26, 2011) ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."); *see also Hill v. The Tribune Co.*, 2005 WL 3299144,

### 2. Private Ordering Among Counsel Is Encouraged

The most common and desirable means of selecting class counsel is "private ordering." Manual § 21.272 at 279. That is, "[t]he lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests." *Id.* Efforts of plaintiffs' counsel to coordinate their activities among themselves are to be encouraged. Manual § 10.22 at 24.

### B. Appointment of Interim Co-Lead Counsel Will Benefit the Plaintiff's Prosecution of the Claim

Given the complexity of the antitrust issues in this action, it is appropriate for the Court to appoint three firms as Interim Co-Lead Counsel. These firms have significant experience working effectively within such structures. Indeed, the proposed structure, and larger ones, are commonplace in complex antitrust class actions, particularly when there are several defendants. *See, e.g., In re Navistar Maxxforce Engines Mktg., Sales Practices and Prods. Liability Litig.,* No. 14-cv-10318, 2015 WL 1216318, at *2 (N.D. Ill. Mar. 5, 2015) (appointing three law firms as interim co-lead counsel and one law firm as liaison counsel); *Walker,* 2011 WL 2160889, at *1 (appointing two law firms as interim co-lead counsel and one law firm as liaison counsel); *Hill v. The Tribune Co.,*, 2005 WL 3299144, at *5 (N.D. Ill. Oct 13, 2005) (appointing two law firms as interim co-lead counsel and one law firm as liaison counsel); *In re Animation Workers*

---

at *3-4 (N.D. Ill. Oct 13, 2005) (applying the Rule 23(g) criteria for consideration in appointing class counsel to appointing interim counsel); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."); *Parkinson v. Hyundai Motor Am.*, No. 06-cv-345, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably the same factors apply, however.").

*Antitrust Litig.*, No. 5:14-cv-4062-LHK, ECF No. 54 (N.D. Cal. November 20, 2014)

(appointing Cohen Milstein, Hagens Berman, and Susman Godfrey as interim co-lead counsel);

*In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-2420-YGR, ECF Nos. 194, 229 (N.D.

Cal. May 17, 2013 and July 10, 2013) (appointing three firms as interim co-lead counsel, one

firm as liaison counsel, and a seven-firm steering committee); *In re Dynamic Random Access*

*Memory (DRAM) Antitrust Litig.*, No. 4:02-md-01486-PJH, ECF No. 572 (N.D. Cal. Sept. 20,

2005), (appointing four firms as co-lead counsel for indirect purchasers); *In re Methionine*

*Antitrust Litig.*, No. 00-md-01311-CRB, ECF No. 5 (N.D. Cal. Feb. 23, 2000) (four firms

appointed as co-lead class counsel); *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 12-md-

02409-WGY, ECF No. 85 at 5-6 (D. Mass. Jan. 16, 2013) (appointing four firms as interim co-

lead counsel and six firms to an executive committee); *In re Loestrin 24 Fe Antitrust Litig.*, No.

13-md- 02472-S-PAS, ECF No. 85 at 2-5 (D.R.I. Feb. 14, 2014) (appointing four firms as

interim co-lead counsel).

As illustrated below, the appointment of these three highly experienced firms as Interim

Co-Lead Counsel will allow plaintiff to efficiently and effectively manage this litigation, draw

on each firm's knowledge and experience, and combine forces to litigate against formidable

defendants and their counsel.

### C. Cohen Milstein, Hagens Berman, and Susman Godfrey Are Eminently Qualified to Be Interim Co-Lead Counsel

Proposed Interim Co-Lead Counsel each have extensive antitrust class action experience

and have successfully litigated some of the most complex private antitrust cases in the last two

decades. Their collective and respective individual litigation experience—as discussed below as

well as in the profiles attached to the concurrently filed Declarations of Daniel A. Small, Steve

W. Berman, and Marc M. Seltzer—amply demonstrates that Plaintiff's Proposed Interim Co-

Lead Class Counsel have extensive knowledge of the relevant law, as well as the resources for effective representation of plaintiff and the class, and the proven ability to reach superior results for parties injured by anticompetitive practices.

