UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MOEHRL, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No: 1:19-cv-01610 |
| v. | ) ) ) | Judge Andrea Wood |
| THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, RE/MAX HOLDINGS, INC. and KELLER WILLIAMS REALTY, INC. | ) ) ) ) ) ) | Magistrate Judge M. David Weisman |
| Defendants. | ) ) ) | |

**MOTION OF THE NATIONAL ASSOCIATION OF REALTORS®
TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and the scheduling Orders of this Court, defendant National Association of Realtors® ("NAR"), by its attorneys, moves to dismiss plaintiff Christopher Moehrl's complaint.  In support of this motion, NAR relies on its brief that is being filed concurrently, the declaration of Katie Johnson accompanying that brief, and all exhibits attached to the brief and the declaration – as well as the pleadings and records on file with this Court and such argument as may be presented at any hearing on this motion  As set forth in the accompanying brief, the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a cause of action under Section 1 of the Sherman Act, 15 U.S.C. § 1, for three separate reasons.

First, Moehrl's complaint is based on a demonstrably false and fundamentally incorrect characterization of the NAR Handbook on Multiple Listing Policy (the "NAR Handbook") and the NAR Code of Ethics.  Moehrl refers to the provisions that he cites, collectively, as the "Buyer

Broker Commission Rule." He claims that this "Rule" prohibits brokers for buyers of residential real property ("buyers brokers") from negotiating commissions with brokers who represent sellers of such property ("listing brokers") and who list such property on a Multiple Listing Service ("MLS"). However, there is no such Rule, either in name or in substance, and provisions in the NAR Handbook and Code of Ethics on which Moehrl relies are directly contrary to his allegations. Moehrl's basic mischaracterization of the challenged NAR rules is reason enough to dismiss his complaint.

Second, there is nothing anticompetitive about NAR's actual rules. Those rules, which have been in place for decades, require that a broker who lists a property on an MLS must offer cooperation and compensation to any other MLS participant who finds a buyer for the listed property. They do not require that commissions be set at any specific level, and they do not prohibit the negotiation of the split in commission between the listing broker and the buyer's broker. Indeed, the Seventh Circuit and other courts have long recognized that MLSs, and the NAR rules that govern them, are procompetitive precisely because they foster the sort of information-sharing and cooperation in the sale of real estate that Moehrl decries. Accordingly, both analysis of the actual NAR rules and review of relevant precedent require dismissal of the complaint for failure to state a cause of action.

Third, Moehrl has failed to allege any facts showing that the challenged NAR rules caused him to suffer injury-in-fact or antitrust injury. All that he alleges is that he believes that he paid his broker and the broker for the buyer of his house too much. But there is no allegation that NAR required that these commissions be set at any level or that they prohibited negotiation of the commission between the listing broker and the buyer's broker. Moehrl's complaint, therefore,

does not contain allegations of injury that a private plaintiff in an antitrust case must make in order to survive a motion to dismiss.

Dated:  May 17, 2019                              Respectfully submitted,

                                                 */s/ Jack R. Bierig*
                                                 Jack R. Bierig
                                                 Robert J. Wierenga
                                                 Adam J. Diederich
                                                 Schiff Hardin LLP
                                                 233 South Wacker Drive, Suite 7100
                                                 Chicago, IL 60606
                                                 312-258-5500 (Phone)
                                                 312-258-5600 (Fax)
                                                 jbierig@schiffhardin.com
                                                 rwierenga@schiffhardin.com
                                                 adiederich@schiffhardin.com

                                                 *Attorneys for Defendant*
                                                 *National Association of Realtors®*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on May 17, 2019, the foregoing Motion of the National Association of Realtors® to Dismiss Plaintiff's Complaint was electronically filed with the Clerk of the Court by utilizing the CM/ECF System, which will provide electronic notification to all counsel of record:


<u>/s/ *Jack R. Bierig*</u>
Jack R. Bierig