UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOEHRL, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) ) v. ) ) THE NATIONAL ASSOCIATION OF ) REALTORS, REALOGY HOLDINGS ) CORP., HOMESERVICES OF AMERICA, ) RE/MAX HOLDINGS, INC. and KELLER ) WILLIAMS REALTY, INC., ) ) Defendants. ) ) | Case No: 1:19-cv-01610<br><br>Judge Andrea Wood |

**DEFENDANTS' MOTION TO STAY DISCOVERY AND DEFER COMPLIANCE WITH MIDP REQUIREMENTS PENDING RESOLUTION OF MOTIONS TO DISMISS**

Defendants, Keller Williams Realty, Inc. ("Keller Williams"), the National Association of Realtors® ("NAR"), Realogy Holdings Corp. ("Realogy"), HomeServices of America, Inc. ("HomeServices"), and RE/MAX Holdings, Inc. ("RE/MAX") (collectively, "Defendants"), move the Court to enter an Order staying all discovery and deferring any obligation to comply with the requirements of the Mandatory Initial Discovery Pilot Project ("MIDP") until after resolution of Defendants' motions to dismiss the putative antitrust Class Action Complaint ("Complaint"). In support of their Motion, Defendants state as follows:

1. On March 6, 2019, Plaintiff, Christopher Moehrl ("Plaintiff"), filed a putative antitrust class action suit against NAR, and the four largest national real estate broker franchisors (Realogy, HomeServices, RE/MAX, and Keller Williams).

2. The Complaint alleges that Defendants conspired to implement a rule that requires brokers representing home sellers to make a blanket, "non-negotiable" offer of compensation to brokers representing home buyers when listing a property on a Multiple Listing Service ("MLS"). The Complaint asserts one count alleging a violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. (Compl., ¶¶ 83–89).

3. On April 2, 2019, this Court granted Defendants' Unopposed Motion for Extension of Time to Respond to Complaint, ordering Defendants to answer or otherwise plead by May 17, 2019. (Dkt. 23).

4. Defendants are filing motions to dismiss contemporaneously with this motion. Specifically, NAR is moving to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for the following reasons: (1) Plaintiff's characterization of the challenged NAR rule is demonstrably incorrect, and thus Plaintiff cannot state a plausible claim based on an alleged rule that does not exist; (2) the actual NAR rule and the MLS system of which it is a key part are procompetitive – as numerous courts, including the Seventh Circuit, have held; and (3) Plaintiff has failed to allege facts showing that he was actually injured by virtue of the alleged restraint of trade. (Dkt. 66). Defendants Realogy, HomeServices, RE/MAX, and Keller Williams (collectively, "Corporate Defendants") are contemporaneously filing a motion to dismiss pursuant to Rule 12(b)(6), asserting that the factual allegations in the Complaint are insufficient to state a plausible claim of conspiracy under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 554, 570 (2007); and that Plaintiff has failed to allege anticompetitive effects in a properly defined relevant market. (Dkt.68).

5. Defendants respectfully request that this Court exercise its discretion to stay all discovery, and defer any obligations of the MIDP, until after resolution of the pending motions to

dismiss. Requiring Defendants to assume the significant burden and expense of discovery in this putative class action or to engage in the procedures of the MIDP before this Court resolves even the threshold question of whether Plaintiff has adequately stated a claim would be contrary to case law suggesting that defendants in antitrust cases should not be subjected to the burdens of discovery until motions to dismiss have been decided. *See* paragraphs 7 and 12, *infra*. Moreover, in the context of this case, it would be fundamentally unfair.

6. Federal Rule of Civil Procedure 6(b)(1) allows the Court to extend the time for any deadline for good cause shown, including a stay of discovery. Further, although the MIDP mandates initial discovery in certain civil cases, participating courts have discretion in such cases to defer the MIDP's disclosure and production requirements. U.S. District Court: Northern District of Illinois, Attorney Training Presentation: Mandatory Initial Discovery Pilot Project 8, 19 (2017), available at

www.ilnd.uscourts.gov/_assets/_documents/PILOT%20PROJECTS%20May%202017.pdf.

