IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER MOEHRL, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., RE/MAX HOLDINGS, INC., and KELLER WILLIAM REALTY, INC.,<br><br>    Defendants. | Case No. 1:19-cv-01610<br><br>Hon. Andrea R. Wood |

**REALOGY HOLDINGS CORP.'S OPPOSITION TO PLAINTIFF'S
MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL**

    Plaintiff's Motion to Appoint Interim Co-Lead Class Counsel (Dkt. No. 50) is predicated on solving a problem that does not exist – the claimed need to appoint three law firms to serve as interim class counsel to foster better communication and coordination among the Plaintiff's law firms in this case and in the related *Sawbill* case. Plaintiff's motion is self-defeating. It reveals that the Plaintiffs' firms involved in the two cases in this District are already coordinating, are already communicating with the Court and defense counsel with a single voice, and that no "rivalry or uncertainty" exists among counsel warranting the need to designate interim class counsel. Thus, appointment of interim class counsel is unnecessary.

    But even if the traditional factors calling for appointment of interim class counsel existed, and they do not, Plaintiff fails to provide any reason why this Court should appoint *three* law firms when a single firm is certainly capable of serving as the interim Lead Class Counsel alone. Simply put, there is no efficiency achieved by appointing three co-lead firms. And if the Court were inclined to grant the motion and choose among the three proposed co-lead firms, Susman

Godfrey should not be appointed as the interim Lead Class Counsel. That firm was not listed as counsel in either complaint filed in this District, and its subsequent attempt to become one of three Lead Class Counsel is problematic given that Susman may not be able to avoid advocating the interests of another of its clients (Zillow) that are unrelated to the interests of the putative class in these lawsuits. Accordingly, the Motion should be denied.

**I.     BACKGROUND**

On March 6, 2019, Plaintiff filed a putative class action complaint alleging that Defendants violated Section 1 of the Sherman Act by "requir[ing] home sellers to pay the buyer broker and to pay an inflated amount" when home sellers list their property on a Multiple Listing Service ("MLS"). (Dkt. No. 1 ¶¶ 2, 84-89.) Several law firms are listed as counsel on the Complaint, namely, Cohen Milstein Sellers & Toll PLLC, Hagens Berman Sobol Shapiro LLP, Handley Farah & Anderson PLLC, Justice Catalyst Law, Wright Marsh & Levy, and Teske Katz Kitzer & Rochel PLLP. (Dkt. No. 1 at 28-29.) On April 15, 2019, another lawsuit alleging the same claims against Defendants was filed in this District, captioned *Sawbill Strategies, Inc. v. The National Association of Realtors, et al.*, Case No. 1:19-cv-02544 (N.D. Ill.). The law firms listed on the complaint as counsel for Sawbill are Wexler Wallace LLP and Gustafson Gluek PLLC. (1:19-cv-02544 Dkt. No. 1 at 26.) The Plaintiff in *Sawbill* filed a motion for reassignment of related case, which Defendants do not oppose. (Dkt. No. 42, 64.)[1]

On April 18, 2019, Plaintiff filed his Motion seeking appointment of Cohen Milstein, Hagens Berman, and Susman Godfrey as co-lead interim class counsel. (Dkt. No. 50.) Plaintiff

---

[1] On April 29, 2019, another lawsuit alleging similar claims, including a Sherman Act Section 1 claim (and a mirror claim under Missouri state law) against the same Defendants was filed in the Western District of Missouri. (*Sitzer, et al. v. National Association of Realtors, et al.*, Case No. 4:19-cv-00332, Dkt. No. 1 ¶¶ 107-122.) Plaintiff's counsel in *Sitzer* are Boulware Law LLC and Williams Dirks Dameron LLC. The instant Motion does not seek interim counsel status over the class asserted in *Sitzer*.

represents that the Motion "is supported by all the counsel for plaintiff and the proposed class in this action" and that the plaintiff in *Sawbill* also supports the Motion. (Dkt. No. 50-1 at 1.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) provides the framework for the two issues raised here: (1) whether appointment of interim lead class counsel is necessary, and (2) if so, who it should be. Under that Rule, "[t]he Court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "Although [Rule 23(g)(3)] does not provide a standard for determining whether interim class counsel should be appointed, courts that have construed it have relied on the Advisory Committee Notes accompanying the rule." *Carrier v. Am. Bankers Life Assur. Co. of Florida*, No. 05-cv-430-JD, 2006 WL 2990465, at *1 (D.N.H. Oct. 19, 2006). According to the 2003 Advisory Committee, Rule 23(g)(3) "authorizes the court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." In determining whether interim lead class counsel is necessary, courts consider whether such an interim appointment would facilitate: (1) discovery; (2) motion practice; (3) settlement discussions; (4) or if there is "rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed. R. Civ. P. 23 advisory committee's note; *see also Donaldson v. Pharmacia Pension Plan*, No. CIV. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006).

