UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER MOEHRL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., RE/MAX HOLDINGS, INC., and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Civil Action No.: 1:19-cv-01610<br><br>**REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL** |

The three proposed interim co-lead class counsel firms—Cohen Milstein Sellers & Toll PLLC, Hagens Berman Sobol Shapiro LLP, and Susman Godfrey L.L.P.—working closely together, have invested substantial time and resources in investigating the conduct at issue in Plaintiff's complaint and the law applicable to Plaintiff's claim, preparing a Consolidated Amended Complaint, and dealing and coordinating with the five Defendants on briefing schedules and deadlines. The three proposed interim class counsel have also overseen the activities of their co-counsel. As Plaintiff's opening brief explains, the proposed co-lead firms easily satisfy the Rule 23 criteria courts consider when appointing interim class counsel. These three firms collectively have years of experience in working together efficiently to serve the best interests of the classes they

1

have represented, and other courts have appointed them as co-lead class counsel, including in antitrust class actions. They will apply the procedures developed in these cases to ensure this case is litigated without duplication of effort or incurring unnecessary expense.

The appointment of interim co-lead counsel will clarify the authority of counsel to act on behalf of Plaintiffs with respect to the conduct of the litigation, including conducting negotiations with Defendants. In this case, one action has already been consolidated with the *Moehrl* action, and Defendants have stated they intend to move to transfer another action pending in the Western District of Missouri. In addition, as we have advised the Court, Plaintiffs will be filing a Consolidated Amended Complaint, and then responding to Defendants' motions to dismiss. Appointing interim co-lead class counsel at this point will allow the putative class to be represented in an efficient manner as the case progresses, which will benefit all parties and the Court.

Defendants' objections to the appointment of interim co-lead counsel are unfounded. Courts routinely appoint interim co-lead counsel in cases like this one; the appointment of interim co-lead counsel will lead to greater efficiencies at an earlier stage in the litigation; and there is no support for Realogy's speculative claim of conflict on Susman Godfrey's behalf.

**I.     Courts frequently appoint interim co-lead counsel in complex antitrust actions involving multiple defendants**

This is a complex antitrust case with five defendants, consisting of two class action cases that have already been consolidated by the Court. There is also another action pending in the Western District of Missouri that Defendants plan to move to transfer and consolidate with these actions. The three proposed interim co-lead counsel firms, who are highly experienced in conducting complex antitrust class actions, believe that the putative class will be best served by establishing a clear leadership structure at the start of the litigation. This has been a successful strategy in previous cases, where the three firms have worked together very well and employed

efficiencies to avoid needless expense while obtaining excellent results for the classes they have been appointed to represent. Plaintiff in the *Sawbill* action, which has been consolidated with the *Moehrl* complaint, agrees with this approach and supports the proposed three-firm leadership structure. That the *Sawbill* plaintiff supports the motion should weigh in favor of the appointment of interim co-lead counsel. It illustrates that all Plaintiffs and their counsel now before the Court believe the proposed appointment is in their best interest.

The Rule 23 Advisory Committee note makes clear that the prevailing consideration in appointing interim class counsel is to protect the interests of the class. Significant work takes place before a case reaches class certification: "[S]ome discovery is often necessary for that determination. It also may be important to make or respond to motions before certification. Settlement may be discussed before certification." Rule 23 Advisory Committee Note. Appointment of interim class counsel is a valuable tool for maximizing and streamlining those pre-certification efforts, particularly where, as here, the number of plaintiffs' counsel involved—eight firms between the *Moehrl* and *Sawbill* actions—may create uncertainty about who should take the lead on a given task.

