**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, VALERIE NAGER, JACK RAMEY, SAWBILL STRATEGIC, INC., DANIEL UMPA, And JANE RUH, on behalf of himself and all others similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) ) | Case No: 1:19-cv-01610  and Case No. 1:19-cv-02544 |
| v. | ) ) | Judge Andrea Wood |
| THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR
(A) DISCOVERY OF CIVIL INVESTIGATIVE DEMAND MATERIALS;
(B) PRODUCTION OF MANDATORY INITIAL DISCOVERY PROGRAM
INITIAL DISCOVERY RESPONSES; and (C) SETTING A BRIEFING SCHEDULE**

On May 29, this Court granted Defendants' Motion to Stay Discovery and Defer Compliance with MIDP Requirements Pending Resolution of Motions to Dismiss. D.E. 71. The Court stayed all discovery and the parties' MIDP obligations. D.E. 80 (the "Order"). Nevertheless, Plaintiffs now seek reconsideration of the Court's May 29 Order, making essentially the same arguments the Court rejected just three weeks ago, and without identifying any changed circumstances that could now justify a different outcome.

The filing of Plaintiffs' Consolidated Amended Complaint ("CAC") does nothing to alter the bases supporting the Court's Order. The CAC added plaintiffs, defendants, and new allegations. However, it does not, and cannot, cure the fundamental legal defects in the original Complaint. Accordingly, Defendants intend to respond with motions to dismiss for failure to state a claim to address these foundational shortcomings. As Defendants have previously pointed out, and as explained further below, it would be fundamentally unfair and contrary to case law concerning discovery in antitrust cases for Defendants to be subjected to the burden of discovery before the Court resolves the threshold issue of whether the CAC can survive a motion to dismiss – particularly where, as here, the burden of discovery will fall far more heavily on Defendants than on the individual Plaintiffs.

As explained more fully below, Defendants respectfully submit that the Court correctly stayed all discovery and compliance with MIDP on May 29. The Court should not order any discovery, including discovery relating to CIDs said to have been issued by the Department of Justice, until it has ruled on the motions to dismiss that will be timely filed by Defendants. Plaintiffs' efforts to undo the recent resolution of this issue should be rejected.

A. **Good Cause Exists for Staying MIDP Compliance and Any Other Discovery.**

Plaintiffs offer no justification to depart from the standard practice of serving responses to mandatory initial discovery only after an answer is filed under Federal Rule of Civil Procedure 12(a). Amended Standing Order Regarding Mandatory Initial Discovery Pilot Project (Dec. 1, 2018), at ¶¶ A.3, A.4, *available at* www.ilnd.uscourts.gov/_assets/_documents/MIDP% 20Standing%20Order%20Dec0118.pdf. To be sure, the Court "retains authority to order an answer and/or permit the parties to make Rule 26(a)(1) initial disclosures and commence discovery." But where defendants have filed motions to dismiss, courts in this District have repeatedly recognized the benefit of deferring parties' compliance with MIDP deadlines. *Trans*

2

*Union LLC v. Equifax Info. Servs. LLC*, No. 17-cv-08546 (N.D. Ill. Jan. 23, 2018), ECF No. 30 (staying discovery pending motion to dismiss in action subject to MIDP); *Valle v. City of Chicago et al.*, No. 1:17-cv-09239 (N.D. Ill. Feb. 20, 2018), ECF No. 17 (staying mandatory initial discovery after setting a briefing schedule for a motion to dismiss and until further court order); *Palmucci v. Twitter, Inc.*, No. 18-cv-01165 (N.D. Ill. Mar. 8, 2018), ECF No. 37 (deferring compliance with MIDP requirements pending resolution of motion to transfer).

There are several reasons to maintain the Court's discovery stay. First, the Supreme Court and the Seventh Circuit have stressed the importance of resolving motions to dismiss before permitting burdensome antitrust discovery. "[P]roceeding to antitrust discovery can be expensive," and "it is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence to support a § 1 claim." *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 558-59 (2007) (internal quotation marks omitted); *see also In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625-26 (7th Cir. 2010) ("Twombly . . . is designed to spare defendants the expense of responding to bulky, burdensome discovery unless the complaint provides enough information to enable an inference that the suit has sufficient merit to warrant putting the defendant to the burden of responding to at least a limited discovery demand. When a district court by misapplying the *Twombly* standard allows a complex case of extremely dubious merit to proceed, it bids fair to immerse the parties in the discovery swamp . . . and by doing so create irrevocable as well as unjustifiable harm to the defendant") (internal citations and quotation marks omitted); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) ("When the requisite elements are lacking, the costs of modern federal antitrust litigation and the increasing caseload of the federal courts

counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint."); *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440 (N.D. Ill. Oct. 28, 2008) (granting motion to stay pending ruling on motion to dismiss antitrust claims); *Lantz v. Am. Honda Motor Co.*, 2007 WL 1424614, at *3 (N.D. Ill. May 14, 2007) (noting stay of discovery pending ruling on motion to dismiss). As these and other courts have noted, there is no justification for allowing plaintiffs to pursue costly and burdensome discovery from defendants until and unless the Court is satisfied that they have stated a viable claim.

Second, permitting any sort of discovery in this case would impose an enormous and entirely disproportionate burden on Defendants. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs are individual home sellers who will have little to provide in discovery. By contrast, Defendants are very large organizations with voluminous ESI to be collected, searched, and reviewed in defense of a putative nationwide class action. Defendants have undertaken measures to preserve that ESI in the event the matter ever progresses beyond the motion to dismiss stage. But if the MIDP obligations are enforced while motions to dismiss are pending, Defendants would need to: (1) identify all documents and ESI relevant to any party's claims or defenses; (2) identify sources and custodians of information, database framework and capabilities, data and document retention policies, and practices and technology use policies; (3) state the facts relevant to each of the Defendants' defenses; (4) meet and confer regarding the use of any technology-assisted review, custodians, search terms, and ESI date ranges; and (5) review documents (including ESI) for responsiveness and privilege and produce them within 40 days after serving mandatory initial responses absent a court order otherwise. Amended Standing Order Regarding Mandatory Initial

Discovery Pilot Project (as amended December 1, 2018), *available at* www.ilnd.uscourts.gov/
_assets/_documents/ MIDP%20Standing%20Order%20Dec0118.pdf.

Similarly, permitting Plaintiffs to proceed with discovery would also be costly, time-
consuming, and burdensome. Imposing these discovery obligations on Defendants at this stage,
when the Court has not yet determined whether Plaintiffs have even stated a viable claim, would
impose a significant burden on Defendants and could waste judicial resources resolving
discovery disputes – all for discovery that could turn out to be unnecessary should the Court
grant Defendants' motions to dismiss. Defendants' position is bolstered by Plaintiffs'
concession of the lack of viability of their claims conveyed by their decision to amend and
consolidate their complaints in response to Defendants' initial motions to dismiss.

On the other hand, Plaintiffs' obligation to identify and produce all items that support
their allegations pale in comparison. They likely amount to little more than limited sets of
documents concerning their retention of and interactions with the real estate brokers who listed
their homes. Moreover, given that the challenged NAR rules have been in place for decades and
that Plaintiffs are not seeking preliminary injunctive relief, Plaintiffs would not be prejudiced by
a stay of discovery pending resolution of the motions to dismiss that will be filed.

Third, as Defendants previously informed the Court, a related case, *Joshua Sitzer, et al.,
v. The National Association of Realtors®*, No. 19-cv-00332-SRB (W.D. Mo.) (hereinafter,
"*Sitzer*"), was filed in the Western District of Missouri on April 29, 2019. The plaintiffs in that
case have committed to filing an amended complaint today. In their response to that amended
complaint, Defendants will move to transfer that case to this District, and to have it consolidated
with this litigation (unless it is dismissed). The original complaint in *Sitzer* contained allegations
and claims that were nearly identical to the original complaint in this case and the amended

5

complaint may also contain allegations mimicking the CAC. As a result, considerations of judicial economy counsel against having discovery in the two cases proceeding on separate tracks.

Fourth, continuing the stay of discovery pending resolution of Defendants' motions to dismiss will not prevent the parties from working out discovery-related issues in the interim, provided Plaintiffs stipulate, and the Court concurs, that Defendants' participation in discovery-related activity will not constitute a waiver or otherwise prejudice Defendants' rights to enforce arbitration agreements executed by purported class members. Subject to such an agreement, the parties during a stay can try to work out an Agreed Confidentiality Order and an appropriate ESI protocol after the new defendants have been served and file appearances in this action.[1] And, as stated at the May 29 status hearing, all original Defendants have instituted litigation holds, removing any reasonable concerns on the part of Plaintiffs as to the preservation of discoverable information.

