# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, VALERIE NAGER, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) ) ) | Case No: 1:19-cv-01610 |
| v. | ) ) | Judge Andrea Wood |
| THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>AGREED CONFIDENTIALITY ORDER</u>

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order;

accordingly, it is ORDERED:

1. **Definitions.**

   (a)    "Action" means the above-captioned action, and any and all cases

consolidated or coordinated with it.

   (b)    "Covered MLSs" is defined according to the Consolidated Amended Class

Action Complaint (ECF No. 84) or any superseding complaint filed in this Action.

(c)     "Discoverable Information" means all materials produced or adduced in the course of discovery, including Documents, ESI, initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom.

(d)     "Document" is synonymous with the meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)(1).

(e)     "ESI" or "Electronically Stored Information" is synonymous with the meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)(1).

(f)     "Franchisee of a Party" means a Party's franchisee and franchisee employees.

(g)     "Party" means a Party to this Action, including all of its officers, directors, and employees.

(h)     "Producing Party" means any Party or non-Party who produces Discoverable Information.

(i)     "Receiving Party" means a Party to this Action to whom Discoverable Information is produced.

2.     **Scope**. All Discoverable Information, regardless of the medium or manner generated, stored, maintained or revealed (including, among other things, initial disclosures, responses to discovery requests, deposition testimony, and exhibits), shall be subject to this Order concerning Confidential or Highly Confidential - Outside Counsel Eyes Only Information as defined below. This Order shall apply to any Party (including all of its officers, directors, employees, retained experts, outside counsel (and their support staff)). This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

3.     **Confidential Information.** As used in this Order, "Confidential Information" means any Discoverable Information that contains confidential or proprietary business, commercial, research, personnel, product or financial content belonging to the Producing Party, or by the Designating Party if different from the Producing Party, and which is designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" for purposes of this litigation. Confidential Information may fall within one or more of the following categories: (a) information prohibited from disclosure by statute or contractual agreement; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case. Discoverable Information that is available to the public may not be designated as Confidential Information.

4.     **Highly Confidential - Outside Counsel Eyes Only Information.** As used in this Order, "Highly Confidential - Outside Counsel Eyes Only Information" means any Discoverable Information that a Producing Party, or the Designating Party if different from the Producing Party, believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure to existing or potential business competitors or customers would cause injury to the business, commercial, competitive, or financial interests of the producing Party; and (iv) it is designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY - SUBJECT TO PROTECTIVE ORDER" for purposes of this litigation. By way of example only, Highly Confidential - Outside Counsel Eyes Only Information may include but is not limited to: (a) current or future business strategies and other

strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales, marketing or distribution practices; (c) research and development information; (d) manufacturing know-how or technology; (e) board of directors materials and presentations; (f) customer lists or information; (g) negotiation strategies; (h) proprietary software, systems, or processes; (i) margin, cost, and pricing information; (j) trade secrets; or (k) intellectual property. If required by applicable privacy laws, Highly Confidential - Outside Counsel Eyes Only Information may also include personnel files that are designated as such for purposes of this litigation.

5. **Designation**.

(a) If any Discoverable Information contains Confidential or Highly Confidential - Outside Counsel Eyes Only Information, a Party may designate the Discoverable Information as Confidential, or Highly Confidential - Outside Counsel Eyes Only Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SUBJECT TO PROTECTIVE ORDER" on the Discoverable Information and on all copies in a manner that will not interfere with the legibility of the Discoverable Information. To the extent Discoverable Information is produced in a form in which placing or affixing the words "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SUBJECT TO PROTECTIVE ORDER" on the Discoverable Information is not practicable, the Party may designate the Discoverable Information as confidential by cover letter, slip sheet, or by affixing a label to the production media containing the Discoverable Information. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential or Highly Confidential

- Outside Counsel Eyes Only Information. The marking shall be applied prior to or at the time the Discoverable Information is produced or disclosed. Applying such marking to Discoverable Information does not necessarily mean that the Discoverable Information has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Discoverable Information marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of Discoverable Information that do not contain substantial portions or images of the text of Discoverable Information designated as Confidential or Highly Confidential - Outside Counsel Eyes Only Information and do not otherwise disclose the substance of the Confidential or Highly Confidential - Outside Counsel Eyes Only Information are not required to be marked.

