EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOSHUA SITZER AND AMY WINGER, SCOTT AND RHONDA BURNETT, and RYAN HENDRICKSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.<br><br>Defendants. | Case No. 4:19-cv-00332-SRB |

## **ORDER**

Before the Court is the Corporate Defendants' Motion to Transfer (Doc. #61). For the following reason the motion is DENIED.

### I. Background

Plaintiffs "bring this action on behalf of themselves and on behalf of the plaintiff classes . . . consisting of all persons and entities who listed properties on one of four Multiple Listing Services[1] (the "Subject MLS") and paid a broker commission from at least April 29, 2015 until the Present (the "Subject MLS Class Period")." (Doc. #38, p. 1). Plaintiff class members are "home sellers who paid a broker commission . . . in connection with the sale of residential real

---

[1] Plaintiffs describe an MLS as "a database of properties listed for sale in a particular geographic region." (Doc. #38, p. 3). Plaintiffs state that if brokers are members of an MLS, they "are required to list all properties on the MLS." (Doc. #38, p. 3).

1

estate listed on" the "Kansas City MLS," the "St. Louis MLS," the "Springfield, Missouri MLS," or the "Columbia, Missouri MLS." (Doc. #38, ¶ 29). Defendants are the National Association of Realtors ("NAR") "and the four largest national real estate broker franchisors [("Corporate Defendants")] . . . each of which has a significant presence in the Kansas City metropolitan area." (Doc. #38, p. 1). Plaintiffs allege that "[t]ogether, Defendants have conspired to require home sellers to pay the broker representing the buyer of their homes, and to pay an inflated amount, in violation of federal antitrust law, the Missouri Merchandising Practices Act ("MMPA"),[2] and the Missouri Antitrust Law[.]" (Doc. #38, p. 1). The Corporate Defendants move the Court to transfer this case to the Northern District of Illinois, where a "putative nationwide class action complaint," similar in substance to the present action, was previously filed.

**II.     Legal Standards**

When venue is proper where the action was initially filed, a motion to transfer is governed by 28 U.S.C. § 1404(a). A court may transfer a civil action under § 1404(a) to another district where the action might have been brought: (1) for the convenience of the parties; (2) for the convenience of the witnesses; and (3) in the interest of justice. 28 U.S.C. § 1404(a); *Terra Int'l, Inc. v. Miss Chem. Corp.*, 119 F.3d 688, 691 (8th Cir 1997). "Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors." *Terra Int'l,* 119 F.3d at 691. Instead, courts have recognized this analysis requires "undertaking a case-specific evaluation of the circumstances surrounding the requested transfer to determine whether transfer is warranted." *Boss v. Travelers Home & Marine Ins. Co.*, No. 2:16-CV-04065-NKL, 2016 WL 3200289, at *1 (W.D. Mo. June 8, 2016) (citing *Terra Int'l.*, 119 F.3d at 691).

---

[2] Plaintiff states that "[t]he Class Period for the MMPA Class is April 29, 2014 (or earlier) until the Present." (Doc. #38, p. 1)

2

"[I]n general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking transfer under [§] 1404(a) typically bears the burden of proving that a transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (quoting *Terra Int'l.*, 119 F.3d at 695). The party moving for transfer must make a clear showing of the right to transfer. *Clifton Tunley v. Wal-Mart Stores, Inc.*, No. 4:17-CV-00327-DGK, 2017 WL 3711811, at *1 (W.D. Mo. Aug. 28, 2017). The burden on the moving party is substantial. *Battenfield Tech., Inc. v. Birchwood Lab., Inc.*, No. 2:11-CV-04099-NKL, 2011 WL 4088901, at *2 (W.D. Mo. Sept. 14, 2011). "The Court will not transfer venue based on the convenience factors if the result would be merely to shift the inconvenience from one party to another." *Id.* Where the balance of relevant factors is equal or weighs only slightly in favor of the movant, the motion to transfer should be denied. *Clifton Tunley*, 2017 WL 3711811, at *1.

### III. Discussion

The Corporate Defendants argue this case should be transferred to the Northern District of Illinois and consolidated with *Moehrl v. The Nat'l Assoc. of Realtors, et al.*, No. 19-cv-1610 (N.D. Ill. Mar. 6, 2019). The Corporate Defendants argue that "[t]he only substantive differences between the current iteration of the *Sitzer* complaint and the allegations in *Moehrl* are the geographic markets and *Sitzer's* inclusion of two related state law claims that are entirely predicated on *Sitzer's* core federal Sherman Act antitrust claim (Count I) copied from *Moehrl*." (Doc. #62, p. 6). The Corporate Defendants argue that "[p]roceeding with these two litigations in piecemeal fashion will lead to a waste of judicial resources, party inconvenience, and potentially inconsistent results." (Doc. #62, p. 6). The Corporate Defendants also argue that the "'first-to-file' doctrine strongly counsels in favor of transfer in this case—particularly where, as

3

here, Plaintiffs' action is a related nationwide putative class action, and the first-filed action is broader in geographic scope." (Doc. #62, p. 9).

