IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTOPHER MOEHLR, on behalf of himself and all others similarly situated,

Plaintiffs,

-vs-

THE NATIONAL ASSOCIATION OF REALTORS,

Defendants.

No. 19 C 1610

Chicago, Illinois
May 29, 2019
9:00 a.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE ANDREA R. WOOD

APPEARANCES:

For the Plaintiffs:

SUSMAN GODREY LLP
1201 Third Avenue
Seattle Washington 98101
BY: MR. MATTHEW BERRY

COHEN MILLSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
Washington, DC 20005
BY: MR. KIT A. PIERSON

JUSTICE CATALYST LAW
25 Broadway
New York, New York 10004
BY: MR. BENJAMIN DAVID ELGA

COLETTE M. KUEMMETH, CSR, RMR, FCRR
OFFICIAL COURT REPORTER
219 South Dearborn Street
Room 1928
Chicago, Illinois 60604
(312) 554-8931

APPEARANCES: (Continued)

For Defendant National Assn. Of Realtors:

SCHIFF HARDIN LLP
233 South Wacker Drive
Chicago, Illinois 60602
BY: MR. JACK R. BIERIG

For Defendant Realogy:

MORGAN LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601
BY: MR. KENNETH MICHAEL KLIEBARD

For Defendant HomeServices:

BARNES & THORNBURG LLP
One North Wacker Drive
Chicago, Illinois 60606
BY: MS. DENISE A. LAZAR

BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
BY: MR. ROBERT DEAN MACGILL
MR. MATTHEW THOMAS CIULLA

FOLEY AND LARDNER LLP
3000 K St. NW
Washington, DC 20007
BY: MR. JAY N. VARON

For Defendant Re/Max:

JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601
BY: MS. ERIN LIND SHENCOPP

APPEARANCES: (Continued)

For Defendant Keller Williams:

HOLLAND & KNIGHT LLP
800 17th St. NW
Washington, DC 20530
BY: MR. DAVID C. KULLY

HOLLAND & KNIGHT, LLP
131 South Dearborn Street
Chicago, Illinois 60601
BY: MR. TIMOTHY RAY

For Movant Sawbill:

WEXLER WALLACE LLP
55 West Monroe Street
Chicago, Illinois 60603
BY: MR. THOMAS ARTHUR DOYLE

(Proceedings heard in open court:)

THE CLERK: 19 CV 1610, Moehrl versus National Association of Realtors.

MR. DOYLE: Good morning, your Honor. I'm Thomas Doyle for Sawbill.

MR. BERRY: Good morning, your Honor. Matt Berry, Susman Godfrey, on behalf of Plaintiff Moehrl.

MR. PIERSON: Good morning, your Honor. Kit Pierson of Cohen Millstein for Plaintiff Moehrl.

MR. ELGA: Good morning, your Honor. Ben Elga of Justice Catalyst for plaintiff.

MR. BIERIG: Good morning, your Honor. Jack Bierig for Defendant National Association of Realtors.

MR. RAY: Good morning, your Honor. Timothy Ray on behalf of Defendant Keller Williams.

MR. KLIEBARD: Good morning, your Honor. Ken Kliebard of Morgan Lewis on behalf of Defendant Realogy.

MS. SHENCOPP: Good morning, your Honor. Erin Shencopp on behalf of Defendant Re/Max.

MS. LAZAR: Good morning, your Honor. Denise Lazar on behalf of Defendant HomeServices of America.

MR. MACGILL: Rob McGill for the same party.

MR. CIULLA: Matt Ciulla for the same.

MR. VARON: Jay Varon from Foley & Lardner also on behalf of HomeServices.

MR. KULLY: Your Honor, Dave Kully for Keller Williams as well.

THE COURT: Good morning. So based on the filings, it appears to me that no one has filed an opposition to the request for reassignment of the case that is in front of Judge Chang here. Is that correct? Is there anybody who wants to lodge an oral objection while you're here?

Okay. And I've reviewed the docket in Judge Chang's case, it appears that it's appropriate for reassignment, so I'm going to go ahead and grant the motion for reassignment of case 19 CV 2544 as a related case.

Now, I had thought when I came into chambers this morning that there was no opposition to the appointment of interim co-lead counsel, and then I saw something was filed last night opposing it from Realogy Holdings. And I will acknowledge that since it was filed yesterday evening I have not had a chance to review the submission closely anyway. I have an idea of the general gist of it.

