```
                  IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

CHRISTOPHER MOEHRL, on behalf   )
of himself and all others       )
similarly situated,             )
                                )
                  Plaintiffs,   )
                                )
         -vs-                   )   No. 19 C 1610
                                )
THE NATIONAL ASSOCIATION OF     )
REALTORS,                       )   Chicago, Illinois
                                )   April 23, 2019
                  Defendants.   )   9:00 a.m.


                      TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE ANDREA R. WOOD

APPEARANCES:

For Defendant
HomeServices:            BARNES & THORNBURG LLP
                         One North Wacker Drive
                         Chicago, Illinois  60606
                         BY:  MS. DENISE A. LAZAR

                         BARNES & THORNBURG LLP
                         11 South Meridian Street
                         Indianapolis, Indiana  46204
                         BY:  MR. ROBERT DEAN MacGILL


For Defendant Re/Max:    JONES DAY
                         77 West Wacker Drive
                         Chicago, Illinois  60601
                         BY:  MS. PAULA W. RENDER
```

COLETTE M. KUEMMETH, CSR, RMR, FCRR
OFFICIAL COURT REPORTER
219 South Dearborn Street
Room 1928
Chicago, Illinois  60604
(312) 554-8931

1  APPEARANCES: (Continued)

2

3  For Defendant
   Keller Williams:         HOLLAND & KNIGHT LLP
4                           150 North Riverside Plaza
                            Chicago, Illinois  60606
5                           BY:  MR. MARTIN G. DURKIN

6

7  For Movant
   Sawbill Strategic:       WEXLER WALLACE LLP
8                           55 West Monroe Street
                            Chicago, Illinois  60603
9                           BY:  MR. THOMAS ARTHUR DOYLE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| 1 | (Proceedings heard in open court:) |
| 2 | THE CLERK: 19 CV 1610, Moehrl versus National |
| 3 | Association. |
| 4 | THE COURT: Hopefully the fact that everybody is |
| 5 | standing very far apart doesn't mean that you already do not |
| 6 | get along. |
| 7 | MR. DOYLE: Haven't even met yet, Judge. |
| 8 | THE COURT: Okay. |
| 9 | MR. DOYLE: Good morning, your Honor. I'm Thomas |
| 10 | Doyle for the movant, Sawbill Strategic. |
| 11 | MR. DURKIN: Martin Durkin for Defendant Keller |
| 12 | Williams. |
| 13 | MR. MacGILL: Good morning, your Honor. I'm Rob |
| 14 | MacGill representing HomeServices of America. |
| 15 | MS. LAZAR: Denise Lazar, also for HomeServices of |
| 16 | America. |
| 17 | MS. RENDER: Paula Render for Re/Max. |
| 18 | THE COURT: Okay. What's actually noticed for |
| 19 | today I believe is a motion for reassignment. |
| 20 | MR. DOYLE: That's right. |
| 21 | THE COURT: Are the same counsel that are here all |
| 22 | involved in the other case that's in front of Judge Chang? |
| 23 | MS. LAZAR: That other case, no summons has been |
| 24 | issued, at least as of last night, and no service as of yet. |
| 25 | MR. DOYLE: That's right. We filed it last week, |

1 your Honor.
2 THE COURT: So nobody has appeared in that case
3 yet. So the defense counsel who are here, even though they
4 represent, for my purposes, defendants who are also named in
5 that case, you're not in a position to make any
6 representations regarding that matter, and nobody has
7 appeared on behalf of your clients in that matter. Is that
8 fair to say?
9 MR. MacGILL: Yes, your Honor.
10 MS. LAZAR: Yes.
11 THE COURT: Is there anyone here who opposes the
12 reassignment of Judge Chang's case?
13 MR. MacGILL: Your Honor, it's Rob MacGill speaking
14 for HomeServices of America.
15 What we would ask is that we respond once we have
16 had a chance to respond on the answer date, on May 17th in
17 the Moehrl matter. We're still evaluating potential motions,
18 and it's at least our view, from the HomeServices
19 perspective, that to respond to this present day motion
20 should await our response in the Moehrl case.
21 THE COURT: Okay. And why is that? Let's say --
22 so are there defenses that you think you would raise here
23 that would not apply equally to the other case?
24 MR. MacGILL: Speaking for HomeServices of America,
25 yes. There is the prospect that we're looking at as to

