```
           IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

CHRISTOPHER MOEHRL, on behalf    )
of himself and all others        )
similarly situated,              )
                                 )
              Plaintiffs,        )
                                 )
         -vs-                    )  No. 19 C 1610
                                 )
THE NATIONAL ASSOCIATION OF      )
REALTORS,                        )  Chicago, Illinois
                                 )  June 24, 2019
              Defendants.        )  9:00 a.m.

              TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE ANDREA R. WOOD

APPEARANCES:

For the Plaintiffs:   SUSMAN GODFREY LLP
                      1201 Third Avenue
                      Seattle Washington 98101
                      BY:  MS. BEATRICE FRANKLIN

                      COHEN MILLSTEIN SELLERS & TOLL PLLC
                      1100 New York Avenue, N.W.
                      Washington, DC  20005
                      BY:  MR. KIT A. PIERSON

                      GRANT & EISENHOFER P.A.
                      30 North LaSalle Street
                      Chicago, Illinois  60602
                      BY:  MS. WHITNEY KENDALL SIEHL


           COLETTE M. KUEMMETH, CSR, RMR, FCRR
                 OFFICIAL COURT REPORTER
              219 South Dearborn Street
                      Room 1928
                Chicago, Illinois  60604
                     (312) 554-8931
```

```
 1    APPEARANCES:  (Continued)

 2
      For Plaintiff Sawbill:    WEXLER WALLACE LLP
 3                              55 West Monroe Street
                                Chicago, Illinois  60603
 4                              BY:  MR. THOMAS ARTHUR DOYLE

 5
      For Defendant National    SCHIFF HARDIN LLP
 6    Assn. Of Realtors:        233 South Wacker Drive
                                Chicago, Illinois  60602
 7                              BY:  MR. JACK R. BIERIG

 8
      For Defendant Realogy:    MORGAN LEWIS & BOCKIUS LLP
 9                              77 West Wacker Drive
                                Chicago, Illinois  60601
10                              BY:  MR. KENNETH MICHAEL KLIEBARD

11
      For Defendant
12    HomeServices:             BARNES & THORNBURG LLP
                                One North Wacker Drive
13                              Chicago, Illinois  60606
                                BY:  MS. DENISE A. LAZAR
14
                                BARNES & THORNBURG LLP
15                              11 South Meridian Street
                                Indianapolis, Indiana  46204
16                              BY:  MR. ROBERT DEAN MACGILL
                                     MR. MATTHEW THOMAS CIULLA
17

18
      For Defendant Re/Max:     JONES DAY
19                              77 West Wacker Drive
                                Chicago, Illinois  60601
20                              BY:  MS. ERIN LIND SHENCOPP

21                              HOLLAND & KNIGHT, LLP
                                131 South Dearborn Street
22                              Chicago, Illinois  60601
                                BY:  MR. TIMOTHY RAY
23

24

25
```

1        (Proceedings heard in open court:)
2             THE CLERK:  19 CV 1610, Moehrl versus National
3    Association of Realtors.
4             MR. DOYLE:  Good morning, your Honor.  Tom Doyle
5    for the Plaintiff Sawbill.
6             MR. PIERSON:  Kit Pierson, good morning, your
7    Honor, for all the plaintiffs.
8             MS. SIEHL:  Good morning, your Honor.  Whitney
9    Siehl for all the plaintiffs.
10            MS. FRANKLIN:  Good morning, your Honor.  Beatrice
11   Franklin for the plaintiffs.
12            MR. BIERIG:  Good morning, your Honor Jack Bierig
13   for the National Association of Realtors.
14            MR. RAY:  Good morning, your Honor.  Timothy Ray on
15   behalf of Keller Williams.
16            MR. MACGILL:  Good morning.  Rob MacGill on behalf
17   of HomeServices.
18            MS. LAZAR:  Denise Lazar also on behalf of
19   HomeServices.
20            MR. CIULLA:  Matt Ciulla for Home Services.
21            MR. KLIEBARD:  Good morning, your Honor.  Ken
22   Kliebard on behalf of Defendant Realogy.
23            MS. SHENCOPP:  Erin Shencopp on behalf of defendant
24   Re/Max.
25            THE COURT:  Okay.  Good morning.  So as drafted,

