UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COHL, STEVE DARNELL, VALERIE NAGER, JACK RAMEY, SAWBILL STRATEGIC, INC., DANIEL UMPA and JANE RUH, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No: 1:19-cv-01610 |
| v. | ) ) ) | Judge Andrea Wood Magistrate Judge M. David Weisman |
| THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., HSF AFFILIATES LLC, BHH AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX HOLDINGS INC. and KELLER WILLIAMS REALTY, INC. | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO LIFT THE DISCOVERY STAY

Plaintiffs' request that the Court lift its Order staying discovery pending the resolution of Defendants' motions to dismiss merely because discovery has commenced in the much smaller Kansas City lawsuit is meritless and should be rejected.

First, Plaintiffs disregard well-established authority that discovery in complex and costly antitrust litigation should be stayed where motions to dismiss are pending by assuming that Defendants' motions to dismiss in this case will be denied in full. But that argument incorrectly suggests that the Kansas City court's rulings on the motions to dismiss in *Sitzer v. National Association of Realtors*, No. 19-cv-00332-SRB (W.D. Mo.), are dispositive here. Decisions of

another district court — even from a court within this District let alone from one in a sister Circuit — are not binding on this Court, and it is presumptuous for Plaintiffs to advocate otherwise.

Second, Plaintiffs' motion incorrectly presupposes that discovery in the geographically confined Kansas City lawsuit will be largely co-extensive with discovery that might take place in this much larger case. To support that position, Plaintiffs attempt to rely on statements Defendants made in *unsuccessfully* seeking to transfer *Sitzer* to this Court, namely Defendants' statements that *Sitzer* would be subsumed by the much larger *Moehrl* lawsuit. Yet the *Sitzer* plaintiffs *defeated* transfer of that lawsuit by *successfully* arguing that the two cases involved different causes of action, different geographic regions, and that discovery in *Sitzer* therefore would be "localized." That is a critical point. Unlike *Sitzer*, which is geographically confined to a single state (namely, multiple listing services or "MLSs" in Missouri), this matter spans 14 different states and the District of Columbia (including MLSs located in Arizona, Colorado, Florida, Maryland, Michigan, Minnesota, Nevada, North Carolina, Ohio, Pennsylvania, Texas, Utah, Virginia, Washington, D.C., and Wisconsin). Thus, Plaintiffs' presumption that discovery in the two cases will be largely co-extensive does not hold water.

Finally, there is no prejudice to Plaintiffs from preserving the stay pending the Court's ruling on Defendants' motions to dismiss. There is no rule or equitable principle that cases in different courts involving similar legal and factual issues must proceed at the same pace. Nevertheless, to avoid any potential claim of prejudice by Plaintiffs from a continued stay of discovery, Defendants have offered to provide Plaintiffs with documents produced in *Sitzer* to the extent those documents are also relevant to this lawsuit. Defendants have also proposed to Plaintiffs that the parties serve and respond to requests for production while the current stay remains in place so that discovery can promptly begin, if necessary, but that the parties produce

documents only if the discovery stay is lifted. Defendants' proposal allows the parties to advance discovery while avoiding the significant burden and prejudice to Defendants of engaging in full discovery while their meritorious motions remain pending. Plaintiffs' proposal, by contrast, would open the door to discovery across MLSs in 14 states and the District of Columbia on, effectively, the same discovery schedule as the comparatively smaller *Sitzer* case. That approach is manifestly unreasonable. Plaintiffs' motion should be denied.

## ARGUMENT

### I. THE DISCOVERY STAY SHOULD REMAIN WHILE DEFENDANTS' MOTIONS TO DISMISS ARE PENDING.

In light of Defendants' substantial motions to dismiss, the original versions of which this Court reviewed *before* considering a stay of discovery, this Court has appropriately stayed discovery in this class action antitrust litigation. Dkt. Nos. 80, 92, 124. The Court was acting well within its discretion and established law in issuing that stay. *See Doe v. City of Chicago,* 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005) (finding the court has "the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate.").[1] Nevertheless, Plaintiffs remain undeterred in seeking to re-litigate this Court's prior decision.

