# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, VALERIE NAGER, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| | ) | Case No: 1:19-cv-01610 |
| v. | ) ) ) | Judge Andrea Wood |
| THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO LIFT THE DISCOVERY STAY</u>

Defendants largely ignore the central points that underly Plaintiffs' motion. They do not and cannot seriously dispute that merits discovery is now proceeding in the *Sitzer* action and that the key NAR and Corporate Defendant witnesses (and very likely some third-party witnesses) in both cases will be deposed in the *Sitzer* case in or before August 2020. Nor can they dispute that there are obvious and compelling reasons that those depositions should proceed on the basis of coordinated and complete document discovery, that the *Moehrl* plaintiffs should be able to participate fully in those productions and depositions, and that the depositions should proceed on complete discovery records that will minimize or eliminate the need for the same witnesses to be

deposed twice.  In light of the discovery that is ongoing in *Sitzer*, there are persuasive reasons to lift the stay in this action so that discovery in these cases can move forward in a coordinated and efficient manner.

Indeed, in their opposition to Plaintiffs' motion, Defendants proffer no specific examples of the burden or cost they would face if discovery is permitted to proceed in this case while the motions to dismiss are pending and discovery continues in *Sitzer*.  Instead, they observe generally that antitrust discovery tends to be expensive, and they imply that discovery is futile here because the motions to dismiss might be granted.  But the touchstone for determining whether a discovery stay is appropriate while a motion to dismiss is pending is a "clear showing" of the "burden or cost with any anticipated discovery." *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12-cv-1662, 2013 WL 690613, at *3 (N.D. Ill. Feb. 20, 2013).  Defendants come nowhere near satisfying that showing here.

I.      **Defendants Have Represented to Two Federal Courts that Discovery in *Sitzer* Will Substantially Overlap with Discovery in *Moehrl* and, to the Extent There Are Differences, This Makes It Especially Important That Discovery and Depositions Proceed in a Coordinated Manner.**

Both NAR and the Corporate Defendants have acknowledged that the substance of the core antitrust violations in *Sitzer* and *Moehrl* is virtually the same.  *See* June 26, 2019 Hearing Tr. at 14:6–8 (counsel for NAR stating that "the substantive allegations are identical with the exception that they also throw in a count under Missouri law, but the antitrust counts are the same"); Reply Suggestions Supp. Corporate Defs.' Mot. to Transfer, *Sitzer*, ECF No. 70 at 1 (July 29, 2019) (noting that *Moehrl* and *Sitzer* "are the same and squarely focus on the same supposedly anti-competitive NAR rule and the Corporate Defendants' same supposed anticompetitive agreements").  Indeed, the Corporate Defendants represented to the *Sitzer* court that "discovery in [*Sitzer*] will be largely, if not entirely, subsumed by the first-filed *Moehrl* action."  Corp. Defs.'

Suggestions Supp. Mot. to Transfer, *Sitzer*, ECF No. 62 at 1 (July 10, 2019). They explained that "discovery [will] necessarily overlap because each complaint focuses on Defendants' alleged conduct—*i.e.*, Defendants' corporate policies and an alleged agreement between Corporate Defendants and NAR." *Id.* at 7. Similarly here, in support of their motion to stay discovery, Defendants represented that the "complaints in both *Sawbill* and *Sitzer* are nearly identical to the complaint in this case and are asserted against the same defendants." Defs.' Motion to Stay Discovery, *Moehrl*, ECF No. 71 at 7 (May 17, 2019). They asked this Court to "stay all discovery **so that all three cases can proceed on parallel tracks, and the parties will not have to duplicate discovery efforts**." *Id.* (emphasis added).

Now that it is in their interest to do so, Defendants attempt to walk away from their repeated prior representations. They say nothing of their request in this case that discovery "proceed on parallel tracks." And they attempt to escape from their own statements in *Sitzer*, suggesting that because they were unsuccessful in moving to transfer that case to this court, they should not be bound by their factual representations to that court. Defs.' Opp'n Br. 2. Defendants instead point to statements by *Sitzer* counsel that there will be additional Missouri-specific discovery in that case that has no relevance to *Moehrl*. *See* Defs.' Opp'n Br. 6. But even though *Sitzer* involves some Missouri-specific discovery, Defendants have previously recognized that the majority of party discovery into NAR and the Corporate Defendants' anticompetitive behavior will be common to both cases. Common areas of discovery will likely include the following examples:

- Discussions among NAR and the Corporate Defendants regarding adoption and maintenance of the Challenged Restraints;
- Information about NAR's organizational structure, decisionmaking, and rule-enforcement mechanisms;
- Information about the relationship between the Corporate Defendants and NAR;
- Information about the Corporate Defendants' imposition of NAR and MLS rules on their franchisees;

- Information about the Corporate Defendants' corporate structure with their franchisees and affiliates; and

- Information about all Defendants' antitrust compliance policies.

