# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# THIRD AMENDED GENERAL ORDER 20-0012

## April 24, 2020

## IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY

Given the public health emergency arising from the COVID-19 pandemic, and consistent with guidance and orders from federal executive authorities, the State of Illinois, and local governments, it is hereby ORDERED:

Amended General Order 20-0012, entered on March 17, 2020; General Order 20-0014, entered on March 20, 2020; and Second Amended General Order 20-0012, entered on March 30, 2020, are vacated and superseded by this Third Amended General Order. To protect the public health and welfare, the United States District Court for the Northern District of Illinois hereby orders, effective April 24, 2020:

### Court Remains Open

1. This Court remains open and accessible, subject to the limitations and procedures set forth below.

### Civil Cases

2. Amended General Order 20-0012 extended by 21 days all deadlines, in all civil cases and Executive Committee matters, whether set by the court, the Federal Rules of Civil Procedure, or the Local Rules. Second Amended General Order 20-0012 extended all deadlines in civil cases and Executive Committee matters by an additional 28 days. Those extensions were subject to the exceptions set forth in Paragraph 2 of Second Amended General Order 20-0012. This Third Amended General Order extends all deadlines in civil cases and Executive Committee matters by an additional 28 days. This further extension is subject to the following exceptions:

a) This Third Amended General Order does **not** affect the rights to or deadlines concerning any **appeal** from any decision of this Court in a civil case. That is, the deadlines for filing a notice of appeal in a civil case remained in place and had to be followed to preserve appellate rights. The Court invited parties to move under Appellate Rule 4(a)(5)(A) for an extension of time to appeal. If a timely extension motion is filed, then the Court deems that good cause exists for the extension given the public health emergency. Parties should note that any extensions of the appeal deadlines in civil cases are subject to the limits imposed by Appellate Rule 4(a)(5)(C), and that the Court cannot grant a second extension under Appellate Rule 4(a)(5).

b) This Third Amended General Order does **not** grant an extension of any deadlines imposed by Civil Rules 50(b) or (d), 52(b), 59(b), (d), or (e), or 60(b). See Fed. R. Civ. P. 6(b)(2).

c) For good cause, the presiding judge may—on the judge's own motion or on a party's motion—extend, shorten, or revoke the 28-day extension granted by this Third Amended General Order 20-0012, or any extension granted by Amended General Order 20-0012 or Second Amended General Order 20-0012.

3. Civil case hearings, bench trials, and settlement conferences scheduled for on or before May 29, 2020 are stricken, to be re-set by the presiding judge to a date on or after June 1, 2020. Any party may request, by motion to the assigned judge, that a telephonic hearing or settlement conference (by remote means) be conducted prior to May 29, 2020. Any such request shall specify the need and time urgency for the telephonic hearing or conference. This exception is <u>not</u> intended to invite requests for routine status hearings.

4. Civil jury trials scheduled for on or before June 26, 2020 are stricken, to be re-set by the presiding judge to a date on or after June 29, 2020.

5. In any civil case (other than Social Security disability appeals, cases involving an unrepresented person in custody, and Multi-District Litigation tag-alongs) where no docket entry or order has been posted by the assigned judge since March 16, 2020, the parties shall file a joint written status report by May 18, 2020. The report, which shall be as concise as possible, shall address: (a) the progress of discovery; (b) the status of briefing on any unresolved motions; (c) settlement efforts. In addition, the report shall: (d) provide an agreed proposed schedule (or alternative proposals) for the next 45 days; (e) provide an agreed proposed revised discovery and dispositive motion schedule (or alternative proposals) in cases where the current schedule needs revision; (f) request any agreed action that the Court can take without a hearing; and (g) state whether the parties believe a telephonic hearing with the judge is necessary and time urgent, and, if so, identify the issue that warrants discussion. Before preparing and filing a report, the parties should consult the assigned judge's webpage for any further guidance; for example, a judge may wish to relieve the parties of the obligation to file a status report in that judge's cases, or some identifiable sub-set of cases.

