**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER MOEHRL, et al., ) <br> on behalf of themselves and all others ) <br> similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE NATIONAL ASSOCIATION OF ) <br> REALTORS, et al., ) <br> ) <br> Defendants. ) | No. 19-cv-01610 <br><br> Judge Andrea R. Wood |

**ORDER**

Plaintiff Christopher Moehrl's motion for appointment of interim co-lead class counsel [50] is granted. Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court appoints as Plaintiffs' interim co-lead class counsel Cohen Milstein Sellers & Toll PLLC, Hagens Berman Sobol Shapiro LLP, and Susman Godfrey LLP, to carry out the duties listed in the separate Order Appointing Interim Co-Lead Counsel. See the accompanying Statement for details.

**STATEMENT**

Plaintiff Christopher Moehrl is one of seven Plaintiffs that have filed a class action complaint against Defendants National Association of Realtors, Realogy Holdings Corp. ("Realogy"), HomeServices of America, Inc., Keller Williams Realty, Inc., Re/Max LLC, BHH Affiliates, LLC, HSF Affiliates, LLC, and Long & Foster Companies, Inc. In their complaint, Plaintiffs allege that Defendants violated § 1 of the Sherman Act, 15 U.S.C. § 1, by conspiring to implement and enforce anticompetitive restraints that cause home sellers like Plaintiffs and other members of the proposed class to pay inflated commissions in connection with the sale of their homes. Plaintiffs filed their initial complaint on March 6, 2019. On April 15, 2019, Sawbill Strategic Inc. ("Sawbill") filed a separate class action complaint in this District that also challenged the same alleged anticompetitive practices. Shortly thereafter, Sawbill moved to have its case reassigned to this Court. (Dkt. No. 42.) The Court granted the motion. (Dkt. No. 80.) Following re-assignment, the two actions were consolidated into a single action when Plaintiffs filed their consolidated amended class action complaint. (Dkt. No. 84.)

While the motion to reassign was pending, Moehrl filed the present motion for appointment of interim co-lead class counsel pursuant to Federal Rule of Civil Procedure 23(g). (Dkt. No. 50.) Plaintiff requests that this Court appoint as interim co-lead counsel the firms Cohen Milstein Sellers & Toll PLLC, Hagens Berman Sobol Shapiro LLP, and Susman Godfrey LLP ("Susman Godfrey"). A single Defendant, Realogy, filed an opposition to Moehrl's motion.

Realogy argues that the appointment of interim class counsel is unnecessary and that even if it were necessary to have interim lead counsel, there is no need for three firms to serve in that role. Further, Realogy contends that Susman Godfrey has a conflict that precludes its appointment as interim co-lead counsel.

Under Rule 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Bartling v. Apple Inc.*, Nos. 5:18-cv-00147-EJD, 5:18-cv-00271-EJD, 2018 WL 4804735, at *1 (N.D. Cal. Apr. 27, 2018). Courts have applied the same considerations as set out in Rule 23(g)(1)(A), which governs the appointment of class counsel once a class is certified, to the designation of interim class counsel before certification. *In re Navistar Maxxforce Engines Mktg., Sales Practices & Prods. Liab. Litig.*, No. 14-cv-10318, 2015 WL 1216318, at *1 (N.D. Ill. Mar. 5, 2015). Rule 23(g)(2) directs courts to consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

The Court is satisfied that each proposed co-lead counsel satisfies all four considerations. All three firms have extensive experience and success litigating complex class actions, including antitrust actions. Moreover, the firms have already devoted substantial time and effort cooperatively investigating the matters alleged in the complaint and researching the claims. Finally, each Plaintiff has agreed to the proposed leadership structure.

Yet Realogy contends that there is no need to appoint interim co-lead counsel at this time because the present action does not involve a large number of overlapping, duplicative, or competing class suits. Rather, this matter involves two class actions that have now been consolidated into a single action. Nor is there a rivalry or uncertainty among Plaintiffs' counsels warranting an appointment of interim lead counsel. However, given that seven firms are representing Plaintiffs in this action, the Court believes it is desirable to clarify the leadership structure. Courts have designated interim co-lead counsel in similar circumstances. For example, *Bartling v. Apple Inc.*, 2018 WL 4804735, involved a motion to consolidate two separate class actions and a motion for appointment of interim co-lead counsel. The Court granted the motion to consolidate the two actions and also appointed three law firms to serve as the interim co-lead counsel. *Id.* at *1–2; *see also Adedipe v. U.S. Bank, Nat'l Ass'n*, No. 13-2687 (JNE/JJK), 2016 WL 7131574, at *1 (D. Minn. Mar. 18, 2016) (reciting procedural history of the matter in which two related actions were consolidated and the court appointed two firms to serve as interim co-lead counsel).

Realogy further argues that in the event that the Court does appoint interim lead counsel, there is no need for three firms to serve in that role. Instead, Realogy asks that the Court select a

single firm. The Court disagrees. Again, it is not unusual for multiple firms to serve as interim co-lead counsel. *See, e.g.*, *Bartling*, 2018 WL 4804735, at *2 (granting motion to appoint three firms to serve as interim co-lead counsel); *Navistar*, 2015 WL 1216318, at *1 (approving three-firm leadership structure and noting that "[w]here disagreement arises within the leadership, the odd-numbered structure will facilitate, at a minimum, a 2-1 resolution"); *Walker v. Discover Fin. Servs.*, No. 10-cv-6994, 2011 WL 2160889, at *5 (N.D. Ill. May 26, 2011) (finding that appointing two firms to serve as interim co-lead counsel will "achiev[e] efficiency and economy without jeopardizing fairness to the parties"). Further, a three-firm leadership structure is warranted in light of the magnitude and complexity of this action, which involves the largest real estate brokers in the United States and is nationwide in scope. *See Dangelis v. Corzine*, 286 F.R.D. 220, 225 (S.D.N.Y. 2012) (appointing two firms to serve as interim co-lead counsel, in part, because of the firms had "an appreciation for the complexity" of the action). And all Plaintiffs in this action have consented to the proposed leadership structure. *See In re Crude Oil Commodity Futures Litig.*, No. 11 Civ. 3600(WHP), 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012) ("[T]he Court gives some weight to plaintiffs' 'self selection' of class counsel.").

Finally, Realogy objects to Susman Godfrey serving as interim co-lead counsel because it has represented Zillow, Inc. ("Zillow"), in numerous matters over the years. According to Realogy, that presents a conflict because Zillow runs an online real estate database and is a proponent of dismantling the Multi Listing Service system that Plaintiffs challenge in this action. But the purported conflict is not relevant to Plaintiffs' interests but rather Defendants' interests. Moreover, the purported conflict involves a non-party and is entirely speculative at this point. *Cf. Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 372 (7th Cir. 2012) (finding that it was "premature to declare the alleged conflicts of interest an insoluble bar to the class action" because those conflicts were "too hypothetical"). Again, all Plaintiffs have signed off on the three firms serving as interim co-lead counsel. Thus, it seems that no Plaintiff is concerned that Susman Godfrey's work for Zillow presents an issue.

In sum, the Court is satisfied that the proposed three-firm leadership structure will best represent the interests of the putative class. Therefore, the Court grants Moehrl's motion for appointment of co-lead counsel.

Dated: May 30, 2020

_____
Andrea R. Wood
United States District Judge

3