## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, VALERIE NAGER, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | No. 1:19-cv-01610<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING EXPERT DISCOVERY**<br><br>Judge Andrea R. Wood<br>Magistrate Judge M. David Weisman |

      1.      Plaintiffs and Defendants (collectively "Parties") to the above-captioned case (the "Action"), through their undersigned counsel, hereby stipulate and agree to modify the requirements of Rules 26(a)(2) and 26(b)(4) of the Federal Rules of Civil Procedure, or any other potentially applicable law, rule, or regulation governing the Action, with respect to the scope of discovery in the Action concerning documents or information created in connection therewith by or on behalf of any witness whom a party ("Sponsoring Party") expects to use to provide expert testimony at trial or any hearing (a "Testifying Expert"), as set forth herein.

      2.      This Stipulation and Order shall govern discovery related to Testifying Experts in this Action whose identities are required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(A) and this Stipulation and Order. The Parties agree that there shall be no discovery or disclosures

with respect to consulting experts. To the extent this Stipulation and Order limits discovery that would otherwise be available pursuant to the Federal Rules of Civil Procedure, the Parties agree to abide by the limits set forth in this Stipulation and Order. Nothing in this Stipulation and Order constitutes an admission or concession that any of the information exempted from discovery by this Stipulation and Order would otherwise be discoverable or admissible. Further, nothing in this Stipulation and Order requires discovery of any information that would otherwise be protected from discovery by the attorney-client privilege, work-product doctrine, the common interest or joint-defense privilege, or other applicable privileges or protections.

3. Each Sponsoring Party shall make all disclosures required by Rule 26(a)(2)(A) and (B)(i), (iii), (iv), (v), and (vi) of the Federal Rules of Civil Procedure, as modified by this Stipulation and Order, at the times provided by any applicable rules and Court order(s) governing the disclosure of expert testimony in this Action. Within five (5) calendar days of disclosing any expert testimony, including written reports, the Sponsoring Party(ies) shall produce to all Parties all facts, data and other information that the Testifying Expert relied upon in forming his or her opinion(s); provided, however, that to comply with this Paragraph, a Party need not produce, but may simply identify in writing, (i) the Bates ranges of documents or other information produced in this Action; (ii) the deponent names and dates for transcripts of depositions taken in this Action; (iii) the exhibit numbers of all exhibits from such depositions; and (iv) citations for publicly available articles, cases, statutes, journals, treatises, regulatory filings, or other sources. To the extent the disclosures required by this Stipulation and Order describe or include exhibits, information, or data results generated, processed, or modeled by computer at the direction of a disclosed Testifying Expert and relied upon in forming his or her opinions, machine readable copies of the input data along with the appropriate computer program(s) and instructions sufficient

to replicate such exhibits, information, and data results shall be produced to all Parties. All input data, computer program code, and instructions used to generate the exhibits, information, or data results relied upon by a disclosed Testifying Expert to form his or her opinion(s) shall be produced, except no Sponsoring Party need produce computer programs that are reasonably and readily commercially available.

4. All electronic data, together with program(s) and instructions described in Paragraph 3, shall be made available within the five (5) calendar day period described therein, and shall be delivered by hand, overnight express, or electronic means (*e.g.*, FTP) to counsel for each Party.

5. The following categories of data, information, or documents need not be preserved or disclosed by any Sponsoring Party and shall not be the subject of discovery, and no questions concerning their content or existence shall be permitted at any deposition, hearing, or trial, so long as the Testifying Expert did not rely on them in forming his or her disclosed opinion(s) or other testimony:

(a) draft reports, draft studies, draft work papers, or notes of any kind on drafts; preliminary or intermediate calculations, computations, or data runs; or other preliminary, intermediate or draft materials created, prepared, or provided, by, for, or at the direction of a Testifying Expert in connection with the Action (including any such materials prepared by (i) persons working under the Testifying Expert's supervision, (ii) the Sponsoring Party or its counsel, including agents and/or consultants of counsel, or (iii) other agents or consultants of the Sponsoring Party);

