| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, VALERIE NAGER, JACK RAMEY, DANIEL UMPA, and JANE RUH, and on behalf of themselves and all others similarly situated, | ) ) ) ) ) Civil Action No.: 1:19-cv-01610 |

Plaintiffs,

v.

THE NATIONAL ASSOCIATION OF
REALTORS, REALOGY HOLDINGS CORP.,
HOMESERVICES OF AMERICA, INC., BHH
AFFILIATES, LLC, HSF AFFILIATES, LLC,
THE LONG & FOSTER COMPANIES, INC.,
RE/MAX LLC, and KELLER WILLIAMS
REALTY, INC.,

Defendants.

**CLASS ACTION**

JURY TRIAL DEMANDED

HON. ANDREA R. WOOD

## HOMESERVICES DEFENDANTS' ANSWER TO
## CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Defendants, HomeServices of America, Inc. ("HomeServices"), HSF Affiliates, LLC

("HSF"), BHH Affiliates, LLC ("BHH"), and The Long & Foster Companies, Inc. ("L&F")

(collectively, the "HomeServices Defendants"), by and through their attorneys, respond as follows

to the allegations set forth in Plaintiffs' Consolidated Amended Class Action Complaint

("Complaint"). To the extent not specifically admitted herein, all of the allegations of the

Complaint are denied.[1]

---

[1] Plaintiffs agreed to extend Defendants' time to answer the Complaint until November 16, 2020. (*See* Dkt. 190.)

## I. INTRODUCTION

1. HomeServices Defendants deny that they agreed, combined or conspired to impose, implement and enforce anticompetitive restraints that cause home sellers to pay inflated commissions on the sale of their homes, in violation of federal antitrust law, that they violated antitrust laws in any other way, and that they engaged in "unlawful conduct." HomeServices Defendants further deny that HomeServices is a real estate broker. HomeServices Defendants admit that BHH and HSF each holds a real estate broker's license, but deny that they engage in the conduct of a traditional real estate broker or the type activities alleged in the Complaint. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint and therefore deny the same.

2. The allegation that Corporate Defendants and their co-conspirators possess market power is a legal conclusion to which no response is required. To the extent a response is required, HomeServices Defendants deny the allegations in the first sentence of paragraph 2. HomeServices Defendants admit that an MLS is a database of properties listed for sale in a particular geographic region. HomeServices Defendants deny that all of the "rules at issue here" are "mandatory rules set forth in NAR's Handbook on Multiple Listing Policy." HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint and therefore deny the same.

3. HomeServices Defendants deny participation in any anticompetitive conspiracy and therefore deny the allegations in paragraph 3 of the Complaint.

4. HomeServices Defendants deny that they implemented or adhered to any anticompetitive agreement, deny that they "steered" buyers to properties offering higher buyer-

broker commissions, deny that they encouraged or facilitated "steering," and deny that they engaged in "obfuscation." The existence of "anticompetitive effects" is a legal conclusion to which no response is required. To the extent a response is required, HomeServices Defendants deny the existence of such effects. Other allegations in paragraph 4 purport to characterize the content of documents that speak for themselves, and HomeServices Defendants refer the Court to the documents for a full and accurate rendition of their contents. To the extent a response is required, HomeServices Defendants deny Plaintiffs' characterization of these documents. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint and therefore deny the same.

5.  HomeServices Defendants deny the existence of any anticompetitive agreement and deny that they conspired to "maintain high, uniform prices." The allegations that "[t]here is no pro-competitive justification for this agreement" and that the supposed agreement's "purpose and effect is to restrain competition" are legal conclusions to which no response is required. To the extent a response is required, HomeServices Defendants deny these allegations. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint and therefore deny the same.

6.  HomeServices Defendants deny participation in any anticompetitive conspiracy and deny the allegations in paragraph 6 of the Complaint.

7.  HomeServices Defendants deny the allegations in paragraph 7 of the Complaint.

8.  HomeServices Defendants deny participation in any anticompetitive conspiracy and therefore deny the allegations in paragraph 8 of the Complaint.

9.  HomeServices Defendants deny participation in any anticompetitive conspiracy and deny the allegations in paragraph 9 of the Complaint.

4841-1956-6541.8

10.     HomeServices Defendants deny the allegations in paragraph 10 of the Complaint.

11.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore deny the same.

12.     HomeServices Defendants deny participation in any anticompetitive conspiracy and deny that "Defendants' conspiracy has maintained broker commission levels at remarkably stable and inflated levels for the past two decades, despite the advent of the Internet and the diminishing role of buyer-brokers."   HomeServices Defendants also deny Plaintiffs' characterization of commission rates as "supra-competitive."   HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and therefore deny the same.

