UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, VALERIE NAGER, JACK RAMEY, DANIEL UMPA, And JANE RUH, on behalf of themselves and all others similarly situated<br><br>      Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.<br><br>      Defendants. | Case No. 1:19-cv-01610<br><br>Judge Andrea R. Wood<br><br>**ORAL ARGUMENT REQUESTED** |

## THE HOMESERVICES DEFENDANTS' MOTION TO STRIKE CERTAIN CLASS ALLEGATIONS

Defendants HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, and the Long & Foster Companies, Inc. ("HomeServices Defendants") respectfully move the Court to strike the class definition and require its amendment to excise arbitrating class members under Fed. R. Civ. P. 23(d)(1)(D). In support of their Motion, the HomeServices Defendants state as follows.[1]

---

[1] The HomeServices Defendants request oral argument on this Motion. Pursuant to this Court's Eighth Amended General Order 20-0012, the HomeServices Defendants do not notice this motion for presentment, nor do they submit courtesy copies. The HomeServices Defendants stand ready to notice this Motion for presentment and to submit courtesy copies at the Court's request.

1.      Plaintiffs' putative class action Complaint makes no effort to exclude arbitrating class members from the class definition. More than ten of HomeServices Defendants' subsidiaries potentially relevant to this matter utilized Listing and Arbitration Agreements containing binding arbitration clauses with putative class members here. Those Listing and Arbitration Agreements require arbitration of this dispute. Therefore, the putative class members who signed a Listing and Arbitration Agreement should be excised from the class definition.

2.      For the reasons set forth in the accompanying Memorandum of Law in Support, the Court should strike the class definition and require its amendment to excise class members who agreed to arbitrate this dispute.

WHEREFORE, for the reasons set forth in the accompanying Memorandum of Law in Support, the HomeServices Defendants respectfully request the Court enter an Order granting this Motion and striking the class definition and requiring its amendment to excise putative class members who agreed to arbitrate this dispute, all pursuant to Federal Rule of Civil Procedure 23(d)(1)(D).

Dated: December 7, 2020

Respectfully submitted by:

Counsel for HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, and The Long & Foster Companies, Inc.

/s/ *Robert D. MacGill*
Robert D. MacGill
Matthew T. Ciulla
**MACGILL PC**
55 Monument Circle
Suite 1200C
Indianapolis, IN 46204
(317) 721-1253
robert.macgill@macgilllaw.com
matthew.ciulla@macgilllaw.com

Jay N. Varon
Jennifer M. Keas
**FOLEY AND LARDNER LLP**
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5436
jvaron@foley.com
jkeas@foley.com

James D. Dasso
Erik Kennelly
**FOLEY AND LARDNER LLP**
321 North Clark Street Suite 2800
Chicago, IL 60654
(312) 832-4500
jdasso@foley.com
ekennelly@foley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2020, I electronically filed the foregoing MOTION TO STRIKE CERTAIN CLASS ALLEGATIONS with the Clerk of the Court using the CM/ECF system, which will send notice to counsel for all parties that have appeared in this case.

*/s/ Robert D. MacGill*