IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, VALERIE NAGER, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No: 1:19-cv-01610<br><br>Judge Andrea Wood |

**CORPORATE DEFENDANTS'**
**JOINT MOTION FOR PROTECTIVE ORDER**

Defendants Realogy Holdings Corporation, HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, The Long & Foster Companies, Inc., RE/MAX LLC, and Keller Williams Realty, Inc. (collectively, the "Corporate Defendants"), by their attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, respectfully move this Court to enter a protective order that the Corporate Defendants are not required to produce documents and information not in their possession, custody, or control on behalf of independent franchisees for the purposes of discovery. In support of their Motion, the Corporate Defendants state as follows:

1.   As the Court is aware from the Parties' Joint Status Report (Dkt. No. 209, § III) and the Parties' discussion at the January 19, 2021, hearing, Plaintiffs and the Corporate Defendants have reached an impasse on whether the Corporate Defendants, for purposes of the Federal Rules of Civil Procedure 26 and 34, have possession, custody, control over certain documents associated with independently owned and operated franchisee brokerages.

2.   Plaintiffs assert that each Corporate Defendant be required to produce non-custodial documents from each of their ten highest transaction volume franchisees ("High-Volume Franchisees") related to: (i) the challenged restraints; (ii) steering and boycotting; (iii) participation in NAR/MLSs/local associations; (iv) training materials; (v) subpoenas/CIDs (if any); and (vi) market share. Plaintiffs assert that such information is responsive to party discovery already served to each Corporate Defendant, including eighteen different requests for production.

3.   Plaintiffs go even a step further by seeking to designate ten independent contractor real estate agents from the High Volume Franchisees as custodians and to force Corporate Defendants to produce each independent contractor's documents related to the same subjects above.

4.   As set forth in the accompanying memoranda, however, the Corporate Defendants do not have legal "control" over the franchisees or the franchisees' independent contractors within the meaning of Fed. R. Civ. P. 34. With one limited exception as to one of the Corporate Defendants that is not included in this Motion, the franchisees are not owned by the Corporate Defendants and are not the Corporate Defendants' subsidiaries; instead, they are independently owned and operated businesses that have signed franchise agreements. The franchise agreements make clear that these franchisees are not the agents, partners, representatives, or employees of the

Corporate Defendants. In addition, subject to very discrete and limited exceptions, the Corporate Defendants have no possession or custody of the documents sought by Plaintiffs and no legal right to obtain them.

5. Further, pursuant to Rule 26, subjecting the Corporate Defendants' independent franchisees, and those independent franchisees' independent contractor agents, to this extensive discovery as if they were parties to this litigation is not proportional to the needs of the case.

6. In support hereof, the Corporate Defendants submit the accompanying memorandum of law, declarations from the Corporate Defendants, and representative samples of their franchise agreements.

WHEREFORE, pursuant to Rules 26(c)(1) and 34 of the Federal Rules of Civil Procedure, the Corporate Defendants respectfully request the Court enter a Protective Order: (i) that the Corporate Defendants have no legal right to obtain, and hence no control over, general documents that are uniquely in the possession or custody of independently owned and operated franchisees (subject to any particular finding by the Court that an operative franchise agreement provides an express right to obtain particular documents that are responsive to Plaintiffs' document requests); and (ii) the Corporate Defendants otherwise are relieved of any demand that they seek documents from the franchisees.

Dated: January 27, 2021

Respectfully submitted,

*Counsel for Realogy Holdings Corp.*

/s/ Kenneth M. Kliebard
Kenneth M. Kliebard
  kenneth.kliebard@morganlewis.com
Heather Nelson
  heather.nelson@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
77 West Wacker Drive, Suite 500

Chicago, IL 60601-5094
(312) 324-1000

Stacey Anne Mahoney, *pro hac vice*
  stacey.mahoney@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

William T. McEnroe
   william.mcenroe@morganlewis.com
 MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
(215) 963-5000


***Counsel for HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, The Long & Foster Companies, Inc.***

*/s/ Robert D. Macgill*
Robert D. Macgill
  robert.macgill@macgilllaw.com
Matthew T. Ciulla
  matthew.ciulla@macgilllaw.com
MACGILL PC
55 Monument Circle, Suite 1200C
Indianapolis, IN 46204
(317) 721-1253

Jay N. Varon
  jvaron@foley.com
Jennifer M. Keas
  jkeas@foley.com
FOLEY AND LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5436

James D. Dasso
  jdasso@foley.com
FOLEY & LARDNER LLP
321 N. Clark St., Suite 2800
Chicago, IL 60654

4

(312) 832-4588

***Counsel for Keller Williams Realty, Inc.***

/s/ Timothy Ray
Timothy Ray
 Timothy.Ray@hklaw.com
William F. Farley
 william.farley@hklaw.com
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60603
(312) 263-3600

David C. Kully
 david.kully@hklaw.com
Anna P. Hayes
 anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

***Counsel for RE/MAX, LLC***

/s/ Jeremy J. Gray
Jeremy J. Gray
 jjgray@jonesday.com
Odeshoo Hasdoo
 ehasdoo@jonesday.com
Megan E. Ryan
 mryan@jonesday.com
JONES DAY
77 W Wacker, Suite 3500
Chicago, IL 60605
(312) 782-3939

Jeffrey A. LeVee
 jlevee@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
(213) 243-2572

## **CERTIFICATE OF SERVICE**

I, Kenneth M. Kliebard, an attorney, certify that on January 27, 2021, I caused a copy of foregoing, Corporate Defendants' Joint Motion for Protective Order, to be filed and served on all counsel of record via this Court's CM/ECF system.

/s/ Kenneth M. Kliebard
Kenneth M. Kliebard