**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, VALERIE NAGER, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY,INC.,<br><br>Defendants. | Case No.: 1:19-cv-01610<br><br>Judge Andrea R. Wood |

**PARTIES' POSITIONS ON PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER REGARDING NATIONAL ASSOCIATION OF REALTORS' NOTICE OF DEPOSITION OF <u>NAMED PLAINTIFF VALERIE NAGER</u>**

### 1. INTRODUCTION

Plaintiffs seek to withdraw Valerie Nager with prejudice as a class representative from this litigation but without prejudice for her participation as an absent member of the putative class. Defendant National Association of Realtors ("NAR") seeks to depose Ms. Nager as a condition for her voluntary withdrawal as a class representative. Plaintiffs move for a protective order regarding the discovery that NAR seeks to obtain from Ms. Nager. The parties have met and conferred several times but have been unable to reach a resolution of this issue.

1

2. **PLAINTIFFS' POSITION**

Early in the litigation, and prior to Defendants serving any discovery, Plaintiffs advised Defendants that Plaintiff Valerie Nager intends to withdraw as a named Plaintiff because she does not want to actively participate in this case. In response, NAR alone served a deposition notice and document requests that would have the intended effect of forcing Ms. Nager to continue to participate against her will. Notably, no other Defendants joined NAR's deposition notice and document requests, and none have opposed Ms. Nager's withdrawal or her request for a protective order (they take no position).[1]

NAR's refusal to consent to Ms. Nager's withdrawal and its insistence on seeking from her burdensome and unnecessary discovery—*after* being notified of her intent to withdraw—is contrary to the law. "Absent a good reason . . . a plaintiff should not be compelled to litigate if it doesn't wish to." *Org. of Minority Vendors, Inc. v. Ill. Cent. Gulf R.R.*, No. 79-cv-1512, 1987 WL 8997, at *1 (N.D. Ill. Apr.2, 1987). The Seventh Circuit recognizes that the burden to obtain discovery from absent class members is even "more severe" when defendants seek deposition testimony, as NAR does here. *See Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974). Thus, courts routinely reject defendants' attempts to condition voluntary withdrawal of class representatives on sitting for a deposition. *See, e.g.*, *Doe v. Arizona Hosp. & Healthcare Ass'n*, No. 07-cv-01292, 2009 WL 1423378, at *14 (D. Ariz. Mar. 19, 2009) (collecting cases and denying request to depose withdrawing plaintiff). Because NAR has not met its heavy

---

[1] Defendants jointly served extensive requests for production and interrogatories on all of the current named Plaintiffs, including Ms. Nager. Because Defendants have indicated that, at this time, they are not seeking to enforce these requests with respect to Ms. Nager, Plaintiffs do not address these requests in their motion for a protective order.

burden of showing that the discovery it seeks from Ms. Nager is necessary, Plaintiffs request the Court permit her withdrawal and enter a protective order.[2]

A. Factual Background

Shortly after the Court denied Defendants' motions to dismiss, and before Defendants issued any discovery requests, Plaintiffs advised Defendants on November 8, 2020 that Ms. Nager, for personal reasons, sought to withdraw as a class representative. Plaintiffs requested Defendants' consent to a voluntary stipulation of dismissal. On January 12, 2021, NAR served a deposition notice and written discovery requests on Ms. Nager alone.[3] NAR's requests seek only information on Ms. Nager's desire to join and withdraw as a named plaintiff, including privileged communications with her attorneys.

> **REQUEST NO. 1:** All Communications relating to your decision to join the lawsuit as a class representative with any Person, including all Communications with your counsel in this litigation prior to your engagement of that counsel.
>
> **REQUEST NO. 2:** All Communications relating to your decision to withdraw from this lawsuit as a class representative with any Person other than your counsel in this litigation. Ex. B. at 3-4.

B. Argument

A class representative that withdraws "should be treated like any other non-representative class member" *Org. of Minority Vendors, Inc.*, 1987 WL 8997, at *1 (N.D. Ill. Apr. 2, 1987). And discovery is "rarely imposed upon" absent class members. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811 n.2 (1985). Further, courts in practice apply the same discovery standards for both withdrawing and absent class members. *See, e.g.*, *In re Currency Conversion Fee Antitrust*

---

[2] Ms. Nager reserves her right to fully dismiss her claims with prejudice in order to completely withdraw from the litigation.
[3] *See* Declaration of Rio Pierce in Support of Plaintiffs' Motion for a Protective Order Regarding National Association of Realtors' Notice of Deposition of Named Plaintiff Valerie Nager, concurrently filed herewith, attaching both Exhibits A ("Notice") and B ("Requests").

