IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, VALERIE NAGER, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., <br><br> Defendants. | Case No: 1:19-cv-01610 <br><br> Judge Andrea Wood |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF EXPERT MATERIALS FROM *SITZER v. NAR***

**INTRODUCTION**

Plaintiffs served on Defendants a request for production seeking all expert reports, testimony, and reliance materials in *Sitzer v. Nat'l Ass'n of Realtors*, No. 19-cv-00332 (W.D. Mo.)—a case that Defendants admit involves the same alleged conspiracy, the same anticompetitive restraints, and the same Defendants as this action.[1] Plaintiffs seek these materials because they will undoubtedly contain significant, relevant information on critical issues in the *Moehrl* case.[2]

Defendants have categorically objected to producing these expert materials, arguing that they are not relevant to this case and that Plaintiffs are seeking premature expert discovery inconsistent with the Court's Scheduling Order. Neither argument has merit and both are regularly rejected by courts, including this one. *See, e.g.*, *Brown v. Overhead Door. Corp.*, No. 06-cv-50107, 2008 WL 1924885, at *1-2 (N.D. Ill. Apr. 29, 2008) (ordering production of expert reports from other cases); *Colonial BancGroup Inc. v. PriceWaterhouseCoopers LLP*, No. 2:11-cv-74, 2016 WL 9687001, at *2 (M.D. Ala. Jan. 22, 2016) (expert materials from related case are fact, not expert, discovery).

The *Sitzer* expert materials plainly meet the Federal Rules' definition of relevant discovery because they will necessarily focus on the *Sitzer* plaintiffs' allegations of the same conspiracy, anticompetitive conduct, anticompetitive effects, and product market definition at issue in the *Moehrl* case. Nor does the production of *Sitzer* reports act as a Rule 26(a)(2) disclosure in the

---

[1] Defendants' expert disclosures in *Sitzer* are due shortly after briefing on this motion is concluded. *See Sitzer v. Nat'l Ass'n of Realtors*, No. 19-cv-00332 (W.D. Mo.), Docket No. 432 (ordering Defendants' expert disclosures by July 30, 2021).

[2] Plaintiffs certify under Local Rule 37.2 that that after consultation by telephone (including on May 3, 2021) and by email involving all parties, and good faith attempts to resolve differences, the parties were unable to reach an accord.

1

*Moehrl* case (much less premature a one, as Defendants claim). Rule 26(a)(2) requires parties to identify each expert witness in a particular case and to serve a written report reflecting each witness's opinions. As courts recognize, production of an expert report from a related litigation does not constitute premature disclosure of the expert opinions that Defendants will offer in this litigation. *See, e.g.*, *Colonial BancGroup*, 2016 WL 9687001, at *2; *Parkervision Inc. v. Qualcomm Inc.*, 2013 WL 3771226, at *1-2 (M.D. Fla. 2013) (prior expert materials are discoverable under Rule 26(b)(1)). Finally, Defendants can make no serious argument that simply forwarding their *Sitzer* expert productions to the *Moehrl* plaintiffs would be unduly burdensome. Defendants should therefore be required to produce the *Sitzer* expert materials in this case when they are produced in the *Sitzer* case.

## ARGUMENT

### I. THE *SITZER* EXPERT MATERIALS ARE RELEVANT

As the Court is aware, the *Moehrl* and *Sitzer* plaintiffs allege that Defendants have conspired to impose and enforce the same anticompetitive restraints, with the *Sitzer* plaintiffs suing on behalf of a class of home sellers in four Missouri-based MLSs and the *Moehrl* plaintiffs suing on behalf of a class of home sellers in twenty other MLSs. Defendants themselves have acknowledged the similarities between the two cases. For example, the Corporate Defendants argued that the *Sitzer* complaint "alleges the same core, substantive allegations as in *Moehrl*"; that "both *Moehrl* and *Sitzer* allege the same general anticompetitive conduct"; and that "[d]espite the complementary MLSs at issue in each complaint, the core allegations are the same, are not alleged to vary by geographic market, and discovery would necessarily overlap because each complaint focuses on Defendants' alleged conduct—*i.e.*, Defendants' corporate policies and an alleged agreement between Corporate Defendants and NAR." Suggestions in Support of Corporate

Defendants' Motion to Transfer, *Sitzer*, No. 19-cv-00332 (W.D. Mo.), Docket No. 62, at 5-7 (July 10, 2019). NAR has argued that the *Sitzer* and *Moehrl* actions are "virtually identical." Suggestions in Support of Motion of Defendant National Association of Realtors to Transfer this Case to the Northern District of Illinois, *Sitzer*, No. 19-cv-00332 (W.D. Mo.), Docket No. 59, at 14 (July 10, 2019).

