IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOEHRL, et al., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, et al., <br><br> Defendants. | No. 19-cv-01610 <br><br> Judge Andrea R. Wood |

## ORDER

The parties have filed a joint status report [231] setting forth their positions on Defendant National Association of Realtors's request to depose Plaintiff Valerie Nager as a condition of her voluntary withdrawal as a class representative. The Court treats the status report as Plaintiffs' motion for a protective order regarding Defendant National Association of Realtors's requested discovery and that motion is granted. Plaintiffs' motion to compel the production of expert materials from *Sitzer v. NAR* [242] is denied. See the accompanying Statement for details.

## STATEMENT

Plaintiffs are seven individuals who sold their homes on a local database of properties for sale known as a Multiple Listing Service ("MLS"). They have brought the present antitrust class action alleging that Defendant National Association of Realtors ("NAR") and multiple real estate brokerage firms violated § 1 of the Sherman Act, 15 U.S.C. § 1, by conspiring to implement and enforce anticompetitive restraints that cause home sellers like Plaintiffs and other members of the putative class to pay inflated commissions in connection with the sale of their homes. The parties are currently engaged in fact discovery. Now before the Court are two discovery disputes that have led Plaintiffs to seek a protective order (Dkt. No. 231) and to file a motion to compel (Dkt. No. 242.)

### I.

Plaintiffs' request for a protective order arises out of Plaintiff Valerie Nager's request to voluntarily withdraw as a class representative. According to Plaintiffs, Nager no longer wishes to participate in this action as a named Plaintiff for personal reasons. Plaintiffs advised Defendants of Nager's desire to withdraw and requested Defendants' consent to a voluntary stipulation of dismissal on November 8, 2020. No Defendant objected to Nager's withdrawal. However, one Defendant, NAR, sought to condition Nager's dismissal on its ability first to depose her regarding

her claims, how she came to be named as a Plaintiff, and the reasons for her request to be dismissed. Therefore, on January 12, 2021, NAR served a deposition notice and written discovery requests on Nager. Plaintiffs object to the requested discovery. After the Court learned of the discovery dispute, it directed the parties to submit a joint status report setting forth their positions on the requested discovery. The parties complied with the Court's direction (Dkt. No. 231), and the Court construes that status report as Plaintiffs' motion for a protective order.

"Absent a good reason . . . a plaintiff should not be compelled to litigate if [she] doesn't wish to." *Org. of Minority Vendors, Inc. v. Ill. Cent.-Gulf R.R.*, No. 79 C 1512, 1987 WL 8997, at *1 (N.D. Ill. Apr. 2, 1987). Allowing a named plaintiff to withdraw "is the appropriate and just approach if [she] does not wish to represent the class." *In re Neopharm, Inc. Sec. Litig.*, No. 02 C 2976, 2004 WL 742084, at *1 (N.D. Ill. Apr. 7, 2004). Once a named plaintiff has withdrawn, she "should be treated like any other non-representative class member. No further penalty may be placed on them for withdrawing from the litigation." *Org. of Minority Vendors*, 1987 WL 8997, at *1. And "[c]ourts do not ordinarily permit discovery from absent class members." *Antoninetti v. Chipotle, Inc.*, No. 06cv2671-BTM (WMc), 2011 WL 2003292, at *1 (S.D. Cal. May 23, 2011).

Nonetheless, discovery of absent class members may be appropriate in certain circumstances, particularly "where the proposed deponents have been identified as potential witnesses or have otherwise 'injected' themselves into the litigation." *Id.* at *2. In such circumstances, discovery may proceed where the defendant can show that "the information is necessary to their defense and not designed to take undue advantage of class members or to reduce the number of claimants." *Org. of Minority Vendors*, 1987 WL 8997, at *1. Further, a defendant bears a particularly heavy burden in justifying discovery of absent class members by deposition. *In re Currency Conversion Fee Antitrust Litig.*, No. MDL NO. 14904, M21-95, 2004 WL 2453927, at *2 (S.D.N.Y. Nov. 3, 2004).

