# EXHIBIT 1

| | |
|---|---|
| **From:** | Robert A. Braun |
| **To:** | Wahl, Suzanne L.; Brandon Boulware; Bierig, Jack R.; chuck.hatfield@stinsonleonard.com |
| **Cc:** | matt@williamsdirks.com; Jeremy Suhr; Courtney Stout |
| **Subject:** | [EXT] RE: Sitzer ESI Proposal |
| **Date:** | Friday, May 1, 2020 2:03:33 PM |
| **Attachments:** | image001.png<br>image002.png |

Correct. Thanks.

**From:** Wahl, Suzanne L. <SWahl@schiffhardin.com>
**Sent:** Friday, May 1, 2020 2:02 PM
**To:** Robert A. Braun <RBraun@cohenmilstein.com>; Brandon Boulware <Brandon@boulware-law.com>; Bierig, Jack R. <JBierig@schiffhardin.com>; chuck.hatfield@stinsonleonard.com
**Cc:** matt@williamsdirks.com; Jeremy Suhr <Jeremy@boulware-law.com>; Courtney Stout <cstout@williamsdirks.com>
**Subject:** RE: Sitzer ESI Proposal

Robby,

We agree to make that change to Search 45.

With this, we believe we're in agreement with respect to the search terms (attached) and the custodian list (below). Can you confirm?

Thanks,

Suzanne

\*\*\*

NAR CUSTODIAN LIST

1. Andrew Scoulas
2. Chris Harrigan
3. Clifford Niersbach
4. Diane Mosley
5. Jeremy Green
6. Kate Lawton
7. Katherine Goldberg
8. Kevin Milligan
9. Rene Galicia
10. Rodney Gansho
11. Charles Dawson
12. Bob Goldberg
13. Dale Stinton
14. Katie Johnson
15. Lawrence Yun
16. Sarah Young
17. Marc Gould
    Jessica Lautz

18.
19. Victoria Gillespie

---

**From:** Robert A. Braun [mailto:RBraun@cohenmilstein.com]
**Sent:** Thursday, April 30, 2020 8:11 PM
**To:** Wahl, Suzanne L. <SWahl@schiffhardin.com>; Brandon Boulware <Brandon@boulware-law.com>; Bierig, Jack R. <JBierig@schiffhardin.com>; chuck.hatfield@stinsonleonard.com
**Cc:** matt@williamsdirks.com; Jeremy Suhr <Jeremy@boulware-law.com>; Courtney Stout <cstout@williamsdirks.com>
**Subject:** [EXT] RE: Sitzer ESI Proposal

Suzanne,

We agree to the adjustments you reference in the paragraph beginning with "[f]irst," with only one exception. As you're aware, the FTC's jurisdiction includes competition-related issues; accordingly, we had not intended to delete the term "*@ftc.gov". As you note, we did agree to delete the term "Federal Trade Commission," though not due to its irrelevance, but in order to reach a reasonable compromise in response to NAR's objection that ""Federal Trade Commission" AND Commission" was hitting on an especially large number of documents. Consistent with this, we understand that NAR likewise did not delete "*@ftc.gov" in its prior search term proposal.

Additionally, as Brandon's prior email stated, the search term and custodian proposals to NAR are made on behalf of both the *Moehrl* and *Sitzer* plaintiffs with the intent that they be applicable to both cases (subject to the reservations in the last paragraph of Brandon's email).

Finally, I have confirmed with Brandon that the only outstanding issue between the *Sitzer* Plaintiffs and NAR for the May 6, 2020 status conference is the *Sitzer* Plaintiffs' interrogatory concerning third-party CIDs.

