# EXHIBIT 3

| | |
|---|---|
| **From:** | Robert A. Braun |
| **To:** | Bierig, Jack R.; Wahl, Suzanne L. |
| **Subject:** | [EXT] Realtors: Following Up |
| **Date:** | Tuesday, September 28, 2021 10:39:01 PM |
| **Attachments:** | image001.jpg |
| | mg_info.txt |

Jack and Suzanne,

I'm following up on a couple of issues that we discussed last week:

1. In the interests of cooperating with and reducing the burden on NAR and its current employees, the *Moehrl* Plaintiffs intend to depose Kevin Milligan, Dale Stinton, Bob Goldberg, Cliff Niersbach, and Rodney Gansho on the dates previously noticed by the plaintiffs in the *Sitzer* action. We are participating in these depositions based on the understanding that, consistent with Mr. Bierig's recent representations to the Court, "[if] there is some information that is provided to plaintiffs after these depositions . . . and Mr. Braun or his colleagues would like to have a follow-up deposition limited to certain things that have emerged that they didn't know at the time of the depositions, we will certainly work with Mr. Braun and his colleagues to try to accommodate them." Sept. 22, 2021 Hr'g Tr. 31:5-12.

2. On September 16, 2021, we requested that NAR produce: (i) the "2005 scenario project," also sometime referred to as the "the Little Report" and (ii) all documents (including agreements) responsive to RFP No. 33 (or to confirm that all such documents have been produced).
    a. On our 9/20 call, you indicated that NAR would likely be willing to produce the "2005 scenario project," and, during the 9/22 status conference, you confirmed to the Court that NAR would produce this document. Sept. 22, 2021 Hr'g Tr. 15:21-22. Please advise when NAR intends to produce the "2005 scenario project."
    b. During our 9/20 conversation, you objected on burden grounds to producing all documents responsive to Request No. 33, but indicated that NAR would be willing to consider a narrowed version of this Request. As a compromise, Plaintiffs request that NAR produce: All agreements made since January 1, 2014 relating to Realtor.com or Upstream, and all Communications, reports, studies, or strategy documents relating to those agreements. This compromise proposal significantly narrows both the time period and substantive scope of our request.
       > We further observe that the requested agreements and other responsive documents should independently been produced in response to our other document requests to the extent that they touch upon *inter alia*: the use of NAR's trade names or trademarks (RFP 3); restricting display or publication to consumers of compensation offered by listing brokers to cooperating brokers (RFP 10(a)); requiring listing brokers to make an offer of compensation to buyer brokers (RFP 10(b)); restricting, limiting, or prohibiting the copyrighting, distribution, sale, resale or syndication of MLS data (RFP 10(k)); the Challenged Restraints or the amount or type of compensation Brokers seek or obtain for providing real estate services (RFP 21); the role of MLSs in the market for Real Estate Services and any actual or potential competitors of or alternatives to MLSs (RFP 25). Please confirm that NAR collected and reviewed these documents (including from central files) in order to assess their responsiveness to these document requests.

3. Please produce meeting minutes for and any reports produced by the NAR's Strategic Thinking Advisory Committee (and its predecessor the Strategic Planning Committee), the Large Firms Directors Forum (and any predecessors), and the Real Estate Services (RES) Advisory Group (and any predecessors). These are responsive to Requests 6, 19, 25, 34, and 39. The Strategic Thinking Advisory Committee's self-described mission is to "[t]o identify and gather data that may affect the future of the National Association of REALTORS®, and to monitor and research threats, opportunities, key trends and issues, particularly from the fields that may impact the industry, our members, the Association, and the real estate consumer." For example, consistent with its mission, the Strategic Thinking Advisory Committee commissioned the DANGER Report, which addresses numerous issues that are relevant to the litigation, including real estate commissions and competition with MLSs. The Large Firms Directors Forum (and any predecessors), and the Real Estate Services (RES) Advisory Group are likewise relevant because they were vehicles for the Corporate Defendants to influence NAR policy and meet with senior NAR officials. Collecting and producing these meeting

minutes and reports from NAR's central files should not be unduly burdensome.

Best,
Robby

**Robert A. Braun**
Partner

**Cohen Milstein Sellers & Toll PLLC**

1100 New York Ave. NW | Fifth Floor
Washington, DC 20005

phone 202.408.4600
fax 202.408.4699

**website** | **map**

**Powerful Advocates. Meaningful Results.**

*This e-mail was sent from Cohen Milstein Sellers & Toll PLLC. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.*