# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., )<br><br>Defendants. ) | Case No: 1:19-cv-01610<br><br>Judge Andrea Wood |

## JOINT STATUS REPORT

Pursuant to the Court's Order (Docket No. 269), Plaintiffs Christopher Moehrl, Michael Cole, Steve Darnell, Jack Ramey, Daniel Umpa, and Jane Ruh, on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendants The National Association of Realtors®, Realogy Holdings Corp., HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, The Long & Foster Companies, Inc. (collectively, "HomeServices"), RE/MAX LLC ("RMLLC"), and Keller Williams Realty, Inc. ("Defendants"), (collectively, the "Parties"), respectfully submit this Joint Status Report setting forth the current status of discovery.

### I. CASE SCHEDULE

On November 22, 2021, the Court entered the parties' jointly proposed revised schedule. *See* Docket No. 278. Among other deadlines, the revised schedule moves the deadline for opening class certification briefs from December 15, 2021, to February 23, 2022; and for responsive briefs from March 1, 2022, to May 10, 2022.

## II.     DEPOSITION PROTOCOL

Following the Court's ruling on deposition parameters at the September 22, 2021 status conference, the Parties have met and conferred in an attempt to finalize a deposition protocol. The Parties are at an impasse on two issues. The Parties' respective positions are laid out below.

<u>Plaintiffs' Position</u>

Defendants' arguments regarding deposition limits in this case ignore the history of the Parties' agreements and this Court's rulings. Prior to the August 12, 2021 status conference, the Parties exchanged several drafts of a discovery protocol. The draft exchanged immediately prior to the August conference is attached as Exhibit A. Based on those discussions, the sole issues the Parties raised in the prior status report and at the prior August and September conferences were the total deposition limit and the coordination of depositions with the *Burnett* plaintiffs.[1]

Plaintiffs were therefore surprised when, following the September status conference, Defendants revised several existing items in the protocol that they had not previously objected to, either with Plaintiffs or the Court. In particular, Defendants now insist that: (i) the ten-deposition limit applies to 30(b)(6) depositions, despite the fact that by its language the stipulation explicitly applied only to 30(b)(1) depositions; and (ii) the ten-deposition limit applies not only to current and former employees but also to current and former officers, directors, and "committee members" of any defendant, despite the fact that the stipulation provided a separate framework for negotiating limits on third-party depositions.[2] Had Defendants raised these issues with Plaintiffs prior to the last conference, we would have welcomed the opportunity to address them with the Court. Defendants cannot fairly contend that these disputed issues represent *Plaintiffs'* attempt to revisit the Court's prior order, because Defendants had led Plaintiffs to believe that these issues were resolved before the status conference. At bottom, Defendants are trying to place meaningful new restrictions on Plaintiffs' ability to depose relevant witnesses, despite their prior representations and the Court's prior ruling.

**30(b)(6) Depositions.** All prior drafts of the Parties' discovery stipulation clearly stated that the deposition limitations governed "Individual Depositions Pursuant to Fed. R. Civ. P. **30(b)(1)**" (emphasis added). Defendants did not ask that the limitations be extended to 30(b)(6) depositions until October 29, months after the Parties exchanged several rounds of drafts. *See* Exs. B, C. Plaintiffs' position, therefore, is not "novel," contrary to Defendants' representation.

---

[1] The *Burnett* litigation was formerly known as the *Sitzer* litigation. In May 2021, the named Sitzer Plaintiffs withdrew as potential class representatives. The case is now generally referred to as the *Burnett* litigation.

[2] Defendants also sought to revise the provision allowing for depositions of fact witnesses who submit declarations at class certification or summary judgment, but the Parties have reached agreement on language permitting such depositions (provided that the examination of the declarant is limited to the subjects of the declaration and subjects reasonably related thereto, including an examination reasonably directed to challenging or testing the veracity or credibility of the declarant as to the matters discussed in the declaration).

10183368v1/016286

(Plaintiffs added a footnote to the stipulation reinforcing the limitation to 30(b)(1) depositions for the avoidance of doubt.) Indeed, at the September 22 status conference, the discussion of deposition limits made clear that the Parties were referring only to individual depositions pursuant to Rule 30(b)(1). *See* September 22, 2021 Tr. 23-24 ("MR. BRAUN: . . . another concern that we have with this ten-deposition limit is that the defendants themselves have indicated through their initial disclosures . . . that there are more than ten employees for each of the defendants who not only have relevant information but have relevant information that the defendants anticipate using themselves in the litigation. . . THE COURT: . . . You have to make choices, and that's one of the reasons why you have Rule 30(b)(6) depositions, is so that you can take depositions to get the position of the actual party which is the entity and not the individual employees."). And courts regularly exclude 30(b)(6) depositions from defendant-family deposition limits. *See, e.g.*, Ex. D, at 5; Ex. E, at 2-3. The *Broilers* order is inapposite, given that here Defendants led Plaintiffs to believe the Parties had agreed that 30(b)(6) depositions were not included within their deposition limits.

