# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) ) ) | Case No: 1:19-cv-01610 |
| v. | ) ) | Judge Andrea Wood |
| THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY LIMITS PURSUANT TO FED. R. CIV. P. 26(f)**

WHEREAS Plaintiffs and Defendants have met and conferred pursuant to Federal Rule of Civil Procedure 26(f); and

WHEREAS the Pparties have reached agreement on certain discovery limits, as set forth below;

WHEREAS the Court, at the September 22, 2021 status conference, addressedresolved the Parties' disputes with respect to the remaining discovery limits;

THE PARTIES HEREBY STIPULATE AS FOLLOWS:

**A. Interrogatories Pursuant to Fed. R. Civ. P. 33(a) 1.**

1. Plaintiffs may jointly serve 25 interrogatories per Defendant family.[1]

2. Defendants may jointly serve 25 interrogatories on each Plaintiff.[2]

**B. Individual Depositions Pursuant to Fed. R. Civ. P. 30(b)(1)[3]**

1. Plaintiffs may take no more than either 100 hours of or 2010 fact witness depositions per Defendant family. For purposes of this stipulation, fact witnesses shall include Defendants' current employees, as well as former employees, whom Defendants assist in making available for deposition, and current and former officers or directors of any Defendant. With the exception of joint depositions described below, no fact deposition will exceed 7 hours on the record. Plaintiffs will endeavor in good faith to notify Defendants when they expect a fact deposition will take fewer than 4 hours on the record. If Plaintiffs seek additional fact witness depositions, the Parties will meet and confer regarding any limit for additional depositions.

---

[1] For purposes of this agreement, "Defendant family" refers to (i) Defendants named in the complaint that have a parent-subsidiary relationship or share a common corporate parent; and (ii) where the Defendants produce discovery on their behalf, the direct and indirect subsidiaries of each such Defendant.

[2] This agreement is without prejudice to Valerie Nager's pending motion for protective order.

[3] The limitations provided for herein do not apply to any deposition noticed pursuant to Fed. R. Civ. P. 30(b)(6).

i

2. The Parties will meet and confer regarding any limit for third-party fact depositions and either reach agreement or raise any issues with the Court no later than February 18, 2022.

3. The following stipulation applies to Plaintiffs and all Defendants except for Keller Williams. Plaintiffs agree to coordinate with the plaintiffs in *Sitzer v. National Association of Realtors*, 4:19-cv-00332 (W.D. Mo.), on a minimum of four joint fact depositions of each Defendant family, including each Defendant's senior executives. ~~—~~Any joint deposition will be limited to 9 hours combined. ~~Plaintiffs agree to use good faith to coordinate, if practicable, on additional depositions of the Defendant families that occur in the *Sitzer* action.~~ Defendants shall promptly notify Plaintiffs of any deposition noticed in the *Sitzer* action. Within five business days of receiving notice, Plaintiffs will inform Defendants whether they intend to participate in that deposition. If Plaintiffs choose not to participate in the deposition of a particular deponent, they may subsequently take the deposition of that deponent only by leave of the Court for good cause shown.~~the Parties disagree whether a deposition should proceed jointly, they will meet and confer and raise any disputes with the Court if necessary.~~

4. Defendants will coordinate a single, joint deposition of each named Plaintiff to be limited to a maximum of 7 hours per deposition.

5. These deposition limits are without prejudice to: (i) any party seeking to depose a fact witness only for purposes of laying a foundation for the admissibility of documents (although the Parties will meet and confer in good faith to avoid the need for any such deposition); (ii) any party seeking to depose any fact witness who submits a declaration on a party's behalf at class certification or summary judgment who was not previously deposed; or (iii) any party seeking to depose any fact witness who appears on a trial witness list who was not previously deposed. Notwithstanding the foregoing, a fact witness who was not previously deposed but who submits a

ii

Declaration on behalf of a party can be deposed only with respect to the specific items covered by the Declaration.

### C. **Modification of Limits**

Any of the provisions and limits set forth herein may be modified by agreement of the Parties or by the Court for good cause.

IT IS SO ORDERED.

Dated: _____ of ~~August~~~~October~~November, 2021

                                                                                                                               Hon. Andrea R. Wood
                                                                                                                              United States District Judge

Dated: Respectfully submitted,

/s/

Marc M. Seltzer
  mseltzer@susmangodfrey.com
Steven G. Sklaver
  ssklaver@susmangodfrey.com
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100

Matthew R. Berry
  mberry@susmangodfrey.com
Alexander W. Aiken
  aaiken@susmangodfrey.com
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880

Beatrice C. Franklin
  bfranklin@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

Steve W. Berman (Bar No. 3126833)
  steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Daniel Kurowski
  dank@hbsslaw.com
Whitney Siehl
  wsiehl@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP

455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

Rio S. Pierce
  riop@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Carol V. Gilden (Bar No. 6185530)
  cgilden@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370

Daniel A. Small
  dsmall@cohenmilstein.com
Kit A. Pierson
  kpierson@cohenmilstein.com
Benjamin D. Brown
  bbrown@cohenmilstein.com
Robert A. Braun
  rbraun@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600

2