Not only are Cohen Milstein, Hagens Berman, and Susman Godfrey well-qualified to serve as Interim Co-Lead Class Counsel in this case, all three firms have a demonstrated record of successfully working together to co-lead counsel in conducting complex class action litigation. For example, the firms have cooperatively and productively collaborated in prosecuting class action cases, often in leadership roles, on the following matters:

- *In re Animation Workers Antitrust Litigation*, (N.D. Cal.) (securing approximately $168 million for animation workers);

- *In re Elec. Books Antitrust Litigation* (S.D.N.Y.) (securing $560 million for e-book purchasers);

- *In re Dental Supplies Antitrust Litigation* (E.D.N.Y.) (motion for final approval of settlement filed);

- *In re Resistors Antitrust Litigation* (N.D. Cal.) (ongoing case);

- *Mayor and City Council of Baltimore v. Actelion Pharmaceuticals* (D. Md.) (ongoing case);

- *In re Qualcomm Antitrust Litigation* (N.D. Cal.) (ongoing case);

- *In re Flint Water Cases* (E. D. Mich.) (ongoing case); and

- *Nix v. The Chemours Company FC, LLC et al*. (E.D.N.C.) (ongoing case).

Thus, not only are Cohen Milstein, Hagens Berman, and Susman Godfrey committed to working together efficiently and effectively in prosecuting complex litigation, but they have an established record of doing so in previous class action cases.

### 1.     <u>Cohen Milstein Sellers & Toll PLLC</u>

With its roots tracing back to 1970, and with more than ninety attorneys, Cohen Milstein is one of the oldest and largest firms in the nation dedicated primarily to the prosecution of class

actions. *See* Exhibit A, Resume of Cohen Milstein Sellers & Toll PLLC. Cohen Milstein has

particular expertise in enforcing federal and state antitrust laws, with twenty-six lawyers

dedicated to antitrust practice specifically.

Cohen Milstein possesses the resources and the expertise to litigate large antitrust class

actions successfully, including through trial and appeal, against the large firms that typically

represent defendants in these cases. For example, in the case *In re Urethane Antitrust Litigation*

(D. Kan.), Cohen Milstein and its co-counsel secured the largest ever price-fixing jury verdict

against defendant Dow Chemicals ($1.06 billion after trebling and offsets for the pretrial

settlements), defended the judgment on appeal in the United States Court of Appeals for the

Tenth Circuit, and recouped $974 million for the class including an $835 million settlement with

Dow Chemicals while Dow's petition for *certiorari* was pending. In approving the firm's

petition for fees, United States District Judge John W. Lungstrum commented on these efforts:

> Hundreds of millions were at stake here, and counsel achieved incredible success
> on the merits of the claims. . . . The case was not settled pretrial for a percentage
> of the damages, nor was it settled on appeal for a steep discount from the
> judgment amount; instead counsel litigated the case to a verdict and an appellate
> affirmance. Counsel achieved this verdict and judgment without the benefit of a
> government investigation or prosecution of members of the alleged antitrust
> conspiracy. The subject matter was complex and not easily digestible by a lay
> jury, and there were no personal injuries to heighten sympathy. In almost 25
> years of service on the bench, this Court has not experienced a more remarkable
> result. Memorandum and Order, *In re Urethane Antitrust Litig*., MDL No. 1616
> (July 29, 2018), ECF No. 3272 at 10-11.

Memorandum and Order, *In re Urethane Antitrust Litig.*, MDL No. 1616 (July 29, 2018), Dkt. No.

3272 at 10-11.

The senior members of the Cohen Milstein litigation team in this matter will provide the

putative class with the highest level of representation: Daniel A. Small, Kit A. Pierson, and

Benjamin D. Brown.