7. Good cause for the requested stay exists here for several reasons. First, both the Supreme Court and the Seventh Circuit have stressed the importance of resolving motions to dismiss before permitting burdensome antitrust discovery. "[P]roceeding to antitrust discovery can be expensive" and "it is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence to support a § 1 claim." *Twombly*, 550 U.S. at 558–59 (internal quotation marks omitted); *see also In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625–26 (7th Cir. 2010) ("Twombly . . . is designed to spare defendants the expense of responding to bulky, burdensome discovery unless the complaint provides enough information to enable an inference that the suit has sufficient merit

to warrant putting the defendant to the burden of responding to at least a limited discovery demand. When a district court by misapplying the Twombly standard allows a complex case of extremely dubious merit to proceed, it bids fair to immerse the parties in the discovery swamp . . . and by doing so create irrevocable as well as unjustifiable harm to the defendant") (internal citations and quotation marks omitted); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) ("When the requisite elements are lacking, the costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint."); *BCB Anesthesia Care, Ltd. v. Passavant Mem'l Area Hosp. Ass'n*, 36 F.3d 664, 669 (7th Cir. 1994) ("We think the judicial concern with avoiding burdensome litigation unless there is an apparent justification for it applies with equal force here. How one hospital staffs its needs is so unlikely to be within the ambit of section 1 of the Sherman Act that it does not justify a detailed examination of purpose and effect unless plaintiffs give us far better reasons for that examination than they have here."). This is particularly the case where, as here, the complaint is being challenged as failing to state a plausible antitrust claim. Allowing Plaintiff to pursue costly and burdensome discovery harms Defendants, while there is no prejudice to Plaintiff by staying discovery unless and until the Court is satisfied that Plaintiff has stated a viable claim, if Plaintiff is able to do so.

8. Second, permitting any sort of discovery in this case would impose an entirely disproportionate burden on Defendants. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff is a single home seller who will have little to provide in discovery. By contrast, Defendants are very large organizations with potentially voluminous ESI to be collected, searched, and reviewed. The MIDP obligations require Defendants to identify all "documents, electronically stored information

('ESI'), tangible things, land, or other property known by you to exist, whether or not in your possession, custody or control, that you believe may be relevant to any party's claims or defenses." Amended Standing Order Regarding Mandatory Initial Discovery Pilot Project (as amended December 1, 2018) at ¶ B.1., available at

www.ilnd.uscourts.gov/_assets/_documents/MIDP%20Standing%20Order%20Dec0118.pdf.

Plaintiff's antitrust allegations attack fundamental aspects of Defendants' rules, businesses and practices. Identifying every item relevant to a claim or defense of a nationwide putative class would be a time-consuming and costly task. On the other hand, Plaintiff's obligation to identify and produce all items that support his allegations, of which he presumably has already had the opportunity to investigate, pale in comparison and likely amount only to a limited set of documents concerning his retention of and interactions with the real estate broker who listed and sold his home.

9. Defendants' MIDP obligations are not triggered until a responsive pleading under Rule 12(a) is filed. (Amended MIDP Standing Order, ¶ A.4). But if the MIDP obligations are enforced during the motion to dismiss briefing, it would be an enormous and difficult undertaking for Defendants. Among other things, Defendants would need to: (1) identify sources and custodians of information, database framework and capabilities, data and document retention policies, and practices and technology use policies; (2) meet and confer regarding the use of any technology assisted review, custodians, search terms, and ESI date ranges; and (3) review documents (including ESI) for responsiveness and privilege. This work will be costly, time-consuming, and intrusive. And given that the single Plaintiff is represented by seven plaintiffs' class action law firms – three of whom have already sought to be designated as interim co-lead

#67031888_v6

counsel, it is highly likely that Plaintiff's discovery requests will be exceedingly broad and burdensome.

10. Third, it may well be that much or all of the discovery required by the MIDP program or that will likely be sought by Plaintiff will prove unnecessary. Of course, no discovery will be necessary if the Court grants the motions to dismiss.

11. Fourth, the requested stay would also avoid the risk of forcing the corporate Defendants to produce some of their most commercially sensitive and proprietary documents on a nationwide scale at least until Plaintiff has been found to have stated a viable claim. The Corporate Defendants respectfully request that this Court be sensitive to these confidentiality issues and not order discovery unless it is determined that the Complaint states a cause of action.