If the Court were to determine that an appointment of interim Lead Class Counsel is necessary for the efficiency of the proceedings, in considering who appropriate interim Lead Class Counsel should be, courts generally consider the same factors listed under Rule 23(g) for appointing class counsel following class certification. *See, e.g., Walker v. Discover Fin. Servs.*, No. 10-cv-6994, 2011 WL 2160889, at * 2 (N.D. Ill. May 26, 2011); *see also In re Crude Oil*

*Commodity Futures Litig.*, No. 11 CIV. 3600 WHP, 2012 WL 569195, *1 (S.D. N.Y. 2012); *Four In One Co. v. SK Foods, L.P.*, No. 2:08-CV-03017MCEEFB, 2009 WL 747160, at *1 (E.D. Cal. 2009). These factors are: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

**III. ARGUMENT**

**A. It Is Not Necessary to Appoint Interim Lead Class Counsel Now.**

Plaintiff fails to meet his burden to explain why appointing interim Lead Class Counsel is necessary at this stage of the litigation. Instead, Plaintiff only addresses why the three proposed interim counsel firms are all "eminently qualified to be interim co-lead class counsel." (Dkt. No. 50-1 at 5.) In doing so, Plaintiff overlooks that Rule 23(g)(3) is permissive and should be granted only when necessary. *See Jenkins v. Hyundai Motor Fin. Co.*, No. C2-04-720, 2008 WL 781862, at *3 (S.D. Ohio Mar. 24, 2008) (finding Rule 23(g)(3) "permissive" and noting "[t]he 2003 Advisory Committee Notes provide that designation of interim counsel is unnecessary where, as here, the counsel that filed the class complaint is the only counsel seeking appointment and there is no rivalry or uncertainty between other firms"). As set forth below, there is no need to appoint interim Lead Class Counsel at this stage.

**1. Interim Lead Class Counsel Is Unnecessary Because There Are Effectively No Overlapping, Duplicative, or Competing Class Suits.**

Federal courts have consistently found the "type of situation in which interim class counsel is appointed is one in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the

4

interests of class members." *Donaldson*, 2006 WL 1308582, at *1. "In accord with this premise, courts that appoint interim counsel generally do so when a large number of putative class actions have been consolidated or are pending before a single court." *Dudenhoefer v. Fifth Third Bancorp*, No. 1:08-CV-538, 2009 WL 10678975, at *2 (S.D. Ohio Mar. 25, 2009) In *Dudenhoefer*, the court refused to appoint three firms as interim class counsel, finding that although two cases were consolidated into one action, "this is not a situation where a large number of putative class actions have been consolidated" and does not constitute "a situation where overlapping, duplicative, or competing class suits are pending before this Court." *Id.*

Likewise, the circumstances here do not constitute a large number of overlapping, duplicative, or competing class suits. Only two class actions are pending before this District, and the *Sawbill* case will presumably be reassigned to this Court shortly. Counsel in *Sawbill* are cooperating and support this Motion – hardly suggesting antagonistic or competing interests that might warrant appointment of lead interim counsel. *See* Dkt. No. 50-1 at 1. Under these circumstances, appointment of interim class counsel is unnecessary.[2]

### 2. There Is No Need to Appoint Interim Lead Class Counsel When No "Rivalry or Uncertainty" Exists.

Separately but relatedly, the Motion should be denied because Plaintiff fails to show that

---

[2] Plaintiff's authorities are inapposite. (Dkt. No. 50-1 at 4-5.) They all concern multiple competing putative class actions. *See id.*; *see, e.g.*, *In re Navistar Maxxforce Engines Mktg., Sales Practices & Prods. Liability Litig.*, No. 14-cv-10318, 2015 WL 1216318, at *2 (N.D. Ill. Mar. 5, 2015) (appointing interim class counsel in consolidated multidistrict litigation); *Walker*, 2011 WL 2160889 (appointing interim class counsel when eight putative class actions were pending); *Hill v. The Tribune Co.*, No. 05 C 2602, 2005 WL 3299144, at *5 (N.D. Ill. Oct 13, 2005) (same); *see also In re Animation Workers Antitrust Litig.*, No. 5:14-cv-4062-LHK, ECF No. 54 (N.D. Cal. Nov. 20, 2014) (appointing interim class counsel when four putative class actions were pending). Those are not the circumstances here, and these two overlapping cases where Plaintiffs' counsel are cooperating do not necessitate the appointment of interim Lead Class Counsel. *See Gedalia v. Whole Foods Mkt. Servs., Inc.*, No. 4:13-CV-03517, 2014 WL 4851977, at *3 (S.D. Tex. Sept. 29, 2014) (denying motion to appoint interim class counsel where three lawsuits were pending: one in the Southern District of Texas and two in the Northern District of California).