Courts regularly appoint multiple firms as interim co-lead counsel in early stages of the proceedings when the case warrants it. *See* Docket No. 50-1, at 4-5; *see also, e.g.*, *In re Treasury Securities Auction Antitrust Litigation*, 2017 WL 10991411, at *2-3 (S.D.N.Y. Aug. 23, 2017) (appointing three firms as interim co-lead counsel in light of magnitude and complexity of case); *Deangelis v. Corzine*, 286 F.R.D. 220, 225 (S.D.N.Y. 2012) (approving interim co-lead counsel leadership structure that "evince[d] . . . an appreciation for the complexity of the" consolidated action). This is a case that will benefit from the expertise and resources of the combined proposed co-lead firms. The five defendants have already had twenty lawyers from six law firms appear on

their behalf and have filed two separate motions to dismiss, raising a variety of legal issues. Plaintiff's counsel are working to prepare a Consolidated Amended Complaint. In accordance with the discussion at the May 29, 2019 status conference, Plaintiff also intends to seek leave to proceed with focused discovery, including discovery of the United States Department of Justice Civil Investigative Demands (CIDs) in Defendants' possession, and any responses thereto, while Defendants' renewed motions to dismiss are pending. There is much work to be done, and the proposed interim co-lead firms are prepared to tackle that work in a coordinated, efficient manner.

Defendants' primary objection to appointment at this stage is that only two actions are pending. But courts often appoint interim lead or co-lead counsel in exactly these circumstances. *See, e.g.*, *Bartling v. Apple Inc.*, 2018 WL 4804735, at *2 (N.D. Cal. Apr. 27, 2018) (appointing three firms as interim co-lead class counsel where two actions where pending); *Friedman v. Guthy-Renker LLC*, 2016 WL 2758240, at *2 (C.D. Cal. May 12, 2016) (appointing interim class counsel when there were two pending actions); *Adedipe v. U.S. Bank, Nat'l Ass'n*, 2016 WL 7131574, at *1 (D. Minn. Mar. 18, 2016) (court appointed two firms as interim co-lead class counsel when two pending actions were consolidated); *Hohenberg v. Ferrero U.S.A., Inc.*, 2011 WL 13134161, at *1 (S.D. Cal. Mar. 22, 2011) (same). Furthermore, Defendants are incorrect to suggest that there is no need for interim lead counsel without several competing suits. *See* Docket No. 74, at 4-5. And in any event, Defendants have indicated they will move to transfer and consolidate the *Sitzer* action, pending in the Western District of Missouri. Regardless whether that motion is successful, the pendency of multiple actions already in this Court—and the possibility of an additional action—confirms the utility of appointing interim lead counsel so the cases before this Court will proceed in a cohesive manner with a clear leadership structure in place.

## II. Co-lead counsel will adopt the measures used successfully in previous cases to ensure this case runs efficiently and without duplicated efforts

As detailed in Plaintiff's opening brief, the three proposed interim co-lead firms have successfully worked together in previous complex cases, including antitrust class actions. Rather than leading to "inefficiency and waste of resources," Docket No. 74, at 8, the firms' co-leadership tasks were performed in a highly efficient manner and resulted in significant recoveries for the classes. To ensure efficiency and keep costs down, the firms adopted several case management tactics that would be used again here. For example, in the *Animators* class action, Judge Koh of the Northern District of California appointed Cohen Milstein, Hagens Berman, and Susman Godfrey as interim co-lead counsel (and later co-lead counsel when the class was certified). To ensure efficiency, the firms adopted the following protocols:

- While the three firms shared the overall responsibility to supervise the litigation, they divided the labor among them so that one firm managed each of the three major areas of pre-trial litigation—discovery, briefing, and working with experts. Each firm was responsible for making work assignments in its respective area and overseeing that work to ensure it was performed efficiently and without duplication of effort.

- Assigned one attorney to serve as the supervising attorney over the time and expenses incurred in the litigation. Each firm that sought a fee in the litigation was required to report its time and expenses on a monthly basis to the supervising attorney. The supervising attorney reviewed all time records monthly and struck any duplicative or unnecessary billings.

- As a general rule, only one attorney from a single plaintiffs' firm attended fact depositions. Exceptions required approval of plaintiffs' co-lead counsel.