The Court has "the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate." *See, e.g., Doe v. City of Chicago,* 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005). The interests of justice weigh strongly in favor of the Court exercising its inherent power to maintain its stay of discovery and to continue to defer the parties' MIDP obligations in this action. Continuing to defer these deadlines will

---

[1] Contrary to Plaintiffs' assertions otherwise, Defendants have been working diligently to prepare a Confidentiality Order and ESI protocol. This has not been a simple task. Plaintiffs' proposal simply adopts an order and protocol from another matter. But that approach does not take into account the complexities of this antitrust case in which discovery may include sensitive business data exchanged among the Corporate Defendants who are in direct competition with each other. For that reason, Defendants have been working on a tailored approach, which of course requires the input and consent of each Defendant.

promote efficiency for the Court and the parties by saving significant burden and expense that may well prove unnecessary – and will not cause undue delay to this action or unfair prejudice to any party.

**B.      Discovery of DOJ Investigative Materials Would Be Particularly Inappropriate in Light of the Non-Public Nature of the DOJ Investigation.**

At the May 29, 2019 status conference, Plaintiffs requested that Defendants produce any and all information concerning any Civil Investigative Demands (CIDs) issued by the Department of Justice (DOJ) relating to its antitrust investigation into the real estate industry.[2]   In entering the stay, the Court correctly denied Plaintiffs' initial request to immediately conduct this discovery, and it should not order production of such materials now. Plaintiffs have filed a CAC that they believe coincides with what they have surmised from publicly available information to be the subject of a DOJ investigation.  However, the filing of the CAC provides no grounds for departing from an orderly discovery schedule to commence (if necessary) after resolution of motions to dismiss.

To the contrary, despite some public reports, the DOJ investigation is, like all DOJ investigations, non-public.  Pursuant to DOJ policy, the DOJ ordinarily will not even acknowledge the existence of an investigation unless a decision has been made to bring an action.  More specifically, the DOJ's *Justice Manual* provides, in pertinent part, as follows:

> DOJ generally will not confirm the existence of or otherwise comment about ongoing investigations. . . . DOJ personnel shall not respond to questions about the existence of an ongoing investigation or comment on its nature or progress before charges are publicly filed.

---

[2]  At that time, Plaintiffs proposed production by September 11 of any CIDs issued in the past year by the DOJ, along with any documents Defendants provided to the DOJ in response to the CIDs.  *See* D.E. 73, at 8.  Inexplicably, after this Court rejected Plaintiffs' proposal and granted Defendants' motion for a stay, Plaintiffs now seek a more compressed schedule than what they had previously proposed.  In particular, despite the existing stay order and contrary to what they requested before the stay was granted, Plaintiffs now seek production any CIDs, and any documents produced in response to those CIDs, by July 29.

*Justice Manual*, § 1-7.400 ("Disclosure of Information Concerning Ongoing Criminal, Civil, or Administrative Investigations") (April 2018), *available at* https://www.justice.gov/jm/jm-1-7000-media-relations#1-7.400. The *Justice Manual* also prohibits DOJ attorneys from disclosing non-public information about its investigations "to anyone," unless "necessary to fulfill DOJ official duties." *Id.* § 1-7.100.

DOJ is conducting a nonpublic investigation about which it has revealed nothing, has taken no public actions (and might never do so), and from which no reasonable suppositions can be drawn. Plaintiffs' attempts to establish an urgent need for immediate discovery based on their interpretation of public reports of the investigation should be ignored, and their motion denied. The proper time to evaluate the appropriateness of any discovery demands is after resolution of Defendants' motions to dismiss, with the Court's stay of discovery maintained until that time – particularly since non-public information about DOJ investigations should not be disclosed "to anyone" unless "necessary to fulfill DOJ official duties." *Id*.

**C.     Defendants Should be Given 45 Days to File Their Responses to the Consolidated Amended Complaint.**

Defendants request 45 days to file motions to dismiss the CAC, to begin running from the date of service on the last-served newly named defendant.[3] Plaintiffs' proposal of July 12, 2019 as the date by which Defendants must move to dismiss their defective CAC stands contrary to Federal Rule of Civil Procedure 12. Plaintiffs have not served the CAC on the three new defendants named in the complaint. The Rules permit 21 days to answer or move to dismiss after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Even if

---

[3] Defendants do not oppose a 30-day response and 30-day reply time period. Thus, Defendants propose a 45-30-30 briefing schedule.

8

Plaintiffs served the new defendants this Monday, June 24, they would still have until at least July 15 to respond to the CAC.