(b)     The designation of Discoverable Information as Confidential or Highly Confidential - Outside Counsel Eyes Only Information is a certification by an attorney that the Discoverable Information contains highly sensitive information as defined in this order.

6.     **Depositions.**   Unless all Parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information for a period of forty-five (45) days after the date of the deposition. If counsel for the party being deposed states on the record that the deposition testimony should be treated as Highly Confidential - Outside Counsel Eyes Only Information, such testimony will be treated as Highly Confidential - Outside Counsel Eyes Only Information for the forty-five (45) day after the date of the deposition.  No later than the forty-five (45th) day after the date of the deposition, a Party may serve a Notice of Designation to all Parties of record and the court reporter

for the deposition in question as to specific pages of the transcript that are designated Confidential or Highly Confidential - Outside Counsel Eyes Only Information, and thereafter those portions identified in the Notice of Designation shall be protected by the terms of this Order. In the event that a deposition transcript is not available within thirty days to the designating Party, then the Parties shall meet and confer in good faith about the appropriate deadline for a Notice of Designation. The Parties may elect to have the court reporter provide a final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly Confidential - Outside Counsel Eyes Only Information in the lower left-hand corner of each designated page.

7. **Protection of Discoverable Information, including Confidential or Highly Confidential - Outside Counsel Eyes Only Material.**

(a) **General Protections.** Except as set forth below, all Discoverable Information, including Confidential or Highly Confidential - Outside Counsel Eyes Only Information, shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than the prosecution or defense of claims in, or the settlement of, this Action, including any appeal thereof. In this putative class action, Confidential or Highly Confidential - Outside Counsel Eyes Only Information may be disclosed only to the named plaintiffs and only in accordance with this Order, and may not be disclosed to any other member of the putative class unless and until a class including the putative member has been certified. Nothing in this Order, however, shall prevent or prejudice any Party designating Discoverable Information as from using its own such designated Information for any purpose, including privately disclosing its own to others not mentioned in this Paragraph 7, and such private disclosure shall not waive the protections of this Order.

(b)     **Limited Third-Party Disclosures.**  The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Discoverable Information to any third person or entity apart from the Producing Party except as set forth below in subparagraphs (l)-(12) and (1)-(9), respectively. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     Counsel. Outside or in house counsel for the Parties and employees, agents, or independent contractors of such counsel who have responsibility for the preparation and trial of the Action;

(2)     Parties. Confidential Information from a producing party may be shared with Individual Parties that did not produce the Information and employees of the Party, but only to the extent counsel has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the individual Party, or employee has knowledge, and that the employee's assistance is reasonably necessary to the conduct of the Action in which the Information is disclosed; disclosure to such individual Party, or employee is limited to the portion of the Information about such events, transactions, discussions, communications, or data;

(3)     Franchisees of the Producing Party, but only to the extent counsel has: (i) a good-faith basis for believing the Franchisee has seen such Confidential Information, such as franchise policies and procedures,; (ii) the Franchisee's assistance is reasonably necessary to the conduct of the Action in which the Information is disclosed; and (iii) disclosure to such Franchisee

is limited to the portion of the Confidential Information about such events, transactions, discussions, communications, or data, and no Franchisee shall be shown any contracts or agreements to which that Franchisee is not a party;

(4)    The Court and its personnel;

(5)    Court Reporters and Recorders. Court reporters and recorders engaged for depositions, hearings, or trial in this Action;

(6)    Contractors. Those persons specifically engaged for the limited purpose of making copies of Confidential Information or organizing or processing such Information, including outside vendors hired to process ESI in this Action, but only after such persons have completed the certification contained in Attachment A to this Order;

(7)    Consultants and Experts. Consultants, investigators, or experts, and their staff, employed by the Parties or counsel for the Parties to assist in the preparation and trial of this Action, but only after such persons have completed the certification contained in Attachment A to this Order;

(8)    Jury Consultants. Professional jury or trial consultants, and their staff, and mock jurors to whom disclosure is reasonably necessary for this Action, and who are assisting counsel for a Party, but only after such persons have completed the certification contained in Attachment A to this Order, and provided that no such person may retain any Confidential Information or copies thereof or any notes or other memorialization of such Information,

and the same must be immediately destroyed upon the conclusion of service;

(9)     Witnesses, including Rule 30(b)(6) Deponents. During or in preparing for their depositions or their testimony at trial or any hearing in this Action, witnesses to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the Confidential Information has a good-faith basis for believing such Information is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain a copy of any Confidential Information, except that witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts but shall be required to return to the court reporter or delete any copies of such exhibits within a 30 day period. Pages of transcribed testimony or exhibits to depositions that are designated as Confidential Information pursuant to Paragraph 6 may not be disclosed to anyone except as permitted under this Order.