Plaintiffs argue transfer in this case would be inappropriate because "[t]his case and [*Moehrl*] are distinct cases brought by unique, non-overlapping classes centered on unique, non-overlapping MLSs and geographic markets." (Doc. #66, p. 5). Plaintiffs argue that transfer would be improper because "[t]his case involves state law claims not asserted in [*Moehrl*]" and because "[d]iscovery in this case will focus on conduct that occurred in Missouri and require extensive discovery of Missouri non-party witnesses who have no connection or relevance to [*Moehrl*]." (Doc. #66, p. 5). Plaintiffs also argue that the first-to-file doctrine does not apply.

The parties do not dispute that, pursuant to 28 U.S.C. § 1391, venue in the Northern District of Illinois would be proper and this action might have been brought in the Northern District of Illinois. Balancing the factors enumerated in § 1404(a) and other relevant factors, this Court denies the Corporate Defendants' request to transfer.

### A. The "Convenience" Factors

In considering a motion to transfer under § 1404(a), the Court may consider "(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." *Terra Int'l*, 119 F.3d at 696. The Court will consider those factors argued by the parties.

#### 1. Convenience of Parties

Only one party, NAR, is located in Illinois. The Corporate Defendants are based in other states across the country. Four of the five Plaintiffs, however, reside in Missouri. The Corporate

Defendants argue that because a similar action exists in the Northern District of Illinois, Plaintiffs would benefit from the reduction in costs associated with trying the cases before the same court. Plaintiffs, however, disagree with such contention and state that litigating in the Western District of Missouri would be more convenient for them. Accordingly, because four of the five plaintiffs reside in Missouri and only one Defendant is headquartered in Illinois, the "convenience of the parties" factor weighs against transfer.

### 2. Convenience of Witnesses

Convenience of the party witnesses weighs against transfer for the same reasons as discussed under the convenience of the parties analysis. Further, NAR's witnesses are likely to be its own employees, and "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum." *Discovery Pier Land Holdings, LLC v. Visioneering Envision.Design.Build, Inc.*, No. 4:14-CV-2073 CEJ, 2015 WL 1526005, at *4 (E.D. Mo. Apr. 2, 2015) (citing *Cosmetics Warriors Ltd., v. Abrahamson*, 723 F. Supp. 2d 1102, 1106 (D. Minn. 2010) (internal citations omitted)). Non-party witnesses will likely be individuals associated with the four Subject MLSs, three of which correspond with cities within the Western District of Missouri and all of which correspond with cities within the state of Missouri; the local brokers and franchisees of Defendants; and local real estate brokers, who are primarily located in Missouri. For these reasons, the "convenience of the witnesses" factor weighs against transfer.

### 3. Accessibility to Records and Documents

The location of records and documents is less relevant in the modern era since most documents are produced electronically. *Discovery Pier Land Holdings, LLC*, 2015 WL 1526005, at *5. The only records or documents stored in the Northern District Illinois are those

5

Case 4:19-cv-00332-SRB   Document 84   Filed 08/22/19   Page 5 of 9

belonging to NAR. Plaintiffs' documents and records are located in Missouri, and documents and records belong to local brokers and franchisees of Defendants and local real estate brokers are located primarily in Missouri. Accordingly, to the extent that it is relevant in an electronic age, a transfer would prevent one defendant, NAR, from re-locating its records but would require Plaintiffs and non-party witnesses to relocate their records. The accessibility of relevant records and documents does not support transfer.

### 4. Location Where Conduct Complained of Occurred

The location where the alleged unlawful conduct occurred, and more importantly, where the effect on Plaintiffs was felt, was primarily in Missouri. While the NAR Adversary Rule underlying the alleged anticompetitive conduct can be attributed to NAR, the implementation and enforcement of such rule on NAR's local members in the Subject MLSs and local realtor associations occurred in Missouri. Accordingly, the "location where conduct complained of occurred" factor weighs against transfer.

## B. The "Interest of Justice" Factors

In considering a motion to transfer under § 1404(a), the Court may consider "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Terra Int'l*, 119 F.3d at 696 (internal citation omitted). The Court will consider the factors argued by the parties.