Does plaintiff's counsel want an opportunity for a short period of time to respond? I guess all of the plaintiff's counsel are sort of in agreement.

MR. ELGA: We are. It kind of appears that four of the five defendants may be in agreement, but it's noticeable to me that only one of the defendants filed a motion.

Your Honor, I'm happy to -- we can respond orally

today or file in writing. Whatever you would prefer.

THE COURT: I think I would like something in writing. I will rule on it fairly quickly.

I suppose, as I understand it, what plaintiff's counsel would like to do is to have a period of time to file an amended complaint.

MR. ELGA: Correct.

THE COURT: Remind me how much time you're asking for.

MR. ELGA: We asked and the defendants graciously consented until June 14th. And your Honor, I would just add, I think I anticipate -- and it's one of the reasons we'd like to get a leadership order in place. What would be ideal would be to file a consolidated amended complaint where we've wrapped the two cases that are in front of you into a single complaint.

I've had preliminary discussions with plaintiff's counsel in the Sawbill case. I think we'll be able to do that. But the customary practice in these class actions, as you probably know, is leadership structure gets in place, there is a consolidated amended complaint, so everything gets glued together. I think that's what makes sense here, and that's what we would anticipate doing.

THE COURT: Okay. Would you be able to file a concise, pointed response to the opposition, or really a

reply brief, within a week?

MR. ELGA: Absolutely.

THE COURT: Again, while I appreciate your offer to respond orally, frankly, I'm in the midst of a trial, so I have more limited time today. And since I haven't had a chance to review what was filed last night as closely as I would normally before hearing an oral response, I think a written response would probably be the most efficient.

And I will make sure that you get an order either granting the request for co-lead counsel, or giving you direction on some other approach if I find the defendants' opposition meritorious, very quickly in advance of the June 14th date that's been agreed upon for the filing of an amended complaint.

MR. ELGA: That's fine.

THE COURT: So I will grant leave for plaintiffs in this case to file an amended complaint by June 14th. If it's in a position to be a consolidated complaint, that's what I would expect to get. And if not and that throws things off, then I would entertain a request for a different sort of schedule.

MR. ELGA: That's fine, your Honor. I'm confident we'll be able to do that.

MR. KLIEBARD: Your Honor, I apologize we didn't file earlier. I noticed in reviewing the docket that that

motion was entered and continued, and there was a briefing schedule. So I did want to offer an opposition today. Again, primarily we think it's premature, and certainly we don't need three counsel for a case that's been consolidated or two cases that have been consolidated at this point.

THE COURT: Just to be clear, are there any other defense counsel that want to weigh in in opposition to the request for appointment of interim co-lead counsel?

MR. BIERIG: Your Honor, I think all defendants agree with the opposition that was filed on behalf of one defendant.

THE COURT: So is that the case; if there's a difference between others orally joining and everybody else sort of not taking a position one way or the other, let me find out: Are the other defendants supportive of the opposition?

MS. SHENCOPP: Your Honor, on behalf of Re/Max we don't see the need for three interim co-counsel in this case, but we do not join the opposition motion.

MR. RAY: Same is true with Keller Williams, your Honor.

MR. MACGILL: Your Honor, for HomeServices of America the same. We don't see a reason to join this.

THE COURT: Okay. So the idea is defense counsel would prefer not to have three co-counsel presumably because

you're worried about cost in terms of trying to either eventually settle this case or if there is an award at the end of it, but the concept of having lead counsel is not being objected to by any of the defendants.

Fair enough. So that's how I'm going to approach it. So there is some objection, and in responding, plaintiff's counsel should take that into account.

MR. ELGA: We will, your Honor. And we will file a succinct response.

MR. KLIEBARD: And just to be clear, Realogy doesn't think we need any interim counsel at this point, because there are just two cases, which are really one.

THE COURT: Understood.

Okay. With respect to the request to stay discovery and for suspending the mandatory initial discovery, I would like to get the amended complaint. I would like to see if any work is done there that might address some of the concerns -- I think there are some concerns raised in the motions to dismiss that likely couldn't be alleviated by an amended complaint, but I think what I'd like to do is for now, since there is an amended complaint that's going to be filed June 14th, to stay any further discovery. Though the parties can certainly begin discussions of an agreed protective order and an agreed ESI protocol if that's appropriate.

Also, even if discovery is stayed with respect to obligations to produce, if anybody is concerned about evidence preservation, you can certainly send requests along those lines that things be preserved so that the responding parties in discovery would know what the other side thinks should be preserved, and perhaps you can avoid conflicts down the line.