1  whether there is proper venue as to HomeServices of America
2  and whether there is personal jurisdiction over HomeServices
3  of America associated with the Moehrl case. So we're working
4  on that now. And we've not had a chance to either be engaged
5  on the other matter or make those types of analyses on the
6  newly-filed case.
7     THE COURT: Is there a risk here that if I were to
8  decide a motion to dismiss here, let's say I do it sooner
9  than Judge Chang, since his case is not quite as far along
10 though they're very close, that he decides a motion to
11 dismiss on the same issues and we have inconsistent views on
12 things?
13    I suppose the gist of my question is whether it
14 makes sense to have both cases in front of the same judge for
15 answer and motion practice, if we think that's where they're
16 going to end up down the line, as a way of avoiding
17 inconsistent rulings.
18    MR. MacGILL: I can say from the HomeServices
19 perspective, and we're still looking at this as a preliminary
20 matter, but on the 12(b)(2) motion, that is lack of venue or
21 jurisdiction, either one, the allegations are different.
22 I've had a chance to look at that, and specifically I can
23 represent to the Court that as I see things, the obligations
24 in the Moehrl case on jurisdiction issues and venue issues
25 are different than the recently-filed case.

1    So for that reason alone, and again, I'm speaking
2 only from the HomeServices of America perspective, and venue
3 allegations made against us in the personal jurisdiction
4 allegations or lack of allegations made against us, they are
5 different.
6    THE COURT: Okay. Any of the other defendants have
7 a view with respect to the motion for reassignment?
8    MS. RENDER: For Re/Max we have no opposition to
9 reassigning the case to you.
10   MR. DURKIN: Keller Williams the same way, no
11 opposition.
12   THE COURT: Perhaps help me understand how the
13 venue -- I understand the venue allegations might be
14 different in the two complaints right now; however, if venue
15 allegations are sufficient in one case, I haven't looked that
16 closely at the other complaint, I would think it would be a
17 matter of amending the complaint to fix them.
18   Why is that not the case? Is it because of the
19 particular plaintiff that's brought the suit?
20   MR. MacGILL: Well, I would say a couple of things
21 in response to your question. First with respect to the
22 allegations made of the conspiracy, what we would say for our
23 part, as a jurisdictional matter, that there has been no
24 specific jurisdiction allegations as to HomeServices of
25 America in the Moehrl case. And we measured that by virtue

of the allegations that are made there.  That's the way we're making the analysis.

For purposes of venue, we would say to the Court the same thing, but with respect to the Moehrl allegations there are no allegations that tie us, HomeServices of America, to this jurisdiction as we see things today.  The allegations, as I said a minute ago with respect to the recently-filed case, they're different.  And we may end up at the same place, that's possible, but I have to tell you, we've done a lot more work on the Moehrl case than we have on the recently-filed case.  But we're looking, I can represent to the Court today that we're looking at both things very carefully in relation to the Moehrl case.

So the reason I've asked the Court to consider postponing this until after we respond on May 17th is we will not talk in terms of possibilities but realities at that time.  We'll be able to say to the Court here's what we have filed on May 17.

MR. DOYLE:  Your Honor, if I might.

THE COURT:  Yes.

MR. DOYLE:  To me, the question is what judge do these cases belong in front of, and does it make sense to have it proceeding in two different courtrooms in this building or in one courtroom in this building.  And today, if we could, if we get both cases in the same place, and under

|   |   |
|---|---|
| 1 | the rules they belong with the low-numbered case, we can then |
| 2 | figure out all of the jurisdiction and venue questions in a |
| 3 | way that's sensible for all of it. |
| 4 | THE COURT: Is your intent down the road that these |
| 5 | are going to be consolidated into one consolidated class |
| 6 | action? |
| 7 | MR. DOYLE: I don't know. That often happens in |
| 8 | these class cases. I'm reluctant to say yes to that because |
| 9 | I have not talked that through with the folks who have |
| 10 | brought the Moehrl case. One way or another, it's the same |
| 11 | class. So one way or another, it ends up as a single |
| 12 | proceeding, either with the Sawbill folks as a class member, |
| 13 | or the Sawbill folks as another class |
| 14 | representative/plaintiff. |
| 15 | But, your Honor, to me, the question is do we |
| 16 | belong in two cases or in one, and I suggest we belong in one |
| 17 | courtroom. |
| 18 | THE COURT: There is also a motion that's noticed |
| 19 | up for a little later this week for appointment of interim |
| 20 | co-lead counsel. |
| 21 | MR. DOYLE: I saw that, your Honor. |
| 22 | THE COURT: And it's not noticed up until Thursday, |
| 23 | I guess. |
| 24 | MR. DOYLE: Thursday, I believe, yes. |
| 25 | THE COURT: So I'm inclined to have everybody back |