1  does the consolidated amended complaint encompass all of the
2  allegations that were sort of covered by the separate Sawbill
3  case?
4          MR. DOYLE:  Yes, your Honor.
5          MR. PIERSON:  Yes.
6          MR. DOYLE:  May I make a suggestion?  We could
7  close that other case number administratively so that nothing
8  gets filed over there, and then Sawbill would proceed on the
9  consolidated pleading as pled.
10         THE COURT:  That sounds like it makes sense, but
11 let me see if there is any objection from the other parties.
12         MR. BIERIG:  No objection, your Honor.
13         MR. RAY:  No objection.
14         THE COURT:  So the related case, which is case
15 No. 19 CV 2544, will be administratively closed.  We'll put a
16 note in that case that in the future filings that relate to
17 those allegations are going to be made under case 19 CV 1610.
18         MR. DOYLE:  Thank you, Judge.
19         MR. PIERSON:  Okay.
20         THE COURT:  Okay.  So the first step here with the
21 consolidated complaint now is to get a response date, and the
22 parties are already in disagreement on that.  The plaintiff
23 is proposing July 12th, which is really about three weeks, I
24 guess.
25         MR. PIERSON:  28 days from the date the amended

1  complaint was filed.
2       THE COURT:  Okay.  And the defendants are asking
3  for 45 days.
4       MR. RAY:  Yes, we are, your Honor.
5       THE COURT:  45 days from today or when the
6  complaint was first filed?
7       MR. MACGILL:  Your Honor, Rob MacGill on behalf of
8  HomeServices.  Our proposal is 45 days from when the last
9  defendant is served.  The two new defendants, at least the
10  two defendants associated with my companies, have not yet
11  been served.  So we would propose 45 days from service on the
12  new defendants, I should say.
13      THE COURT:  What's the status of service on the new
14  defendants?
15      MR. PIERSON:  My understanding, your Honor, we
16  haven't received a summons yet from the clerk's office.  My
17  understanding is we're expecting to receive it today, and
18  we're planning to serve tomorrow.  It's all -- I should note
19  the three new defendants are all members of the same
20  corporate family of one of the existing defendants.
21      THE COURT:  So do we have counsel who is going to
22  be accepting service on behalf of those defendants?
23      MR. MacGill:  Well, the Berkshire Hathaway
24  companies, they do have a lot of corporate formalities.  I
25  haven't been formally engaged yet.  I expect to be, but they

1  will go through a process themselves, and then they'll
2  contact me.  I expect to be counsel for all of the three
3  entities ultimately, but the reason we've asked for 45 days,
4  this is shorter than what would be a 30-day extension from
5  the original answer date.
6           We just need some time, one, to administratively go
7  through what we need to, and second, your Honor, we need to
8  ascertain and review what's been pled.  We got something ten
9  days ago, but there is a lot to review here.
10          THE COURT:  So it sounds like plaintiff's counsel
11 is going to have to jump through hoops of properly serving
12 each of those entities, and then they'll engage counsel, is
13 that kind of where we are?
14          MR. PIERSON:  Your Honor, we do expect to, as long
15 as we get the summons, we do expect to have served them all
16 by tomorrow.  They had originally proposed to us their
17 response would be due August 1st.  And August 1st itself was
18 seven weeks after the amended complaint was filed.  So I
19 think they're actually talking about even a later date now.
20          THE COURT:  That's true.  So 45 days -- let's
21 assume that service is accomplished by Wednesday, which is
22 the 26th of June.  That would put a response due technically
23 on August 12th, which is a Monday.  Let me remind myself what
24 this complaint looks like.
25          I don't recall a lot of individualized allegations.

1    It's an antitrust case, so I don't know that I would expect
2    there to be a lot of individualized allegations.
3             I'm going to go with the 45 days.  I think that's
4    reasonable in light of the complexity of the complaint.  And
5    my preference would be to have all the defendants on the same
6    schedule.  Given that there are certain defendants that have
7    not been served yet, they're not going to have an obligation
8    to answer until at least probably 23 days from now, so it's
9    not that lengthy of an extension for them.
10            I'm going to have a responsive pleading due August
11   9th.  So that will give you a couple days -- it's closer to
12   43 instead of 45 days for that.  And that will be for all
13   defendants.  All defendants will answer or otherwise respond
14   to the consolidated amended complaint by August 9th.
15            I think what I'm going to do is, rather than set a
16   briefing schedule now on what I'm sure will be multiple
17   motions to dismiss, I'm more inclined to set a status date.
18   Because I'm going to keep the stay of discovery in place, I
19   have taken a look at the filings from the parties on that.  I
20   want to see what is filed in response to the complaint,
21   whether there are motions to dismiss, or answers, and what
22   those look like.  So if I take a look at it and it makes
23   sense to allow some discovery, if not all discovery, to go
24   forward, I can adjust that at the status date.  But based on
25   what I know of the case now, I think it's appropriate to