Plaintiffs' most recent challenge to the discovery stay assumes this Court will deny Defendants' motions to dismiss simply because the *Sitzer* court denied Defendants' motions to dismiss there. That assumption is baseless, however, and the stay should continue while Defendants' motions to dismiss remain pending.

---

[1] Defendants incorporate by reference their arguments in Defendants' Motion to Stay Discovery and Defer Compliance with MIDP Requirements Pending Resolution of Motions To Dismiss (Dkt. No. 71) and Defendants' Opposition to Plaintiffs' Motion for (A) Discovery of Civil Investigative Demand Materials; (B) Production of Mandatory Initial Discovery Program ("MIDP") Initial Discovery Responses; and (C) Setting a Briefing Schedule (Dkt. No. 90).

The Western District of Missouri's decision to deny Defendants' motions to dismiss the *Sitzer* complaint does not bind this Court, is not dispositive of Plaintiffs' claims in this case, is based on a different appellate court's precedent, and thus provides no basis to lift the discovery stay. As one court in this District observed:

> "Binding" or "controlling" authority only comes from the Supreme Court or the Court of Appeals in which a given district court sits. "Opinions 'bind' only within a vertical hierarchy." *United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994). *See also Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 875 (7th Cir. 1987) ("A decision is *authoritative* when it is binding because of the hierarchy among courts, rather than solely because it is persuasive.") (Emphasis supplied).
>
> Even decisions of other district courts in the same district are not "binding," although they may be persuasive. *Van Straaten v. Shell Oil Products Co. LLC*, 678 F.3d 486, 490 (7th Cir. 2012); *Townsel v. DISH Network L.L.C.*, 668 F.3d 967, 970 (7th Cir. 2012); *Alliance to End Repression, supra*. In short, district courts in the Northern District of Illinois are obligated to follow applicable holdings of the Supreme Court or the Seventh Circuit. They are not obligated to follow decisions of other district judges from this or any other district.

*Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 204 n.2 (N.D. Ill. 2018); *see also Hays v. United States*, 397 F.3d 564, 567 (7th Cir. 2005) ("Even if it is on point, a Tenth Circuit decision is not binding on courts in other circuits."); *United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994) ("Nothing the eighth circuit decides is 'binding' on district courts outside its territory."). Thus, the *Sitzer* court's decision, which was issued only eight court days after Defendants submitted their reply briefs and without the benefit of the customary oral argument in that court, provides no basis for assuming that the motions to dismiss in this case will inevitably be denied such that the discovery stay should be lifted now.

Absent Plaintiffs' mistaken assumption that the *Sitzer* ruling portends a similar denial of Defendants' motions here, Plaintiffs are unable to offer any compelling justification to overturn this Court's prior decision to stay discovery pending a ruling on the motions to dismiss. As Defendants shared with the Court in seeking the stay, and as implicitly recognized by the Court in

4

granting the stay, discovery in antitrust litigation "can quickly become enormously expensive and burdensome to defendants." *DSM Desotech Inc. v. 3D Sys. Corp.,* No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008).

The Supreme Court recognized in *Bell Atlantic Corp. v. Twombly* that "[i]t is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive." 550 U.S. 544, 546 (2007); *see also In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625-26 (7th Cir. 2010) ("*Twombly* . . . is designed to spare defendants the expense of responding to bulky, burdensome discovery unless the complaint provides enough information to enable an inference that the suit has sufficient merit to warrant putting the defendant to the burden of responding to at least a limited discovery demand.") Accordingly, district courts in the Seventh Circuit have consistently stayed discovery and MIDP obligations (since the MIDP's adoption) in antitrust litigation while motions to dismiss are pending, as this Court has already correctly held in this case. Dkt. Nos. 80, 92, 124; *see also, e.g.*, *DSM Desotech Inc.*, 2008 WL 4812440, at *3, 7 (granting motion to stay pending ruling on motion to dismiss antitrust claims); *Lantz v. Am. Honda Motor Co.*, No. 06 C 5932, 2007 WL 1424614, at *3 (N.D. Ill. May 14, 2007) (noting stay of discovery pending ruling on motion to dismiss); *Tichy v. Hyatt Hotels Corp.*, No. 18-cv-01959, ECF No. 55 (N.D. Ill. May 7, 2018) (deferring collection and production of documents under MIDP pending resolution of motions to dismiss); *Trans Union LLC v. Equifax Info. Servs. LLC*, No. 17- cv-08546, ECF No. 30 (N.D. Ill. Jan. 23, 2018) (staying discovery pending motion to dismiss in action subject to MIDP).