None of this discovery is bounded by geography. NAR and the Corporate Defendants all have national scope, and the challenged restraints likewise have national application.

Importantly, Defendants do not and cannot dispute that the NAR and Corporate Defendant witnesses that will be deposed in both cases are identical or virtually identical. This is readily apparent from the Defendants' representations to the *Sitzer* court that the cases "are the same and squarely focus on the same supposedly anti-competitive NAR rule and the Corporate Defendants' same supposed anticompetitive agreements," and that "the core allegations in the two cases are inescapably the same." Pltfs.' Opening Br. 4 n.4 (quoting Defendants' representations in *Sitzer*).

The fact that the key party witnesses will be deposed in *Sitzer* in or before August 2020 has critical implications for the discovery schedule in this case. *First*, it is both appropriate and essential that the *Moehrl* plaintiffs have the opportunity to participate fully not only in document discovery from the NAR and Corporate Defendants (such as negotiation of relevant custodians and search terms), but also to participate in and take depositions of the NAR and Corporate Defendant witnesses that will overlap in both cases. As Defendants' themselves have acknowledged, the *Moehrl* plaintiffs developed and initiated this litigation. These Plaintiffs bring substantially greater resources to the case on behalf of the injured class. In these circumstances, the *Moehrl* plaintiffs should play a central role in discovery from NAR and the Corporate Defendants and depositions of the many witnesses that overlap both cases. (The *Sitzer* plaintiffs have no objection to this).

*Second,* it is critical that when these NAR and Corporate Defendant depositions proceed in or before August 2020, they do so on the basis of complete document production from not only NAR and the Corporate Defendants, but also relevant third parties. Indeed, in now taking a position

that squarely contradicts their representation to this Court that discovery should proceed on parallel tracks and to the *Sitzer* court that discovery in the two actions would be virtually the same, Defendants simply highlight the importance of completing all such discovery, from parties and third parties, before the depositions are taken in *Sitzer* in the Spring or Summer of 2020. To the extent that depositions of the key witnesses in *Sitzer* are taken on a record that omits discovery from many of the relevant MLSs, those witnesses will have to be deposed a second time when a full discovery record is available. That does not serve the best interests of these actions, the courts, or any of the parties.

Defendants contend that Plaintiffs' motion to lift the stay "assum[es] that Defendants' motions to dismiss in this case will be denied in full" and that Plaintiffs "presumptuous[ly]" advocate that the *Sitzer* order denying Defendants' motions to dismiss is "bind[ing]" on this Court. Defs.' Opp'n Br. 2, 3–4. Although the conclusion reached in *Sitzer*—that Defendants' fact-based arguments provide no basis for a motion to dismiss—is correct and the same result is appropriate here, Defendants' contentions are incorrect as to what Plaintiffs argue and they miss the salient point. Plaintiffs' motion is predicated on the recognition that discovery in *Sitzer* is now moving forward and will involve the same core allegations, many of the same documents, and virtually the same deponents from NAR and Corporate Defendants. As explained above, these facts have critical implications for the discovery schedules, the need for coordination, and the importance of taking depositions on a complete discovery record.

Defendants also say that lifting the stay will "exponentially increase[e] the amount of entities, custodians, and documents at issue." Defs.' Opp'n Br. 8. Defendants—most notably NAR—do not explain how, as entities with national reach, their discovery burden will be substantially greater in *Moehrl*.

Moreover, insofar as coordinated discovery allows the parties to minimize the need for witnesses to be deposed twice, this provides significant benefits to Defendants as well as Plaintiffs. Indeed, in asking this Court to "stay all discovery so that all three cases can proceed on parallel tracks," Defendants apparently recognized the efficiencies to be gained from *Moehrl* and *Sitzer* proceeding in tandem, advocating that proceeding in this manner would prevent the parties from having to "duplicate discovery efforts." Defs.' Motion to Stay Discovery, *Moehrl*, ECF No. 71 at 7. Defendants' abrupt about-face can only be seen as a transparent attempt to delay the resolution of this case; an improper purpose for seeking to stay discovery.

Finally, to the extent that the *Moehrl* action covers more MLSs than *Sitzer*, that indicates that third-party discovery will be more extensive in this case. But the burden on any third-party entities, such as MLSs, is not a burden that the Defendants themselves will bear and cannot support their argument to maintain the stay.