**Criminal Cases**

6. The Court recognizes and respects the right of criminal defendants, particularly those in pretrial detention, to a speedy and public trial under the Sixth Amendment. That said, the public health emergency requires that the following procedures be implemented in criminal cases:

    a) All criminal case proceedings, whether in the Eastern or Western Division, that cannot be continued will be conducted in the Eastern Division by emergency district judges designated by the Chief Judge.

    b) Grand juries shall continue to meet, with reasonable limits on grand jury sessions imposed by the Court in consultation with the U.S. Attorney's Office.

c) Under Criminal Rule 4.1, a judge may review by reliable electronic means, rather than in person, a complaint, application for search warrant or trap/trace/pen register, application for wiretap, or application for any other warrant or order.

d) Under Section 15002(b)(1) of the CARES Act, Pub. L. 116-136, 134 Stat. 281, the Chief Judge of this Court authorizes the use of videoconferencing, or teleconferencing if videoconferencing is not reasonably available, for the following proceedings, so long as the defendant gives written or verbal consent after consultation with counsel:

   i. Detention hearings under 18 U.S.C. § 3142;
   ii. Initial appearances under Criminal Rule 5;
   iii. Preliminary hearings under Criminal Rule 5.1;
   iv. Waivers of indictment under Criminal Rule 7(b);
   v. Arraignments under Criminal Rule 10;
   vi. Probation and supervised release revocation hearings under Criminal Rule 32.1;
   vii. Pretrial release revocation hearings under 18 U.S.C. § 3148;
   viii. Appearances under Criminal Rule 40;
   ix. Misdemeanor pleas and sentencings under Criminal Rule 43(b)(2); and
   x. Juvenile proceedings under Title 18, Chapter 403, except for contested transfer hearings, juvenile delinquency adjudication, or trial proceedings.

e) A defendant who does not object to detention shall, before the scheduled detention hearing, notify the emergency judge orally (through counsel) or in writing that the defendant has no objection to detention. The decision to not object is without prejudice to the defendant's right to later challenge detention and seek pretrial release.

f) All supervised release revocation hearings scheduled for on or before May 29, 2020 are continued and will be rescheduled by the presiding judge to a date on or after June 1, 2020, unless the defendant, defense counsel, the United States Probation Office, or the United States Attorney's Office notifies the emergency judge that a hearing before June 1, 2020 is necessary.

g) All plea hearings and sentencing hearings scheduled to begin on or before May 29, 2020 are continued and will be rescheduled by the presiding judge to a date on or after June 1, 2020, unless the defendant, defense counsel, or the United States Attorney's Office notifies the emergency judge that circumstances justify holding the plea or sentencing hearing before June 1, 2020. If the parties agree to invoke Section 15002(b)(2)(A) of the CARES Act to conduct a felony plea hearing or felony sentencing hearing by videoconferencing or teleconferencing, they shall notify the emergency judge, who will consult with the Chief Judge and the presiding judge regarding the findings required by Section 15002(b)(2)(A). Felony plea hearings and felony sentencing hearings may be held remotely by teleconferencing only if videoconferencing is not reasonably available.

h) The court finds that the period of any continuance entered from the date of this Third Amended General Order through June 15, 2020 as a result of this Order shall be excluded under the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A). The court finds that the ends of justice served by the exclusion of time outweigh the interests of the parties and the public in a speedy trial given the need to protect the health and safety of defendants, defense counsel, prosecutors, court staff, and the public by reducing the number of in-person hearings to the greatest extent possible. This period of exclusion extends for 14 days beyond the resumption of criminal hearings on June 1, 2020, because each judge will

require a reasonable time to review and to reset case schedules after June 1, 2020.

i) Criminal jury trials scheduled for before June 26, 2020 are stricken, to be reset by the presiding judge to a date on or after June 29, 2020. This continuance is necessary because criminal jury trials require: (i) the gathering of a large number of persons in the Jury Department; (ii) at least 12 jurors seated in the courtroom to hear evidence; (iii) 12 jurors to deliberate in the jury room; and (iv) five to six weeks' notice in advance of trial to summon jurors. The advance-notice requirement makes any earlier date impractical because it is not known what large-gathering guidelines will be in place. Social-distancing guidelines might render juror participation difficult or unsafe, including during juror check-in and jury selection. For these same reasons, in cases impacted by this trial continuance, the Court excludes time under the Speedy Trial Act through June 29, 2020, because the ends of justice outweigh the interests of the parties and the public in a speedy trial.