(b) any oral or written communication, or document constituting or reflecting any oral or written communication, between or among the Testifying Expert (or persons supporting

the Testifying Expert) and some or all of the persons listed below unless the Testifying Expert is relying upon the communication in connection with the Testifying Expert's opinions in this matter:

    i.    Testifying Expert and the Testifying Expert's assistants and/or clerical or support staff;

    ii.    one or more other Testifying Experts or non-testifying expert consultants, two or more Testifying Experts;

    iii.    a Testifying Expert in this action and a Testifying Expert or a Testifying Expert's support staff in the *Sitzer* action;

    iv.    the Sponsoring Party, including any attorney, agent or consultant of the Sponsoring Party;

6.    Without varying the above paragraphs, nothing in this Stipulation shall be construed to prevent substantive deposition questions with respect to any data or other information not protected by the attorney-client privilege or work product doctrine that may be relevant to the substance of the Testifying Expert's opinions, including alternative theories, methodologies, variables, data, or assumptions, if any, that the Testifying Expert may have considered in preparing his or her report.

7.    This Stipulation and Order does not impose any independent obligation to retain the information covered by Paragraph 5 herein.

8.    Notwithstanding any other provision in this Stipulation and Order, this Stipulation and Order does not preclude or limit discovery regarding expert work, data, calculations, or other material filed with or otherwise submitted to the Court outside of written expert witness reports or disclosed expert witness testimony.

9. This Stipulation and Order also does not preclude reasonable questions at deposition related to an expert witness's compensation, or to the number of hours the expert witness expended in preparing his or her opinion(s).

10. Further, nothing herein shall be construed to prevent questions relating to the substance of the Testifying Expert's opinion(s) (including alternative theories, methodologies, variables, or assumptions that the expert witness may not have relied upon in formulating his or her opinions). Thus, notwithstanding anything to the contrary herein, a Testifying Expert may be presented at deposition, hearing, or trial with documents, testimony, or other materials not contained in his or her expert report and questioned about whether the Testifying Expert relied or did not rely on such documents, testimony, or other materials in formulating his or her opinion(s), and whether such documents, testimony, or other materials would cause the Testifying Expert to alter her or his opinion(s) in any respect.

11. Nothing herein shall limit or waive any Party's right to object to the admission into evidence of any report or opinion(s) or other materials of an opposing Party's Testifying Expert, or to the qualification of any person to serve as an expert witness.

12. Nothing herein relieves a Party's Testifying Expert or non-testifying consultant from complying with the requirements of Agreed Confidentiality Order entered in this Action on August 20, 2019 (ECF No. 125), including but not limited to: (i) the requirement that the Testifying Expert or non-testifying consultant sign the certification attached as Exhibit A to the Agreed Confidentiality Order; (ii) the restrictions placed on the review and use of Confidential or Highly Confidential – Outside Counsel Eyes Only Material by a Testifying Expert or non-testifying consultant; (iii) the requirement that a Testifying Expert or non-testifying consultant adhere to the protections afforded Confidential or Highly Confidential – Outside Counsel Eyes Only Material;

(iv) the requirement that a Testifying Expert or non-testifying consultant abide by the Agreed Confidentiality Order's provisions for filing of Confidential or Highly Confidential – Outside Counsel Eyes Only Material; and (iv) the obligations imposed on a Testifying Expert or non-testifying consultant upon conclusion of the litigation.

13. No subpoena for deposition or documents need be served on any Testifying Expert. Instead, the Sponsoring Party shall make the Testifying Expert available for a deposition at a time and place mutually agreeable to the Parties and shall produce documents in accordance with the terms of this Stipulation and Order.

14. This Stipulation and Order may be amended only by a subsequent written stipulation among the Parties or upon order of the Court.

15. This Stipulation and Order may be executed in counterparts and shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties.