13.     HomeServices Defendants deny participation in any "cartel" and deny that they "overcharge" consumers.  HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint and therefore deny the same.

14.     HomeServices Defendants deny the allegations in the first, fourth, and fifth sentences of paragraph 14 and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint and therefore deny the same.

15.     HomeServices Defendants deny the allegations in the first sentence of paragraph 15 and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint and therefore deny the same.

16.     HomeServices Defendants deny participation in any anticompetitive conspiracy and deny the allegations in paragraph 16 of the Complaint.

4

17.     HomeServices Defendants deny violating any antitrust laws and deny any liability to Plaintiffs.  HomeServices Defendants state that Plaintiffs' requested relief speaks for itself.  HomeServices Defendants deny any remaining allegations in paragraph 17 of the Complaint.

18.     HomeServices Defendants deny any liability to Plaintiffs and deny that Plaintiffs' claims can be maintained as a class action.  Plaintiffs' claims speak for themselves.  HomeServices Defendants deny any remaining allegations in paragraph 18 of the Complaint.

## II.     JURISDICTION AND VENUE

19.     The allegations regarding subject matter jurisdiction are legal conclusions to which no response is required.  To the extent a response is required, HomeServices Defendants admit this Court has subject matter jurisdiction.  HomeServices Defendants lack knowledge or information sufficient to admit or deny the number of purported class members or the aggregate amount in controversy and therefore deny the same.  HomeServices Defendants deny any remaining allegations in paragraph 19 of the Complaint.

20.     The allegations regarding personal jurisdiction are legal conclusions to which no response is required.  HomeServices Defendants admit they have been served.  HomeServices Defendants admit that they have transacted business in the United States.  To the extent a response to this allegation is required, the HomeServices Defendants have not challenged the Plaintiffs' service of process or the Court's personal jurisdiction over them.  HomeServices Defendants deny participation in any unlawful scheme, anywhere.

21.     The allegations regarding proper venue are legal conclusions to which no response is required.  To the extent one is required, the HomeServices Defendants have not challenged this court's venue. HomeServices Defendants deny any conduct giving rise to Plaintiffs' claims.

HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint and therefore deny the same.

## III.   TRADE AND COMMERCE

22.   HomeServices Defendants admit they engage in interstate commerce but deny the remaining allegations in paragraph 22 of the Complaint.

## IV.   PARTIES

### A.   <u>Plaintiffs</u>

23.   HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore deny the same.

24.   HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and therefore deny the same.

25.   HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore deny the same.

26.   HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore deny the same.

27.   HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore deny the same.

4841-1956-6541.8

28.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and therefore deny the same.

29.     Sawbill Strategic, Inc. ("SSI") has been dismissed from this case and no response to this allegation is required.

30.     L&F admits the second and third sentences of Paragraph 30.  L&F denies the Complaint's characterization that the buyer-broker commission paid by Mr. Umpa in the alleged transaction was "substantial."  The HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint and therefore deny the same.

31.     HomeServices Defendants deny the allegations in Paragraph 31 of the Complaint.

**B.      Defendants**

32.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore deny the same.

33.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore deny the same.

34.     HomeServices Defendants deny that HomeServices is a real estate brokerage firm. HomeServices is a holding company.  HomeServices Defendants admit that HomeServices is the indirect 100% owner of HSF and that HSF owns BHH.  The HomeServices Defendants deny that HSF "operates many real estate franchise networks, including HomeServices, Prudential Real Estate, and Real Living."  HSF is a holding company; it does not "operate" franchise networks.

7

As stated, HSF owns BHH, which is the franchisor of the Berkshire Hathaway HomeServices real estate franchise network. HSF's holdings also include Real Living Real Estate, LLC, which is the franchisor of the Real Living Real Estate real estate franchise network. The HomeServices Defendants deny that BHH "offers real estate brokerage services." As stated, BHH is a franchisor. HomeServices Defendants admit that BHH and HSF each hold a real estate broker's license but deny that deny that they engage in the conduct of a traditional real estate broker or the type activities alleged in the Complaint. HomeServices Defendants admit that HomeServices owns certain real estate brokerage companies and that HomeServices acquired L&F in late 2017. The HomeServices Defendants deny that L&F is a "residential real estate company." L&F is a holding company. Its holdings include Long & Foster Real Estate, Inc., a residential real estate brokerage. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint and therefore deny the same.

35. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and therefore deny the same.

36. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and therefore deny the same.