*Litig.*, MDL No. 1409, 2004 WL 2453927, at *2 (S.D.N.Y. Nov. 3, 2004) (denying request to depose departing class representative because "the burden on the defendant to justify discovery of absent class members by means of deposition is particularly heavy" (quotations omitted)).

The Seventh Circuit has held that absent class member discovery is permitted only in "special circumstances" after the party seeking discovery has obtained leave of court and carried its "heavy burden" of showing the discovery is necessary. *See Clark*, 501 F.2d at 341 (reversing district court's order for absent class member discovery). To satisfy this burden, the party seeking discovery must demonstrate "the meritorious nature of the request" through a "showing of necessity and absence of any motive to take undue advantage of the class members." *Id.* NAR cannot make either showing. Nor can NAR show prejudice from Ms. Nager's withdrawal.

      **i.**     **NAR has not satisfied its burden to justify the Requests**

First, NAR cannot show the discovery it seeks from Ms. Nager is necessary. A defendant must "show[ a] particularized need, which generally requires a demonstration that the discovery is addressed to common issues (as opposed to individualized issues), that it is not designed to force class members to opt out, and that it would not impose an undue burden or require the deponent to seek legal or technical assistance to respond." *Groth v. Robert Bosch Corp.*, No. 1:07-cv-962, 2008 WL 2704709, at *1 (W.D. Mich. July 9, 2008). Here, the Requests are targeted at individualized issues regarding Ms. Nager's decision to participate in and withdraw from the litigation. Courts recognize that this kind of "discovery of absent class members regarding individual issues, as opposed to common questions, is inappropriate." *Redmond v. Moody's Investor Serv.*, No. 92-cv-9161, 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995). Thus, courts have repeatedly held, as the Court here should, that defendants do not meet their "heavy burden" for discovery from withdrawing class representatives when they seek such

discovery to "learn about the circumstances surrounding their withdrawal." *Currency Conversion*, 2004 WL 2453927, at *2; *see also Doe*, 2009 WL 1423378, at *14; *Urethane*, 2006 WL 8096533, at *2; *Org. of Minority Vendors*, 1987 WL 8997, at *1. Furthermore, even if NAR did seek testimony from Ms. Nager on common issues, it has not shown why it cannot obtain discovery on class-wide issues from the six remaining class representatives. *Valenzuela v. Union Pac. R.R. Co.*, 2016 WL 3029887, at *4 (D. Ariz. May 27, 2016) (denying discovery from withdrawing class representatives because "Defendants have not shown that the information they seek . . . is not available from the class representatives."); *Doe*, 2009 WL 1423378, at *14 (finding discovery from withdrawing plaintiffs "particularly unnecessary in light of the fact that there are currently three identified class representatives who could be . . . deposed").

Second, the discovery NAR seeks is intended "to take undue advantage of" Ms. Nager. *Clark*, 501 F.2d at 341. NAR's deposition request would obviously require Ms. Nager to seek legal or technical assistance to respond. It would also impose an "undue burden" on Ms. Nager to sit for deposition "when it would serve no valid class certification purpose." *Urethane*, 2006 WL 8096533, at *2. Indeed, Ms. Nager is the only Plaintiff whom NAR has noticed for deposition.

  **ii.**   **NAR will suffer no prejudice from Ms. Nager's withdrawal**

Discovery from Ms. Nager is also unjustified because NAR will suffer no prejudice from her withdrawal. The Seventh Circuit has identified four factors for determining whether a plaintiff's voluntary dismissal causes prejudice: (1) the defendant's effort in preparing for trial; (2) excessive delay or lack of diligence on the plaintiff's part in prosecuting the action; (3) the adequacy of plaintiff's explanation of the need for dismissal; and (4) the stage of the litigation at the time the motion to dismiss is made, specifically whether a motion for summary judgment is pending. *See FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992). Here, each factor reflects

that NAR would suffer no prejudice from Ms. Nager's dismissal, meaning it would be particularly unjustified to condition her withdrawal on discovery responses.