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Prior expert deposition transcripts and prior trial testimony transcripts are discovery materials which fall within the ambit of Rule 26(b)(1) for *general fact discovery*." *Colonial BancGroup*, 2016 WL 9687001, at *2 (quoting *Parkervision*, 2013 WL 3771226, at *1-2 (alterations omitted)). Reports from prior related litigation are, among other things, relevant to "examin[ing a party's] prior litigation positions with regard to the [conduct] at issue" in a case. *Endotach LLC v. Cook Med Inc.*, No. 113-cv-01135, 2014 WL 12753789, at *3 (S.D. Ind. May 16, 2014) (ordering production of expert reports in prior related patent litigation, even though they "involve[d] different patents," and rejecting defendant's argument that reports were not relevant).

Accordingly, courts regularly require the production of prior expert reports, particularly from cases that are as closely related in subject matter as *Sitzer* and *Moehrl*. *See, e.g.*, *Infernal Tech., LLC v. Microsoft Corp.*, No. 18-cv-00144, 2019 WL 5388442, at *2 (E.D. Tex. May 3, 2019) (ordering production of infringement expert reports from previous litigation because "Plaintiffs' prior litigation positions regarding the same claims asserted in this case are relevant to the claims and defenses in this case"); *Brown*, 2008 WL 1924885, at *1-2 (ordering production of expert reports from other cases); *Expeditors Int'l of Washington, Inc. v. Vastera, Inc.*, No. 04-cv-

0321, 2004 WL 406999, at *2 (N.D. Ill. Feb. 26, 2004) (ordering production of prior damages reports); *Colonial BancGroup*, 2016 WL 9687001, at *1-2 (ordering production of prior expert reports); *Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-0630, 2013 WL 3246094, at *22 (N.D. Cal. June 26, 2013) (ordering production of documents from other litigation involving same technology, including damages expert reports); *High Point SARL v. Sprint Nextel Corp.*, 2012 WL 1533213, at *9 (D. Kan. Apr. 30, 2012) ("High Point has met its burden of showing the relevancy of the expert reports and deposition testimony from damages experts in [related] litigation.").

It is hard to imagine how the *Sitzer* expert reports would *not* contain information that is relevant to the parties' claims and defenses in this case. The reports will inevitably focus on whether the *Sitzer* plaintiffs can prove the various aspects of their claims using common evidence and reliable methodologies. As such, the *Sitzer* expert reports will without doubt contain relevant information on the alleged anticompetitive conduct, and the effects of that conduct, which are common to both the *Moehrl* and *Sitzer* cases.[3] They are also certain to reflect relevant information on the real-estate industry, United States (and, potentially, international) market conditions, and Defendants' positions in the market. In addition, they will also contain relevant information about current and historical United States (and, potentially, international) commission rates. Information about positions Defendants have taken on the real-estate industry, and their roles in that industry, is highly relevant to Plaintiffs' claims and Defendants' defenses—and necessarily will not be

---

[3] The discoverability of Defendants' expert reports in *Sitzer* is further supported by the substantially identical protective orders entered in both this case and in *Sitzer*, which permit the production of confidential materials produced in *Sitzer* to outside counsel in *Moehrl* "with the exception of materials pertaining *only* to Subject MLSs." *Sitzer*, No. 19-cv-00332, Docket No. 92, at 10 (emphasis added). There is no realistic possibility that Defendants' *Sitzer* expert reports will pertain *only* to the MLSs at issue in the *Sitzer* case. Even so, in addition to objecting to producing their expert reports to the *Moehrl* plaintiffs directly, Defendants have also objected to counsel for the *Sitzer* plaintiffs producing Defendants' reports to the *Moehrl* plaintiffs. Plaintiffs reserve all rights to seek relief through the *Sitzer* protective order.

limited solely to the geographic MLSs at issue in *Sitzer*. Just as expert materials from a case involving a different defendant or product but the same patent is relevant to a later patent litigation, so too are expert materials from a case involving the same defendants and the same alleged conspiracy, albeit a different geographic plaintiff class. *See Endotach LLC*, 2014 WL 12753789, at *3.