Here, Nager has unquestionably injected herself into this litigation by initially agreeing to serve as a named Plaintiff and class representative. *S. Ave. Partners LP v. Blasnik*, No. 3:09-CV-00765-M-BK, 2013 WL 11089796, at *3 (N.D. Tex. Sept. 19, 2013). NAR contends that its requested discovery will support its anticipated opposition to certification of a Federal Rule of Civil Procedure 23(b)(3) class. In particular, NAR asserts that it has reason to believe that Nager did not actually own the property she is alleged to have sold and that she had significant knowledge about real estate transactions such that she knew she could negotiate brokers' commissions. It claims that confirming those facts will help it demonstrate that questions of law or fact common to the class do not predominate over questions affecting individual members of and that there will be difficulties in managing the class action. But the Court finds that NAR's concerns regarding Nager's individual circumstances fail to justify its requested discovery. *See, e.g.*, *Redmond v. Moody's Investor Serv.*, No. 92 CIV. 9161 (WK), 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995) ("[D]iscovery of absent class members regarding individual issues, as opposed to common questions, is inappropriate."). Indeed, NAR expressly acknowledges that the purpose of its requested discovery is to learn of Nager's reasons for withdrawing, which courts have rejected as a basis for discovery of an absent class members. *See, e.g.*, *In re ConAgra Foods, Inc.*, No. CV 11-05379 MMM (AGRx), 2014 WL 12577428, at *6 (C.D. Cal. May 2, 2014) (finding a lack of support for the defendant's "request that dismissal be conditioned on the

withdrawing class members' provision of sworn declarations detailing their reasons for seeking to dismiss their individual claims").

The Court also finds that Defendants will not suffer prejudice from Nager's unconditional withdrawal given the relatively early stage of the case. Plaintiffs requested a stipulation of voluntary withdrawal from Defendants about a month after the Court issued its ruling denying Defendants' motions to dismiss and before any Defendant had answered the Consolidated Class Action Complaint. During the pendency of Defendants' motion to dismiss, discovery had largely been stayed. That stay was lifted following the Court's ruling and the Court entered its case scheduling order just one day before Plaintiffs first informed Defendants of Nager's desire to withdraw as a named Plaintiff. Thus, no discovery had been issued on Nager at the time Defendants were informed of her desire to withdraw. By contrast, in the cases upon which NAR relies for support, the courts found that "voluntary dismissal can be properly conditioned on the plaintiff's responding to ***outstanding*** discovery requests." *In re Navistar MaxxForce Engines Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 14-cv-10318, 2018 WL 316369, at *3 (N.D. Ill. Jan. 4, 2018) (emphasis added). Decisions concluding "that a named plaintiff cannot avoid the obligation to sit for a deposition merely by filing a request to withdraw" do not also "stand for the proposition that a named plaintiff's withdrawal can be conditioned upon the plaintiff's willingness to sit for a deposition." *Roberts v. Electrolux Home Prods., Inc.*, No. SACV 12-1644 CAS (VBKx), 2013 WL 4239050, at *3 (C.D. Cal. Aug. 14, 2013).

In short, NAR has not sufficiently demonstrated the necessity of conditioning Nager's withdrawal on her agreement to sit for a deposition. For that reason, the Court grants Plaintiffs' motion for a protective order barring NAR from taking any discovery in connection with Nager's voluntary withdrawal.

## II.

The other discovery dispute before the Court concerns Plaintiffs' motion compel Defendants to produce all expert reports, testimony, and reliance materials that have been or will be produced in *Sitzer v. National Association of Realtors*, No. 19-cv-00332 (W.D. Mo.), an ongoing case alleging the same conspiracy and anticompetitive restraints against the same Defendants as here. Defendants contend that the requested discovery is premature and would circumvent the scheduling order governing this matter under which class expert discovery is not set to begin until December 15, 2021.