Regards,
Robby

---

**From:** Wahl, Suzanne L. <SWahl@schiffhardin.com>
**Sent:** Thursday, April 30, 2020 6:45 PM
**To:** Brandon Boulware <Brandon@boulware-law.com>; Robert A. Braun <RBraun@cohenmilstein.com>; Bierig, Jack R. <JBierig@schiffhardin.com>; chuck.hatfield@stinsonleonard.com
**Cc:** matt@williamsdirks.com; Jeremy Suhr <Jeremy@boulware-law.com>; Courtney Stout <cstout@williamsdirks.com>
**Subject:** RE: Sitzer ESI Proposal

Brandon and Robby,

Subject to the comments below, NAR agrees to plaintiffs' proposed search terms as amended in the attached document. NAR also agrees to the custodian list in your most

email – with the deletion of Mr. Lombardi.

As you will see, NAR's edits to plaintiffs' proposed search terms are intended only to correct errors. We do not believe that they should be controversial. If you disagree, please let us know as soon as possible. For the avoidance of doubt, we have set out the agreed custodian list below. This said, our comments are set forth below.

First, if you have any additional changes to propose, we request that you provide us with a document showing the changes between this version and your proposal. It appears that you reformatted several searches in this version, which required additional time-consuming review on our end, introduced syntax errors that we had to correct and rerun, incorporated at least one revision of an agreed-upon change, and appears to have (inadvertently, we assume) deleted eight search strings.

- When you recombined Search 28, you reverted the search string to its earlier form that you had agreed to modify. Specifically, in your April 6, 2020 email, you had agreed to remove the portion of the string that included "realtor w/10 schedule", but your latest version reincorporates what you had agreed to remove. We assume that this was an error and have, therefore, added "(agent* or broker*) w/10 schedule" as a separate string. If you intend to stand on this change, please let us know, and direct us to any other substantive changes you have made in the search terms.
- In order to properly use the "and not" connector in Search 12, we broke out the protect* w/5 search string.
- You appear to have deleted all of the strings associated with Search 14 other than the one with the "cheat" root. We would be happy to delete these but assume this was an error and have added them back.
- You also appear to have deleted the deposition* search term from Search 4. Again, we would be happy to delete this but assume it was an error and have added it back.
- We also noticed that Search 45 still has *@ftc.gov, when all the other FTC search strings were removed. We believe this was an oversight when we made the post-meet and confer changes after Robby indicated that we could remove all the FTC and "federal trade commission" terms. Accordingly, we have deleted the search term.
- We removed duplicative "or" connectors in Searches 3 and 42.
- We corrected parentheses issues in Searches 4 and 28.1.
- We added missing quotation marks in Searches 53, 64, 73 and 507.
- Search 21 was missing the "w" in "w/10."

Second, with respect to Search 15, we discussed removing this search on our April 16 meet and confer. Robby stated that he would think about agreeing to remove it. That is why we included it on our list of proposed changes. We understand that you have now decided to reject that change. Therefore, the attached search term list includes Search 15 with the limiter as provided in your April 27 search term proposal.

Third, we agree that we have previously discussed a "go get" approach to searches 2, 81, 83, 87, 88 and 95, rather than including them as search term documents. We note that there are still open issues to be discussed on these points, including with respect to burden, especially with respect to searching the HUB, and to scope (e.g., confirmation from you of which publications plaintiffs are requesting).

Fourth, as we have said before, NAR reserves the right to edit these search terms with respect to the custodians that NAR has not yet collected and tested, as these search terms

may return irrelevant or burdensome results. Our understanding is that plaintiffs agree to negotiate in good faith with regard to any edits.

Fifth, other than our dispute regarding disclosure of the identity of recipients of DOJ CIDs, we are not aware of other disputed discovery issues -- assuming that we have reached agreement on search terms, custodians, and the time period for discovery. If you are aware of other currently existing disputes, please identify them for us.

Finally, on our meet and confer on April 23, Robby agreed to confirm in writing that, with respect to NAR, the *Moehrl* plaintiffs agree that the agreed upon *Sitzer* search terms and custodians will also be the agreed-upon search terms and custodians for the *Moerhl* case, understanding that the *Moehrl* plaintiffs may later seek additional discovery if subsequent discovery indicates that additional search terms or custodians are necessary. Robby, please confirm this understanding in writing.