Defendants have offered no explanation for their change of position, except their claim that they did not notice the language in the prior drafts. Defendants should not be entitled at this late stage, after deposition discovery is already underway, to take away one of Plaintiffs' depositions if Plaintiffs choose to seek 30(b)(6) testimony.

**Officers, Directors, and Former Employees.** The Parties previously agreed that the deposition limits would apply to "Defendants' current employees, as well as former employees whom Defendants assist in making available for deposition." Ex. A. Again, it was not until October 29 that Defendants sought to rewrite this language to make the ten-deposition limitation cover all employees, current and former, as well as current and former officers, directors, and "committee members" of any Defendant. This is flatly inconsistent with the Parties' prior agreement that third parties—such as former employees, and non-employee officers and directors—would be subject to separate limits to be determined later. *See also* Docket No. 260, at 5 (representing in joint status report that the Parties agreed "the Parties will meet and confer regarding any limit for third-party fact depositions and either reach agreement or raise any issues with the Court no later than February 18, 2022."). (It is not the case, as Defendants argue, that Plaintiffs are seeking to take the depositions of third parties "without any limitation.") In the case of NAR, in particular, this change would also lead to absurd consequences. In any given year, NAR has around 900 directors; and during the period of interest in the case, the total number of people who have served as NAR directors number in the thousands (and possibly even exceeding 10,000). By and large, these directors are not, nor have they ever been, employees of NAR. Once more, Defendants are trying to stretch the ten-deposition limit much farther than it had previously been presented to the Court.

Defendants' Position

At the status conference on September 22, this Court ruled that Plaintiffs would be limited to 10 depositions per Defendant family. This ruling was confirmed by Order dated the same day (copy attached as Exhibit F). Subsequently, Plaintiffs circulated for review by Defendants a proposed "Stipulation and [Proposed] Order Re: Discovery Limits Pursuant to Fed. R. Civ. P. 26(f)" (copy attached as Exhibit B). Defendants object to the proposed Stipulation because we believe that, in two different ways, it undermines the 10 deposition per Defendant family limit set

by this Court. Plaintiffs' position seeks to bind Defendants to positions that neither the Defendants nor this Court had focused on or discussed.

**30(b)(6) Depositions.** Plaintiffs seek to carve out depositions taken pursuant to Rule 30(b)(6) from the Court's prior order limiting Plaintiffs to ten depositions per Defendant family. Plaintiffs first proffered a stipulation regarding deposition limits in mid July and exchanged numerous drafts with Defendants thereafter. However, after the Court's September 22, 2021 Order limiting Plaintiffs' depositions to 10 per Defendant family was issued, Plaintiffs sent another proposed stipulation that inserted a new footnote 3 to a section that Plaintiffs had been labelling "Individual Depositions Pursuant to [Rule] 30(b)(1)." For the first time, this footnote explicitly excluded Rule 30(b)(6) depositions from the 10 deposition per Defendant family limitation. The footnote stated: "The limitations provided herein do not apply to any deposition noticed pursuant to [Rule] 30(b)(6)." If as Plaintiffs contends, it was clear all along that fact depositions per Defendant family did not include 30(b)(6) depositions, it is unclear why Plaintiffs suddenly made this insertion. In fact, not only had Defendants not agreed to Plaintiffs' proposed limitations on depositions prior to the Court's Order, they had not focused on the significance that Plaintiffs say they were placing on the use of their label and Rule 30(b)(1) citation. Accordingly, Defendants objected to the proposed exclusion.

In any event, the Order of September 22 is clear and unequivocal: "Plaintiffs' depositions are limited to 10 per Defendant family." There is nothing in the Court's ruling or that can be gleaned from oral argument to support Plaintiffs' position that Rule 30(b)(6) depositions are to be excluded from this limitation.[3] Indeed, the Court recognized at the hearing that the 50 depositions available to the Plaintiffs under the ruling is already far in excess of the depositions permitted under Rule 30(a). *See* 9/22/2021 Tr. at 24:18-21 (Court: "So already having ten per Defendant group in this case. With there being, what, five Defendant groups, that would already account for far more depositions than contemplated by Rule 30"). Nor is there a sensible reason to distinguish between these two different methods by which parties discover facts through depositions. Plaintiffs have offered no basis for doing so.