Daniel A. Small has made a career of prosecuting antitrust class actions. His experience includes negotiating settlements totaling hundreds of millions of dollars, trying cases to verdict, and arguing cases in numerous appellate courts including the U.S. Supreme Court. For example, Mr. Small has been appointed lead counsel or has been part of the leadership team for Cohen Milstein when it was appointed lead counsel in the following antitrust class actions:

- *In re: Animation Workers Antitrust Litig.* (N.D. Cal) (secured $168.5 million in settlements);

- *Pease v. Jasper Wyman Son, Inc.* (Maine Sup. Ct.) (secured a $56 million jury verdict); and

- *In re Buspirone Antitrust Litig.* (S.D.N.Y.) (secured $90 million in settlements).[4]

Kit A. Pierson brings experience representing both defendants and plaintiffs in significant antitrust and complex litigation across the country. Before joining Cohen Milstein in 2009, Mr. Pierson worked primarily on the defense side for more than twenty years. He gained significant experience in class action defense and was one of Microsoft Corporation's trial lawyers in two lengthy antitrust class action trials. Since joining Cohen Milstein in 2009, Mr. Pierson has used that experience to the benefit of the classes he has represented, securing almost $2 billion in settlements and judgments. Mr. Pierson was one of the trial lawyers for the plaintiff class in *Urethanes* and has been appointed lead counsel in numerous cases, including:

- *In re Domestic Drywall Antitrust Litig.* (E.D. Pa.) (secured $190 million in settlements);

- *In re Elec. Books Antitrust Litig.* (S.D.N.Y.) (secured over $550 million in settlements).[5]

---

[4] *See also UFCW & Employers Benefit Trust v. Sutter Health* (Cal. Sup. Ct.) (ongoing); *Shane Grp. v. Blue Cross Blue Shield of Mich.* (E.D. Mich.) (secured the class $30 million in settlements).

[5] *See also In re: Pre-Filled Propane Tank Antitrust Litig.* (W.D. Mo.) (ongoing); *In re: Ductile Iron Pipe Fittings Direct Purchaser Antitrust Litig.* (D. N.J.) (secured the class $17.3 million in

Mr. Pierson also co-teaches (with Mr. Brown) a class in Complex Litigation at Georgetown University Law School, which covers a broad range of class action issues.

Benjamin D. Brown is co-chair of the Antitrust Group at Cohen Milstein. Before joining Cohen Milstein in 2005, Mr. Brown represented defendants in antitrust matters and served as a Trial Attorney in the U.S. Department of Justice Antitrust Division and as a Special Assistant United States Attorney. In nearly fifteen years representing plaintiffs in antitrust class actions, Mr. Brown has been part of the leadership team in the following cases where Cohen Milstein was appointed lead or interim lead counsel:

- *Cung Le v. Zuffa LLC* (D. Nev.) (ongoing);

- *Carlin v. Dairy America Inc.* (E.D. Cal.) (secured $40 million in settlements); and

- *Allen v. Dairy Farmers of America* (D. Vt.) (secured $80 million in settlements)

Mr. Brown also serves on the Advisory Board of the Institute for Consumer Antitrust Studies at Loyola University Chicago's School of Law and is co-teaching Complex Litigation with Mr. Pierson at Georgetown University Law School.

All told, Cohen Milstein has both the skills and expertise to serve as class counsel.[6] The firm and its attorneys are dedicated to litigation in the public interest, both in the antitrust space and outside of it. For example, Carol V. Gilden, another member of the Cohen Milstein team in this case, currently represents the City of Chicago in litigation against online hotel retailers

---

settlements); *In re: Resistors Antitrust Litig.* (N.D. Cal.) (ongoing); *In re: Cast Iron Soil Pipe and Fittings Antitrust Litig.* (E.D. Tenn.) (secured the class $30 million in settlements).