12. Fifth, courts in this District have repeatedly recognized the benefit of deferring parties' compliance with MIDP deadlines. *Tichy v. Hyatt Hotels Corporation, et al.*, No. 18-cv-01959 (N.D. Ill. May 7, 2018), ECF No. 55 (deferring collection and production of documents under MIDP pending resolution of motions to dismiss); *Palmucci v. Twitter, Inc.*, No. 18-cv-01165 (N.D. Ill. Mar. 8, 2018), ECF No. 37 (deferring compliance with MIDP requirements pending resolution of motion to transfer); *Trans Union LLC v. Equifax Info. Servs. LLC*, No. 17- cv-08546 (N.D. Ill. Jan. 23, 2018), ECF No. 30 (staying discovery pending motion to dismiss in action subject to MIDP); *Zhirovetskiy v. Zayo Grp., LLC*, No. 17- cv-05876 (N.D. Ill. Feb. 1, 2018), ECF No. 44 (minute order staying further compliance with MIDP disclosure requirements).

13. Sixth, two related cases that have recently been filed may affect the way all of the cases proceed. On April 15, 2019, the case *Sawbill Strategic, Inc., v. The National Association of Realtors®, et al.*, No. 19-cv-02544 (N.D. Ill.) (hereinafter, "*Sawbill*"), was filed in this Court. A motion to consolidate the *Sawbill* action with this case this case has already been filed and is

#67031888_v6

currently pending. (Dkt. 42). All Defendants in this case have filed a notice stating that they have no objection to the reassignment. (Dkt. 64). Further, on April 29, 2019, the case *Joshua Sitzer, et al., v. The National Association of Realtors®*, No. 19-cv-00332-SRB (W.D. Mo.) (hereinafter, "*Sitzer*") was filed in the Western District of Missouri. Defendants intend to move to transfer that case to this District, and to have it consolidated with this litigation, unless it is dismissed pursuant to Rule 12(b)(6). The complaints in both *Sawbill* and *Sitzer* are nearly identical to the complaint in this case and are asserted against the same defendants. It is likely that one or both of those cases will be consolidated with this case. Until these issues get sorted out, it would be prudent to stay all discovery so that all three cases can proceed on parallel tracks, and the parties will not have to duplicate discovery efforts.

14. To ensure that discovery can proceed quickly if the Court were to deny the motions to dismiss, Defendants propose that while the motions to dismiss are pending, the parties negotiate a protective order to govern discovery in this case, and protocol for ESI Discovery.

15. The Court has "the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate." *See, e.g., Doe v. City of Chicago,* 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005). Due to the complex issues, the number of defendants, and the significant and grossly disproportionate likely discovery demands in this putative class action, there is good cause for the Court to stay all discovery and defer any obligation to comply with the MIDP requirements until after the Court has ruled on Defendants' motions to dismiss.

16. The interests of justice weigh strongly in favor of the Court exercising its inherent power to stay discovery and defer the parties' MIDP obligations in this action. Deferring these deadlines will promote efficiency for the Court and the parties by saving significant burden and

expense until necessary. This Motion will not cause undue delay to this action or unfair prejudice to any party.

17. Defendants' counsel has spoken with Plaintiff's counsel regarding this motion. Plaintiff's counsel indicated that Plaintiff anticipates filing an opposition in response to this motion.

WHEREFORE Defendants, Keller Williams Realty, Inc., National Association of Realtors®, Realogy Holdings Corp., HomeServices of America, Inc., and RE/MAX Holdings, Inc. respectfully request the Court enter an Order granting the instant motion staying all discovery and deferring any obligation to comply with the MIDP requirements until a reasonable time after the Court rules on the pending motions to dismiss; and for such further relief as this Court deems just and equitable.

Respectfully submitted,

**KELLER WILLIAMS REALTY, INC.**

By: */s/ Martin G. Durkin*
    Martin G. Durkin

Timothy Ray
Martin G. Durkin
William F. Farley
HOLLAND & KNIGHT LLP
131 S. Dearborn St., 30th Floor
Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6666
timothy.ray@hklaw.com
martin.durkin@hklaw.com
william.farley@hklaw.com

David C. Kully
Anna P. Hayes
HOLLAND & KNIGHT LLP

                                              800 17th Street, NW, Suite 1100  
                                              Washington, DC 20006  
                                              Phone: (202) 955-3000  
                                              Fax: (202) 955-5564  
                                              david.kully@hklaw.com  
                                              anna.hayes@hklaw.com

#67031888_v6

## CERTIFICATE OF SERVICE

The undersigned certifies that on **May 17, 2019**, the foregoing **Defendants' Motion to Stay Discovery and Defer Compliance with MIDP Requirements Pending Resolution of Motions to Dismiss** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

                                                    /s/ Martin G. Durkin

#67031888_v6