5

any "rivalry or uncertainty" exists here to warrant the need for an appointment of interim lead class counsel. *See* Fed. R. Civ. P. 23 advisory committee's note; s*ee also Carrier*, 2006 WL 2990465, at *1 (limiting the use of interim lead class counsel to circumstances when it is necessary to protect the interests of the putative class and concluding there was no need for judicial selection of one attorney to serve as interim lead for the class before certification); *Dudenhoefer*, 2009 WL 10678975, at *2 (denying appointment of interim lead class counsel where plaintiffs "fail to allege that any rivalry or uncertainty exists between counsel representing members of the potential class").

Rather than rivalry, here the Motion is supported "by all counsel for plaintiff" and the *Sawbill* plaintiff. (Dkt. No. 50-1 at 1; Dkt. No. 42.) Plaintiff also represents in his Motion that "[s]ince the complaint was filed, counsel have worked cooperatively to coordinate their efforts and with one spoken voice, and by so doing, have been able to confer with defendants." (Dkt. No. 50-1 at 3.) On their face these statements obviate the need for appointing interim class counsel because no other lawyers are competing for interim lead class counsel appointment and no "competing" class suits are pending before this Court. *See Gedalia*, 2014 WL 4851977, at *3 (finding no "rivalry or uncertainty" to justify the appointment of interim lead class counsel when multiple attorneys are not competing for designation). Because counsel is already cooperating, and certainly have had no difficulty speaking to the Court and defense counsel with a single voice, interim lead class counsel is not needed, and the Motion should be denied.

### 3. Denying Appointment of Interim Lead Class Counsel Will Not Prejudice the Class.

Finally, Plaintiff fails to provide this Court with any reason why appointing class counsel would benefit the class other than "the complexity of antitrust issues in this action." (Dkt. No. 51-1 at 4.) This does not suffice. *See, e.g., Carrier*, 2006 WL 2990465 (denying motion for

interim lead class counsel where movant failed to provide "any concrete examples of circumstances in this case under which a designated interim counsel would be advantageous for the putative class"); *Gedalia*, 2014 WL 4851977, at *1-2 (declining motion to appoint interim co-lead class counsel when plaintiffs did not show why the class would be prejudiced by the absence of interim counsel, and finding "[o]n the contrary, premature granting of interim counsel designation may prejudice the class"); *Dudenhoefer*, 2009 WL 10678975, at *2 (denying motion to appoint three experienced law firms as co-lead interim class counsel when plaintiffs failed to demonstrate that the class would suffer any harm if not appointed). Here, there is no reason to believe the putative class would fare better with interim class counsel.

### B. There Is No Need to Appoint More than One Firm as Lead Interim Class Counsel.

Even if this Court were to find it appropriate to appoint interim lead class counsel, Plaintiff fails to explain why this Court should appoint *three* firms as co-lead interim class counsel. Courts have found that appointment of more than one law firm as co-lead interim class counsel would result in "duplication of efforts, inefficiency, and a waste of resources." *Cappello v. Franciscan Alliance, Inc.*, No. 3:16-CV-290-TLS-MGG, 2016 WL 10744872, at *2 (N.D. Ind. Sept. 8, 2016).[3] Nor is it justified here. Plaintiff touts the expertise, experience, knowledge, and resources of each individual law firm it seeks to appoint as co-lead interim class counsel. (Dkt. No. 50-1 at 6-16.) Plaintiff concedes that each law firm "both collectively *and individually*—

---

[3] *See also Hodges v. Bon Secours Health Sys., Inc.*, No. CV RDB-16-1079, 2016 WL 4447047, at *2 (D. Md. Aug. 24, 2016) (declining to appoint more than one firm as interim class counsel because "appointing a single law firm to serve as lead interim counsel in this case would be a more efficient action, saving resources and reducing scheduling burdens"). Courts may appoint more than one law firm if the movants "demonstrate[] that one law firm would be incapable of serving the members of this putative class alone." *Hodges*, 2016 WL 4447047, at *2; *see also Cappello*, 2016 WL 10744872, at *2 (finding no need for more than one interim class counsel because plaintiffs "have not provided any reason why one firm could not serve the members of the putative [] class").