- No more than one lawyer from one of the plaintiffs' co-lead law firms attended discovery hearings, except where deemed necessary because of special circumstances.

- No more than one lawyer from each co-lead firm attended significant hearings, such as hearings on a motion to dismiss, for class certification, or summary judgment, except that the lawyer taking the lead at the hearing could also bring another lawyer.

- Generally, no more than one plaintiffs' lawyer participated in meet and confer sessions with individual defendants.

*See In re Animation Workers Antitrust Litig.*, No. 5:14-cv-4062 (LHK) (N.D. Cal.), Docket No. 44.

Plaintiff's proposed interim co-lead counsel plan to adopt the same procedures in this case. Plaintiff's proposed interim co-lead counsel are mindful of the responsibilities they will have to prosecute the cases in the best interests of the class should they be appointed by the Court, and will be pleased to provide any other information the Court may request with respect to these procedures or this application.

III.     **Susman Godfrey does not have any conflict precluding the firm's appointment**[1]

Defendant Realogy is the only defendant who objects to Susman Godfrey's appointment on the basis of an alleged conflict due to the firm's representation of Zillow, Inc., in unrelated litigation.[2] Realogy's arguments are wholly unfounded. The only possible basis for concern about Plaintiff's counsel would be solicitude for the interests of absent class members. But Realogy does not express such concern, or explain how Susman Godfrey's representation of another company in unrelated litigation could possibly create a conflict with Susman Godfrey's representation of *Plaintiffs* in these cases. Realogy's further suggestion that Susman Godfrey might seek discovery in this case that could help Zillow in another case is speculation without any basis in fact. The cases Susman Godfrey has been involved in on behalf of Zillow have nothing to do with the issues raised in this case.

---

[1] Realogy also suggests that Susman Godfrey should not be appointed because it did not initially appear as counsel in the *Moehrl* complaint. Docket No. 74, at 8-9. While Susman Godfrey had worked with all of the other counsel for Plaintiff in the investigation that led to the filing of this action and had planned to join in that initial filing, Susman Godfrey had not completed its internal firm case approval at the time the complaint was filed, which requires a vote of all Susman Godfrey lawyers. That approval was obtained shortly after the case was filed and Susman Godfrey then entered its appearance. Susman Godfrey will also appear as counsel for Plaintiffs in the Consolidated Amended Complaint. *See* Declaration of Matthew R. Berry in Support of Plaintiff's Reply in Further Support of his Motion for Appointment of Interim Co-Lead Class Counsel, filed concurrently herewith ("Berry Decl."), ¶ 3.

[2] The matters in which Susman Godfrey has represented Zillow are entirely unrelated to the issues in this litigation. *See* Berry Decl. ¶¶ 4-5.

Even if Realogy had any real concerns about a conflict, the only type of conflict relevant to the issue of appointing interim lead class counsel is one that would affect the interests of *Plaintiffs*, rather than *Defendants.* They should not affect the appointment of interim co-lead counsel. Courts in the Seventh Circuit and elsewhere regularly reject speculative assertions of conflict even at the class certification stage. *See, e.g.*, *Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 372 (7th Cir. 2012) (alleged potential conflict that could arise between plaintiffs was "too hypothetical to bar class certification"); *Abbott v. Lockheed Martin Corp.*, 2009 WL 2177322, at *1-2 (S.D. Ill. July 22, 2009) ("Defendants' contention that the [plaintiffs'] firm attempted to make public confidential documents to advantage plaintiffs in other cases to the detriment of the plaintiff class herein does not rise above the level of speculative or hypothetical."); *In re Beacon Assocs. Litig.*, 282 F.R.D. 315, 331 (S.D.N.Y. 2012). The cases Realogy cites are inapposite. In *Creative Montessori*, the Seventh Circuit vacated and remanded the district court's certification order to reconsider in light of class counsel's receipt of evidence from a third party based on a false promise of confidentiality and misleading comments to the class plaintiff to secure its participation. *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011). And in *Santos*, the court rejected the plaintiff's motion for appointment of interim class counsel because it appeared the only reason the plaintiff moved for appointment was to disrupt settlement talks in a substantially related case. *Santos v. Carrington Mortg. Servs., LLC*, 2017 WL 215969, at *2-3 (D.N.J. 2017). There is no evidence of any such misconduct or improper justification here.