Defendants need 45 days to respond to the CAC for a number of reasons. The three new defendants named in the CAC must assess whether personal jurisdiction and venue are proper. The CAC also adds several new Plaintiffs, which requires analysis regarding whether they have standing to bring this action on behalf of the purported class that they are said to represent. Defendants will also need to address Plaintiffs' new factual allegations and their recharacterization of the challenged NAR rules, and will need time to coordinate their briefing to minimize duplication and reduce any burden on the Court.

Plaintiffs must not be permitted to truncate the time period for response to their CAC and, for the foregoing reasons, Defendants should be permitted 45 days to respond to the CAC, running from the date when Plaintiffs serve the last of the newly named defendants.[4]

---

[4] In the event the Court seeks to establish a briefing schedule that runs from the date on which Plaintiffs filed the CAC, we note that Plaintiffs did not complete their filing until after 7 p.m. on Friday, June 14, making Monday, June 17 the appropriate date from which timing should run.

Respectfully submitted,

| *Counsel for Homeservices of America, Inc.* | *Counsel for Keller Williams Realty, Inc.* |
|---|---|
| /s/ Robert D. MacGill | /s/Timothy Ray |
| Robert D. MacGill<br> robert.macgill@btlaw.com<br>Karoline E. Jackson<br> kjackson@btlaw.com<br>Matthew B. Barr<br> matthew.barr@btlaw.com<br>Matthew T. Ciulla<br> matthew.ciulla@btlaw.com<br>BARNES & THORNBURG LLP<br>11 South Meridian Street<br>Indianapolis, IN 46204<br>(317) 231-6498 | Timothy Ray<br> Timothy.Ray@hklaw.com<br>Martin G. Durkin<br> martin.durkin@hklaw.com<br>William F. Farley<br> william.farley@hklaw.com<br>HOLLAND & KNIGHT LLP<br>131 South Dearborn Street<br>30th Floor<br>Chicago, IL 60603<br>(312) 263-3600 |
| Denise A. Lazar<br> denise.lazar@btlaw.com<br>BARNES & THORNBURG LLP<br>One North Wacker Drive, Suite 4400<br>Chicago, IL 60606<br>(312) 214-4816 | David C. Kully<br> david.kully@hklaw.com<br>Anna P. Hayes<br> anna.hayes@hklaw.com<br>HOLLAND & KNIGHT LLP<br>800 17th Street NW, Suite 1100<br>Washington, DC 20530<br>(202) 469-5415 |
| Jay N. Varon<br> jvaron@foley.com<br>Jennifer M. Keas<br> jkeas@foley.com<br>FOLEY AND LARDNER LLP<br>3000 K Street NW, Suite 600<br>Washington, DC 20007<br>(202) 672-5436 | *Counsel for National Association of Realtors®* |
| | /s/Jack R. Bierig |
| Erik Kennelly<br> ekennelly@foley.com<br>FOLEY & LARDNER LLP<br>321 N. Clark St., Suite 2800<br>Chicago, IL 60654<br>(312) 832-4588 | Jack R. Bierig<br> jbierig@schiffhardin.com<br>Robert J. Wierenga<br> rwierenga@schiffhardin.com<br>SHIFF HARDIN LLP<br>233 South Wacker Drive<br>Suite 7100<br>Chicago, IL 60606<br>(312) 258-5500 |

*Counsel for Realogy Holdings Corp.*       *Counsel for RE/MAX Holdings, Inc.*

/s/ Kenneth M. Kliebard        /s/ Paula W. Render

Kenneth Michael Kliebard        Paula W. Render
 kenneth.kliebard@morganlewis.com        prender@jonesday.com
MORGAN LEWIS & BOCKIUS LLP        Erin L. Shencopp
77 West Wacker Drive        eshencopp@jonesday.com
Chicago, IL 60601-5094        Odeshoo Hasdoo
(312) 324-1000        ehasdoo@jonesday.com
       JONES DAY
Stacey Anne Mahoney        77 W Wacker, Suite 3500
 stacey.mahoney@morganlewis.com        Chicago, IL 60605
MORGAN, LEWIS & BOCKIUS LLP        (312) 782-3939
101 Park Avenue
New York, NY 10178
(212) 309-6000

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on **June 21, 2019**, the foregoing **Defendants' Opposition to Plaintiffs' Motion in Support of (A) Discovery of Civil Investigative Demand Materials; and (B) Production of Mandatory Initial Discovery Program Initial Discovery Responses** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all counsel of record.

     /s/Anna Hayes     