(10)    Author or recipient. The author or recipient of the Confidential Information (not including a person who received such Information solely in the course of litigation);

(11)    Identified Persons. Any person whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good faith basis for believing such Confidential Information is relevant to the transactions or occurrences that give rise to

this litigation and is relevant to events, transactions, discussions, communications or data about which the person has knowledge, disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced, such person has completed the certification contained in Attachment A to this Order, and such person does not retain a copy of the Confidential Information;

(12)   *Sitzer* Action.   Without prejudice to the pending motions under Section 1404 and 1406, any confidential materials produced in this litigation, with the exception of materials pertaining only to Covered MLSs, may be provided to outside counsel in *Sitzer v. NAR* subject to the requirements of all Confidentiality Orders entered in that litigation.

(13)   Mediator.   Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions relating to this Action; and

(14)   Others by Consent. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

The following categories of persons may be allowed to review Highly Confidential - Outside Counsel Eyes Only Information:

(1)   Outside Counsel. Outside counsel for the Parties and employees, agents, and independent contractors of such counsel who have responsibility for the Action, provided that such individuals do not regularly participate in the commercial business activities of the Party;

(2)     The Court and its personnel;

(3)     Court Reporters and Recorders. Court reporters and recorders engaged for depositions, hearings, or trial in this Action;

(4)     Contractors. Those persons specifically engaged for the limited purpose of making copies of Highly Confidential - Outside Counsel Eyes Only Information or organizing or processing such Information, including outside vendors hired to process ESI, but only after such persons have completed the certification contained in Attachment A to this Order;

(5)     Consultants and Experts. Consultants, investigators, or experts, and their staff, employed by the Parties or counsel for the Parties to assist in the preparation and trial of this Action, but only after such persons have completed the certification contained in Attachment A to this Order;

(6)     Jury Consultants. Professional jury or trial consultants, and their staff, and mock jurors to whom disclosure is reasonably necessary for this Action, and who are assisting counsel for a Party, but only after such persons have completed the certification contained in Attachment A to this Order, and provided that no such person may retain any Highly Confidential - Outside Counsel Eyes Only Information or copies thereof or any notes or other memorialization of such Information, and the same must be immediately destroyed upon the conclusion of service;

(7)     Witnesses, including 30(b)(6) Deponents. During or in preparation for their depositions or testimony at trial or any hearing in this Action, witnesses to whom disclosure is reasonably necessary, provided that counsel for the

Party intending to disclose the information has a good-faith basis for believing such Highly Confidential - Outside Counsel Eyes Only Information is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain any copy of Highly Confidential - Outside Counsel Eyes Only Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts but shall be required to return to the court reporter or delete any copies of such Information within a 30 day period. Pages of transcribed testimony or exhibits to depositions that are designated as Highly Confidential - Outside Counsel Eyes Only Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Identified Persons. Any person whose conduct is purported to be identified in the Highly Confidential - Outside Counsel Eyes Only Information, provided that counsel for the party intending to disclose the information has a good faith basis for believing such Highly Confidential - Outside Counsel Eyes Only Information is relevant to the transactions or occurrences that give rise to this litigation and is relevant to events, transactions, discussions, communications or data about which the person has knowledge, disclosure to such person is limited to the portion of the Document in which the person or person's conduct is identified or referenced, such person has completed the certification contained in Attachment A to this Order, and such person

does not retain a copy of the Highly Confidential - Outside Counsel Eyes Only Information or any notes or other memorialization of such Information;

(9) *Sitzer* Action. Without prejudice to the pending motions under Section 1404 and 1406, any confidential materials produced in this litigation, with the exception of materials pertaining only to Covered MLSs, may be provided to outside counsel in *Sitzer v. NAR* subject to the requirements of all Confidentiality Orders entered in that litigation.