### 1. Judicial Economy

The Corporate Defendants incorrectly argue that this case is a nationwide class action that overlaps with the *Moehrl* case in the Northern District of Illinois. While this case and

6

Case 4:19-cv-00332-SRB   Document 84   Filed 08/22/19   Page 6 of 9

*Moehrl* allege the same general anticompetitive conduct against Defendants, the plaintiffs are different in both cases and the regions of impact are different. The *Moehrl* case does not cover the Missouri Subject MLSs of concern in this case. The Corporate Defendants concede that Plaintiffs in this case bring this action on behalf of residential sellers in MLSs in Missouri. For these reasons, the Court agrees with Plaintiffs' contention that "the primary focus of discovery will be on the implementation, enforcement, and effects of the [Adversary Commision] Rule in the Subject MLSs, which calls for localized discovery in Missouri." (Doc. #66, p. 14). Further, Plaintiffs' counsel and class counsel in *Moehrl* have agreed to coordinate discovery in the two actions to the extent discovery overlaps. Accordingly, judicial economy weighs against transfer.

2. **Plaintiffs' Choice of Forum**

The Corporate Defendants argue that deference to Plaintiffs' choice of forum "is reduced . . . in a class action[] where members of the class are dispersed throughout the nation." (Doc. #62, pp. 15–16) (quoting *Williams v. GatherApp, Inc.*, No. 17-CV-00572-W-DW, 2017 WL 11025324, at *5 (W.D. Mo. Sept. 26, 2017)). The Corporate Defendants offer no facts or argument in support of their contention that class members in this case are dispersed throughout the nation. While the proposed class definition contemplates the inclusion of class members residing throughout the nation, "Plaintiffs bring this lawsuit as a class action on behalf of home sellers who paid a broker commission in the last four years *in connection with the sale of residential real estate listed on one of*" four MLSs that correspond with Missouri. (Doc. #38, ¶ 29) (emphasis added). At this stage, it is unclear how many class members who sold real estate in Missouri reside outside of Missouri. Moreover, four of the five named Plaintiffs reside in Missouri and the allegedly unlawful anticompetitive conduct and injury occurred primarily in Missouri. For these reasons, Plaintiffs' choice of forum weighs against transfer.

7

### 3. Comparative Cost of Litigating

This factor weighs against transfer because it would likely cost individual Plaintiffs more to litigate in Illinois, a place with which they have no obvious relation, than it would cost Defendant corporations to litigate in Missouri, where Defendants transact business. While transfer to the Northern District of Illinois where Defendants have pending related litigation may help Defendants conserve resources, "[t]he Court will not transfer venue based on the convenience factors if the result would be merely to shift the inconvenience from one party to another." *Battenfield Tech.*, 2011 WL 4088901, at *2. Accordingly, the comparative cost of litigating weighs against transfer.

### 4. Advantages of Having a Local Court Determine Questions of Local Law

The Corporate Defendants argue that while Plaintiffs plead two claims under Missouri law: violations of the MMPA and of Missouri Antitrust Law, "[e]ach of the Missouri claims is entirely dependent on Plaintiffs' principal claim—that Defendants[] have violated the federal antitrust laws[], so "[t]here are no issues unique to Missouri that justify keeping the case in this District." (Doc. #62, p. 13). The Corporate Defendants argue it would be more advantageous to transfer this case to the Northern District of Illinois to "avoid the inefficiencies and potentially significant problems with parallel litigation on identical facts." (Doc. #62, p. 14, n.5). The Court is not convinced by this argument and stated above why this litigation, involving different plaintiffs, different geographic regions of impact, and different Subject MLSs is not "litigation on identical facts" parallel to the *Moehrl* case. (Doc. #62, p. 14, n.5). Further, as Plaintiffs point out, "the elements of the Sherman Act and the MMPA are distinct." (Doc. #66, p. 16). In addition, Plaintiffs allege Defendants violated Missouri's "no-rebate law," which is not pleaded

in *Moehrl*. (Doc. #66, p. 16). For these reasons, this factor weighs against transfer to the Northern District of Illinois.

Accordingly, the "convenience" and "interest of justice" factors weigh against transfer to the Northern District of Illinois.

### C. The First-to-File Doctrine

The first-to-file doctrine does not apply in this case. This doctrine "permits a court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Orthman v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). The Court enjoys "wide discretion" in deciding whether to apply the first-to-file doctrine. *Martin v. Medicredit, Inc.*, No. 4:16-CV-01139-ERW, 2017 WL 6696068, at *3 (E.D. Mo. Nov. 15, 2016) (citing *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993)). As discussed previously, Plaintiffs in this case are not parties to the *Moehrl* action. The two cases involve distinct MLSs, geographic areas, and class definitions. The instant case involves two Missouri law claims not present in *Moehrl*, including a claim involving Missouri's "no-rebate law," which is not pleaded in *Moehrl*. Due to the legally significant differences between the *Moehrl* case and the present action, the Court declines to apply the first-to-file doctrine.

### IV. Conclusion

The Corporate Defendants have not carried their burden of proving that transfer is warranted. Accordingly, the Corporate Defendants' Motion to Transfer (Doc. #61) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: August 22, 2019