And then finally, consistent the more recently revised Rule 34, you can also serve actual document requests, but the obligation to respond would be held in abeyance. And that would again be largely for the purpose of preserving it.

So the gist of it is actually discovery is stayed, but I don't want there to be any concern about evidence not being preserved. So make sure that if there are issues that you're being frank in those discussions. And if you can reach agreement, even if it's a letter agreement regarding preservation, that would be wholly appropriate here.

MR. BIERIG: Your Honor, I can represent for all defendants that each defendant has issued a document hold, a litigation hold on all documents that might be remotely relevant. So I don't think the Court or the plaintiffs have to worry about destruction of potential evidence.

MR. ELGA: We're confident of that, your Honor.

One issue I would like to raise, if I may, it is our understanding that the Department of Justice has now

issued civil investigative demands for issues that appear to be very closely related to this case. I would ask the defendants informally whether they have yet received civil investigative demands.

It would be very helpful to us to see if we can see any civil investigative demands that they've received, because we'll tailor our discovery appropriately -- I mean, that's sort of the starting point, whether the documents are produced now or not, to just see what the Government is going to be getting from them so we can tailor discovery accordingly.

In any event, we've asked for that information informally and have not received an answer yet.

THE COURT: And the defendants oppose that?

MR. RAY: Your Honor, we do actually. They've issued -- they reference that a CID was issued to CoreLogic, which is a nonparty in a totally un-related proceeding.

So our position is that the two should be separate. It's not a situation where anything that CoreLogic is likely to provide the Justice Department will have any bearing on this particular case, certainly with the fact -- when you consider the fact that we're awaiting an amended complaint that we've yet to see and don't know what it's likely to entail.

MR. ELGA: Your Honor, if I may, I would disagree

with the way it's characterized in the CoreLogic -- the CID there actually overlaps significantly with issues raised in this case. But more fundamentally than that, I've asked whether these defendants have received CIDs and are now producing documents responsive to CIDs from the Department of Justice, and not been able to get an answer to that question.

MR. BIERIG: The reason for that is that Justice Department CIDs are nonpublic investigations. They are not to be disclosed. If they called up the Justice Department and asked to see them, the Justice Department would not give them to them. And we don't feel we have any obligation to do so either.

MR. RAY: And this is an investigation, your Honor, that the Justice Department is engaged in. There's been no determination of wrongdoing that has been found.

THE COURT: Okay.

MR. RAY: So we don't see the need why these two should be conflated.

THE COURT: So as I'm putting discovery on hold and the obligation to respond formally to discovery on hold, I'm not going to entertain this as a motion to compel. Certainly if the defendants wanted to turn over the information voluntarily and they felt they could do that consistent with whatever requests for confidentiality they may have from the Department of Justice, because sometimes in the course of

government investigation there is sort of a request, and even if it's not a requirement that parties not disclose exactly what's being asked about until an appropriate time, if for whatever reason they want to respond voluntarily, that's one thing. But since I'm putting formal discovery on hold, that would apply to information about the DOJ investigation as well.

If we need to actually have motion practice on what should be produced at a later point in time, we can do that. There are a lot of factors that might weigh into it, including what's actually being investigated, the scope of it, the focus. It's not clear to me, based on the little bit I know, that it would be co-extensive or necessarily relatively to the issues in this case. It might be, but I think it's premature to reach that issue.

MR. ELGA: I understand, your Honor. And I understand that you want to basically hold off until the amended complaint is filed. Totally understand that. And I guess what I would just say is that I think the Court can anticipate that we'll be making a request for that information in a more formal way as soon as it seems practical to the Court.

THE COURT: So the plaintiffs had proposed that the defendants' responses, which I suppose were anticipating to be renewed in the motions to dismiss to the amended

complaint, would be filed by July 12. Will that be a reasonable timeframe?

MR. BIERIG: Your Honor, the problem with that, if we haven't seen the amended complaint, we would have a much better idea of how long it would take if we actually saw the amended complaint. So we think it's premature to request a defendants' agreement to file responses by July 12. We would say for sure 60 days would be adequate, but -- it may be the 30 days are adequate, we just haven't seen the complaint.

THE COURT: Here's what I will do. Since it might be a consolidated complaint that takes into account what's currently a different case, it probably makes sense not to set a briefing schedule until we know that for sure.