1 again on Thursday, just in case there is somebody who has an
2 interest in that motion that wouldn't have been here today.
3 　　　　Mr. Doyle, do you have a position on that motion?
4 　　　　MR. DOYLE:  I don't know what it is yet, your
5 Honor.  I was trying to find out.  I don't know.  I'm local
6 on this and not steering the ship.
7 　　　　But your Honor, the movants on that motion to
8 appoint counsel aren't here today.  That's the Moehrl
9 plaintiffs, right?
10 　　　　THE COURT:  Correct.  It's not noticed up until --
11 　　　　MR. DOYLE:  That's right.
12 　　　　THE COURT:  Frankly, I would have expected them to
13 have an interest in the reassignment motion and to have
14 appeared here before in any case.
15 　　　　Okay.  I am inclined to proceed with resolution of
16 the reassignment issue.  When are the answers due in this
17 case?
18 　　　　MR. MacGILL:  May 17.
19 　　　　THE COURT:  That's this case.
20 　　　　MR. MacGILL:  Yes.
21 　　　　THE COURT:  And in the other case nobody has been
22 served yet.
23 　　　　MR. MacGILL:  No service.
24 　　　　MR. DOYLE:  Correct.  No dates.
25 　　　　THE COURT:  Do you have an initial status date in

| | |
|---|---|
| 1 | front of Judge Chang? |
| 2 | MS. LAZAR: May 6th, your Honor. |
| 3 | THE COURT: May 6th in front of Judge Chang? |
| 4 | MS. LAZAR: Yes, your Honor. |
| 5 | THE COURT: Give me a moment here. |
| 6 | MS. LAZAR: Excuse me, your Honor. I misspoke. |
| 7 | June 7th. I'm sorry, your Honor. |
| 8 | THE COURT: Okay. Yes. That makes a little bit |
| 9 | more sense. |
| 10 | And it's HomeServices that is making the request. |
| 11 | MR. MacGILL: Yes, your Honor. |
| 12 | THE COURT: Are you intending to actually file an |
| 13 | opposition to the reassignment along with your motion to |
| 14 | dismiss? |
| 15 | MR. MacGILL: At this time I'm not sure, honestly, |
| 16 | we're working focused specifically on these two types of |
| 17 | motions that I mentioned to you, but we would be prepared to |
| 18 | respond on the same day, May 17th, if we're going to oppose |
| 19 | it. |
| 20 | We have not been engaged in the separate case, I |
| 21 | assume that we will be, your Honor, but we're catching up |
| 22 | with the details of that newly-filed case, frankly. Our |
| 23 | focus has been on Moehrl and the allegations there. |
| 24 | THE COURT: Where are things with respect to the |
| 25 | status of service in the Sawbill case? |

1  MR. DOYLE: We have not had summons issued yet,
2  your Honor. We wanted to resolve this first and then try and
3  expedite things the best we could. But we have not had
4  summons issued yet.
5  I think it was filed Wednesday or Thursday of last
6  week. The Sawbill case, I mean.
7  It was filed on the 16th, which is a week ago
8  today.
9  THE COURT: Okay. So here's what I will do,
10  because I would also like plaintiff's counsel here to weigh
11  in, though, again, today was their opportunity to show up on
12  and weigh in on reassignment. They've chosen not to do so
13  for whatever reason.
14  It probably makes sense for me to see the answer
15  and/or motion to dismiss before making a formal decision on
16  reassignment. This doesn't strike me as a matter that needs
17  briefing on whether reassignment is appropriate, but perhaps
18  an opportunity to see what the answers look like here, and/or
19  motion to dismiss, may be useful in confirming that
20  reassignment is appropriate, particularly since any such
21  motion would be due a good three weeks before you're due to
22  show up in front of Judge Chang, since you haven't had -- so
23  you wouldn't be disrupting his schedule, and you don't yet
24  have an answer date in front of him, which would most likely
25  be after May 17th in any case.