1  maintain the stay of discovery until I get the responsive
2  pleadings.
3      That said, it's been represented in the papers that
4  the parties are working on a confidentiality agreement and an
5  ESI protocol, and I'm going to direct that that proceed, and
6  I might even set a date, frankly, for that to be submitted.
7  But what I would hope would be an agreed motion for entry of
8  a protective order or confidentiality order and ESI protocol.
9  Is there any reason why the parties can't proceed with
10  working on those issues even while discovery itself, the
11  actual serving and producing, is stayed?
12      MR. PIERSON:  We've submitted proposals for both of
13  them, your Honor, and there is no reason we can't get that
14  done.
15      MR. BIERIG:  We agree.
16      MR. RAY:  Yes.
17      MR. MACGILL:  Yes.
18      THE COURT:  I think that makes sense.  So the
19  responsive pleading is going to be due the 9th.  I would like
20  the parties to submit your proposed -- well, what I hope will
21  be an agreed motion for entry of a protective order and/or
22  ESI protocol by no later than August 16th.  And then I'm
23  going to set a status date of August 20th.
24      If you file motions to dismiss on the 9th, you can
25  notice them for the 20th, giving myself a little bit of time

1    to read what I'm sure will be multiple filings.
2            Speaking of which, if there are motions to dismiss,
3    and if there are common issues for the parties, I would
4    encourage you on the defense side to meet and confer and see
5    if you can streamline your briefing so that you're not
6    repeating arguments in different places.  You can formally
7    indicate in your papers that you're adopting an argument
8    that's being made elsewhere.  If there's some basic
9    background law that's common, you can refer to that and then
10   just have fewer briefing, address the specific allegations
11   that might be specific to your clients, think of ways to
12   avoid duplicating arguments in what would be four different
13   sets probably at least.
14           MR. BIERIG:  Five.
15           THE COURT:  I prefer not to review the same
16   argument in five sets of briefs, and frankly, I'm going to be
17   also finding a way to not have the plaintiff have to respond
18   in multiple documents either.  So it's better if things are
19   streamlined to the extent -- of course, if everybody just
20   answers and nobody has a motion to dismiss then we avoid that
21   issue altogether.
22           MR. PIERSON:  Your Honor, I would anticipate, it's
23   generally been my practice, we will try to file a single
24   consolidated response.
25           THE COURT:  That would be appreciated.  Are there

1  going to be personal jurisdiction issues or venue issues
2  raised here?  I'm not so sure how that would be raised given
3  that defendants are --
4            MR. MACGILL:  Your Honor, for HomeServices we're
5  looking at it.  I can't tell you specifically just yet, but
6  we're looking at it.
7            THE COURT:  Okay.  Well, I will see you August
8  20th, and we'll sort through all of those issues.  Are there
9  other things that we need to address today?
10           MS. FRANKLIN:  We do have the pending motion for
11 appointment of interim co-lead counsel.
12           THE COURT:  Yes.  Has anything changed with respect
13 to the one opposition to that?  I think there was one party
14 that filed -- that was not in agreement on that.  Has
15 anything changed as a result of the consolidated complaint?
16           MR. KLIEBARD:  Good morning again, your Honor.  Ken
17 Kliebard for Realogy.  We have filed an opposition and
18 answers and we still oppose that motion.  In fact, I think
19 the consolidation of the two cases into one is another reason
20 why appointment of interim class counsel is unnecessary at
21 this point.  There is only one case, and the plaintiff did
22 not seem to be having a problem communicating with us or the
23 Court in this one case.
24           THE COURT:  Any response from plaintiffs' counsel
25 to that point?

1    MS. FRANKLIN: Yes, your Honor. We would say just
2 because there hasn't been any issues among plaintiffs'
3 counsel to date, and we certainly don't anticipate any, it's
4 possible they could arise. The appointment of interim
5 co-lead counsel would help prevent any such disputes from
6 coming up and taking over and potentially delaying the motion
7 to dismiss briefing, delaying settlement discussions,
8 delaying discovery if that ends up proceeding.
9    Defendants haven't argued that these three firms
10 don't satisfy the Rule 23 factors for appointment of interim
11 co-lead counsel. Many cases have appointed interim co-lead
12 counsel even when there are only two actions pending. So we
13 see no reason to depart from that precedent in this case when
14 the plaintiffs themselves believe it's in their best interest
15 to have co-lead counsel appointed.
16    THE COURT: I will take that under advisement for
17 ruling and enter an order on that quickly.
18    MR. BIERIG: Your Honor, may I add something on
19 that point?
20    THE COURT: Yes.
21    MR. BIERIG: There is another case very similar to
22 this one pending in the Western District of Missouri. We
23 have asked the Court or we will be asking the Court to
24 transfer that case to your Honor pursuant to either 1406 in
25 the case of National Association of Realtors, which doesn't