Because Defendants' motions to dismiss remain pending, and due to the complex issues in this action, the number of Defendants, and the significant and grossly disproportionate discovery demands in this putative class action, there is good cause for the Court to keep the existing

discovery stay in place until after the Court has ruled on Defendants' motions to dismiss. Plaintiffs offer nothing to warrant reversing course at this stage of the proceedings.

## II. DISCOVERY IN *SITZER* IS *NOT* "LARGELY COEXTENSIVE" WITH DISCOVERY HERE AND DOES NOT WARRANT LIFTING THE STAY.

Plaintiffs offer a second argument in support of lifting the stay, namely, that this Court should lift its discovery stay because discovery has begun in *Sitzer*. That argument incorrectly assumes, among other things, that discovery in the much smaller *Sitzer* case will be coextensive with any discovery that might occur in this case.

In point of fact, discovery in *Sitzer* is limited to MLSs in a single state, Missouri, while the discovery Plaintiffs seek in in this case spans across MLSs in 14 different states and the District of Columbia (and excludes the MLSs in Missouri). The *Sitzer* plaintiffs summarized the differences between the two cases in their successful Opposition to Corporate Defendants' Motion to Transfer, stating:

> Simply put, *Moehrl* and [*Sitzer*] involve (1) different causes of action, some of which are unique to Missouri [and only in *Sitzer*]; (2) different Subject MLSs that do not overlap; (3) different local realtor associations and non-party witnesses in various states; (4) different geographic territories that do not overlap; and (5) different proposed classes that do not overlap. ***Discovery will require localized fact-finding concerning these distinctions***.

*Sitzer* Pls.' Opp'n to Defs.' Mot. to Transfer, Case No. 1:19-cv-01620, Dkt. No. 66 (W.D. Mo. July 22, 2019) at 15 (emphasis added). The *Sitzer* plaintiffs further elaborated on this point, noting that discovery in *Sitzer* "will focus on conduct that occurred in Missouri and require extensive discovery of Missouri non-party witnesses who have no connection or relevance to [*Moehrl*]." *Id.* at 5; *see also* Order Denying Motion To Transfer, Case No. 1:19-cv-01620, Dkt. No. 84 (W.D. Mo. Aug. 22, 2019) at 6-7 (finding that there is no overlap in geographic regions between *Sitzer* and *Moehrl* and that discovery in *Sitzer* is localized in Missouri).

Plaintiffs here offer nothing to refute the *Sitzer* plaintiffs' statements that discovery in *Sitzer* will be localized to Missouri. Instead, they ignore those statements and assume discovery will be largely coextensive between the two cases. In fact, if discovery proceeds here, it will likely focus on conduct and entities in the alleged relevant geographic markets (the 20 Covered MLSs — none of which is at issue in *Sitzer*), including the local realtor associations, and the Corporate Defendants and third parties involved in the residential real estate business within the 20 Covered MLSs spanning 14 states and the District of Columbia.[2]

Beyond that, Plaintiffs' purported concern — that unless the stay is lifted Plaintiffs will not be able to participate in the depositions of Defendants' current and former employees in the *Sitzer* matter — is a red herring. Although no deposition notices have been served in *Sitzer*, the *Sitzer* plaintiffs have stated on the record that discovery will focus on Missouri and that at least as to non-parties, the depositions will have little or no relevance to this case. Thus, Plaintiffs' argument that the reasons supporting the Court's issuance of the stay have evaporated based on the commencement of discovery in *Sitzer* wrongly presupposes that discovery in the two cases is coextensive. Because Plaintiffs' argument concerning overlapping discovery is seriously flawed, Plaintiffs' motion should be denied.