## II.     Plaintiffs Will Be Prejudiced by Maintenance of the Discovery Stay

By contrast, Plaintiffs will suffer significant prejudice if the stay is not lifted. First, and as explained above, many if not most of the critical witnesses in this litigation are likely to be deposed in the *Sitzer* action in or before August 2020 (when the *Sitzer* plaintiffs are required to file their motion for class certification). Accepting Defendants' characterization of the cases—*i.e.*, that the *Moehrl* plaintiffs developed and initiated this action and the *Moehrl* action covers additional MLSs—plaintiffs and their counsel should have the opportunity to participate fully in these key depositions. Second, discovery should proceed—as it does in most antitrust cases—in a manner that will allow the *Moehrl* plaintiffs to take and participate in depositions of key witnesses on a complete discovery record that will not necessitate second depositions. Third, discovery should proceed to achieve the prompt resolution of this case and provide Plaintiffs and prospective class

members relief from Defendants' anticompetitive practices. *See* Fed. R. Civ. P. 1. All of these customary and important objectives would be significantly undermined if a discovery stay remains in place here even though document discovery and all or most of the key depositions will now move forward in the *Sitzer* action. In short, careful coordination—and testimony of key witnesses based on a full record—is plainly in the best interest of the parties, the Court, and the proper resolution of these actions.[1]

Defendants contend that the PSLRA cases cited in Plaintiffs' opening brief, showing that it is appropriate to lift discovery stays when parallel litigation moves forward, are inapposite because of the specific PSLRA context. *See* Defs.' Opp'n Br. 8-9. But the PSLRA context is even more restrictive of discovery during the pendency of a motion to dismiss than a complex antitrust action like this: The PSLRA mandates *by statute* that discovery is stayed unless a party can show "undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B). The burden of proof is flipped in that scenario, and yet plaintiffs can still lift a discovery stay by showing that discovery is proceeding in a parallel litigation. This explains why courts take an efficiency-maximizing approach in lifting the discovery stay under such circumstances. *See* Defs.' Opp'n Br. 8–9; *In re Bank of Am. Corp. Secs. Litig.*, No. 09-MDL-2058, 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009); *In re WorldCom, Inc. Secs.*

---

[1] Defendants highlight in their opposition that, before Plaintiffs filed their motion to lift the discovery stay, they offered (1) "to provide Plaintiffs with documents produced in *Sitzer* to the extent those documents are also relevant to this lawsuit" and (2) to allow the parties to serve and respond to requests for production, while not producing any documents until the discovery stay is lifted. Defs.' Opp'n Br. 2–3. But Defendants' proposals did not address the prejudice to Plaintiffs if the stay remains in place; namely, Plaintiffs will be unable to adequately prepare for depositions of key NAR and Corporate Defendant witnesses, necessitating that such witnesses be deposed again. Defendants' proposal also fails to materially advance discovery or this case towards resolution. And in any event, it is not an open offer; the offer was contingent on Plaintiffs not filing a motion to lift the discovery stay.

*Litig.*, 234 F. Supp. 2d 301, 305–06 (S.D.N.Y. 2002).[2] The case is even stronger for lifting the discovery stay here. Not only is discovery proceeding in a parallel case, but it is proceeding *quickly*, with depositions likely beginning in a few months. And the legislative presumption of a discovery stay in PSLRA cases has no applicability here.

Defendants also emphasize that this is an antitrust case and, relying on *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007), suggest that discovery is typically stayed in such cases. *See* Defs.' Opp'n Br. 4–5. But discovery stays are generally "disfavor[ed] . . . because they bring resolution of the dispute to a standstill." *Coss v. Playtex Prods., LLC*, No. 08 C 50222, 2009 WL 1455358, at *1 (N.D. Ill. May 21, 2009). This is just as true in antitrust cases as in other classes of cases. *See New England Carpenters Health & Welfare Fund*, 2013 WL 690613, at *3 ("Abbott also contends that Seventh Circuit courts have found that a stay is appropriate under the *Twombly* rationale, especially in antitrust and RICO cases. But *Twombly* and *Iqbal* do not mandate that a motion to stay should be granted every time a motion to dismiss is filed."); *In re Flash Memory Antitrust Litig.*, No. 07-cv-0086, 2008 WL 62278, at *3 (N.D. Cal. Jan. 4, 2008) ("While the *Twombly* Court was certainly concerned with the expense of discovery in antitrust cases, its resolution of this concern was to require plaintiffs to plead non-conclusory, factual allegations giving rise to a plausible claim or claims for relief. The Court did not hold, implicitly or otherwise, that discovery in antitrust actions is stayed or abated until after a complaint survives a Rule 12(b)(6) challenge. Such a reading of that opinion is overbroad and unpersuasive.").