j) All other criminal hearings, including bench trials, scheduled for on or before May 29, 2020 are stricken, to be re-set by the presiding judge to a date on or after June 1, 2020.

k) The prior Amended and Second Amended General Orders extended by 21 days and then by an additional 28 days all deadlines, including motions, briefing, and discovery deadlines, whether set by the court, the Federal Rules of Criminal Procedure, or the Local Rules. To the extent that governing statutes and rules allow, this Third Amended General Order extends all deadlines in criminal cases by an additional 28 days. The presiding judge, on a case-by-case basis and for good cause, may extend, shorten, or revoke any extension granted by this Third Amended General Order. The parties are cautioned that the prior versions of

General Order 20-0012 did **not** affect the rights or deadlines concerning any **appeal** from any decision of this Court, except as noted in those General Orders; nor did the prior versions affect any deadlines under Criminal Rule 35. See Fed. R. Crim. P. 45(b)(2). Likewise, except as noted in this Third Amended General Order, this Order does **not** affect the rights to or deadlines concerning any **appeal** from any decision of this Court or any action requested under Criminal Rule 35. Thus, the deadlines for filing a notice of appeal or seeking relief under Criminal Rule 35 remain in place and must be followed to preserve appellate rights. If the prior Amended General Orders extended an appeal deadline, no further extensions are permitted. See Fed. R. App. 4(b)(4). For appeal deadlines that have arisen after March 30, 2020, on its own motion and pursuant to Appellate Rule 4(b)(4), and in light of the public health emergency, the Court (i) finds that good cause exists in every criminal case to extend the time to appeal for 30 days from the expiration of the time otherwise prescribed in Appellate Rule 4(b), and (ii) extends the appeal deadline in those criminal cases by 30 days.

**Emergency Relief in Any Case or from this Order**

7. Any party may seek emergency relief in any case or from this Second Amended General Order. In addition to filing the emergency motion in the case in which emergency relief is sought, the party must file the motion in Case No. 20-cv-01792, which is a docket created to receive emergency motions filed under this Second Amended General Order. The emergency motion must be filed (i) electronically via CM/ECF if possible or (ii) for non-e-filers, via email as outlined in Paragraph 13. If neither CM/ECF nor email is available to a party, then the party may deposit the emergency motion in a courthouse drop-box or mail the motion as provided in Paragraphs 9 or 10, but parties are warned

that mail is not being processed on a regular basis. The emergency motion will be considered as soon as practicable by the presiding judge, an emergency judge, or the Chief Judge.

8. For an emergency matter, as defined by Local Rule 77.2(a)(3), that arises during business hours (Monday through Friday 7:00 a.m. through 6:00 p.m.), the party shall send an e-mail describing the emergency to Emergency_Judge@ilnd.uscourts.gov. The Clerk will monitor the mailbox and send a response. If an emergency matter arises outside of business hours, the party shall call (312) 702-8875, leave a message describing the emergency, and provide a return telephone number. The Clerk will return the call.

### Clerk's Office and Filing Options

9. The District Court Clerk's Office in the Dirksen United States Courthouse in Chicago, Illinois, is closed to public entry through May 29, 2020. Filings in the Eastern Division may be: (1) electronically filed via CM/ECF; (2) deposited in the drop-box in the lobby of the Dirksen Courthouse during business hours; or (3) mailed to the U.S. District Court Clerk's Office, 219 South Dearborn Street, 20th Floor, Chicago, IL 60604, although mail is not being processed on a regular basis. If a filing is mailed by a prisoner, the traditional "mail box" rule shall govern its filing date. Given the public health emergency and the current inability of the Clerk's Office to process mail in the ordinary course, if a filing is mailed by a non-prisoner, the filing date shall be deemed to be the postmark date, subject to any party's right to move that a different date be used. No in-person deliveries of any kind may be made to a judge's chambers or to the Clerk's Office.