*So Ordered.*

Dated: October 8, 2020

_____
ANDREA R. WOOD
United States District Judge

WE SO agree to be bound and agree to abide by the terms of this Order:

*Counsel for Plaintiffs*

/s/ Steve W. Berman
Steve W. Berman (Bar No. 3126833)
steve@hbsslaw.com
HAGENS BERMAN SOBOL
  SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Daniel Kurowski
Whitney A. Siehl
dank@hbsslaw.com
whitneys@hbsslaw.com
HAGENS BERMAN SOBOL
  SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

Rio S. Pierce
riop@hbsslaw.com
HAGENS BERMAN SOBOL
  SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Carol V. Gilden (Bar No. 6185530)
cgilden@cohenmilstein.com
COHEN MILSTEIN SELLERS &
  TOLL PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370

Daniel A. Small
dsmall@cohenmilstein.com
Kit A. Pierson
kpierson@cohenmilstein.com
Benjamin D. Brown

*Counsel for Homeservices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, The Long & Foster Companies, Inc.*

/s/ Matthew T. Ciulla
Matthew T. Ciulla
Matthew.Ciulla@MacGillLaw.com
Robert D. Macgill
Robert.MacGill@MacGillLaw.com
MACGILL PC
Circle Tower Building
55 Monument Circle, Suite 1200C
Indianapolis, IN 46204
Telephone: (317) 721-1253

Jay N. Varon
jvaron@foley.com
Jennifer M. Keas
jkeas@foley.com
FOLEY AND LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
Telephone: (202) 672-5436

Erik Kennelly
ekennelly@foley.com
James D. Dasso
jdasso@foley.com
FOLEY & LARDNER LLP
321 N. Clark St., Suite 2800
Chicago, IL 60654
Telephone: (312) 832-4588

*Counsel for Keller Williams Realty, Inc.*

/s/ Timothy Ray
Timothy Ray
Timothy.Ray@hklaw.com
Martin G. Durkin
martin.durkin@hklaw.com
William F. Farley

- 7 -

bbrown@cohenmilstein.com
Robert A. Braun
rbraun@cohenmilstein.com
COHEN MILSTEIN SELLERS &
  TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600

Matthew R. Berry
mberry@susmangodfrey.com
Alexander Aiken
aaiken@susmangodfrey.com
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880

Marc M. Seltzer
mseltzer@susmangodfrey.com
Steven G. Sklaver
ssklaver@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100

Beatrice C. Franklin
bfranklin@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

William H. Anderson
wanderson@hfajustice.com
HANDLEY FARAH & ANDERSON PLLC
4730 Table Mesa Drive, Suite G-200
Boulder, CO 80305
Telephone: (303) 800-9109

Benjamin David Elga
belga@justicecatalyst.org
Brian Shearer
brianshearer@justicecatalyst.org

william.farley@hklaw.com
HOLLAND & KNIGHT LLP
131 South Dearborn Street
30th Floor
Chicago, IL 60603
Telephone: (312) 263-3600

David C. Kully
david.kully@hklaw.com
Anna P. Hayes
anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
Telephone: (202) 469-5415


*Counsel for Realogy Holdings Corp.*

/s/ Kenneth Michael Kliebard
Kenneth Michael Kliebard
kenneth.kliebard@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094
Telephone: (312) 324-1000

Stacey Anne Mahoney
stacey.mahoney@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000


*Counsel for RE/MAX, LLC*

/s/ Paula W. Render
Paula W. Render
prender@jonesday.com
Odeshoo Hasdoo
ehasdoo@jonesday.com
JONES DAY
77 W Wacker, Suite 3500
Chicago, IL 60605
(312) 782-3939

JUSTICE CATALYST LAW
25 Broadway, Ninth Floor
New York, NY 10004
Telephone: (518) 732-6703

Monte Neil Stewart
monteneilstewart@gmail.com
Russell E. Marsh
rmarsh@wmllawlv.com
WRIGHT MARSH & LEVY
300 S. 4th Street, Suite 701
Las Vegas, NV 89101
Telephone: (702) 382-4004

Vildan A. Teske
teske@tkkrlaw.com
Marisa C. Katz
katz@tkkrlaw.com
TESKE KATZ KITZER & ROCHEL PLLP
222 South Ninth Street, Suite 4050
Minneapolis, MN 55402
Telephone: (612) 746-1558

*Counsel for Defendant*
*National Association of Realtors®*

/s/ Jack R. Bierig
Jack R. Bierig
jbierig@schiffhardin.com
Robert J. Wierenga
rwierenga@schiffhardin.com
Adam J. Diederich
adiederich@schiffhardin.com
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing to be filed electronically on October 7, 2020. Notice and a copy of this filing will be served upon all counsel of record by operation of the Court's CM/ECF system.

        /s/ Steve W. Berman
        STEVE W. BERMAN