## C. Co-Conspirators

37. HomeServices Defendants deny any and all anticompetitive conduct alleged in the Complaint and deny participation in any anticompetitive conspiracy. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of the Complaint and therefore deny the same.

4841-1956-6541.8

38.     HomeServices Defendants deny any and all anticompetitive conduct alleged in the Complaint and deny participation in any anticompetitive conspiracy. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of the Complaint and therefore deny the same.

39.     HomeServices Defendants deny the allegations in paragraph 39 of the Complaint.

40.     HomeServices Defendants deny any liability to Plaintiffs and therefore deny the allegations in paragraph 40 of the Complaint.

## V.     BACKGROUND OF THE REAL ESTATE INDUSTRY

41.     HomeServices Defendants admit that some state licensing laws regulate who can represent sellers and buyers in residential real estate transactions. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of the Complaint and therefore deny the same.

42.     Paragraph 42 of the Complaint asserts a legal conclusion to which no response is required. To the extent paragraph 42 makes factual allegations against the HomeServices Defendants they are denied.

43.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and therefore deny the same.

44.     HomeServices Defendants admit that real estate brokers can receive commissions in residential real estate transactions and that those commissions may be a percentage of a home's sale price and are usually paid when the home transaction is closed. HomeServices Defendants deny remaining allegations in paragraph 44 of the Complaint.

4841-1956-6541.8

45. HomeServices Defendants admit that brokers and individual realtors or agents occupy dual roles but lack knowledge or information sufficient to form a belief as to how often that occurs and therefore deny the truth of the remaining allegations in paragraph 45 of the Complaint.

46. HomeServices Defendants admit that seller-brokers may enter listing agreements with a home seller and that such listing agreements, if written, usually state the terms of the agreement between the home seller and the broker, which may include the exclusive right to market the seller's home for sale, the total commission the seller may owe the broker and the amount to be offered to a buyer's broker. HomeServices Defendants deny Plaintiffs' characterization of the seller-broker's commission as an "overcharge." HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 of the Complaint and therefore deny the same.

47. HomeServices Defendants admit that NAR's Standard of Practice 12-1 and Standard of Practice 12-2 contain guidance regarding using the term "free" and that a buyer's broker may receive a commission, which may be a portion of the total commission the seller has agreed to pay. HomeServices Defendants deny the remaining allegations in paragraph 47 of the Complaint.

48. HomeServices Defendants admit that seller-brokers may enter listing agreements that may set the total commission the seller owes the broker and an amount to be offered to a buyer's broker. HomeServices Defendants deny the remaining allegations in paragraph 48 of the Complaint.

49. HomeServices Defendants admit that a home buyer may contract with a broker to represent the buyer in his or her search and potential purchase of a home and that some contracts reference that the buyer-broker may receive a commission or compensation from the seller broker.

10

HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of the Complaint and therefore deny the same.

50.     HomeServices Defendants admit that an MLS is a database of properties listed for sale in a defined region that is typically available to individual agents.  HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 of the Complaint and therefore deny the same.

51.     Paragraph 51 purports to characterize the content of a document that speaks for itself, and HomeServices Defendants refer the Court to the document for a full and accurate rendition of its contents.  To the extent a response is required, HomeServices Defendants deny the allegations in paragraph 51 of the Complaint.

52.     HomeServices Defendants admit that the allegations in paragraph 52 of the Complaint are one of a myriad of ways that a brokerage transaction might work but otherwise deny the allegations of this paragraph.

## VI.     THE ANTICOMPETITIVE AGREEMENT WITH NAR[2]

53.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, including those in footnote 15, and therefore deny the same.

54.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and therefore deny the same.

---

[2] HomeServices Defendants deny any allegations against them in the headings of Plaintiffs' Complaint.

4841-1956-6541.8

55.     HomeServices Defendants deny the allegations of the first sentence of paragraph 55 and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 of the Complaint and therefore deny the same.

56.     HomeServices Defendants deny the allegations in the first sentence of paragraph 56 and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 of the Complaint, including those in footnote 18, and therefore deny the same.

57.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint and therefore deny the same.

58.     HomeServices Defendants deny the allegations in paragraph 58 of the Complaint.

59.     HomeServices Defendants admit that paragraph 59 accurately copies language from the Preface of the 2019 NAR Handbook but deny the remaining allegations in paragraph 59 of the Complaint.

60.     HomeServices Defendants admit that paragraph 60 accurately copies language from Section 5 on page 65 and Section 1 on page 35 of the 2019 NAR Handbook but deny the remaining allegations in paragraph 60 of the Complaint.