First, Plaintiffs notified Defendants of Ms. Nager's intent to withdraw within days of receiving Defendants' answers. At that point, NAR had engaged in no specific effort or expense toward Ms. Nager. Second, by notifying Defendants of Ms. Nager's intent to withdraw soon after this Court lifted its stay, Plaintiffs did not engage in undue delay. Third, Plaintiffs informed Defendants that Ms. Nager intends to withdraw for personal reasons. Courts recognize that "the pressures and obligations of extended litigation would present challenges to many people." *Doe*, 2009 WL 1423378, at *13. Fourth, the litigation is still in its early stages—there is no summary judgment or class certification brief pending. Therefore, there is no reason to condition Ms. Nager's withdrawal on responses to NAR's discovery because NAR will suffer no prejudice.

### iii. No special circumstances warrant the extraordinary discovery NAR seeks

Those courts that have allowed deposition testimony from absent class members have done so in only limited circumstances that are not present here. For instance, some courts have permitted deposition testimony when absent class members seek to "inject" themselves into the litigation, such as by submitting declarations during class certification briefing. *Vasquez v. Leprino Foods Co.*, No. 1:17-cv-00796, 2019 WL 4670871, at *3–4 (E.D. Cal. Sept. 25, 2019); *see also Burgess v. Tesoro Ref. & Mktg. Co.*, No. 10-cv-5870, 2011 WL 13217362, at *1 (C.D. Cal. July 5, 2011) (permitting depositions of absent class members who submitted declarations in support of class certification, denying depositions of class members who did not submit declarations). Here, Ms. Nager seeks only to remove herself from the litigation. Indeed, Plaintiffs' proposed stipulation for Ms. Nager's withdrawal provides that her withdrawal as a named plaintiff will be with prejudice.

Certain courts have also allowed defendants to obtain discovery when plaintiffs have advised defendants of the intent to withdraw *after* plaintiffs have been served with discovery. *See Young v. LG Chem Ltd.*, No. 13-md-02420, 2015 WL 8269448, at *5–6 (N.D. Cal. Dec. 9, 2015); *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 303–04 (D.D.C. 2000). But here there is no evidence of gamesmanship or bad faith because Ms. Nager sought to withdraw before Defendants had served *any* discovery.

Finally, one court allowed deposition testimony from a small sample of absent class members about common questions. *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 73–74 (S.D.N.Y. 2020). The court recognized that it "would be helpful at the class certification stage to hear testimony from those class-eligible individuals who have had relevant experiences that Named Plaintiffs have not had" and allowed "limited depositions of absent putative class members on issues of typicality, commonality, and predominance." *See id.* (class defined to include hardware and software purchasers from defendant but named plaintiffs had only purchased hardware). Here, by contrast, six class representatives remain in the case, and Defendants will obtain ample testimony from them regarding class-wide issues. NAR has provided no explanation for why Ms. Nager possesses unique knowledge that "would be helpful to the Court at the class certification stage." *See id.* at 74. Indeed, NAR's Requests do not even seek materials does not even appear to seek testimony from Ms. Nager on issues of typicality, commonality, and predominance—its document requests focus solely on Ms. Nager's individual participation in the litigation. Therefore, the actual testimony sought by NAR will be irrelevant to class certification because Ms. Nager will not serve as a class representative.

Accordingly, Plaintiffs request that the Court permit Ms. Nager's withdrawal and issue a protective order barring NAR's discovery to Ms. Nager.

3. **NAR's Position**

The National Association of Realtors® does not object to the dismissal of named plaintiff Valerie Nager without prejudice, provided that NAR is permitted to take Ms. Nager's deposition regarding her claims, how she came to be a named plaintiff, and the reasons for her request to be dismissed. To be able to conduct the deposition efficiently, NAR has served Ms. Nager with a request for a limited number of documents. In Part A of this position statement, we explain the specific reasons that NAR is seeking to take the deposition of Ms. Nager and why NAR would be prejudiced if the deposition is not permitted. In Part B, we set forth the law supporting the conclusion that NAR should be allowed to take the deposition.

    A.    <u>**Reasons For The Requested Discovery**</u>

NAR wishes to take the deposition of Ms. Nager because such discovery is likely to produce information that will support NAR's opposition to the anticipated motion by the remaining named plaintiffs to certify a Rule 23(b)(3) class in this litigation. Specifically, NAR believes that the deposition testimony of Ms. Nager, and any documents that she produces in response to NAR's limited request for documents, may well help to demonstrate (1) that the questions of law or fact said by plaintiffs to be common to class members do not in fact predominate over questions affecting only individual members of the putative class for purposes of Rule 23(b)(3); and (2) that the difficulties that are "likely to be encountered in the management of a class action" within the meaning of Rule 23(b)(3)(D) counsel against certification.