## II. THE *SITZER* MATERIALS ARE NOT PREMATURE EXPERT DISCOVERY

Defendants have also objected to producing the *Sitzer* expert materials because Defendants contend that doing so would constitute premature expert discovery in the *Moehrl* case. This position has been rejected by courts around the country, including in this district. *See, e.g.*, *Brown*, 2008 WL 1924885, at *1-2 (holding that plaintiff's experts' prior testimony was "relevant information under Fed. R. Civ. P. *26(b)(1)*") (emphasis added); *Expeditors Int'l*, 2004 WL 406999, at *2 (similar); *Parkervision*, 2013 WL 3771226, at *1 (prior expert reports and transcripts "fall within the ambit of Rule 26(b)(1) for general fact discovery," rather than Rule 26's expert discovery provisions); *Wagner v. Mr. Bults, Inc.*, No. 10-cv-3008, 2010 WL 4781623, at *3 (D. Neb. Nov. 16, 2010) (observing that Rule 26(a)(2) "clearly . . . does not require disclosure of" reports from other cases, but that they are discoverable under "the general rules governing discovery").

In *Colonial BancGroup Inc.*, PriceWaterhouseCoopers (PWC) objected to the plaintiff's request for expert reports from another case against PWC that implicated "many of the very same issues," arguing "that disclosure of its expert's opinions in [a separate] case to Plaintiff at this time gives Plaintiff an unfair advantage of knowing what PWC's experts in this case might say" and that the disclosure would be irrelevant if PWC did not use the same experts again. 2016 WL 9687001, at *1. The court rejected both arguments:

5

> First, the relevance standard is defined broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. There is no doubt that PWC's expert opinion deposition testimony in TBW, which the parties agree involve many of the very same issues that are at issue here . . . is relevant to the issues in this case. Thus, PWC's irrelevance argument fails. Second, PWC's argument as to the Uniform Scheduling Order's prohibition on discovery of expert opinions in this case until the expert reports are due on June 30, 2016, also fails. Indeed, the Court views the discovery of PWC's expert deposition testimony in other cases as *fact discovery* in this case which under the Uniform Scheduling Order as Amended is occurring now and will conclude April 19, 2016.

*Id.*, at *2 (internal quotation marks and citation omitted).

The same is true here. Plaintiffs are not seeking the identity or opinions of any of Defendants' experts in *this* litigation. Rather, Plaintiffs seek documents in Defendants' possession that contain relevant information bearing on this case. The fact that the information at issue happens to be reflected in expert materials prepared for a separate case does not magically transform it into Rule 26(a)(2) expert discovery in the *Moehrl* litigation. The *Sitzer* expert materials are relevant fact discovery under Rule 26(b)(1), and should be produced.

### III.   THERE IS NO OTHER OBSTACLE TO PRODUCTION

Defendants have not pointed to any meaningful discovery burden to producing the *Sitzer* expert reports—nor can they, given that Defendants will simply have to forward the expert productions they serve in *Sitzer*. Accordingly, because the reports are relevant to the claims and defenses in this case, they should be produced under the plain terms of the Federal Rules of Civil Procedure.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant Plaintiffs' motion to compel production of the *Sitzer* expert materials.

6

Dated: May 27, 2021   Respectfully submitted,

    */s/ Marc M. Seltzer*

Marc M. Seltzer
  mseltzer@susmangodfrey.com
Steven G. Sklaver
  ssklaver@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100

Matthew R. Berry
  mberry@susmangodfrey.com
Alexander W. Aiken
  aaiken@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880

Beatrice C. Franklin
  bfranklin@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

Steve W. Berman (Bar No. 3126833)
  steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Daniel Kurowski
  dank@hbsslaw.com
Whitney Siehl
  wsiehl@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611

Telephone: (708) 628-4949

Rio S. Pierce
  riop@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Carol V. Gilden (Bar No. 6185530)
  cgilden@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370

Daniel A. Small
  dsmall@cohenmilstein.com
Kit A. Pierson
  kpierson@cohenmilstein.com
Benjamin D. Brown
  bbrown@cohenmilstein.com
Robert A. Braun
   rbraun@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600