Federal Rule of Civil Procedure 26(b)(1) generally permits parties to obtain discovery of any nonprivileged matter relevant to any party's claims or defenses. Plaintiffs contend that the *Sitzer* expert materials are plainly relevant given the substantial legal and factual overlap between *Sitzer* and the present case. Moreover, Plaintiffs note that several district courts have found that discovery of expert materials from other related cases constitutes fact discovery under Rule 26(b)(1). *E.g., Colonial BancGroup Inc. v. PriceWaterhouseCoopers LLP*, Nos. 2:11-cv-0746-WKW, 2:12-cv-957-WKW, 2016 WL 9687001, at *2 (M.D. Ala. Jan. 22, 2016); *ParkerVision, Inc. v. Qualcomm Inc.*, No. 3:11-cv-719-J-37-TEM, 2013 WL 3771226, at *2 (M.D. Fla. July 17, 2013).

This Court retains "extremely broad discretion in controlling discovery" and may "limit the scope of discovery or control its sequence" as it deems appropriate. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (citing Fed. R. Civ. P. 23(c), (d)). Thus, even accepting that discovery of the *Sitzer* expert materials is properly considered fact discovery, the Court believes such discovery should proceed on the same timeline as expert discovery. As an initial matter, the Court is unable to determine the relevance or proportionality of the requested discovery given that Defendants have not yet disclosed the identities of their experts. Certainly, the cases cited by Plaintiffs suggest that discovery of an expert's prior testimony is particularly relevant when that same expert is disclosed as an expert in the instant matter. *See, e.g.*, *Brown v. Overhead Door Corp.*, No. 06 C 50107, 2008 WL 1924885, at *1 (N.D. Ill. Apr. 2008) ("[P]laintiff's experts' prior testimony . . . . is relevant information under [Rule 26(b)(1)] since defendant is entitled to explore plaintiff's experts' prior testimony in hopes of uncovering inconsistencies between the opinions they intend to express in this case and the opinions expressed in other cases."). But the analysis may well change if Defendants rely on different experts here than in *Sitzer*.

Moreover, Plaintiffs fail to explain adequately why they need the *Sitzer* expert materials in advance of expert discovery or what detriment they would suffer from waiting. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983) ("The hardship to the party seeking discovery is less if he is just being told to complete his other discovery first . . . than if he is being told to do without forever."). On the other hand, Defendants convincingly argue that compelling discovery of those materials now would unfairly give Plaintiffs an "early peek" at Defendants' expert opinions in this case even though the case schedule calls for Plaintiffs to make their class expert disclosures first, on December 15, 2021, with Defendants' disclosures not due until March 1, 2022. That case schedule was the product of extensive negotiations between the parties and embodies the Court's resolution of certain of their disputes. Once entered, Defendants were entitled to rely on that schedule and compelling disclosure of the *Sitzer* expert materials at this time would, in effect, give Plaintiffs a head start on expert discovery that neither Defendants nor the Court anticipated when the schedule was entered.

Finally, compelling Plaintiffs' requested discovery may prejudice Defendants in other ways. For example, Defendants may wish to use the *Sitzer* experts as non-testifying experts whose opinions would normally be protected from disclosure absent "exceptional circumstances." Fed. R. Civ. P. 26(b)(4)(D). Thus, compelling disclosure of the *Sitzer* expert materials at this time might unfairly box in Defendants as they decide how to use their various experts or make other strategic decisions concerning expert discovery. Especially given Plaintiffs' inability to explain why they need the requested discovery ***now***, the Court sees no basis for upsetting Defendants' reasonable reliance on the case schedule set in this matter. For that reason, Plaintiffs' motion to compel production of the *Sitzer* expert materials is denied.[1]

Dated: July 28, 2021

_____
Andrea R. Wood
United States District Judge

---

[1] Plaintiffs suggest that they may also obtain the *Sitzer* expert discovery materials directly from the *Sitzer* plaintiffs' counsel, as the confidentiality order entered in *Sitzer* permits the production of confidential materials in that case to be shared with counsel in this matter, subject to exceptions not relevant here. But, as the substantially identical discovery order entered in this case states, "[b]y stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any Discoverable Information on any ground not addressed in this Order." (Agreed Confidentiality Order ¶ 23(a), Dkt. No. 125.) Certainly, nothing in the confidentiality order can be construed as providing Plaintiffs some right to circumvent the present discovery order.