At this time, we believe the only open item that NAR and the *Sitzer* plaintiffs will have for the May 6, 2020 status conference is the disclosure of the identity of recipients of third party DOJ CIDs. Please let us know if you disagree.

Thanks,

Suzanne

\*\*\*

NAR CUSTODIAN LIST

1. Andrew Scoulas
2. Chris Harrigan
3. Clifford Niersbach
4. Diane Mosley
5. Jeremy Green
6. Kate Lawton
7. Katherine Goldberg
8. Kevin Milligan
9. Rene Galicia
10. Rodney Gansho
11. Charles Dawson
12. Bob Goldberg
13. Dale Stinton
14. Katie Johnson
15. Lawrence Yun
16. Sarah Young
17. Marc Gould
18. Jessica Lautz
19. Victoria Gillespie

**From:** Brandon Boulware [mailto:Brandon@boulware-law.com]
**Sent:** Monday, April 27, 2020 10:17 PM
**To:** Wahl, Suzanne L. <SWahl@schiffhardin.com>; Robert A. Braun <RBraun@cohenmilstein.com>; Bierig, Jack R. <JBierig@schiffhardin.com>; chuck.hatfield@stinsonleonard.com

**Cc:** matt@williamsdirks.com; Jeremy Suhr <Jeremy@boulware-law.com>; Courtney Stout <cstout@williamsdirks.com>
**Subject:** [EXT] RE: Sitzer ESI Proposal

Jack and Suzanne -

Pursuant to the *Sitzer* Court's April 6, 2020 Order, attached is a search term counter-proposal to NAR, which is offered on behalf of both the *Sitzer* and *Moehrl* Plaintiffs. As discussed on last Thursday's call, we request that NAR closely review the attached search term proposal, so that if there are any discrepancies or errors (e.g., it appears that the term "senat*" in Search 6 had previously been misspelled), the parties are able to quickly resolve them in advance of the upcoming status conference in the *Sitzer* case. We understand that Plaintiffs and NAR have agreed to each element of the attached search term proposal, with the following exceptions:

- Search 18
- Search 47
- Search 71
- Search 15 [NAR appears to have unilaterally omitted this search from its April 22 hit reports despite the absence of an agreement by the parties, or even a prior proposal by NAR, to do so]

With respect to Search 15, as reflected in the attached spreadsheet, we are willing to accept NAR's previously proposed limiter. Additionally, as previously discussed, Plaintiffs have agreed to the removal of certain strings (and/or terms from otherwise agreed strings) on the condition that NAR conduct a reasonable search for relevant documents in its central files—e.g., Searches 2, 81, 83, 87, 88, and 95.

Plaintiffs also propose the following NAR custodians for the *Sitzer* and *Moehrl* suits:

- Andrew Scoulas
- Chris Harrigan
- Clifford Niersbach
- Diane Mosley
- Jeremy Green
- Kate Lawton
- Katherine Goldberg
- Kevin Milligan
- Rene Galicia
- Rodney Gansho
- Charles Dawson
- Bob Goldberg
- Dale Stinton
- Katie Johnson
- Lawrence Yun
- Sarah Young
- Marc Gould
- Jessica Lautz

- Victoria Gillespie
- Matthew Lombardi

We understand that NAR has agreed to each of the above custodians, with the exception of Matthew Lombardi. We believe that Mr. Lombardi is likely to possess relevant and responsive documents (including due to his senior roles as staff executive for the Strategic Thinking Advisory Committee, manager of NAR's member and consumer communications and marketing, and supervisor over major NAR conferences, meetings, and events). Nevertheless, in an effort to compromise, if NAR will agree without further revision to Plaintiffs' attached search term counter-proposal, Plaintiffs will agree to remove Mr. Lombardi from our custodian list. Otherwise, Plaintiffs intend to move forward with seeking Mr. Lombardi's inclusion among NAR's custodians.