Here, it is worth noting that excluding 30(b)(6) depositions from the limits imposed by the Court would run counter to practices in other major antitrust litigation, including *In Re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-8637 (N.D. Ill. Aug. 28, 2018) (Dkt. 1155). In that case, the relevant Order provides as follows: "Plaintiffs can take up to 10 depositions of each Defendant family, including Rule 30(b)(6) depositions." That *Broiler Chicken* order was presented to the Court previously as the basis for Defendants' argument that a limitation of 10 depositions of each Defendant family was appropriate for this type of antitrust lawsuit. There is no reason to deviate from that approach here.

---

[3] Plaintiffs assert that the discussion at the September 22 status conference "made clear that the Parties were referring only to individual depositions pursuant to Rule 30(b)(1)." That is not the case. Indeed, the Court's reference to 30(b)(6) depositions quoted by Plaintiffs above suggests only that Plaintiffs can use a 30(b)(6) deposition to identify who they should depose from the many individuals listed in the initial disclosures. Neither the Court nor Plaintiffs' counsel said anything at the conference to indicate that the 10 deposition limit per Defendant Family would exclude a Defendants' 30(b)(6) deposition.

4

**Application of Limit to Current and Former Officers, Directors, Committee Members and Employees.** Plaintiffs try to circumvent the Court's decision limiting depositions to 10 for each Defendant family in a second way that was not previously focused on or discussed. Paragraph B-1 of Plaintiffs' proposed Stipulation limits members of a "Defendant family" to "current employees, as well as former employees whom Defendants assist in making available for depositions." This definition of "Defendant family" members undermines the 10 deposition per Defendant family limitation in two respects. First, former employees of a Defendant are members of that Defendant's family whether or not the Defendant assisted in making the former employee available for a deposition.[4]

Second, and more importantly, members of a Defendant family should not be limited to current and former employees of that Defendant. Rather, the definition should encompass current and former officers, directors, and committee members of a Defendant.[5] While this issue is of interest to all Defendants, whose Board members may not be employees of a Defendant, it is of particular importance to Defendant NAR in that its rules and policies are developed with the involvement of officers, directors, and committee members who are not employees of NAR.

To give a specific example, Plaintiffs have sought the deposition of Sharon Millett, a former president of NAR. Although Plaintiffs have refused to respond to NAR counsel's request regarding why they wish to depose Ms. Millett, it seems clear that they want to depose her based on her work for NAR. Yet Plaintiffs have taken the position that Ms. Millett, despite being a former president of NAR, does not count toward the 10 deposition limitation of the NAR family.

The proposed exclusion of officers, directors, and committee members of a Defendant from the definition of "Defendant family" is unwarranted. It would, in essence, give Plaintiffs license to take the depositions of as many of these individuals as it sees fit to do – without any limitation. Indeed Plaintiffs suggest that NAR has around 900 Directors and that during the relevant time period, NAR may have had thousands or even ten thousand directors. Far from supporting Plaintiffs' position, this fact reinforces the propriety of the 10 deposition limit per Defendant family as ordered. The implied notion that Plaintiffs should be free to take 900 depositions of NAR Board members is preposterous.

---

[4] Plaintiffs are incorrect when they assert that the Parties previously agreed that deposition limits would apply only to current employees and former employees whom Defendants assist in making available for deposition. Plaintiffs' proposed stipulation – which has never been agreed to – indicated only that a Defendant family "shall include" these groups. It did not indicate that the family would exclusively consist of these groups. But, in any event, the Parties were focused at that time on the total number of depositions that would be permitted for each Defendant family, not on the details of how the "family" would be defined.

[5] NAR inadvertently omitted "committee" members from the prior markup shared with Plaintiffs. As an association, NAR's committees consist of volunteers who are not employees of NAR. There is no reason for treating depositions of such current and former committee members differently than depositions of employees just because of NAR's structure.

### III. MOTION TO COMPEL

On November 23, 2021, the Parties will have fully briefed Plaintiffs' motion to compel discovery from the National Association of Realtors. *See* Docket No. 271. The Parties are prepared to present argument on this motion and to answer any questions the Court may have.

### III. REMAINING DISCOVERY ISSUES

Various Parties continue to confer on additional discovery issues, including the scope of certain document requests. If, after further conferring, the Parties are unable to resolve these discovery issues, they will raise them with the Court when they become ripe for submission.