[6] These skills and expertise have been recognized by industry associations and legal publications including with the following recent awards. Cohen Milstein was chosen by the Legal 500 for nine straight years as one of the top antitrust class action firms in the country and by the National Law Journal in 2016 and 2018 as a "Winner" and "Finalist" respectively in the "Elite Trial Lawyers – Antitrust" category. Dan Small and Kit Pierson have been recognized by *Law Dragon* as two of the 500 Leading Lawyers in America and Ben Brown as a "Thought Leader – Competition" by *Who's Who Legal*.

seeking to ensure that those retailers remit taxes to the City. And the firm, along with co-counsel Susman Godfrey, serves as co-lead counsel representing the citizens of Flint, Michigan in litigation arising out of the Flint Water Crisis. Cohen Milstein will bring this expertise and dedication to bear on adequately and zealously representing the proposed class's interests.

## 2. <u>Hagens Berman Sobol Shapiro LLP</u>

Hagens Berman is a sixty-lawyer firm, with offices in Seattle, Boston, Chicago, Colorado Springs, Los Angeles, New York, Phoenix, San Francisco and Washington, D.C. Since its founding in 1993, Hagens Berman has represented plaintiffs in a broad spectrum of complex, multi-party antitrust cases. Hagens Berman was named to *The National Law Journal's* Plaintiffs' Hot List in 2006, 2007 and each of the years 2009 to 2013. In 2014, The *National Law Journal* named Hagens Berman to its inaugural list of America's Elite Trial lawyers – a compilation of the nation's leading firms bringing about significant change and major plaintiffs' settlements in complex litigation.

The attorneys principally responsible for this litigation will include Steve Berman, managing partner, and Jeff Friedman. Recent examples of the success of Hagens Berman's lead counsel experience in complex antitrust cases include the following cases, in addition to the *Animators* litigation described above:

- ***In re Electronic Books Antitrust Litig*, No. 11-md-2293 (S.D.N.Y.):** As described above, Hagens Berman and Cohen Milstein are co-lead counsel in this complex piece of litigation involving six defendants, 33 State Attorneys General and the Department of Justice. Settlements in the case totaled over $560 million, representing recovery of approximately double class members' damages.

- ***In re National Collegiate Athletic Association Athletic Grant-In-Aid Cap Antitrust Litigation.*, No. 4:14-md-02541 (N.D. Cal.):** The firm served as co-lead counsel on behalf of student athletes in this class-action lawsuit against the National Collegiate Athletic Association and collegiate athletic conferences. Settlements in this case totaled over $200 million and the Court granted injunctive relief on behalf of the class following a bench trial.

-10-

- ***In re Optical Disk Drive Products Antitrust Litigation.*, No. 03-md-02143 (N.D. Cal.):** The firm served as sole lead counsel on behalf of indirect purchasers in this class-action suit against the leading ODD (Optical Disc Drive) manufacturers, claiming the companies secretly colluded to fix the prices of ODDs. Settlements in this case totaled over $200 million.

- ***In re DRAM Antitrust Litig.*, No. 02-md-01486 (N.D. Cal.):** The firm played a key role in this class-action suit against the leading DRAM (Dynamic Random Access Memory) manufacturers, claiming the companies secretly agreed to reduce the supply of DRAM, which artificially raised prices. DRAM is a necessary component in a wide variety of electronics including personal computers, cellular telephones, digital cameras, and many other devices, and the class included equipment manufacturers, franchise distributors, and smaller-volume customers who purchased DRAM. The case settled for $345 million.

- ***In re Visa Check/Mastermoney Antitrust Litig.*, No. 96-cv-05238 (E.D.N.Y.):** Hagens Berman helped lead this record-breaking antitrust case against credit card giants Visa and MasterCard, which resulted in a $3.05 billion cash settlement and injunctive relief valued at more than $20 billion. The suit challenged charges imposed in connection with debit cards. As co-lead counsel in this matter, the firm assisted in setting strategy and providing oversight on all aspects of the case.