7

possess the requisite expertise to lead the Realtors Action." (*Id.* at 1 (emphasis added).) Thus, Plaintiff fails to provide any reason why one of these three firms cannot serve as interim lead class counsel alone. *See Dudenhoefer*, 2009 WL 10678975, at *2 (finding that while plaintiffs "accurately claim that [three law firms] are all experienced in class action litigation, armed with resources to handle this potential class action suit, and versed in the nuances of this particular case, Plaintiffs fail to allege any particular need in this case for the appointment of interim *co-lead* counsel") (emphasis added). The cases Plaintiff cites to show that courts have appointed more than one firm as interim co-lead counsel are inapposite because they all involve multidistrict litigation or multiple competing class action lawsuits. (Dkt. No. 50-1 at 4-5.) Appointing more than one firm as interim lead class counsel would only result in inefficiency and waste of resources, and if the Court were inclined to grant the Motion, a single firm should be appointed.

      **C.    Susman Godfrey L.L.P. Should Not Be Appointed as an Interim Co-Lead Class Counsel.**

If the Court decides to appoint interim lead class counsel, Susman Godfrey should not be considered for that role. The Susman firm did not file Plaintiff's Complaint or the complaint in *Sawbill*, and at least potentially it would not best protect the interests of the putative class given what could possibly be divergent interests, as explained below.[4]

First, interim class counsel is ordinarily appointed to "the lawyer who filed the action." Fed. R. Civ. P. 23 advisory committee's note; *see also Gedalia*, 2014 WL 4851977, at *1 (finding "precertification activities are 'ordinarily' handled by the lawyer who files suit"). Here, Susman Godfrey's name is absent from the Complaint filed in this action, as well as the *Sawbill*

---

[4] Courts generally apply the same factors listed under Rule 23(g) for appointing class counsel to appoint interim lead class counsel. *See, e.g., Walker*, 2011 WL 2160889, at * 2; (*see also* Dkt. No. 50-1, n.3.)

8

complaint. (Dkt. No. 1 at 28-30; 1:19-cv-02544 Dkt. No. 1 at 26.) Thus, the advisory committee notes suggest that Cohen Milstein and Hagens Berman are both better suited to be interim class counsel because both firms filed the complaint. (Dkt. No. 1 at 28.)

Second, interim class counsel is appointed to protect the interests of the putative class. *See* Fed. R. Civ. P. 23 advisory committee's note; *see also Carrier*, 2006 WL 2990465 ("Although the rule does not provide a standard for determining whether interim counsel should be appointed, courts that have construed it have relied on the Advisory Committee Notes accompanying the rule which limit its use to circumstances when interim counsel is necessary to protect the interests of the putative class.") When appointing lead class counsel, courts may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 24(g)(1)(B). "The Seventh Circuit has also concluded, for example, that conflicts of interest can counsel against a finding of adequacy [of lead class counsel]." *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 252 (N.D. Ill. 2014) (citing *Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 372 (7th Cir. 2012)). And "[i]f more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

Here, Realogy is concerned that Susman Godfrey may at least have the appearance of advocating interests on behalf of one of its other clients that might not coincide with the interests of the putative class. More specifically, Susman Godfrey has represented Zillow, Inc. ("Zillow") in numerous cases, including at least nine since 2012.[5] Moreover, attorney Matthew Berry, who

---

[5] *See, e.g.*, *Ashley Boehler v. Zillow, Inc.*, Case No. 8:14-cv-01844 (C.D. Cal); *Stephen Johnson v. Zillow, Inc.*, Case No. 8:14-cv-01991 (C.D. Cal.); *Rachel Kremer v. Zillow, Inc.*, Case. No. 8:14-cv-01889 (C.D. Cal.); *Jennifer Young v. Zillow, Inc.*, Case No. 8:14-cv-01922 (C.D. Cal.); *James Frederich v. Zillow, Inc.*, Case No. 8:14-cv-01969 (C.D. Cal.); *Top Agent Network, Inc. v. Zillow, Inc.*, Case No. 8:14-cv-04769 (N.D. Cal.); *Ian Freeman v. Zillow, Inc.*, Case No. 8:14-cv-01843 (C.D. Cal.); *VHT, Inc. v. Zillow,*

Plaintiff states in the Motion "will be included on the Susman Godfrey team," worked on the *Zillow v. Trulia* patent infringement case. (*See* Dkt. No. 50-11 at 2.) *Zillow v. Trulia* is a matter between two former competitors in the real estate space that receive MLS listing data and provide it to the public. *See* Case No. 2:12-cv-01549 (W.D. Wash.).