Realogy does not dispute that Susman Godfrey satisfies each of the Rule 23 factors and will vigorously represent the class. Realogy's attempt to preclude Susman Godfrey from serving as interim co-lead counsel based on any purported inadequacy of representation would be nothing more than the fox seeking to guard the chicken house. *Cf. Eggleston v. Chicago Journeyman*

*Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981) ("The burden of establishing class requirements rests on plaintiff, but it is often the defendant, preferring not to be successfully sued by anyone, who supposedly undertakes to assist the court in determining whether a putative class should be certified. When it comes, for instance, to determining whether the representative parties will fairly and adequately protect the interests of the class . . . it is a bit like permitting a fox, although with a pious countenance, to take charge of the chicken house.").

*   *   *

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Appointment of Interim Co-Lead Class Counsel, and name Cohen Milstein Sellers & Toll PLLC, Hagens Berman Sobol Shapiro LLP, and Susman Godfrey L.L.P. as interim co-lead class counsel.

Dated: June 5, 2019.	Respectfully submitted,

By: /s/ *Marc M. Seltzer*
    Marc M. Seltzer
    Steven G. Sklaver
    SUSMAN GODFREY L.L.P.
    1900 Avenue of the Stars, Suite 1400
    Los Angeles, California 90067
    (310) 789-3100
    mseltzer@susmangodfrey.com
    ssklaver@susmangodfrey.com

    Matthew R. Berry
    SUSMAN GODFREY L.L.P
    1201 Third Avenue, Suite 3800
    Seattle, Washington 98101
    (206) 516-3880
    mberry@susmangodfrey.com

    Beatrice C. Franklin
    SUSMAN GODFREY L.L.P
    1301 Avenue of the Americas, 32nd Floor

New York, New York 10019
(212) 729-2021
bfranklin@susmangodfrey.com

Carol V. Gilden (Bar No. 6185530)
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
(312) 357-0370
cgilden@cohenmilstein.com

Daniel A. Small
Kit A. Pierson
Benjamin D. Brown
Alison Deich
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
dsmall@cohenmilstein.com
bbrown@cohenmilstein.com
adeich@cohenmilstein.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

Jeff D. Friedman
Rio S. Pierce
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000
jefff@hbsslaw.com
riop@hbsslaw.com

George Farah
HANDLEY FARAH & ANDERSON PLLC
81 Prospect Street
Brooklyn, NY 11201
(212) 477-8090
gfarah@hfajustice.com

William H. Anderson
HANDLEY FARAH & ANDERSON PLLC
4730 Table Mesa Drive, Suite G-200
Boulder, CO 80305
(303) 800-9109
wanderson@hfajustice.com

Benjamin David Elga
Brian Shearer
JUSTICE CATALYST LAW
25 Broadway, Ninth Floor
New York, NY 10004
(518) 732-6703
belga@justicecatalyst.org
brianshearer@justicecatalyst.org

Monte Neil Stewart
Russell E. Marsh
WRIGHT MARSH & LEVY
300 S. 4th Street, Suite 701
Las Vegas, NV 89101
(702) 382-4004
monteneilstewart@gmail.com
rmarsh@wmllawlv.com

Vildan A. Teske
Marisa C. Katz
TESKE KATZ KITZER & ROCHEL PLLP
222 South Ninth Street, Suite 4050
Minneapolis, MN 55402
(612) 746-1558
teske@tkkrlaw.com
katz@tkkrlaw.com


*Attorneys for Plaintiff Christopher Moehrl*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Marc M. Seltzer*
Attorney Signature