(10) Mediator. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions relating to this Action;

(11) Author or recipient. The author or recipient of the Highly Confidential - Outside Counsel Eyes Only Information (not including a person who received the Information solely in the course of litigation); and

(12) Others by Consent. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

Notwithstanding the foregoing, Highly Confidential – Outside Counsel Eyes Only Information containing current, future, or planned pricing, margin, cost, sales, or customer information, or current, future, or planned business plans of a Producing Party cannot be disclosed to any other Party or individual who is a competitor of, or is employed by a competitor of, the Producing Party without either prior written consent of the Producing Party or consent on the record at deposition by the Producing Party prior to the Highly Confidential – Outside Counsel

Eyes Only Information being disclosed to the witness. Such consent shall not be unreasonably withheld.

To the extent any person is required to complete the certification contained in Attachment A to this Order, facsimile signatures or signatures transferred in electronic format *(e.g.,* PDF) shall be treated as original signatures purposes of this Order.

(c)     **Control of Information.**   Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or Highly Confidential - Outside Counsel Eyes Only Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

8.     **Absent Class Members.** Confidential or Highly Confidential - Outside Counsel Eyes Only Information may not be disclosed to absent members of a certified class (each an "Absent Class Member") who have not intervened or otherwise appeared in this Litigation, except under the circumstances described in Paragraph 7(b) of this Order. If, however, Confidential or Highly Confidential - Outside Counsel Eyes Only Information is contained in a filing with the Court pursuant to Paragraph 10 of this Order, such filing may be disclosed to counsel for the Absent Class Member (or the Absent Class Member if not represented) for purposes of evaluating any settlement affecting the Absent Class Member, provided that such counsel, if any, and the Absent Class Member have completed the certification contained in Attachment A to this Order.

9.     **Inadvertent Failure to Designate.**   An inadvertent failure to designate Discoverable Information as Confidential or Highly Confidential - Outside Counsel Eyes Only does not, standing alone, waive the right to so designate the Information. If a party designates Discoverable Information as Confidential or Highly Confidential - Outside Counsel Eyes Only

Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the Information is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential - Outside Counsel Eyes Only Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential - Outside Counsel Eyes Only Information. Upon request, the designating party must provide s replacement copy of the Information or corrected overlay that displays the correct designation.

10. **Filing of Confidential or Highly Confidential - Outside Counsel Eyes Only Information.** This Order does not, by itself, authorize the filing of any Discoverable Information under seal. Any party wishing to file Discoverable Information designated as Confidential or Highly Confidential - Outside Counsel Eyes Only Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 26.2.

11. **No Greater Protection of Specific Information.** Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection. Notwithstanding this paragraph or any other provision in this Order, any producing party may in good faith redact information in Discoverable Information for purposes of protecting "personally identifiable information" ("PII) or "personally identifiable health information" (PIHI") to protect an individual's personal financial or personal health information. Examples of such PII or PIHI include, but are not limited to, Social Security numbers, bank account numbers, credit card numbers, and communications with or from a medical

professional or an insurance provider discussing an individual's medical condition, symptoms, medications and/or treatment.

12. **Challenges by a Party to Designation as Confidential or Highly Confidential - Outside Counsel Eyes Only Information.** The designation of any Discoverable Information as Confidential or Highly Confidential - Outside Counsel Eyes Only Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer.** A Party challenging the designation of Confidential or Highly Confidential - Outside Counsel Eyes Only Information must do so in good faith and must begin the process by conferring directly with counsel for the designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated Information, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating Party must respond to the challenge within five (5) business days of the meet and confer.

(b) **Judicial Intervention.** A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged Information and sets forth in detail the basis for the challenge. Each such motion may not exceed five (5) pages and must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure outlined above. The burden of persuasion in any such challenge proceeding shall be on the designating party. The designating Party shall have the right to respond to any motion filed by a challenging Party. Until the Court rules on the challenge, all Parties shall continue to treat the Information as it has been marked, whether that be Confidential or Highly Confidential - Outside Counsel Eyes Only Information, under the terms of this Order.

As such, any motion challenging a confidentiality designation must not publicly file the Information with contested designations nor describe them in a manner that would reveal Confidential or Highly Confidential - Outside Counsel Eyes Only Information.

13. **Action by the Court.** Applications to the Court for an order relating to Information designated Confidential or Highly Confidential - Outside Counsel Eyes Only Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to issue orders concerning the disclosure of Information produced in discovery or at trial in this Action.

14. **Use of Confidential or Highly Confidential - Outside Counsel Eyes Only Documents or Information at Trial.** This protective order shall apply until the commencement of trial. The Court may thereafter issue such orders as are necessary to govern the use of Confidential or Highly Confidential - Outside Counsel Eyes Only Information at trial.