So I'm going to set sort of a short status which will be for the purpose of making sure that we've resolved the interim lead plaintiff issue, that we know what the complaint looks like, and then we can get a schedule in place on briefing it. And at that time if a party wants to request, you know, discovery, limited discovery, something along those lines, I'll entertain modifying the discovery stay.

And we'll set that status for -- I would like time for myself to review the complaint, so I'm going to say the last week of June.

MS. LAZAR: Would June 28th work for your Honor?

THE COURT: That's a Friday.

MR. ELGA: If it would be possible to do it a few days earlier. I think I will be out of the country on June 28th.

THE COURT: Would the parties be available if I were to set this at a lunch time hour rather than a normal status time?

MR. ELGA: Sure.

MR. BIERIG: No. That would be difficult for me that week, your Honor.

THE COURT: That week?

MR. BIERIG: I think there was a status set by Judge Chang for June 25th, which will obviously not go forward now. So maybe June 25th in the morning would work for everyone, because that was already on the docket.

THE COURT: Unfortunately my schedule is quite full on the 25th. Unless, again, the parties were willing to come over the lunch hour, at a 12:15 or 12:30 time.

MR. ELGA: We're flexible, your Honor.

MR. RAY: As are we.

MR. BIERIG: I could do it Monday the 24th. Or the 28th. But you're going to be out of town?

MR. ELGA: Out of the country.

THE COURT: Is everybody available on Monday, the 24th?

MR. ELGA: That would be fine.

THE COURT: We'll set it at 9:00 a.m., Monday the 24th.

MR. RAY: 9:00 a.m. or lunch?

THE COURT: Let's say nine a.m. I don't have a normal status call, and I do have a trial that will be picking up a little bit later in the morning, so we'll take care of you early in the morning and we'll make sure that all these things are in place. But given the number of counsel we have to accommodate, I think putting it at a separate time makes sense.

Okay. I will see you then.

MR. RAY: Thank you, your Honor.

MR. BIERIG: Your Honor, a couple more things.

THE COURT: Oh, a couple more things. Who wants to go first?

MR. KLIEBARD: I want to note, just so there are no surprises, we did point out in footnote 1 of Realogy's opposition to the motion to appoint co-lead interim counsel there is another case filed --

THE COURT: In this district?

MR. KLIEBARD: No, it's in the Western District of Missouri. I just wanted to give your Honor a head's up. I think the defendants are all going to seek transfer of that case to this district. So I just wanted to give you a head's

up that there may be an order --

THE COURT: I will keep an eye out for it. Presumably you're going to be filing it in the Western District of Missouri, so --

MR. KLIEBARD: Right. And that could affect our schedule, depending on what happens with that case. I just wanted to make you aware so there's no surprise on that.

THE COURT: Thank you. Is that the issue --

MR. BIERIG: Two more very brief items. Your Honor had directed the parties to meet and confer about possible settlement.

THE COURT: Yes. And the possibility of a mediation.

MR. BIERIG: Yes. And the parties have done so, and I think it's everyone's feeling that until there are rulings -- a ruling on the motions to dismiss it's premature to consider settlement or any kind of sending of it to the magistrate.

The other thing is I must say I'm a bit surprised to hear the comment in the Sawbill case, because counsel for Sawbill and counsel for defendants had agreed that that case would be stayed pending a ruling on the motion to dismiss in Moehrl. There was an agreed --

THE COURT: As I understand it, the defendants haven't been served in the Sawbill case.

MR. DOYLE: We've served them, your Honor.

MR. BIERIG: We have been served --

THE COURT: When is your answer date?

MR. BIERIG: Our answer date now I believe is the 21st of June, but the parties had agreed that we need -- that defendants need not respond until after the Court rules on the motion to dismiss in Moehrl. The reason for that, of course, it's virtually identical.

THE COURT: I have to cut to the chase, because I do have people waiting for a trial.

Once the case is reassigned to me, I am going to suspend the defendants' obligations to answer, and I'll take up the issue once you come in for the next status. Because if it's all going to be consolidated into one case, then it's going to be mooted in any case.

So let's get the case in front of me. At this point it's not with me, so I don't have any authority to do anything with that answer date anyway. So once it is reassigned, we'll get the order entered, and I'll suspend the answer date so you won't have to worry about answering.

MR. BIERIG: Thank you, your Honor.

MR. ELGA: Thank you, your Honor.

MR. KLIEBARD: Thank you, your Honor.

(End of proceedings.)

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled case on May 29, 2019.

/s/Colette M. Kuemmeth___
Court Reporter