1      So what I will do is I will go ahead and set a May
2  17th date for any response to the motion for reassignment.
3  Is that the same answer date for all of the defendants here?
4           MR. MacGILL:  Yes.
5           MS. LAZAR:  Yes.
6           MS. RENDER:  Yes.
7           THE COURT:  So May 17th will be your answer or
8  otherwise plead date.  It will also be a date for any
9  response to the motion for reassignment, if there is one.
10           If HomeServices decides not to go that route,
11 that's fine, or you can orally stand on your position that
12 you would like to have a motion to dismiss decided before
13 reassignment.  I can say that unless the papers are very
14 surprising I would expect to want to rule on that beforehand.
15 Because I think it makes sense that if there are going to be
16 motions to dismiss briefed here and in the other case, or if
17 there is some possibility that the cases are going to be
18 consolidated for purposes going forward, that they should get
19 in the same place before we have duplicative briefing.
20           I'm going to keep the Thursday date on the calendar
21 since we have a motion that's noticed up there, and hopefully
22 the parties will be able to tell me what you think should
23 happen with respect to lead counsel, but we will also have
24 our status date -- it looks like our status date was May 8th.
25 I'm going to move that to the week of May 20th.

...

| | |
|---|---|
| 1 | MR. DURKIN: Your Honor, I believe it was already |
| 2 | moved to May 29th. |
| 3 | THE COURT: Was it already moved to May 29th? |
| 4 | Here, this case? |
| 5 | MR. DURKIN: Yes. |
| 6 | MS. LAZAR: Yes, your Honor. |
| 7 | THE COURT: Is that right, Enjoli? |
| 8 | (The Court and Courtroom Deputy conferred.) |
| 9 | THE COURT: Thank you. Perfect. |
| 10 | That's fine. A little closer than I might like to |
| 11 | the initial status date in front of Judge Chang. |
| 12 | Here's what I'll also do. I'll reach out to him to |
| 13 | make sure he's aware of the motion for reassignment, that I |
| 14 | expect to be making a decision on that motion around May |
| 15 | 17th, just so he knows what to expect. |
| 16 | If for some reason your answer date ends up being |
| 17 | closer, service proceeds and you end up having an answer date |
| 18 | where it might pose a conflict, he'll know what's going on |
| 19 | and I'm sure give you an extension if you need it to get |
| 20 | things resolved here. But I'll just give him a head's up |
| 21 | that the reassignment motion has been filed, I'm going to get |
| 22 | any response to that by May 17th, and I would expect to rule |
| 23 | on it pretty quickly. |
| 24 | I'll see the parties on May 29th regardless, and at |
| 25 | that point we should know where everything is going to be. |

---

1  MR. DURKIN: Your Honor, I believe it was already
2  moved to May 29th.
3  THE COURT: Was it already moved to May 29th?
4  Here, this case?
5  MR. DURKIN: Yes.
6  MS. LAZAR: Yes, your Honor.
7  THE COURT: Is that right, Enjoli?
8  (The Court and Courtroom Deputy conferred.)
9  THE COURT: Thank you. Perfect.
10  That's fine. A little closer than I might like to
11  the initial status date in front of Judge Chang.
12  Here's what I'll also do. I'll reach out to him to
13  make sure he's aware of the motion for reassignment, that I
14  expect to be making a decision on that motion around May
15  17th, just so he knows what to expect.
16  If for some reason your answer date ends up being
17  closer, service proceeds and you end up having an answer date
18  where it might pose a conflict, he'll know what's going on
19  and I'm sure give you an extension if you need it to get
20  things resolved here. But I'll just give him a head's up
21  that the reassignment motion has been filed, I'm going to get
22  any response to that by May 17th, and I would expect to rule
23  on it pretty quickly.
24  I'll see the parties on May 29th regardless, and at
25  that point we should know where everything is going to be.

14

| | |
|---|---|
| 1 | In addition to Thursday, when -- Mr. Doyle, will you be |
| 2 | coming on Thursday? |
| 3 | MR. DOYLE: Yes. |
| 4 | THE COURT: I assume your client has an interest in |
| 5 | the outcome of -- |
| 6 | MR. DOYLE: I expect to be here on Thursday. If |
| 7 | nothing else, I may be able to tell you no objection, your |
| 8 | Honor. But yes, I'll be here Thursday. |
| 9 | THE COURT: Good. Anything else for today? |
| 10 | MR. MacGILL: No, your Honor. |
| 11 | MR. DOYLE: Thank you, your Honor. |
| 12 | THE COURT: Thank you. |
| 13 | MS. LAZAR: Thank you. |
| 14 | (End of proceedings.) |
| 15 | C E R T I F I C A T E |
| 16 | |
| 17 | I certify that the foregoing is a correct transcript |
| 18 | from the record of proceedings in the above-entitled case on |
| 19 | April 23, 2019. |
| 20 | |
| 21 | |
| 22 | |
| 23 | /s/Colette M. Kuemmeth<br>     Court Reporter |
| 24 | |
| 25 | |