1  think it's subject to service of process in Missouri, and
2  pursuant to 1404 for all the other defendants.  And my guess
3  is that if that case is transferred, which we hope it will
4  be, the plaintiffs in that case will also want to be lead
5  counsel.  So it may be best just to hold off until the Court
6  rules on the motions to dismiss.
7  　　　　　　Right now Mr. Pierson said he's going to file one
8  brief.  We've had no problem communicating with them quite
9  well.  If discovery is ordered, which, again, we think it
10 should not be, then it might be time to decide who should be
11 interim lead counsel, but at this point, particularly given
12 that the Missouri case may be transferred here, there is just
13 no reason to even consider it at this time.
14 　　　　　　THE COURT:  What's the timing of the Missouri case?
15 Have the defendants been served there?
16 　　　　　　MR. BIERIG:  In that case, like this one, this is
17 kind of a copycat case.  They filed their complaint, we moved
18 to dismiss as we did here, they then filed an amended
19 complaint, as the plaintiffs in this case have done, and we
20 are now going to be briefing a motion to dismiss the amended
21 complaint in Missouri.
22 　　　　　　We're trying to reach the court.  We have a
23 telephonic conference to set up a time with the court on
24 Wednesday, but that's going to be subject to a motion to
25 dismiss or preliminarily to transfer this case back -- that

1 case to your Honor.

2 THE COURT: You haven't filed that motion --

3 MR. BIERIG: No, we haven't filed that motion yet.
4 They filed an amended complaint.

5 MR. KLIEBARD: I believe when the motion to appoint
6 the interim counsel in this case was filed I don't think that
7 sister case was filed yet. So I don't think the plaintiffs'
8 motion addresses that. In terms of the sort of hypothetical
9 issues that counsel tossed out, it is yet to materialize into
10 an issue where we've had difficulty communicating with one
11 voice, as we on the defense side have the same issue where we
12 have to coordinate and form subcommittees and things like
13 that, and we have not asked the Court's imprimatur to approve
14 the way we've allocated things among ourselves. We're trying
15 to be efficient.

16 THE COURT: Who are plaintiffs' counsel in the
17 Missouri case?

18 MR. PIERSON: Boulware.

19 MR. BIERIG: It's a local Kansas City firm.

20 THE COURT: Are they aware there is going to be a
21 motion to transfer filed, and are they expected to oppose
22 transfer?

23 MR. BIERIG: Yes. They have been told and they
24 vehemently will oppose it.

25 MR. PIERSON: One thing I'll add about that; I have

1 spoken to Mr. Boulware. I know that case is alleging a
2 different market than the markets at issue here. It's
3 focusing on Missouri, Kansas City, and it also makes claims
4 under state law. So in Mr. Boulware's view he is going to
5 oppose transfer to this jurisdiction.
6     MR. BIERIG: But the substantive allegations are
7 identical with the exception that they also throw in a count
8 under Missouri law, but the antitrust counts are the same.
9     THE COURT: Okay. Do you have a case number for
10 the Missouri case?
11     MR. BIERIG: I don't have it with me, your Honor,
12 but we can certainly get it.
13     MR. PIERSON: I have it. Let me just go ahead and
14 get it.
15     MS. FRANKLIN: Yes, your Honor. 19 CV 332, in the
16 Western District of Missouri.
17     THE COURT: Okay. I may take a look at the
18 complaint in that case before making a decision. Again, it's
19 appointment of interim counsel, so it's not clear to me that
20 there is a need to hold off because other plaintiffs' counsel
21 may be coming in. The whole idea behind interim counsel is
22 that the decision can be revisited at a later point in time.
23 However, I will take that into account in making a decision
24 on that motion.
25     MR. BIERIG: It should be noted that we're not

1  talking about appointment of one interim lead counsel, which
2  would actually make some sense, we're talking about three
3  interim lead counsels, which serves no purpose, Judge.
4             MS. FRANKLIN:  Your Honor, may I respond to that?
5             THE COURT:  You can.  I think that's what was
6  briefed so -- and we discussed last time, so if there is
7  something new on that point to the specific point why you
8  need three counsel I'll give you 30 seconds.
9             MS. FRANKLIN:  Great.  I would like to point out
10 that the plaintiffs believe it is in their best interest to
11 have the experience of three well-established firms, the
12 diversity of experience, exchange of ideas, and it's the
13 interest of the plaintiffs that Rule 23 says should be the
14 touchstone for appointing interim lead counsel.  As to
15 defendants we appreciate their views, but it's not really
16 their interest that is relevant to this consideration.  So,
17 I'd just like to note that.
18            THE COURT:  Understood.  I think I understand each
19 side's position on it.  I'll issue a ruling on that.  In the
20 meantime, we've got a schedule for responding to the
21 complaint, we'll check in and see what those responses look
22 like and what that means for discovery at the next status
23 date.
24            THE COURT:  Thank you, counsel.
25       (End of proceedings.)

1
2          C E R T I F I C A T E
3
4      I certify that the foregoing is a correct transcript
5  from the record of proceedings in the above-entitled case on
6  June 24, 2019.
7
8
9
10  /s/Colette M. Kuemmeth___
       Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25