### III. PLAINTIFFS WILL NOT BE PREJUDICED BY THE DISCOVERY STAY.

Finally, Plaintiffs argue that they will somehow be prejudiced if the stay remains in place. Unsurprisingly, Plaintiffs never address the prejudice to Defendants if the stay is prematurely lifted. In all events, Plaintiffs' claims of prejudice are illusory. Nevertheless, any potential

---

[2] The bulk of the common discovery between the cases will likely be limited to that pertaining to NAR's rules and practices, interactions among Defendants relating to the NAR Rules at issue, *if any*, and whether one or more of the Corporate Defendants have adopted any policies or practices regarding relevant NAR Rules. And with respect to such discovery, Defendants have already agreed to permit the sharing of the discovery in *Sitzer* with the *Moehrl* Plaintiffs (*see infra* at 7-10).

7

prejudice that Plaintiffs may incur from a continued discovery stay is obviated by Defendants' proposal to give Plaintiffs any and all documents and other materials produced in *Sitzer* to the extent they are relevant here. This proposal preserves judicial and party resources and promotes efficiency and fairness, without imposing an enormous financial burden on Defendants — to conduct discovery relevant to 14 states and the District of Columbia, which exponentially increases the amount of entities, custodians, and documents at issue — while the motions to dismiss are pending.

Undeterred, and to support their manufactured claims of prejudice, Plaintiffs cite to a handful of Private Securities Litigation Reform Act ("PSLRA") cases and an ERISA case from other circuits that purportedly show "courts often lift stays where discovery is proceeding in parallel litigation." Dkt. No. 148 at 8 (citing *In re Bank of Am. Corp. Secs. Litig.*, No. 09-MDL-2058, 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009); *White v. Eaton Corp. Short Term Disability Plan*, No. 8:04-cv-1848, 2005 WL 8161130, at *1 (D.S.C. Aug 25, 2005) (lifting a motion to stay discovery in a single plaintiff ERISA case when similar cases regarding the plan's claim review process were pending in the same circuit); *In re WorldCom, Inc. Secs. Litig.*, 234 F. Supp. 2d 301, 305-06 (S.D.N.Y. 2002)). Those cases are readily distinguishable.

The courts in *In re Bank of America Corporate Securities Litigation* and *In re WorldCom, Inc. Securities Litigation* did not fully lift the discovery stay in those cases. Rather, similar to Defendants' proposal here, those courts only partially lifted the discovery stay to allow the plaintiffs access to relevant documents already produced in the parallel litigation. *See In re Bank of Am. Corp. Secs. Litig.*, 2009 WL 4796169, at *3 (finding that plaintiffs will be prejudiced and less able to make informed decisions about litigation strategy without access to documents produced in parallel litigation and "lift[ing] the stay on discovery… *as to the documents already*

8

*produced in related matters*") (emphasis added); *In re WorldCom, Inc. Secs. Litig.*, 234 F. Supp. 2d at 305-06 (finding plaintiffs will likely suffer harm without access to already produced documents from parallel litigation when settlement discussions were soon beginning). And, contrary to Plaintiffs' assertion (Dkt. 148 at 8), it does not automatically follow that a "PSLRA discovery stay should be lifted whenever there are parallel proceedings involving ongoing discovery into 'matters that underlie the securities fraud action.'" *In re L.G.Philips LCD Co., Ltd. Sec. Litig.*, No. 07 CIV. 909 (RJS), 2009 WL 10695549, at *3 (S.D.N.Y. Feb. 19, 2009) (refusing to lift discovery stay, despite parallel litigation).

Moreover, even if this Court were to be guided by PSLRA decisions, and it is not at all clear why the specific procedural mechanisms of the PSLRA should apply to a complex antitrust class action, courts will only lift discovery stays in PSLRA cases where a plaintiff will suffer undue prejudice, or "improper or unfair treatment amounting to something less than irreparable harm." *Mori v. Saito*, 802 F. Supp. 2d 520, 525 (S.D.N.Y. 2011) (internal quotations and citations omitted). "Courts have found undue prejudice where plaintiffs would be unable to make informed decisions about their litigation strategy in a rapidly shifting landscape because they are the only major interested party without documents forming the core of their proceedings." *In re Bank of Am. Corp. Secs. Litig.*, 2009 WL 4796169, at *2. However, "[e]ven when a court finds undue prejudice, the stay will only be lifted on a 'clearly defined universe of documents.'" *Id.* at *3 (citations omitted).