---

[2] Defendants rely on *In re LG Philips LCD Co., Ltd. Securities Litigation* to show that the PSLRA discovery stay is not always lifted in light of a parallel proceeding. No. 07-cv-909 (RJS), 2009 WL 10695549, at *3 (S.D.N.Y. Feb. 19, 2009). In that case, the court made clear that lifting the stay was not warranted because the action was not based on the same scheme as the parallel private and criminal antitrust actions. *Id.* at *5. The same cannot be said here, when the anticompetitive conduct challenged in *Moehrl* and *Sitzer* is the same.

Accordingly, courts within this district have required defendants in antitrust cases seeking to stay discovery to give a persuasive reason for doing so. *Compare DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08-cv-1531, 2008 WL 4812440, at *2–3 (N.D. Ill. Oct. 28, 2008) (ordering a stay because of the breadth of the discovery sought, which the court described as "especially burdensome and costly," and "extensive, voluminous, and expensive to produce"), *with New England Carpenters Health & Welfare Fund*, 2013 WL 690613, at *3 (denying defendant's motion to stay discovery where defendant merely contended that discovery would be costly without "provid[ing] [a] clear showing of its burden or cost with any anticipated discovery"). It is insufficient to merely cite a pending motion to dismiss. *See New England Carpenters Health & Welfare Fund*, 2013 WL 690613, at *2 ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)." (quoting *Solomon Realty Co. v. Tim Donut U.S. Ltd.*, 2009 WL 2485992, at *2 (S.D. Ohio 2009))). Defendants have not made their required showing here.

*     *     *

For these reasons, and those stated in Plaintiffs' opening brief, Plaintiffs respectfully ask the Court to lift the discovery stay in this case.

Dated: December 10, 2019.                Respectfully submitted,

By: /s/ *Marc M. Seltzer*
    Marc M. Seltzer
    Steven G. Sklaver
    SUSMAN GODFREY L.L.P.
    1900 Avenue of the Stars, Suite 1400
    Los Angeles, California 90067
    (310) 789-3100
    mseltzer@susmangodfrey.com
    ssklaver@susmangodfrey.com

    Matthew R. Berry
    Alexander W. Aiken
    SUSMAN GODFREY L.L.P
    1201 Third Avenue, Suite 3800
    Seattle, Washington 98101
    (206) 516-3880
    mberry@susmangodfrey.com
    aaiken@susmangodfrey.com

    Beatrice C. Franklin
    SUSMAN GODFREY L.L.P
    1301 Avenue of the Americas, 32nd Floor
    New York, New York 10019
    (212) 729-2021
    bfranklin@susmangodfrey.com

    Carol V. Gilden
    COHEN MILSTEIN SELLERS & TOLL PLLC
    190 South LaSalle Street, Suite 1705
    Chicago, IL 60603
    (312) 357-0370
    cgilden@cohenmilstein.com

    Kit A. Pierson
    Daniel A. Small
    Benjamin D. Brown
    Robert A. Braun
    COHEN MILSTEIN SELLERS & TOLL PLLC
    1100 New York Ave. NW, Fifth Floor
    Washington, DC 20005
    (202) 408-4600
    kpierson@cohenmilstein.com
    dsmall@cohenmilstein.com
    bbrown@cohenmilstein.com
    rbraun@cohenmilstein.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

Jeff D. Friedman
Rio S. Pierce
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000
jefff@hbsslaw.com
riop@hbsslaw.com

Daniel Kurowski
Whitney Siehl
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
dank@hbsslaw.com
wsiehl@hbsslaw.com

George Farah
HANDLEY FARAH & ANDERSON PLLC
81 Prospect Street
Brooklyn, NY 11201
(212) 477-8090
gfarah@hfajustice.com

William H. Anderson
HANDLEY FARAH & ANDERSON PLLC
4730 Table Mesa Drive, Suite G-200
Boulder, CO 80305
(303) 800-9109
wanderson@hfajustice.com

Benjamin David Elga
Brian Shearer
JUSTICE CATALYST LAW
25 Broadway, Ninth Floor
New York, NY 10004
(518) 732-6703
belga@justicecatalyst.org
brianshearer@justicecatalyst.org

Monte Neil Stewart
Russell E. Marsh
WRIGHT MARSH & LEVY
300 S. 4th Street, Suite 701

Las Vegas, NV 89101
(702) 382-4004
monteneilstewart@gmail.com
rmarsh@wmllawlv.com

Vildan A. Teske
Marisa C. Katz
TESKE KATZ KITZER & ROCHEL PLLP
222 South Ninth Street, Suite 4050
Minneapolis, MN 55402
(612) 746-1558
teske@tkkrlaw.com
katz@tkkrlaw.com


*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Marc M. Seltzer*
Attorney Signature