10. The District Court Clerk's Office in the Stanley J. Roszkowski United States Courthouse in Rockford, Illinois, is closed to public entry through May 29, 2020. Filings in the Western Division may be: (i) electronically filed via CM/ECF; (ii) deposited in the drop box located on the 2nd floor of the Roszkowski United States Courthouse during

business hours; (iii) mailed to U.S. District Court Clerk's Office, 327 South Church Street, Rockford, IL 61101, although mail is not being processed on a regular basis; or (iv) deposited in the drop box in the lobby of the Dirksen Courthouse during business hours. If a filing is mailed by a prisoner, the traditional "mail box" rule shall govern its filing date. Given the public health emergency and the current inability of the Clerk's Office to process mail in the ordinary course, if a filing is mailed by a non-prisoner, the filing date shall be deemed to be the postmark date, subject to any party's right to move that a different date be used. No in-person deliveries of any kind may be made to a judge's chambers or to the Clerk's Office.

### Suspension of Local Rules 5.2(f) and 5.3(b)

11. The Court suspends Local Rule 5.2(f), which requires in many instances that paper courtesy copies of filings be delivered to the judge, through June 1, 2020. <u>This means that no courtesy copies may be submitted for filings made through June 1, 2020</u>.

12. Although parties may continue to file non-emergency motions, the Court suspends Local Rule 5.3(b), which otherwise requires that all motions be noticed for presentment. For non-emergency motions, no motion may be noticed for presentment on a date earlier than June 1, 2020. For notices of presentment on and after June 1, 2020, **parties must consult each judges' presentment schedule** because the Court likely will operate on a modified motion-hearing schedule that alternates the days on which judges will hold a motion call.

### Email Filing Option for Pro Se Parties

13. The Court suspends through May 29, 2020 the prohibition against pro se parties emailing their filings to the Clerk's Office. From now through May 29, 2020, the Court will accept filings from pro se litigants via email that comply with these requirements: (i) the filing must be in PDF format; (ii) the filing must be signed s/ [filer's name] or bear a handwritten signature; (iii) the email must be sent to Temporary_E-

Filing@ilnd.uscourts.gov; (iv) the email must state the party's name, address, and phone number; (v) for existing cases, the email's subject line must read: "Pro Se Filing [Insert Your Case Number]", and for new cases, the email's subject line must read: "Pro Se Filing in New Case". E-mails that do not comply with these requirements will not be reviewed and will not be considered a proper filing.

**Suspension of Public Gatherings**

14. All public gatherings are suspended through June 8, 2020 at both the Everett McKinley Dirksen U.S. Courthouse in Chicago and the Stanley J. Roszkowski U.S. Courthouse in Rockford. This includes, but is not limited to, group tours and visits, moot courts and mock trials, bar group meetings, seminars, and naturalization ceremonies. Also suspended are Second Chance reentry court proceedings, SOAR Court, Veterans Treatment court proceedings, and Petty Offense (CVB) proceedings. Notwithstanding this suspension, court proceedings allowed by another provision of this Order may take place.

**Additional Provisions**

15. This Third Amended General Order does not affect the authority of judges to enter orders in any civil or criminal cases. The parties **must consult** individual judges' websites for any modifications to the case-management requirements of this Order.

16. The Court will vacate, amend, or extend this Third Amended General Order no later than May 26, 2020.

17. The Clerk of Court shall distribute this Third Amended General Order: by electronic service on all registered CM/ECF users; by electronically posting the Order on the Court's public website; by making printed copies available at the entrances of the Dirksen and Roszkowski Courthouses. In addition, the Clerk of Court shall send a copy of this Order, either electronically or by mail, to the Illinois Department of Corrections (IDOC), all IDOC prison or detention facilities, the Illinois Department of Human Services

Division of Mental Health Treatment and Detention Facility, and all county jails in this District; the warden, sheriff, or director of each **prison**, jail, or detention facility is directed to use reasonable means to notify persons incarcerated or detained therein of this Order and to allow access to this Order. In addition, the Clerk of Court shall docket this Order in each open civil case (with the exception of Multi-District Litigation tag-along cases) and each open criminal case. Printed copies will not be mailed to non-CM/ECF users due to the heavy burden such mailings would place on the Clerk's Office.

ENTER:

FOR THE COURT:

*[signature]*

_____
Chief Judge

Dated at Chicago, Illinois this 24th day of April 2020