61.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the referenced publications and therefore deny the same.  HomeServices Defendants deny participation in any "illegal tying arrangement" and other violations of the Sherman Act and deny all remaining allegations in paragraph 61 of the Complaint.

62.     The allegation that "there is no pro-competitive justification for imposing this overcharge on home sellers" is a legal conclusion to which no response is required.  To the extent

4841-1956-6541.8

a response is required, HomeServices Defendants deny the allegations in the first sentence of paragraph 62 and deny any "attempt to fix market prices" or to "frustrate vigorous price competition." HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 of the Complaint, including those in footnote 23, and therefore deny the same.

63.     HomeServices Defendants deny the allegations of the first two sentences of paragraph 63 because they are incomplete and inaccurate characterizations of the flexibility that exists under the various NAR material provisions that Plaintiffs mischaracterize as a single "Rule" and the effect of those provisions. The HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 of the Complaint and therefore deny the same.

64.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 64 and in the third sentence to the extent the allegations relate to entities other than HomeServices Defendants and therefore deny the same. HomeServices Defendants deny all remaining allegations in paragraph 64 of the Complaint.

65.     HomeServices Defendants deny that they are "acting to sustain" high prices or participate in any anticompetitive conspiracy and deny the allegations in paragraph 65 of the Complaint.

66.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint and therefore deny the same.

67.     HomeServices Defendants deny participation in any "anticompetitive steering" and therefore deny the allegations in paragraph 67 of the Complaint, including those in footnote 26.

68.     HomeServices Defendants deny the allegations in the first and last sentences of paragraph 68, including those in footnote 28.  HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 of the Complaint and therefore deny the same.

69.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and therefore deny the same.

70.     HomeServices Defendants deny the allegations in the first sentence of paragraph 70.  HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 of the Complaint and therefore deny the same.

71.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and therefore deny the same.

72.     HomeServices Defendants are aware that the Antitrust Division has served CIDs, and avers the CoreLogic subpoena speaks for itself.  HomeServices Defendants deny any allegations against them in paragraph 72 of the Complaint and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 and therefore deny the same.

73.     Paragraph 73 purports to characterize the content of documents that speak for themselves, and HomeServices Defendants refers the Court to the documents for a full and accurate rendition of their contents.  To the extent a response is required, HomeServices

Defendants admit that the first sentence of paragraph 73 accurately copies language from Section 1 on page 35 of the 2019 NAR Handbook but deny the remaining allegations in paragraph 73 of the Complaint, including those in footnote 32.

74.     HomeServices Defendants deny the allegations in paragraph 74 of the Complaint.

75.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 75 and therefore deny the same. HomeServices Defendants deny all remaining allegations in paragraph 75 of the Complaint.

76.     HomeServices Defendants admit that paragraph 76 accurately copies language from Section 10 on page 71 of the 2019 NAR Handbook but deny the remaining allegations in paragraph 76 of the Complaint.

77.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint and therefore deny the same.

78.     HomeServices Defendants deny the allegations in paragraph 78 of the Complaint, including those in footnote 33.

79.     HomeServices Defendants admit that paragraph 79 accurately copies language from NAR's Standard of Practice 12-2 but deny the remaining allegations in paragraph 79 of the Complaint, including those in footnote 34.

80.     HomeServices Defendants deny the allegations in paragraph 80 of the Complaint.

81.     HomeServices Defendants deny the allegations in paragraph 81 of the Complaint.

82.     HomeServices Defendants deny the allegations in paragraph 82 of the Complaint.

83.     HomeServices Defendants deny participation in any anticompetitive conspiracy and deny the allegations in paragraph 83 of the Complaint.

15

84.     HomeServices Defendants deny the allegations in paragraph 84 of the Complaint.

85.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint and therefore deny the same.

86.     HomeServices Defendants admit that the buyer-broker's commission may be a portion of the total commission; that sellers may build the cost of the total commission into the price of the home being sold; and that, in some cases, seller-brokers could retain the total commission that the seller agreed to pay. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 86 of the Complaint and therefore deny the same.

87.     HomeServices Defendants admit that NAR's Standard of Practice 12-1 and Standard of Practice 12-2 contain guidance regarding using the term "free." HomeServices Defendants deny the remaining allegations in paragraph 87 of the Complaint.

88.     HomeServices Defendants admit that paragraph 88 accurately copies language from NAR's Standard of Practice 16-16 but deny the remaining allegations in paragraph 88 of the Complaint.

89.     HomeServices Defendants admit that paragraph 89 accurately copies language from NAR's Case Interpretation #16-15 but deny the remaining allegations in paragraph 89 of the Complaint.