In this connection, NAR notes as follows: The principal claims of the named plaintiffs appear to be (1) that there is a conspiracy among defendants to charge home sellers supra-competitive commission rates; and (2) that, but for this alleged conspiracy, listing brokers would

8

not be offering to share their commissions with buyers brokers, and buyers would thus have to pay their brokers. Ms. Nager is a named class representative who was apparently carefully selected by plaintiffs' counsel to serve in that capacity. Yet NAR has reason to believe that Ms. Nager was not even the owner of the property that she is alleged in the Complaint to have sold. Rather, the owner may have been a real estate trust of which Ms. Nager was a trustee.

More substantively, NAR also has reason to believe that this named class representative is very knowledgeable about real estate transactions, knew full well that she could negotiate commissions with the listing broker, and sometimes did negotiate commissions with brokers. Moreover, she understood that she could instruct the listing broker to offer any level of commission, including a *de minimis* commission, to the buyer's broker, but she recognized that payment of a commission by the listing broker to the buyer's broker was in the best interests of the home seller.

To the extent that these facts are confirmed in a deposition or in documents, the testimony of Ms. Nager would raise serious questions as to whether the real estate transactions of members of the purported class are sufficiently similar across the board that common factual and legal issues predominate – as required by Rule 23(b)(3). Indeed, Ms. Nager's experience is likely to provide a telling example of how individualized the facts of every home sale are. That testimony would also indicate some of the problems that are likely to be encountered in the management of this case as a class action and that, therefore, counsel against certification of this case as a class action under Rule 23(b)(3).

Significantly, Ms. Nager is not some absent member of the alleged class. She is a named class representative who was presumably carefully vetted by counsel for plaintiffs. Unlike absent class members, moreover, she voluntarily injected herself into this litigation when she

9

agreed to be a class representative before changing her mind nearly two years later. Yet, it may well turn out that she was not even the owner of the property that she claims to have sold, that she knew that she could negotiate commissions with the listing broker, and that she understood full well the advantages to home sellers from having the listing broker offer a substantial commission to the MLS member who produced a buyer for the listed property. In these circumstances, a refusal to permit NAR to take Ms. Nager's deposition, as a condition of her dismissal as a class representative, would substantially prejudice NAR in its opposition to plaintiffs' upcoming motion to certify a Rule 23(b)(3) class.

B.     **Relevant Law**

There can be no question that this Court has the authority to grant the requested discovery as a condition of granting the motion to dismiss. Federal Rule of Civil Procedure 41(a)(2) allows an action to be dismissed voluntarily "only by court order on terms that the court considers proper". That Rule grants the district court broad discretion to decide whether to grant the voluntary dismissal and, if so, on what terms and conditions. *Wells Fargo v. Younan Props. Inc.*, 737 F.3d 465, 467-468 (7th Cir. 2013).

The following statement by Judge Gottschall in *In re Navistar MaxxForce Engines Marketing Sales Practices and Products Liability Litigation*, 2018 WL 316369 (N.D. Ill. 2018), is squarely on point: "When a plaintiff seeks to bow out as a proposed class representative, voluntary dismissal can be properly conditioned on the plaintiff's responding to outstanding discovery requests". That is exactly what NAR is requesting with respect to Ms. Nager. *See also, Young v. LG Chem. Ltd.*, No. 13-md-02420-YGR(DMR), 2015 WL 8269448, at *5 (N.D. Cal. Dec. 9, 2015) (allowing some discovery from departing putative class representatives); *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 303–06 (D.D.C. 2000) (requiring formerly named plaintiffs to respond to all outstanding discovery requests).

10

As these cases indicate, discovery from a named plaintiff seeking to be dismissed should be permitted unless such discovery is not genuinely intended to produce probative evidence that is needed to assist a defendant in its defense of the litigation -- but rather is interposed for purposes of harassment or for no substantial reason. As the discussion in Part A, *supra*, indicates, the requested discovery of Ms. Nager is intended to generate evidence that is directly related to issues relevant to the Court's assessment of plaintiffs' anticipated motion for certification of a Rule 23(b)(3) class. It has been carefully structured to try to avoid any harassment. In fact, Ms. Nager has been excused from compliance with all other discovery requests that have been served on the remaining class representatives. In these circumstances, a refusal to permit this discovery will substantially prejudice NAR – and for no good reason.