Finally, in negotiating search terms and custodians, Plaintiffs have relied on NAR's representations as to the custodians and search terms likely to retrieve relevant and responsive documents. Plaintiffs reserve all rights to seek additional custodians and search terms if appropriate, including based on new information that comes to light or should Plaintiffs learn that NAR failed to disclose relevant custodians and search terms. Additionally, and per our discussions, the *Sitzer* Plaintiffs understand that the parties' agreements on search terms, custodians, and post-complaint discovery, and the Court's recent ruling on pre-limitations discovery, have resolved or will resolve all objections with respect to discovery (excluding "go get" documents), except as to privilege and work product. Please advise us if NAR intends to maintain any non-privilege objections with respect to discovery.

Thank you.

**Brandon Boulware | Attorney**
[Boulware Law](#)
1600 Genessee, Suite 416
Kansas City, Missouri 64102
brandon@boulware-law.com
O: (816) 492-2826
C: (816) 590-1882



**From:** Wahl, Suzanne L. <SWahl@schiffhardin.com>
**Sent:** Wednesday, April 22, 2020 12:07 PM
**To:** Robert A. Braun <RBraun@cohenmilstein.com>; Brandon Boulware <Brandon@boulware-law.com>; Bierig, Jack R. <JBierig@schiffhardin.com>; chuck.hatfield@stinsonleonard.com
**Cc:** matt@williamsdirks.com; Jeremy Suhr <Jeremy@boulware-law.com>; Courtney Stout <cstout@williamsdirks.com>

**Subject:** RE: Sitzer ESI Proposal

Hi Robby and Brandon,

Pursuant to the Court's April 6 2020 Order and our agreement to extend the time for our response until April 22, NAR proposes the attached search term list.

We also attach two hit reports. The first reflects the changes we discussed in our Thursday April 16 to Searches 3, 4, 7, 8, 12, 14, 15 (which was removed in its entirety), 25, 28, 31, 42 and 45. We have renumbered the "broken out" search terms as 3.001, 3.002, etc. for ease of reference and to avoid any errors in trying to recombine the broken out searches into one term. The edits are shown in red in the Excel file.
- In Search 3, we removed expens*, outlook, and share.
- In Search 4, we removed prosecut*, subpoena* and probe*.
- In Search 7, we changed analys* to analysis or analyses; share* to share or shares; MLS w/10 to data to MLS w/5 data; and deleted MLS w/10 report.
- In Search 8, we removed outlook.
- In Search 12, we changed deter* to deter, deters, etc.; market* to market or markets; and added and "AND NOT" term to remove false hits for links.
- In Search 14, we added the w/50 limiter and added fee or fees; and we changed cheat* to cheat, cheats, etc.
- We removed Search 15.
- In Search 25, we removed share and searches that overlapped with Search 3.
- In Search 28, we changed w/10 income to w/4 income.
- In Search 31, we replaced compet* with compete, competes, etc.
- In Search 42, we added a limiter to manipulat* that included commission, price, fee, compensation.
- In Search 45, we removed FTC or federal trade commission.

The second reflects proposed additional changes to the following search terms; the edits are shown in green in the Excel file.