Dated: November 22, 2021    Respectfully submitted,

| *Co-Lead Counsel for Plaintiffs* | *Counsel for HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, The Long & Foster Companies, Inc.* |
|---|---|
| */s/     Marc M. Seltzer*  <br>Marc M. Seltzer <br> mseltzer@susmangodfrey.com <br>Steven G. Sklaver <br> ssklaver@susmangodfrey.com <br>SUSMAN GODFREY L.L.P. <br>1900 Avenue of the Stars, Suite 1400 <br>Los Angeles, California 90067 <br>Telephone: (310) 789-3100 <br><br>Beatrice C. Franklin <br> bfranklin@susmangodfrey.com <br>SUSMAN GODFREY L.L.P. <br>1301 Avenue of the Americas <br>32nd Floor <br>New York, New York 10019 <br>Telephone: (212) 336-8330 <br><br>Matthew R. Berry <br> mberry@susmangodfrey.com <br>Alexander W. Aiken <br> aaiken@susmangodfrey.com <br>SUSMAN GODFREY L.L.P. <br>1201 Third Avenue, Suite 3800 <br>Seattle, Washington 98101 <br>Telephone: (206) 516-3880 <br><br>Daniel A. Small <br> dsmall@cohenmilstein.com | */s/     Robert D. MacGill*  <br>Robert D. MacGill <br> robert.macgill@macgilllaw.com <br>Scott E. Murray <br> scott.murray@macgilllaw.com <br>Matthew T. Ciulla <br> matthew.ciulla@macgilllaw.com <br>MACGILL PC <br>156 E. Market St., Suite 1200 Indianapolis, IN 46204 <br>(317) 961-5085 <br><br>Jay N. Varon <br> jvaron@foley.com <br>Jennifer M. Keas <br> jkeas@foley.com <br>FOLEY AND LARDNER LLP <br>3000 K Street NW, Suite 600 <br>Washington, DC 20007 <br>(202) 672-5436 <br><br>James D. Dasso <br> jdasso@foley.com <br>FOLEY & LARDNER LLP <br>321 N. Clark St., Suite 2800 <br>Chicago, IL 60654 <br>(312) 832-4588 |

6

Kit A. Pierson
 kpierson@cohenmilstein.com
Benjamin D. Brown
 bbrown@cohenmilstein.com
Robert A. Braun
 rbraun@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600

Carol V. Gilden (Bar No. 6185530)
 cgilden@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370

Steve W. Berman (Bar No. 3126833)
 steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Daniel Kurowski
 dank@hbsslaw.com
Jeannie Evans
 jeannie@hbsslaw.com
Whitney Siehl
 wsiehl@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

Rio S. Pierce
 riop@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

*Counsel for Realogy Holdings Corp.*

/s/     Kenneth Kliebard
Kenneth Michael Kliebard
 kenneth.kliebard@morganlewis.com
Heather Nelson
 heather.nelson@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
77 West Wacker Drive, Suite 500
Chicago, IL 60601-5094
(312) 324-1000

Stacey Anne Mahoney
 stacey.mahoney@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

William T. McEnroe
  william.mcenroe@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

*Counsel for Keller Williams Realty, Inc.*

/s/ Timothy Ray
Timothy Ray
 Timothy.Ray@hklaw.com

HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60603
(312) 263-3600

David C. Kully
 david.kully@hklaw.com
Anna P. Hayes
 anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

10183368v1/016286

*Counsel for RE/MAX, LLC*

/s/      Jeremy J. Gray
Jeremy J. Gray
 jjgray@jonesday.com
Odeshoo Hasdoo
 ehasdoo@jonesday.com
JONES DAY
77 W Wacker, Suite 3500
Chicago, IL 60605
(312) 782-3939

Jeffrey A. LeVee
  jlevee@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
(213) 243-2572

*Counsel for Defendant*
*National Association of Realtors®*

/s/      Jack R. Bierig
Jack R. Bierig
 jbierig@schiffhardin.com
Adam J. Diederich
 adiederich@schiffhardin.com
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
312-258-5500 (Phone)
312-258-5600 (Fax)

Robert J. Wierenga
 rwierenga@schiffhardin.com
Suzanne L. Wahl
  swahl@schiffhardin.com
SCHIFF HARDIN LLP
350 S. Main Street, Suite 210
Ann Arbor, MI 48104
(734) 222-1517

10183368v1/016286