Mr. Berman, the managing partner of Hagens Berman, has served as lead or co-lead counsel in antitrust, securities, consumer, products liability, and employment class actions, and complex litigations throughout the country. For example, Mr. Berman was the lead trial lawyer in *In re National Collegiate Athletic Association Athletic Grant-In-Aid Cap Antitrust Litigation*, MDL No. 2541 (N.D. Cal.) where the class obtained injunctive relief following a bench trial. Mr. Berman questioned numerous witnesses and gave the closing argument at trial. Mr. Berman was sole lead class counsel in *In re: Stericycle, Inc., Steri-Safe Contract Litigation*, Case No. 13 C 5795, MDL No. 2455 (D. N.D. Ill.) where the class obtained $295 million in settlements and injunctive relief. Judge Shadur stated in his preliminary approval order that the settlement demonstrated the "type of high quality work product that this Court anticipated when it designated Hagens Berman and its lead partner Steve Berman as class counsel." Memorandum and Order, *In re: Stericycle, Inc.*, MDL No. 2455 (October 26, 2017), ECF No. 310 at 3. At the preliminary approval hearing, Judge Shadur further stated that the "total presentation" of Hagens Berman "has more than validated . . . my appointment of them . . . as class counsel." Berman Decl., Ex. D at 8.

Mr. Berman was also lead trial lawyer in *In re Pharm. Indus. Average Wholesale Price Litig*., MDL No. 1456 (D. Mass.). He tried the class case against four manufacturers and successfully argued the appeal from the trial before the First Circuit. Mr. Berman was also the lead counsel in *New England Carpenters v. First DataBank, et al*., No. 05-11148-PBS (D. Mass.), on behalf of a nationwide class of private payors that purchased prescription brand name drugs. Hagens Berman achieved a $350 million settlement eleven days before trial was scheduled to start. Recently, in *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Prods. Liab. Litig*., No. 8:10ML2151 (C.D. Cal.), Judge James V. Selna *sua sponte* identified Mr. Berman as a presumptive co-lead counsel when Judge Selna was assigned the Toyota MDL (along with Marc M. Seltzer at Susman Godfrey). Perhaps most notable is Mr. Berman's role as a special assistant attorney general for the states of Washington, Arizona, Illinois, Indiana, New York, Alaska, Idaho, Ohio, Oregon, Nevada, Montana, Vermont, and Rhode Island in the landmark Tobacco Litigation. That case resulted in the largest settlement in history, a settlement that occurred while Mr. Berman was in trial in *State of Washington v. Philip Morris, et al.*

Hagens Berman partner Jeff Friedman will be included on the Hagens Berman team. Mr. Friedman was an integral part of the case teams for *In re Optical Disk Drive* and *In re Electronic Books*, both cases where Hagens Berman recovered hundreds of millions of dollars on behalf of injured consumers. Mr. Friedman was also a member of the trial team for *In re NCAA*, including cross examining the primary expert witness economist for the defendants at trial.

Further details about the experiences and background of the firm and the attorneys working on this matter are set forth in the Berman Declaration and its attached exhibits, filed concurrently herewith.

### 3. Susman Godfrey L.L.P.

Since the firm's founding in 1980, Susman Godfrey has served as lead counsel in hundreds of antitrust class actions and other complex commercial disputes in courts throughout the country. Susman Godfrey's practice is dedicated exclusively to litigating and trying lawsuits. The firm has represented clients in some of the largest and most complex cases ever litigated and has demonstrated that it has the ability and resources to handle those cases effectively and efficiently. Susman Godfrey's experience is not confined to a single practice area. Rather, the firm has successfully represented its clients in a wide range of complex commercial disputes, including antitrust and securities class actions. Susman Godfrey's experience is more fully detailed in its firm resume attached as Exhibit A to the Declaration of Marc M. Seltzer ("Seltzer Declaration"), filed concurrently herewith.