Zillow has its own separate and distinct motivation vis-à-vis the Defendants in this case, because Zillow competes with the Corporate Defendants[6] and is a proponent of dismantling the MLS system.[7] Dismantling the MLS system would reduce the ability of Zillow's competitors, including the Corporate Defendants here, to compete effectively against Zillow. Further, if appointed interim lead counsel, Susman Godfrey's duty of zealous advocacy to Zillow may result in that firm seeking information in discovery that is relevant to Zillow's commercial interests rather than the putative class's interest. In addition, Susman Godfrey's current and future advice and representation of Zillow could be guided by what had been learned in these lawsuits.

Susman Godfrey's duties to Zillow may, at least potentially, influence its judgment in this case given Zillow's interests in dismantling the MLS. *See, e.g., Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011) (vacating class certification and finding class counsel must show the district court that "they would prosecute the

---

*Inc.*, Case No. 17-35587 (W.D. Wash.); *Zillow, Inc. v. Trulia, Inc.*, Case No. 2:12-cv-01549 (W.D. Wash.).

[6] The "Corporate Defendants" are Realogy Holdings Corp., Homeservices of America Inc., Re/Max Holdings, Inc., and Keller Williams Realty, Inc.

[7] *See, e.g.*, Hood Homes Blog, "The War Between Zillow and Realtors" https://www.hoodhomesblog.com/real-estate-industry/the-total-war-between-zillow-and-realtors/ (last visited May 28, 2019); Victor Lund, "Will Zillow Win the MLS Data Aggregation Wars," WAVGroup (July 21, 2016), https://www.wavgroup.com/2016/07/21/will-zillow-win-the-mls-data-aggregation-wars/; "Zillow and MLS Listing Syndicators, Realtors Push Back," Ultimate IDX (Mar. 19, 2012), https://www.ultimateidx.com/blog/realtors-push-back-against-zillow-and-mls-listing-syndicators/.

case in the interest of the class ... rather than just in their interests as lawyers who if successful will obtain a share of any judgment or settlement as compensation for their efforts"); *Santos v. Carrington Mortg. Servs.*, LLC, No. 2:15-CV-864 WHW-CLW, 2017 WL 215969, *2-3 (D.N.J. 2017) (applying the factors from Rule 23(g)(1) and determining that it was not appropriate to appoint interim class counsel because it appeared that the goal of having interim counsel appointed was not to protect the interest of the class). As such, of the three firms campaigning to be appointed as interim co-lead class counsel, Cohen Milstein and Hagens Berman are better candidates for that role (if such an appointment is warranted at all), and this Court should decline to appoint Susman Godfrey.

## IV.   CONCLUSION

For these reasons, Realogy respectfully requests that this Court deny Plaintiff's Motion for Appointment of Plaintiff's Interim Co-Lead Class Counsel. In the Alternative, Realogy respectfully requests that this Court only appoint one law firm as interim class counsel,[8] and specifically requests that this Court not appoint Susman Godfrey as interim lead or co-lead class counsel.

Dated:   May 28, 2019                                  Respectfully submitted,

                                                       */s/ Kenneth M. Kliebard*
                                                       Kenneth M. Kliebard
                                                       **MORGAN, LEWIS & BOCKIUS LLP**
                                                       77 West Wacker Drive, 5th Floor
                                                       Chicago, IL 60601
                                                       Tel: 312.324.1000
                                                       Fax: 312.324.1001
                                                       kenneth.kliebard@morganlewis.com

                                                       Stacey Anne Mahoney (admitted *pro hac vice*)
                                                       **MORGAN, LEWIS & BOCKIUS LLP**
                                                       101 Park Avenue

---

[8] Realogy contends that there is no material difference to the purported class between the Court's appointing Cohen Milstein or Hagens Berman.

New York, NY 10178
Tel: 212.309.6000
Fax: 212.309.6001
stacey.mahoney@morganlewis.com

*Attorneys for Defendant Realogy Holdings Corp.*

12

**CERTIFICATE OF SERVICE**

  I, Kenneth M. Kliebard, an attorney, certify that on the 28th day of May 2019, I caused the foregoing document to be served electronically on all parties of record via this Court's CM/ECF system.

                  */s/ Kenneth M. Kliebard*
                  Kenneth M. Kliebard