15. **Third Parties.** The Parties in conducting discovery from third parties shall attach this Order to a copy of any subpoena or other discovery request. Third parties from whom discovery is requested are entitled to the protections of this Order in responding to such requests.

16. **Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Information designated in this Action as by another Party, the Receiving Party must so notify the designating Party, and the Producing Party if different from the designating Party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating Party and/or Producing Party in this Action an opportunity to try to protect its Confidential or Highly Confidential - Outside Counsel Eyes Only Information. The designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential or Highly Confidential - Outside Counsel Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody or control Information designated as Confidential or Highly Confidential - Outside Counsel Eyes Only Information.

(d)     Nothing in this Confidentiality Order prohibits production by a Party to this Order of Information designated Confidential or Highly Confidential - Outside Counsel Eyes Only in response to a valid subpoena or other process by a government agency, so long as the party receiving such a request provides notice to all parties to this matter pursuant to ¶ 16(a) above.

17.     **Challenges by Members of the Public to Sealing Orders.**  A Party or interested member of the public has a right to challenge the sealing of particular Information that has been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

18.     **Unauthorized Disclosure or Use.**  If a Party learns that it or its counsel, officers, directors, employees, consultants, experts or other agents have disclosed Information designated Confidential or Highly Confidential - Outside Counsel Eyes Only Information in any circumstance not authorized under this Order, that Party must within two (2) business days of learning of such disclosure (a) notify the designating Party, and the Producing Party if different from the designating Party, of the disclosure and all pertinent facts relating thereto, (b) make every reasonable effort to prevent further disclosure by each unauthorized person who received such information, (c) use reasonable best efforts to retrieve all copies of the protected Information disclosed to unauthorized persons, (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (e) request that each such person has completed the certification contained in Exhibit A to this Order.

19.     **Obligations on Conclusion of Litigation**.

(a)     **Order Continues in Force**.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry in this Action of final judgment not subject to further appeal.

(b)     **Obligations at Conclusion of Litigation.**  Within sixty-three (63) days after dismissal or entry in this Action of final judgment not subject to further appeal, all Confidential and Highly Confidential - Outside Counsel Eyes Only Information and Information marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER", or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY  - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in Paragraph 5(a), shall be either returned to the Producing Party or the Receiving Party may elect to destroy the Information and certify to

the Producing Party that it has done so, unless the Information has been offered into evidence or filed without restriction as to disclosure.

(c)     **Retention of Work Product and Filed Information.** Notwithstanding the above requirements to return or destroy Information, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential or Highly Confidential - Outside Counsel Eyes Only Information so long as that work product does not duplicate verbatim substantial portions of Confidential or Highly Confidential - Outside Counsel Eyes Only Information, and (2) one complete set of all Information filed with the Court including those filed under seal. Any retained Confidential or Highly Confidential - Outside Counsel Eyes Only Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential or Highly Confidential - Outside Counsel Eyes Only Information.

(d)     **Deletion of Information filed under Seal from Electronic Case Filing (ECF) System.**  Filings under seal shall be deleted from the ECF system only upon order of the Court.

20.     **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

21.     **No Prior Judicial Determination.**    This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Information designated Confidential or Highly Confidential - Outside Counsel Eyes Only Information is entitled to

protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on specific Information or specific issue.

22. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

23. **Miscellaneous**.

(a) **Right to Object.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any Discoverable Information on any ground not addressed in this Order. No Party waives any right to object on any ground to the use in evidence of any Discoverable Information covered by this Order.

(b) **Additional Parties.** In the event that a new Party is added, substituted, or otherwise brought into this Action, this Order will be binding on and inure to the benefit of the new Party.

So Ordered.

Dated:_____                          _____

HON. ANDREA WOOD
U.S. District Judge

WE SO agree to be bound and agree to abide by the terms of this Order:

**_Counsel for Plaintiffs_**

/s/ Rio S. Pierce
Steve W. Berman (Bar No. 3126833)
  steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Daniel Kurowski
  dank@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

Jeff D. Friedman
  jefff@hbsslaw.com
Rio S. Pierce
  riop@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Carol V. Gilden (Bar No. 6185530)
  cgilden@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL
PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370

Daniel A. Small
  dsmall@cohenmilstein.com
Kit A. Pierson
  kpierson@cohenmilstein.com
Benjamin D. Brown
  bbrown@cohenmilstein.com
Robert A. Braun