Here, no undue prejudice exists. If this lawsuit is allowed to proceed and the stay is lifted, Plaintiffs offer no explanation of how they will be prejudiced by taking discovery at that later point, particularly given that *Sitzer* involves different geographic areas. It is not as if the two cases are competing head-on and some ruling in either lawsuit spells victory or defeat in the other.

Moreover, Defendants have agreed to produce to Plaintiffs here those documents that are produced in *Sitzer* that are relevant to this lawsuit. They have also proposed to Plaintiffs that the parties can serve requests for production and provide objections and responses, but that the parties need not produce documents until after the motions to dismiss are decided. Although this would allow the parties to make progress in discovery while avoiding the significant burden on Defendants of collecting, reviewing, and producing documents relevant to alleged activities in 14 different states and the District of Columbia before knowing that viable claims have survived dismissal, Plaintiffs rejected Defendants' attempt to compromise and instead filed their motion to lift the stay. Because under Defendants' proposal Plaintiffs will not experience any undue burden from the discovery stay, whereas Defendants would experience significant burden were the stay lifted prior to a ruling on the motions to dismiss, this Court should continue the current stay until it rules on Defendants' motions to dismiss.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Lift the Discovery Stay should be denied.

Dated: December 9, 2019

Respectfully submitted,

*Counsel for HomeServices of America, Inc., BHH Affiliates LLC, and HSF Affiliates LLC*

*Counsel for Keller Williams Realty, Inc.*

/s/ Denise A. Lazar

Karoline E. Jackson
 kjackson@btlaw.com
Matthew B. Barr, *pro hac vice*
 matthew.barr@btlaw.com
Matthew T. Ciulla, *pro hac vice*
 matthew.ciulla@btlaw.com
Robert D. Macgill, *pro hac vice*
 robert.macgill@btlaw.com
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 231-6498

Denise A. Lazar
 denise.lazar@btlaw.com
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
(312) 214-4816

Jay N. Varon
 jvaron@foley.com
Jennifer M. Keas, *pro hac vice*
 jkeas@foley.com
FOLEY AND LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5436

Erik Kennelly
 ekennelly@foley.com
FOLEY & LARDNER LLP
321 N. Clark St., Suite 2800
Chicago, IL 60654
(312) 832-4588

/s/Timothy Ray

Timothy Ray
 Timothy.Ray@hklaw.com
Martin G. Durkin
 martin.durkin@hklaw.com
William F. Farley
 william.farley@hklaw.com
HOLLAND & KNIGHT LLP
131 South Dearborn Street
30th Floor
Chicago, IL 60603
(312) 263-3600

David C. Kully, *pro hac vice*
 david.kully@hklaw.com
Anna P. Hayes, *pro hac vice*
 anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

*Counsel for Realogy Holdings Corp.*

/s/ Kenneth M. Kliebard
Kenneth Michael Kliebard
 kenneth.kliebard@morganlewis.com
Heather Nelson
 heather.nelson@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094
(312) 324-1000

Stacey Anne Mahoney, *pro hac vice*
 stacey.mahoney@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

*Counsel for RE/MAX Holdings, Inc.*

/s/ Paula W. Render
Paula W. Render
 prender@jonesday.com
Erin L. Shencopp
 eshencopp@jonesday.com
Odeshoo Hasdoo
 ehasdoo@jonesday.com
JONES DAY
77 W Wacker, Suite 3500
Chicago, IL 60605
(312) 782-3939

*Counsel for National Association of Realtors®*

/s/ Jack R. Bierig
Jack R. Bierig
 jbierig@schiffhardin.com
Robert J. Wierenga
 rwierenga@schiffhardin.com
Adam J. Diederich
 adiederich@schiffhardin.com
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
(312) 258-5500

## CERTIFICATE OF SERVICE

I, Kenneth M. Kliebard, an attorney, certify that on the 9th day of December 2019, I caused the foregoing document to be served electronically on all parties of record via this Court's CM/ECF system.

*/s/ Kenneth M. Kliebard*
Kenneth M. Kliebard