90.     HomeServices Defendants admit that paragraph 85 accurately copies language from NAR's Standard of Practice 3-2 and from the FAQ section of MLS Listing Inc.'s website but deny the remaining allegations in paragraph 90 of the Complaint.

91.     HomeServices Defendants deny the allegations in paragraph 91 of the Complaint.

16

92.     HomeServices Defendants deny the allegations in paragraph 92 of the Complaint.

93.     HomeServices Defendants specifically deny participation in any anticompetitive conspiracy and that they imposed "overcharges" on anyone and deny the remaining allegations in paragraph 93 of the Complaint.

## VII.   NAR HAS REQUIRED LOCAL ASSOCIATIONS TO AGREE TO THESE ANTICOMPETITIVE RESTRAINTS

94.     HomeServices Defendants deny the existence of "anticompetitive rules." HomeServices Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 94 of the Complaint and therefore deny the same.

95.     HomeServices Defendants admit that paragraph 95 accurately quotes a portion of Section 3 on page 9 of the 2019 NAR Handbook.  HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 95 of the Complaint and therefore deny the same.

96.     HomeServices Defendants admit paragraph 96 accurately quotes a portion of NAR's 2019 Code of Ethics and Arbitration Manual.  HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 96 of the Complaint and therefore deny the same.

97.     HomeServices Defendants deny the alleged anticompetitive restraints exist and thus deny that any such restraints are implemented or enforced.  HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 97 of the Complaint and therefore deny the same.

98.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint and therefore deny the same.

17

99.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint and therefore deny the same.

100.     HomeServices Defendants admit that paragraph 100 accurately copies language from Section 2 on page 8 of the 2019 NAR Handbook.  HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100 of the Complaint and therefore deny the same.

101.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint and therefore deny the same.

## VIII.  CORPORATE DEFENDANTS PARTICIPATE IN, FACILITATE, AND IMPLEMENT THE CONSPIRACY

102.     HomeServices Defendants deny the allegations in paragraph 102 of the Complaint.

103.     HomeServices Defendants deny the allegations in paragraph 103 of the Complaint.

104.     HomeServices Defendants deny that HomeServices is a franchisor.  HomeServices is a holding company.  HomeServices admits that Ronald Peltier is currently one of the over 900 directors of NAR.  Mr. Peltier is the only HomeServices executive to so serve on the NAR board. Two of the brokerages identified in Complaint paragraph 104 — Berkshire Hathaway HomeServices KoenigRubloff Realty Group (which is now HomeServices of Illinois, LLC) ("HomeServices IL") and Edina Realty, Inc. (Edina") – are indirect subsidiaries of HomeServices. Both HomeServices IL and Edina are independently operated.  Berkshire Hathaway HomeServices Alliance Real Estate ("BHH Alliance") is an independently owned and operated BHH franchisee. HomeServices Defendants have no ownership or franchise relationship with any of the other brokerages expressly identified in Complaint paragraph 104.  HomeServices admits that Ms. Nagy

18

serves as a NAR director, but denies that she is employed at any HomeServices company. HomeServices admits that John Smaby, an independent contractor real estate sales agent with Edina, is a past president of NAR. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Bruce Aydt is the former Chair of NAR's Professional Standards Committee. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Tracy Kasper, who is alleged to be associated with an unnamed BHH franchisee, served as NAR's Vice President of Advocacy. Upon information and belief, HomeServices IL, BHH Alliance, and the unnamed BHH franchisee relating to Ms. Kasper do not operate in any geographic area relating to a Covered MLS, as described in the Complaint. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 104 of the Complaint and therefore deny the same.

105.    HomeServices Defendants admit that paragraph 105 accurately copies language from the "About" section of HomeServices' website. HomeServices Defendants deny all remaining allegations in paragraph 105 of the Complaint.

106.    HomeServices Defendants deny that any individual listed in Complaint paragraph 106 is a representative of a HomeServices Defendant. Complaint paragraph 106 does not identify the "Berkshire Hathaway" brokerage associated with the Mike Nugent allegation, but upon information and belief, such unnamed BHH franchisee is not owned, directly or indirectly, by HomeServices and does not operate in any geographic area relating to a Covered MLS. HomeServices Defendants have no ownership or franchise relationship with any of the other brokerages identified in Complaint paragraph 106. HomeServices Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 106 of the Complaint and therefore deny the same.

107.     HomeServices Defendants deny responsibility for formulating, reviewing, and approving the Buyer Broker Commission Rule and deny the existence of "anticompetitive restraints." HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 107 of the Complaint and therefore deny the same.