Plaintiffs are likely to make three arguments in opposition to the requested discovery. First, they will note that discovery of a named class representative who wishes to be dismissed will not be ordered where the defendant cannot demonstrate prejudice if the discovery is denied. That was the case, for example, in Judge Gottschall's decision in *Navistar, supra*. 2018 WL 316369 at *4. Here, by contrast, the discussion in Part A, *supra*, demonstrates that, given the specific suspected facts pertinent to Ms. Nager, a refusal to permit her deposition would prejudice NAR. Notably, such discovery would not prejudice either Ms. Nager or the remaining class representatives in any way.

Second, plaintiffs may rely on cases that limit or deny discovery of absent class members. But, as noted above, Ms. Nager is not an absent class member. She voluntarily injected herself into this lawsuit as a named plaintiff. As a named plaintiff, she presumably is familiar with the issues in the case. Moreover, she is represented by counsel. All of these factors distinguish this situation from cases involving discovery of absent class members. But

11

even then, the law on discovery from absent class members supports the request for this discovery. *Vasquez v. Leprino Foods Co.*, 2019 WL 4670871 (E.D. Cal. 2019) (laying out the relevant considerations); *Fishon v. Peloton*, 336 F.R.D. 67, 72 (S.D.N.Y. 2020) (authorizing defense counsel to take the depositions of 21 absent class members who had previously made arbitration claims against the defendant).

Third, plaintiffs may suggest that the notice of deposition and accompanying request for documents were untimely in that they were not served until defendants had been given notice that Ms. Nager wished to be dismissed as a class representative. However, NAR's discovery requests were made specifically in order to ascertain the reasons for her desired dismissal as a class representative and the light that those reasons might shed on the propriety of certification of a class under Rule 23(b)(3). It should go without saying that these discovery requests could not have been served until defendants received notice of the proposed dismissal of Ms. Nager. And the requests were served on Ms. Nager well before any motion for voluntary dismissal was made.

As indicated above, the discovery sought is neither harassing nor burdensome. Indeed, NAR did not serve any interrogatories on Ms. Nager. Its narrowly-tailored requests for production seeks documents relating only to her decision to be a plaintiff and her subsequent decision to be dismissed. And the deposition of Ms. Nager, if allowed to proceed, will be limited to exploring her claims against defendants and the reasons for her decision to drop those claims as a named plaintiff. As explained in this position statement, a refusal to permit this discovery will prejudice NAR's defense to plaintiffs' anticipated motion to certify a class.

C. **Conclusion**

For the reasons set forth above, NAR respectfully submits that this Court should grant its request pursuant to Rule 41(a)(2) to condition dismissal of Ms. Nager on her sitting for a deposition and providing a very limited number of documents should be granted.

*Co-Lead Counsel for Plaintiffs*

/s/ Rio S. Pierce
Rio S. Pierce
 riop@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Steve W. Berman (Bar No. 3126833)
 steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Daniel Kurowski
 dank@hbsslaw.com
Whitney Siehl
 wsiehl@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

Daniel A. Small
 dsmall@cohenmilstein.com
Kit A. Pierson
 kpierson@cohenmilstein.com
Benjamin D. Brown
 bbrown@cohenmilstein.com
Robert A. Braun
 rbraun@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor

*Counsel for Defendant*
*National Association of Realtors®*

/s/ Jack R. Bierig
Jack R. Bierig
 jbierig@schiffhardin.com
Robert J. Wierenga
 rwierenga@schiffhardin.com
Adam J. Diederich
 adiederich@schiffhardin.com
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
312-258-5500 (Phone)
312-258-5600 (Fax)

Suzanne L. Wahl
  swahl@schiffhardin.com
SCHIFF HARDIN LLP
350 S. Main Street, Suite 210
Ann Arbor, MI 48104
(734) 222-1517

Washington, DC 20005
Telephone: (202) 408-4600

Carol V. Gilden (Bar No. 6185530)
 cgilden@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370

Marc M. Seltzer
 mseltzer@susmangodfrey.com
Steven G. Sklaver
 ssklaver@susmangodfrey.com
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100

Matthew R. Berry
 mberry@susmangodfrey.com
Alexander W. Aiken
 aaiken@susmangodfrey.com
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880

Beatrice C. Franklin
 bfranklin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
Telephone: (212) 336-8330