- Add a w/10 market limiter to Search 7.002 (MLS w/10 (share or shares)). This search term is still returning a significant number of unique hits, even with the alteration. On our meet and confer, you all stated that you wanted to include this search term to find discussions about MLS market share. Our preliminary review of this search term is that it hits for discussions about sharing information or materials with MLSs. Adding the term "market" makes it more likely that this search term will return the results you are seeking, instead of extraneous documents.
- Change Search 7.007 (MLS w/5 data) to "MLS data". Our preference would be to remove this search term entirely, as our initial review is primarily returning documents that do not appear to be relevant. However, in the interest of compromise, we propose changing the search to "MLS data."
- Change Search 18 to remove the term "requir*." On our meet and confer, you stated that any document that states a requirement of participation in NAR or an MLS or a local association is potentially evidence of market power and should be reviewed. We disagree with this assertion. Moreover, the search term is pulling in "requirements" that are clearly irrelevant to the case and to plaintiffs' theory of market power – about

- lockboxes standards, the timing to request a hearing under MLS rules, etc. We propose removing the term "requir*" to avoid pulling in these types of results.
- Add a w/10 (commission* or compensation*) limiter to Search 47. We do not agree that any mention of antitrust compliance or analysis unrelated to the facts of this case are relevant. Further, these search terms are likely to generate a significant number of privileged documents, requiring additional burdensome review.
- Change Search 71 to remove the term "requir*", for the same reasons as Search 18.

As we said on the call, NAR reserves the right to edits these search terms with respect to the custodians that NAR has not yet collected and tested, as these search terms may return irrelevant or burdensome results. Our understanding is that plaintiffs agree to negotiate in good faith with regard to any edits.

For custodians, NAR made its last proposal on April 8 and reattaches it here for convenience.

Please let us know when you would like to discuss. We are available for a call this week on Thursday between 2 and 3:30 pm central.

Thanks,

Suzanne

---

**From:** Wahl, Suzanne L.
**Sent:** Wednesday, April 15, 2020 10:31 AM
**To:** 'Robert A. Braun' <RBraun@cohenmilstein.com>; Brandon Boulware <Brandon@boulware-law.com>; Bierig, Jack R. <JBierig@schiffhardin.com>; chuck.hatfield@stinsonleonard.com
**Cc:** matt@williamsdirks.com; Jeremy Suhr <Jeremy@boulware-law.com>; Courtney Stout <cstout@williamsdirks.com>
**Subject:** RE: Sitzer ESI Proposal

Hi Robby and Brandon

Here are the hit reports for the proposed search terms as modified by Robby's April 6 email, as well as the requested "broken up" versions of certain search strings.

I am still reviewing the broken out search results, so I do not have proposals to share at this point.

Thanks,

Suzanne

---

**From:** Robert A. Braun [mailto:RBraun@cohenmilstein.com]
**Sent:** Monday, April 13, 2020 11:12 AM
**To:** Wahl, Suzanne L. <SWahl@schiffhardin.com>; Brandon Boulware <Brandon@boulware-law.com>; Bierig, Jack R. <JBierig@schiffhardin.com>; chuck.hatfield@stinsonleonard.com
**Cc:** matt@williamsdirks.com; Jeremy Suhr <Jeremy@boulware-law.com>; Courtney Stout <cstout@williamsdirks.com>
**Subject:** [EXT] RE: Sitzer ESI Proposal

Thanks Suzanne. We appreciate it.

---

**From:** Wahl, Suzanne L. <SWahl@schiffhardin.com>
**Sent:** Monday, April 13, 2020 11:11 AM
**To:** Robert A. Braun <RBraun@cohenmilstein.com>; Brandon Boulware <Brandon@boulware-law.com>; Bierig, Jack R. <JBierig@schiffhardin.com>; chuck.hatfield@stinsonleonard.com
**Cc:** matt@williamsdirks.com; Jeremy Suhr <Jeremy@boulware-law.com>; Courtney Stout <cstout@williamsdirks.com>
**Subject:** RE: Sitzer ESI Proposal

Yes. I will have the hit reports for you by Wednesday morning.

I am also working on proposals for changes based on the search terms that were broken out, though I may not be able to have all of those to you by Wednesday morning.