Susman Godfrey's experiences, track record of success and staying power are reflected in its wide recognition as one of the nation's leading trial firms, including by *The American Lawyer* in its first-ever "Litigation Boutique of the Year" competition and, more recently, by being named in 2014 and 2018 to *National Law Journal*'s "America's Elite Trial Lawyers" list. The firm's lawyers are consistently recognized as "Super Lawyers" and "Rising Stars" in the states where they practice. Susman Godfrey has over one hundred lawyers nationwide in its four offices, over 90% of whom served in federal judicial clerkships after law school. Ten of Susman Godfrey's attorneys have clerked at the highest level—for Justices of the United States Supreme Court.

Susman Godfrey's success in trying antitrust cases has made the firm one of the most trusted and sought-after firms in the country for antitrust class actions. Susman Godfrey has tried

more than a dozen significant antitrust cases to a jury, yielding over $1 billion in verdicts, and has been appointed to serve as lead or co-lead counsel in numerous antitrust class actions, including the following cases in addition to the *Animation Workers* class action described above:

| | |
|---|---|
| • *In re Automotive Parts Antitrust Litigation* (E.D. Mich.) | • *White v. Nat'l Collegiate Athletic Ass'n* (C.D. Cal.) |
| • *In re Crude Oil Commodity Futures Litigation* (S.D.N.Y.) | • *In re Ready-Mixed Concrete Antitrust Litigation* (S.D. Ind.) |
| • *In re LIBOR-Based Fin. Instruments Antitrust Litigation* (S.D.N.Y.) | • *In re Universal Serv. Fund Tel. Billing Practices Litigation* (D. Kan.) |
| • *In re Municipal Derivatives Antitrust Litigation* (S.D.N.Y.) | • *In re Lease Oil Antitrust Litigation* (S.D. Tex.) |
| • *Behrend v. Comcast Corp.* (E.D. Pa.) | • *In re Vitamins Antitrust Litigation* (D.D.C.) |
| • *In re Korean Air Lines Co. Antitrust Litigation* (C.D. Cal.) | • *In re Commercial Explosives Antitrust Litigation* (D. Utah) |
| • *In re Processed Egg Products Antitrust Litigation* (E.D. Pa.) | • *In re Qualcomm Antitrust Litigation* (N.D. Cal.) |
| • *In re Vitamin C Antitrust Litigation* (E.D.N.Y.) | |

Marc M. Seltzer, one of Susman Godfrey's most senior lawyers and resident head of the firm's Los Angeles office, will oversee the firm's trial efforts in this litigation. Mr. Seltzer has practiced law for more than forty-five years, litigating complex business law cases in state and federal courts throughout the United States. Mr. Seltzer has been appointed to serve as lead counsel for the plaintiffs in numerous antitrust and other class action cases. Mr. Seltzer leads the firm's efforts as co-lead counsel for the end-payor plaintiffs in the *Automotive Parts Antitrust Litigation,* where over $1.2 billion in partial settlements has been obtained for the benefit of the classes he represents. In 2013, Mr. Seltzer was named a Law360 "Class Action MVP," one of

only three attorneys named nationwide. Mr. Seltzer was recognized for, among other achievements, serving as one of three co-lead counsel who helped to obtain an unprecedented settlement valued by the court at approximately $1.6 billion in the Toyota unintended acceleration litigation (*In re Toyota Motor Corp. Unintended Acceleration Marketing Sales Practices, and Product Liability Litigation*)—a case in which he served as co-lead counsel with Steve W. Berman of Hagens Berman. Mr. Seltzer has also represented parties in securities, intellectual property, and other complex commercial litigation. He was recently named one of the top 100 lawyers in California by the *Los Angeles Daily Journal*. He has also been included in the *International Who's Who of Competition Lawyers & Economists*, as one of the top antitrust lawyers in the world. Mr. Seltzer is a Life Member of the American Law Institute and is also a member of the Advisory Board of the American Antitrust Institute.