**_Counsel for Homeservices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, The Long & Foster Companies, Inc._**

/s/ Jay N. Varon
Matthew B. Barr
  matthew.barr@btlaw.com
Matthew T. Ciulla
  matthew.ciulla@btlaw.com
Karoline E. Jackson
  kjackson@btlaw.com
Robert D. Macgill
  robert.macgill@btlaw.com
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 231-6498

Denise A. Lazar
  denise.lazar@btlaw.com
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
(312) 214-4816

Jay N. Varon
  jvaron@foley.com
Jennifer M. Keas
  jkeas@foley.com
FOLEY AND LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5436

Erik Kennelly
  ekennelly@foley.com
FOLEY & LARDNER LLP
321 N. Clark St., Suite 2800
Chicago, IL 60654
(312) 832-4588

rbraun@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600

Matthew R. Berry
  mberry@susmangodfrey.com
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880

Marc M. Seltzer
  mseltzer@susmangodfrey.com
Steven G. Sklaver
  ssklaver@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100

Beatrice C. Franklin
  bfranklin@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

William H. Anderson
  wanderson@hfajustice.com
HANDLEY FARAH & ANDERSON PLLC
4730 Table Mesa Drive, Suite G-200
Boulder, CO 80305
Telephone: (303) 800-9109

Benjamin David Elga
  belga@justicecatalyst.org
Brian Shearer
  brianshearer@justicecatalyst.org
JUSTICE CATALYST LAW
25 Broadway, Ninth Floor
New York, NY 10004
Telephone: (518) 732-6703

*Counsel for Keller Williams Realty, Inc.*

/s/ Martin G. Durkin

Timothy Ray
  Timothy.Ray@hklaw.com
Martin G. Durkin
  martin.durkin@hklaw.com
William F. Farley
  william.farley@hklaw.com
HOLLAND & KNIGHT LLP
131 South Dearborn Street
30th Floor
Chicago, IL 60603
(312) 263-3600

David C. Kully
  david.kully@hklaw.com
Anna P. Hayes
  anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

*Counsel for Realogy Holdings Corp.*

/s/ Kenneth Michael Kliebard

Kenneth Michael Kliebard
  kenneth.kliebard@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094
(312) 324-1000

Stacey Anne Mahoney
  stacey.mahoney@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

Monte Neil Stewart
  monteneilstewart@gmail.com
Russell E. Marsh
  rmarsh@wmllawlv.com
WRIGHT MARSH & LEVY
300 S. 4th Street, Suite 701
Las Vegas, NV 89101
Telephone: (702) 382-4004

Vildan A. Teske
  teske@tkkrlaw.com
Marisa C. Katz
  katz@tkkrlaw.com
TESKE KATZ KITZER & ROCHEL PLLP
222 South Ninth Street, Suite 4050
Minneapolis, MN 55402
Telephone: (612) 746-1558

*Counsel for RE/MAX, LLC*

/s/ Erin L. Shencopp
_____
Paula W. Render
  prender@jonesday.com
Erin L. Shencopp
  eshencopp@jonesday.com
Odeshoo Hasdoo
  ehasdoo@jonesday.com
JONES DAY
77 W Wacker, Suite 3500
Chicago, IL 60605
(312) 782-3939

*Counsel for Defendant*
*National Association of Realtors®*

/s/ Jack R. Bierig
_____
Jack R. Bierig
  jbierig@schiffhardin.com
Robert J. Wierenga
  rwierenga@schiffhardin.com
Adam J. Diederich
  adiederich@schiffhardin.com
Schiff Hardin LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
312-258-5500 (Phone)
312-258-5600 (Fax)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, VALERIE NAGER, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| | ) Case No: 1:19-cv-01610 ) ) |
| v. | ) Judge Andrea Wood ) |
| THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Agreed Confidentiality Order in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Agreed Confidentiality Order and understands that the terms of the Agreed Confidentiality Order obligate him/her to use materials designated as Confidential or Highly Confidential - Outside Counsel Eyes Only Information in accordance with the Order solely for the purposes of the above-captioned action,

and not to disclose any such Confidential or Highly Confidential - Outside Counsel Eyes Only Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Agreed Confidentiality Order may result in penalties for contempt of court.

Name:_____

Job Title:_____

Employer:_____

Business Address:_____

Date:_____          _____
                                        Signature