108.     HomeServices Defendants deny that they "assist[] NAR with ensuring compliance with the NAR Rules." HomeServices admits that, as noted above in answer to Complaint paragraph 106, Mr. Peltier currently serve as a director of NAR. HomeServices denies that Ms. Nagy is employed at any HomeServices company. Other than Mr. Peltier, HomeServices Defendants deny that any individual listed in Complaint paragraph 108 is a representative of a HomeServices Defendant. Berkshire Hathaway HomeServices Innovative RE and Berkshire Hathaway Home Service Elevated Living Real Estate are independently owned and operated BHH franchisees, and HomeServices Defendants have no ownership or franchise relationship with any of the other brokerages expressly identified in Complaint paragraph 108. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 108 of the Complaint and therefore deny the same.

109.     HomeServices Defendants deny participation in any anticompetitive conspiracy and deny implementing any conspiracy through any means. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109 of the Complaint and therefore deny the same.

4841-1956-6541.8

110. HomeServices and L&F admit that Cindy Ariosa is associated with L&F's brokerage subsidiary, Long & Foster Real Estate, Inc. and served on the Bright MLS executive committee. Berkshire Hathaway HomeServices Homesale Realty is an independently owned and operated BHH franchisee. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Jim Spagnolo or Scott Ledere, who are alleged to be associated with unnamed BHH franchisees, serve on the Bright MLS board. HomeServices Defendants have no ownership or franchise relationship with any of the other brokerages expressly identified in Complaint paragraph 110. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 110 of the Complaint and therefore deny the same.

111. HomeServices Defendants deny participation in any anticompetitive conspiracy deny agreeing to, implementing, or enforcing anticompetitive restraints, and deny any other allegations against them in paragraph 111. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111 of the Complaint and therefore deny the same.

112. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint and therefore deny the same.

113. Berkshire Hathaway HomeServices Nevada Properties is an independently owned and operated BHH franchisee. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Aldo Martinez is an officer or director of GLVAR. HomeServices Defendants have no ownership or franchise relationship with the other brokerages expressly identified in Complaint paragraph 113. HomeServices Defendants lack

21

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 113 of the Complaint and therefore deny the same.

114.     HomeServices Defendants deny participation in any anticompetitive conspiracy, deny agreeing to or helping to implement or enforce anticompetitive restraints, and deny any other allegations against them in paragraph 114.   HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 114 of the Complaint and therefore deny the same.

115.     HomeServices Defendants deny participation in any anticompetitive conspiracy and deny any other allegations against them in paragraph 115.  HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 115 of the Complaint and therefore deny the same.

116.     HomeServices Defendants deny the allegations in paragraph 116 of the Complaint except it admits that certain BHH franchise documents may reference the NAR Code of Ethics and other ethical rules and urge compliance.

117.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint and therefore deny the same.

118.     HomeServices defendant denies the allegations of the first sentence of paragraph 118. The remaining allegations in paragraph 118 purport to characterize the content of documents that speak for themselves, and HomeServices Defendants refer the Court to the documents for a full and accurate rendition of their contents.  To the extent a response is required, HomeServices Defendants deny Plaintiffs' characterization of these documents.

4841-1956-6541.8

119. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint and therefore deny the same.

120. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Complaint and therefore deny the same.

121. HomeServices Defendants deny the allegations in paragraph 121 of the Complaint.

## IX. EFFECTS OF THE CONSPIRACY

122. HomeServices Defendants deny participation in any anticompetitive conspiracy and deny the allegations in paragraph 122 of the Complaint.

123. HomeServices Defendants deny participation in any anticompetitive conspiracy and deny they have participated in anything that has caused anticompetitive effects. HomeServices Defendants also deny that "'[t]here is no longer any reason to permit listing brokers to set the default prices that these competing buyers' brokers charge to serve their own customers.'" HomeServices Defendants also deny the allegation in footnote 37 that MLSs "artificially keep[] buyer's agents' commission high." HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 123 of the Complaint and therefore deny the same.

124. HomeServices Defendants deny the allegations in paragraph 124 of the Complaint.

125. HomeServices Defendants deny the allegations in the second sentence of paragraph 125 to the extent they imply that the alleged relevant markets are uncompetitive. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 125 of the Complaint and therefore deny the same.

4841-1956-6541.8

126.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Complaint and therefore deny the same.

127.     HomeServices Defendants deny the allegations in the first sentence of paragraph 127 to the extent they imply that HomeServices Defendants "imposed" supra-competitive charges on home sellers.  HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 127 of the Complaint and therefore deny the same.

128.     HomeServices Defendants deny they set broker fees "'without regard to either the quantity or quality of service rendered'."  HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 128 of the Complaint and therefore deny the same.