---

**From:** Robert A. Braun [mailto:RBraun@cohenmilstein.com]
**Sent:** Monday, April 13, 2020 11:08 AM
**To:** Brandon Boulware <Brandon@boulware-law.com>; Wahl, Suzanne L. <SWahl@schiffhardin.com>; Bierig, Jack R. <JBierig@schiffhardin.com>; chuck.hatfield@stinsonleonard.com
**Cc:** matt@williamsdirks.com; Jeremy Suhr <Jeremy@boulware-law.com>; Courtney Stout <cstout@williamsdirks.com>
**Subject:** [EXT] RE: Sitzer ESI Proposal

Jack and Suzanne,

I'm also available during those times. To ensure that the call is productive, it would be helpful to receive any hit report(s) at least 24 hours in advance. Is NAR in a position to do that?

Regards,
Robby

---

**From:** Brandon Boulware <Brandon@boulware-law.com>
**Sent:** Monday, April 13, 2020 10:59 AM
**To:** Wahl, Suzanne L. <SWahl@schiffhardin.com>; Bierig, Jack R. <JBierig@schiffhardin.com>; chuck.hatfield@stinsonleonard.com
**Cc:** matt@williamsdirks.com; Jeremy Suhr <Jeremy@boulware-law.com>; Courtney Stout <cstout@williamsdirks.com>; Robert A. Braun <RBraun@cohenmilstein.com>
**Subject:** RE: Sitzer ESI Proposal

Those times work for me. Robby?

**Brandon Boulware | Attorney**
**Boulware Law**
1600 Genessee, Suite 416

Kansas City, Missouri 64102
brandon@boulware-law.com
O: (816) 492-2826
C: (816) 590-1882



**From:** Wahl, Suzanne L. <SWahl@schiffhardin.com>
**Sent:** Monday, April 13, 2020 9:15 AM
**To:** Brandon Boulware <Brandon@boulware-law.com>; Bierig, Jack R. <JBierig@schiffhardin.com>; chuck.hatfield@stinsonleonard.com
**Cc:** matt@williamsdirks.com; Jeremy Suhr <Jeremy@boulware-law.com>; Courtney Stout <cstout@williamsdirks.com>; Braun, Robert (Cohen Milstein Sellers & Toll PLLC) <rbraun@cohenmilstein.com>
**Subject:** RE: Sitzer ESI Proposal

Hi Brandon,

We're available Thursday April 16 at 9-10 central or 2-4 central. Does that work for your team?

Thanks,

Suzanne

**From:** Brandon Boulware [mailto:Brandon@boulware-law.com]
**Sent:** Friday, April 10, 2020 6:40 PM
**To:** Bierig, Jack R. <JBierig@schiffhardin.com>; Wahl, Suzanne L. <SWahl@schiffhardin.com>; chuck.hatfield@stinsonleonard.com
**Cc:** matt@williamsdirks.com; Jeremy Suhr <Jeremy@boulware-law.com>; Courtney Stout <cstout@williamsdirks.com>; Braun, Robert (Cohen Milstein Sellers & Toll PLLC) <rbraun@cohenmilstein.com>
**Subject:** [EXT] Sitzer ESI Proposal

**CAUTION:** External email.

Jack and Suzanne –

Pursuant to the Court's April 6, 2020 Order, the *Sitzer* Plaintiffs propose the attached search

term list. The parties have met and conferred regarding search terms on multiple occasions, and our intention is to incorporate the agreed-upon modifications into the proposed search terms. Those modifications are not reflected in the attached list, but have been memorialized in multiple emails not attached here.

With respect to custodians, the parties have made good strides at agreeing on a custodian list. I believe the attached email reflects our most recent back-and-forth on the subject.

We look forward to continue working with NAR to finalize search terms and custodians. To that end, please let us know your availability next week for a meet/confer.

Thank you.

**Brandon Boulware | Attorney**
**Boulware Law**
1600 Genessee, Suite 416
Kansas City, Missouri 64102
brandon@boulware-law.com
O: (816) 492-2826
C: (816) 590-1882



```
------------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
------------------------------------------------------------------
```