Susman Godfrey partners Steven Sklaver and Matthew Berry will be included on the Susman Godfrey team. They likewise collectively enjoy extensive antitrust and class action experience. Mr. Sklaver, along with Mr. Seltzer, represented the class in *White, et al. v. NCAA*, an antitrust class action alleging that the NCAA violated the federal antitrust laws by restricting amounts of athletic-based financial aid to student athletes. The NCAA settled and made available $218 million for use by current student-athletes to cover the costs of attending college and $10 million to cover educational and professional development expenses for former student-athletes. Mr. Berry served as an integral part of the Susman Godfrey team in the *Animation Workers* action and represents the over-the-counter plaintiffs in the *LIBOR* class action currently pending in the Southern District of New York, where partial settlements totaling $590 million have been obtained. Susman Godfrey associate Beatrice Franklin will also be included on the Susman Godfrey team. Ms. Franklin joined Susman Godfrey in 2018 after completing clerkships with the

Honorable Jesse Furman (S.D.N.Y), the Honorable Susan Carney (2d Cir.), and the Honorable Ruth Bader Ginsburg (S. Ct.).

Further details about the experiences and background of the firm and the attorneys working on this matter are set forth in the Seltzer Declaration and its attached exhibits, filed concurrently herewith.

### D. Proposed Interim Co-Lead Counsel Have Undertaken the Investigation and Research Underpinning the Realtors Action

Rule 23(g)(A)(1)(i) directs the Court to consider "the work counsel has done in identifying and investigating" claims in the present action when weighing the appointment of lead counsel. Proposed Interim Co-Lead Counsel have invested substantial time and effort into researching the claims, analyzing the industry, and determining the scope of the claims in this action. Before filing the complaint, counsel conducted an independent investigation into the matters alleged in plaintiff's complaint. Proposed Interim Co-Lead Counsel have also consulted with leading experts to advise on the conduct at issue in this action.

### E. Proposed Interim Co-Lead Counsel Have Organized Plaintiff's Counsel and Managed the Litigation Effectively

Since before the complaint was filed, plaintiff's counsel began working together to present a cohesive, coordinated front with respect to all issues relating to this action, including dealing with defendants once the complaint was filed. To that end, plaintiff's counsel have also met and conferred with defendants concerning the case schedule for defendants' deadline to respond to the complaint.

### F. Proposed Interim Co-Lead Counsel Have Substantial Experience in Leading the Prosecution of Class Actions

Rule 23(g)(1)(A)(ii) directs the Court to consider proposed class counsel's experience "in handling class actions, other complex litigation, and the types of claims asserted in the [present]

action." As set forth above and in the firm profiles attached to the Small, Berman, and Seltzer Declarations, Proposed Interim Co-Lead Counsel have decades of substantial experience prosecuting complex class action litigation on behalf of a wide variety of plaintiffs, including cases involved in complex antitrust conspiracies.

### G. Proposed Interim Co-Lead Counsel Have the Requisite Knowledge and Expertise to Prosecute this Action

Rule 23(g)(1)(A)(iii) directs the Court to consider "counsel's knowledge of the applicable law" in the present case. This consideration is essential in the context of a complex antitrust case such as the present one. Proposed Plaintiff's Interim Co-Lead Class Counsel are well-versed in the antitrust laws and prosecuting cartel cases in particular. Indeed, a significant amount of the proposed Plaintiff's Interim Co-Lead Class Counsel's overall respective caseloads and practices are dedicated to prosecuting both federal and state antitrust law claims in courts throughout the nation, and their successes in these cases have significantly advanced the law. *See* Small, Seltzer, and Berman Declarations.

### H. Proposed Interim Co-Lead Counsel Will Commit the Time, Staffing, and Monetary Resources Necessary to Prosecute These Actions

By bringing the Realtors Action, plaintiff likely faces a lengthy, logistically complex, and resource-intensive fight. Defendants include some of the largest real estate companies in the world, many with annual revenues exceeding $1 billion. As with any complex class action, especially those asserting antitrust claims, the economic issues in these cases will require substantial expert analysis, and discovery is likely to entail extensive documents and many depositions. Counsel chosen to prosecute the plaintiff class' claims must be able to dedicate significant resources to advance the class's claims. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv).