129.     HomeServices Defendants deny the allegations in the first sentence of paragraph 129 to the extent they imply that HomeServices Defendants artificially "maint[ained]" higher broker commissions.  HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 129 of the Complaint and therefore deny the same.

130.     HomeServices Defendants deny participation in any anticompetitive conspiracy and deny the allegations in paragraph 130 of the Complaint.

131.     HomeServices Defendants deny participation in any anticompetitive conspiracy and in "price fixing" of any kind.  HomeServices Defendants also deny the allegations in footnote 44.  HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 131 of the Complaint and therefore deny the same.

4841-1956-6541.8

132.     HomeServices Defendants deny they imposed "overcharges" on anyone and therefore deny the allegations in paragraph 132 of the Complaint, including those in footnote 47.

## X.     MARKET POWER

133.     HomeServices Defendants admit that some brokers may believe their independent agents need access to MLSs in order to compete.  HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and last sentences of paragraph 133 and deny the remaining allegations in paragraph 133 of the Complaint.

134.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 of the Complaint and therefore deny the same.

135.     HomeServices Defendants deny participation in any anticompetitive conspiracy and therefore deny the allegations in paragraph 135 of the Complaint.

136.     The allegation that Defendants possess "market power" is a legal conclusion to which no response is required.  To the extent a response is required, HomeServices Defendants deny participation in any anticompetitive conspiracy and therefore deny the allegations in paragraph 136 of the Complaint.

137.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 137 and therefore deny the same.  HomeServices Defendants deny participation in any anticompetitive conspiracy and deny the remaining allegations in paragraph 137 of the Complaint.

138.     HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Complaint and therefore deny the same.

4841-1956-6541.8

139.     HomeServices Defendants deny participation in any anticompetitive conspiracy. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 139 of the Complaint and therefore deny the same.

## XI.     CONTINUOUS ACCRUAL

140.     HomeServices Defendants deny the allegations in paragraph 140 of the Complaint.

141.     HomeServices Defendants deny the allegations in paragraph 141 of the Complaint.

## XII.     CLASS ACTION ALLEGATIONS

142.     HomeServices Defendants deny that Plaintiffs' claims can be maintained on a class basis and deny the allegations in paragraph 142 of the Complaint.

143.     HomeServices Defendants deny that Plaintiffs' claims can be maintained on a class basis and deny the allegations in paragraph 143 of the Complaint.

144.     Paragraph 144 asserts a legal conclusion to which no response is necessary.  To the extent paragraph 144 makes factual allegations, HomeServices Defendants deny them.

145.     HomeServices Defendants deny the allegations in paragraph 145 of the Complaint.

146.     Paragraph 146 asserts legal conclusions to which no response is necessary.  To the extent paragraph 146 makes factual allegations, HomeServices Defendants deny them.

147.     HomeServices Defendants deny participation in any anticompetitive conspiracy. The remainder of paragraph 147 asserts legal conclusions to which no response is necessary.  To the extent paragraph 147 makes factual allegations, HomeServices Defendants deny them.

148.     HomeServices Defendants admit that Plaintiffs have retained counsel. HomeServices Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 148 of the Complaint and therefore deny the same.

4841-1956-6541.8

149. Paragraph 149 asserts legal conclusions to which no response is necessary. To the extent paragraph 149 makes factual allegations, HomeServices Defendants deny them.

150. Paragraph 150 asserts legal conclusions to which no response is necessary. To the extent paragraph 150 makes factual allegations, HomeServices Defendants deny them.

## XIII. CLAIM FOR RELIEF

### <u>Violation of Section 1 of the Sherman Act, 15 U.S.C[.] § 1</u>

151. HomeServices Defendants incorporate by reference their responses to paragraphs 1-150.

152. HomeServices Defendants deny the allegations in paragraph 152 of the Complaint.

153. HomeServices Defendants deny the allegations in paragraph 153 of the Complaint.

154. HomeServices Defendants deny the allegations in paragraph 154 of the Complaint.

155. HomeServices Defendants deny the allegations in paragraph 155 of the Complaint.

156. HomeServices Defendants deny the allegations in paragraph 156 of the Complaint.

157. HomeServices Defendants deny the allegations in paragraph 157 of the Complaint.

158. HomeServices Defendants deny the allegations in paragraph 158 of the Complaint.

159. HomeServices Defendants deny the allegations in paragraph 159 of the Complaint.

160. HomeServices Defendants deny the allegations in paragraph 160 of the Complaint.

Except as expressly admitted herein, HomeServices Defendants deny each and every allegation of the Complaint and all requests for relief.