Proposed Interim Co-Lead Counsel have the necessary roster of talented attorneys and capable professional staff, and the monetary resources, to advance the class's interests efficiently

and aggressively and to pursue all necessary avenues of discovery. *See* Small, Seltzer, and Berman Declarations. In this case, plaintiff's counsel will likely be required to devote very substantial amounts of time and financial resources to successfully prosecute this action in the face of anticipated opposition by major law firms supported by large corporate treasuries arrayed against them. Together, Proposed Interim Co-Lead Counsel constitute a leadership structure equal to the challenges they will face in this litigation, while at the same time ensuring that the actions progress in the most efficient and professional manner.

**IV.**   **CONCLUSION**

For the forgoing reasons, plaintiff respectfully submits that the Court should appoint as Plaintiff's Interim Co-Lead Class Counsel Cohen Milstein, Hagens Berman, and Susman Godfrey.

DATED: April 18, 2019                     HAGENS BERMAN SOBOL SHAPIRO LLP

                                          By____s/ Steve W. Berman_____
                                             STEVE W. BERMAN (Bar No. 3126833)

                                          1301 Second Avenue, Suite 2000
                                          Seattle, WA 98101
                                          Telephone: (206) 623-7292
                                          steve@hbsslaw.com

                                          Elizabeth A. Fegan
                                          HAGENS BERMAN SOBOL SHAPIRO LLP
                                          455 North Cityfront Plaza Drive, Suite 2410
                                          Chicago, IL 60611
                                          Telephone: (708) 628-4949
                                          beth@hbsslaw.com

                                          Jeff D. Friedman
                                          Rio S. Pierce
                                          HAGENS BERMAN SOBOL SHAPIRO LLP
                                          715 Hearst Avenue, Suite 202
                                          Berkeley, CA 94710
                                          Telephone: (510) 725-3000
                                          jefff@hbsslaw.com
                                          riop@hbsslaw.com

                                          Carol V. Gilden (Bar No. 6185530)

-18-

COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
cgilden@cohenmilstein.com

Daniel A. Small
Kit A. Pierson
Benjamin D. Brown
Courtney A. Elgart
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
(Telephone: (202) 408-4600
dsmall@cohenmilstein.com
bbrown@cohenmilstein.com
celgart@cohenmilstein.com

Matthew R. Berry
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, Washington  98101
Telephone: (206) 516-3880
mberry@susmangodfrey.com

Marc M. Seltzer
Steven G. Sklaver
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

George Farah
HANDLEY FARAH & ANDERSON PLLC
81 Prospect Street
Brooklyn, NY 11201
Telephone: (212) 477-8090
gfarah@hfajustice.com

William H. Anderson
HANDLEY FARAH & ANDERSON PLLC
4730 Table Mesa Drive, Suite G-200
Boulder, CO 80305
Telephone: (303) 800-9109
wanderson@hfajustice.com

Benjamin David Elga
Brian Shearer
JUSTICE CATALYST LAW
25 Broadway, Ninth Floor
New York, NY 10004

Telephone: (518) 732-6703
belga@justicecatalyst.org
brianshearer@justicecatalyst.org

Monte Neil Stewart
Russell E. Marsh
WRIGHT MARSH & LEVY
300 S. 4th Street, Suite 701
Las Vegas, NV 89101
Telephone: (702) 382-4004
monteneilstewart@gmail.com
rmarsh@wmllawlv.com

Vildan A. Teske
Marisa C. Katz
TESKE KATZ KITZER & ROCHEL PLLP
222 South Ninth Street, Suite 4050
Minneapolis, MN 55402
Telephone: (612) 746-1558
teske@tkkrlaw.com
katz@tkkrlaw.com

*Attorneys for Plaintiff Christopher Moehrl*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on April 18, 2019, a true and correct copy of the foregoing was electronically filed by CM/ECF, which caused notice to be sent to all counsel of record.

                                                      s/ Steve W. Berman
                                                   STEVE W. BERMAN