### AFFIRMATIVE DEFENSES

By alleging the following affirmative defenses, HomeServices Defendants are not agreeing or conceding that they have the burden of proof on any of the issues or that any particular issue or subject matter herein is relevant to Plaintiffs' allegations. HomeServices Defendants assert the

following affirmative defenses against the named Plaintiffs and any putative class members on behalf of whom Plaintiffs purport to bring claims. HomeServices Defendants reserve the right to amend, withdraw, supplement, or modify these defenses.

1. Plaintiffs' claims are barred, in or whole or in part, by the applicable statute of limitations.

2. Plaintiffs' equitable claims, if any, are barred due to the doctrines of unclean hands, laches, estoppel, and failure to do equity.

3. Various putative class member claims are barred from being litigated in this case in this court by the existence of binding arbitration agreements.

4. Plaintiffs' claims are barred due to the doctrine of payment.

5. Plaintiffs' claims are barred due to the doctrines of ratification and acquiescence.

6. Plaintiffs' claims are barred due to the doctrines of accord and satisfaction.

7. Plaintiffs' claims are barred due to the doctrine of waiver.

8. Plaintiffs' claims are barred or any relief should be reduced due to Plaintiffs' failure to mitigate their claimed damages.

9. Plaintiffs' damages, if any, were caused by as of yet unidentified non-parties.

10. Any claim for punitive damages violates the Illinois and United States constitutions.

11. Plaintiffs' claims are barred on the ground that the acts complained of, to the extent they occurred, were procompetitive in nature, were done solely to promote, encourage, and increase competition, and had procompetitive effects that outweighed any alleged harm.

12. Plaintiffs' claims should be dismissed, in whole or in part, to the extent Plaintiffs lack standing to sue for the injuries alleged in the Complaint.

13. Plaintiffs have no standing to bring this action for injunctive relief, and are not entitled to such relief, because the alleged violation of the antitrust laws does not threaten immediate, irreparable loss or damage within the meaning of 15 U.S.C. Section 26.

14. Plaintiffs' claims are barred by the existence of intervening and superseding causes.

15. Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of HomeServices Defendants and/or were caused, if at all, solely and proximately by the conduct of Plaintiffs themselves or third parties including, without limitations, the prior, intervening or superseding conduct of such Plaintiffs or third parties.

16. Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because any action taken by or on behalf of HomeServices Defendants was justified, constituted bona fide business competition, and was ancillary to the pursuit of its own legitimate business and economic interests.

17. Plaintiffs' claims are barred from being litigated in this case in this Court by the existence of binding arbitration agreements.

18. Plaintiffs' claims are barred, in whole or in part, by the direct-purchaser requirement of *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

19. Plaintiffs' claims are barred, in whole or in part, by the applicable limitations period set out in contracts and/or agreements executed by Plaintiffs.

20. Plaintiffs' claims are barred to the extent that such conduct was committed by any individual acting ultra vires.

WHEREFORE, HomeServices Defendants request that the Court enter judgment in their favor and against Plaintiffs on all issues raised in the Complaint, that Plaintiffs take nothing by way

29

of their Complaint, the Court order Plaintiffs to pay Defendants costs and reasonable attorneys' fees incurred in defending this action, and for all other just and proper relief.

Dated:  November 16, 2020

Respectfully submitted,

_s/Jay N Varon_____
Jay N. Varon
Jennifer M. Keas (*pro hac vice*)
FOLEY & LARDNER LLP
3000 K Street N.W. Suite 600
Washington, D.C. 20007
(202) 672-5436
Email:  jvaron@foley.com
　　　　 jkeas@foley.com

James D. Dasso
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
(312) 832-4500
Email: jdasso@foley.com

and

Robert D. MacGill (*pro hac vice*)
Matthew T. Ciulla (*pro hac vice*)
MACGILL PC
Circle Tower Building
55 Monument Circle, Suite 1200C
Indianapolis, IN 46204
(317) 721-1253
Email:  Robert.MacGill@MacGillLaw.com
　　　　 Matthew.Ciulla@MacGillLaw.com

***Attorneys for Defendants, HomeServices of America, Inc.; BHH Affiliates, LLC; HSF Affiliates, LLC; and The Long & Foster Companies, Inc.***

4841-1956-6541.8

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November 2020, I electronically filed the foregoing **HomeServices Defendants' Answer to Consolidated Amended Class Action Complaint** with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for this case.

<u>s/ Jay N. Varon</u>
An attorney for Defendants HomeServices of America, Inc., HSF Affiliates, LLC, BHH Affiliates, LLC, and The Long & Foster Companies, Inc.

4841-1956-6541.8