# EXHIBIT D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-md-2420-YGR DMR |
| | MDL No. 2420 |
| This Document Relates to: | **[PROPOSED] ORDER RE DISCOVERY AND DEPOSITION PROTOCOL** |
| ALL ACTIONS | |

WHEREAS, this litigation has been consolidated and transferred by the Judicial Panel on Multidistrict Litigation to the above-referenced Court for pretrial proceedings; and

WHEREAS, it is in the interests of justice, and consistent with the Federal Rules of Civil Procedure, to adopt procedures to organize discovery and minimize burdens on the Direct Purchaser Class Plaintiffs, Indirect Purchaser Class Plaintiffs, Direct Action Plaintiffs, and Defendants (each a "Party" and collectively, the "Parties") in these consolidated cases, all actions treated as "Related Cases" pursuant to Civil L.R. 3-12 that have been or may be filed in this District, and any additional present and future actions transferred to this Court as "tag-along actions" by the MDL Panel pursuant to Rule 7.4 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation (collectively, the "Batteries Cases").

IT IS HEREBY ORDERED:

## I.    NUMBER OF DEPOSITIONS

A.    For purposes of this order, the term "Plaintiffs" shall mean and refer collectively to all Direct Purchaser Class Plaintiffs, Indirect Purchaser Class Plaintiffs and Direct Action Plaintiffs.  The term "Direct Action Plaintiff" means an individual, Corporation, or state government bringing a non-class action proceeding regarding an antitrust conspiracy in the Lithium Ion Batteries industry, which action has been either (i) transferred to this MDL by the Judicial Panel for Multidistrict Litigation, or (ii) ordered "related" under Civil Local Rule 3-12.  If a Direct Action Plaintiff action is transferred to this MDL by the Judicial Panel on Multidistrict Litigation or ordered "related" under Civil Local Rule 3-12, all Parties may meet and confer to determine whether any modifications to this order are appropriate.

B.    At least twenty-one (21) days prior to noticing depositions of specific  percipient witnesses employed by a particular Defendant, Plaintiffs shall provide to that Defendant group a reasonable list of the persons they propose to depose in the initial round of depositions based on their current knowledge of the discovery record.  A Defendant group is defined as each separately represented group of defendants.  For clarity, the Panasonic family of defendants and the Sanyo family of defendants shall be considered separate Defendant groups.  Within fourteen (14) calendar days after service of a list, the Defendant group shall respond in writing to the list and advise Plaintiffs of any

witnesses thereon who that Defendant group believes have no knowledge, or only marginal knowledge, of the relevant facts, as well as identify any witnesses who defendants have been informed will assert their Fifth Amendment privilege against compelled self-incrimination. The Defendant group's representations are to be taken into consideration but are not determinative as to whether a deposition will be noticed.

C.    Plaintiffs may immediately establish "watchlists" of no more than fifteen custodians/witnesses per Defendant group. For each such identified custodian/witness, Defendants shall timely inform Plaintiffs in writing if they become aware that such person intends to leave, or does leave, his or her employment, to the extent reasonably possible. Upon Plaintiffs' request, Defendants shall make that person available for deposition either before or after his or her departure, to the extent reasonably possible. Plaintiffs may make changes to their watchlists by December 31, 2014, and on a quarterly basis thereafter until December 31, 2015. These requirements will cease on June 15, 2016.

D.    Plaintiffs collectively may depose up to 120 percipient witnesses as part of the joint, coordinated discovery in this case, with a maximum of 12 depositions for any single Defendant group. Defendants may collectively depose each natural person named Plaintiff or class representative and take two depositions of each government entity named Plaintiff or class representative. The Parties shall meet and confer with respect to the number of depositions to be taken of business entity named Plaintiffs or class representatives. Defendants also may collectively take up to 12 depositions of each Direct Action Plaintiff group, which is defined as Direct Action Plaintiffs who are part of the same corporate family. These limits do not include Rule 30(b)(6) depositions of defendants or Direct Action Plaintiffs, depositions of third parties, depositions of experts, or depositions of records custodians regarding authentication of documents.

E.    The Parties shall meet and confer about 30(b)(6) topics and witnesses. These 30(b)(6) depositions shall not count towards the number of percipient witness depositions in paragraph I.D.

F.    The limitations herein on the number and the hours of depositions are presumptive only. The purpose of these presumptive limits is to encourage the judicious use of depositions, not to arbitrarily restrict access to evidence. The numbers and the hours of depositions may be expanded or reduced by stipulation, or for good cause upon motion to the Court. This order does not limit any

- 2 -

[PROPOSED] ORDER
RE DISCOVERY AND DEPOSITION PROTOCOL

Party's right to object to or seek a protective order with respect to any deposition noticed in this case. In addition, the presumptive number of depositions and number of hours is without prejudice to any Party seeking to expand or further limit the number or length of depositions.

**II.   DEPOSITION PROCEDURES**

    A.    All deposition limitations may be modified for good cause or by agreement.

    B.    Except for depositions of a corporate representative under Fed. R. Civ. P. 30(b)(6), the Parties shall use reasonable efforts to avoid having more than one substantive deposition taken on any one day.

    C.    To the extent that any Party contends that the time provided for deposition in Rule 30(d)(1), namely that an individual fact deposition is limited to 1 day of 7 hours, or the time provided for deposition as modified by this Order is insufficient to adequately complete a particular deposition, counsel for the Party and counsel for the witness shall, prior to any relief being sought from the Court, meet and confer to attempt to reach agreement on the length of the deposition.

    D.    A witness may be deposed only once in these proceedings, unless a witness properly revokes an earlier assertion of the Fifth Amendment, by agreement of the Parties, or by order of the Court based on a showing of good cause.  This limitation will not affect the rights of a Party to seek to depose as a fact witness an individual who has been previously deposed solely as a corporate representative of a Party designated under Fed. R. Civ. P. 30(b)(6), or of other Parties to object to such depositions.  Nor will this procedure affect the rights of a Party to seek a corporate representative deposition under Fed. R. Civ. P 30(b)(6) when the corporate representative has been previously deposed as a fact witness, or of other Parties to object to such depositions.  If it appears that the same individual will be deposed both as a fact witness and as a corporate representative under Fed. R. Civ. P 30(b)(6), the Parties agree to meet and confer to attempt to reach agreement about deposing the individual only once for both purposes.

    E.    Plaintiffs shall presumptively have 7 hours to depose each non-30(b)(6) witness.  In the event the same witness is noticed by the Direct Purchaser Class Plaintiffs or Indirect Purchaser Class Plaintiffs and counsel for any Direct Action Plaintiff, the deposition will be limited to 11 hours of deposition, consecutive when reasonably practicable, with 7 hours allocated to the Direct/Indirect

- 3 -

Purchaser Plaintiffs and 4 hours allocated to the Direct Action Plaintiffs.[1]  Provided, however, that (i) any plaintiff may, in their sole discretion, cede their allocated deposition time to any other plaintiff; and (ii) counsel for the Direct Action Plaintiffs may take the lead in a deposition.  The parties shall meet and confer in good faith to discuss their anticipated examination time in advance of any scheduled deposition, taking into account whether a witness is being noticed as an individual fact witness only or as both a 30(b)(6) witness and an individual fact witness.  If any Defendant cross-notices a deposition, Defendants collectively may depose the witness for an additional 7 hours, and Plaintiffs may thereafter depose the witness for an additional 2 hours.  All of these time limits are subject to the provisions below expanding time in the case of translated depositions.

## III.    SCHEDULING, NOTICING AND LOCATION OF DEPOSITIONS

A.    Each of the Parties shall select one attorney to serve as its liaison counsel for purposes of communications related to the scheduling of depositions in this case.  To the extent reasonably practicable, following service of any deposition notice or subpoena in this case, each of the Parties' liaison counsel shall be copied on all written correspondence that relates to deposition scheduling or location issues.  The Parties will cooperate in the scheduling of all depositions.

B.    Depositions of a corporation pursuant to Federal Rule of Civil Procedure 30(b)(6) will presumptively take place in the Northern District of California.  The noticing Party or Parties shall be responsible for payment of the reasonable travel and lodging expenses for any 30(b)(6) foreign resident witnesses produced in the United States.  The expenses required under this Paragraph shall be split equally among the noticing Parties (*e.g.*, if all of the Plaintiffs notice the deposition, the expenses shall be paid: 1/3rd by the Direct Purchaser Class Plaintiffs, 1/3rd by the Indirect Purchaser Class Plaintiffs, and 1/3rd by the Direct Action Plaintiffs).  The Parties should consider whether the United States, including but not limited to the Northern District of California, is the most efficient and inexpensive location for the depositions of non-30(b)(6) foreign resident witnesses.

[1] This Order shall not disrupt previously-scheduled depositions.  With respect to depositions that have already been scheduled at the time this Order is entered, the Parties shall meet and confer on a case-by-case basis regarding the length of the deposition and allocation of time to the Direct Action Plaintiffs.

- 4 -

C.   The Federal Rules of Civil Procedure and this court's orders will apply to the conduct of any deposition occurring in a foreign location.  To the extent that the laws of the foreign location prohibit the application of the Federal Rules of Civil Procedure and this court's orders or substantially interfere with the ability to take a deposition in that location, the Parties shall meet and confer, and hold the deposition in an alternate location which allows for their application.

D.   A letter or telephone call suffices to begin the process of scheduling a deposition.  The court anticipates that the Parties should be able to confirm the date and location of a deposition within three weeks of a request.  The Parties shall meet and confer regarding a process by which they will track objective, non-argumentative information related to deposition scheduling, *e.g.*, an agreed upon log format that reflects dates of initial requests to schedule depositions, response/follow-up dates, and reasons provided for unavailability.  If a dispute arises, the court expects to receive a joint log containing agreed-upon content, rather than competing logs containing different "spins" on the same log entry.

E.   Counsel for Plaintiffs will consult with one another so that, to the extent practicable, depositions can be coordinated as to scheduling, notice, and taking.  The duty to consult in advance is neither intended to give any Party or group of Parties a veto right over other Parties, nor intended to lessen the previously assigned role of Plaintiffs' counsel in co- coordinating this litigation.

F.   The Defendants will consult with one another so that, to the extent practicable, depositions noticed by the Defendants can be coordinated.

G.   Depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all Parties electronically.  Any subpoenas for deposition testimony shall be served on witnesses as required by law, but copies may be served electronically on all Parties.  Deposition notices shall have the legal effect of a deposition notice in all Batteries Cases.

H.   Once a deposition has been scheduled, it shall not be taken off calendar, postponed, or rescheduled, except by agreement of the counsel responsible for scheduling as set forth above, or by other relief obtained from the Court for good cause shown.

## IV. INTERPRETERS, INTERPRETED TESTIMONY AND DOCUMENT TRANSLATIONS

A.     Any Party requesting an interpreter shall bear the expense of providing their own interpreter.  The Parties shall meet and confer to create an agreed-upon list from which the Parties shall select interpreters.  The agreed-upon list should be as expansive as possible; in other words, the court expects the Parties to conduct due diligence now to identify mutually agreeable interpreters beyond those with which they currently are familiar.  If a listed interpreter is not available, the parties shall meet and confer regarding the selection of an alternative.  If the Parties are unable to reach an agreement, the deposition should go forward and the noticing Party or Parties shall select and bear the expense of the lead interpreter.  This ruling is made without prejudice to any witness timely moving for a protective order on the basis of a dispute regarding an interpreter.

B.     If any Party brings a check interpreter to a deposition, and that check interpreter disagrees with any portion of an interpretation, the check interpreter's requested correction shall be stated simply for the record.  The interpreter of record need not respond. All questions, answers, and objections shall be interpreted for the witness as necessary; however, all counsel shall refrain from unnecessary colloquy and speaking objections, so as not to obstruct the depositions.

C.     The Parties shall use reasonable efforts at the deposition to resolve any objection to any interpretation or translation.

D.     To the extent an interpreter is used for all or nearly all of the deposition, the time limits set forth in Paragraph II.C and II.E above shall be doubled.  In all other situations, the Parties will cooperate in good faith to extend the deposition time to account for the use of the interpreter, guided by the principle that deposition time during which an interpreter is used should be counted at 50% or one half the actual amounts against the above set limits.

E.     All translations entered as an exhibit during deposition shall be certified by a professional translator accredited or certified by, or holding a certificate in translation from a program approved by, the American Translator's Association or another member organization of the Federation Internationale de Traducteurs; and those approved and authorized to translate in California courts, including this District, by the Judicial Conferences of California.  By consent of the Parties, translators

[PROPOSED] ORDER
RE DISCOVERY AND DEPOSITION PROTOCOL

with comparable qualifications may be utilized in order to meet a high volume of requests. Translators shall be required to execute Exhibit A to the Stipulated Protective Order if they review any documents subject to the Stipulated Protective Order.

F.    Document translations shall bear the same Confidential or Highly Confidential designation as the original if such designation is in place as of the time that the translation is prepared. A translation should also share the same Bates and deposition exhibit numbers as the underlying document and should be followed with the letter "A" signifying it as a translated version of the document. Because languages occupy different amounts of space to say the same thing, it may be impractical for the translation to be paginated in the exact same way as the original. Parties should ensure the Bates numbers are located in the same location within the text as would be found in the underlying document (*e.g.*, the Bates number may physically fall in the middle of a page, rather than at the bottom). Unless otherwise agreed, document translations shall use the same Bates number as the original, followed by .01, .02, etc. for any additional pages required for the translated text. A translation may not contain independent notes that are not within the text of the original document (*e.g.*, notes from the translator or counsel). Emphasis in the translation (*e.g.*, bold, italics, underlined) must appear in the same form as in the original document. However, translator notations such as "original text is in English," "original text is handwritten," or "untranslatable symbol" may be included in brackets.

G.    If another Party (or Parties) introduces a subsequent translation of the same underlying document, the subsequent translation(s) should also share the same Bates and exhibit numbers as the underlying document and should be followed consecutively with the letter "B," "C," etc. Should a translated document entered into the record become altered as a result of resolved objections to the translation, the updated version should be labeled with the same numbered designation and followed with "AF" (or "BF" or "CF", etc.) signifying a final translated version.

H.    All certified translations shall be presumed to be accurate. Objections to the accuracy of any document translations introduced as exhibits or used at a deposition shall be asserted within 60 days after the final transcript of the deposition is provided to the deponent for correction. Objections shall state the specific inaccuracies of the translation and offer an alternative translation of the portions

- 7 -

[PROPOSED] ORDER
RE DISCOVERY AND DEPOSITION PROTOCOL

of the document objected to.  If the Parties are unable to resolve the dispute, it may be submitted to the Magistrate.  If no objection is made to a translation within the 60-day limit, it shall be deemed accurate, and no objection to admissibility on grounds of inaccuracy of the translation will be permitted.

        I.       The Parties may agree on adjustments to this translation protocol to promote efficiency or fairness, and advise the Court accordingly.  Notwithstanding the provisions of this Order, the Court retains discretion to alter the treatment and admissibility of translated documents at trial if necessary.

## V.    DEPOSITION EXHIBITS

        A.      In accordance with Local Rule 30-2(b)(3), to the extent practicable, any exhibit which is an exact duplicate of an exhibit previously numbered must bear the same exhibit number, regardless of which Party is using the exhibit.  Any new document, or any version of any exhibit which is not an exact duplicate, must be marked and treated as a different exhibit bearing a new exhibit number.

        B.      To the extent reasonably possible, all exhibits shall be marked sequentially. In the case of multiple depositions occurring on or about the same date, deposition liaison counsel for the Parties shall meet and confer in advance of the depositions and attempt to allocate a range of sequential exhibit numbers to each deposition.

        C.      If a Party intending to examine a deponent so chooses, not later than four (4) business days before a deposition, it may serve on deposition liaison counsel for all Parties via electronic mail, a non-binding list of documents (identified by Bates number) that the Party anticipates using or referring to during the deposition.  If a Party serves a non-binding list of documents, examining counsel is not responsible for bringing to the deposition copies of pre- designated exhibits for other counsel.  Counsel are not obligated to pre-designate exhibits.  Any examining counsel who chooses not to pre-designate some or all of the documents to be used at a deposition shall not forfeit the right to use them, but in that case shall bring sufficient copies of such documents to the deposition unless otherwise agreed by the Parties.  With respect to all exhibits that have been marked and used in a prior deposition, "sufficient copies" shall mean at least four (4) hardcopies and electronic versions of the same for attending counsel, either via disk or email.  With respect to any "new" exhibits (i.e., an exhibit that has not been marked and used in prior deposition), "sufficient copies" shall mean at least ten (10)

- 8 -

hardcopies or electronic versions of the same for attending counsel, either via disk or email. In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each Party attending the deposition will have adequate access during the deposition to any exhibit used by examining counsel during the deposition.

D.      Interim Lead Counsel for Direct Purchaser Plaintiffs and Interim Lead Counsel for Indirect Purchaser Plaintiffs will maintain a master exhibit list to facilitate sequential numbering of exhibits, and will reasonably share this list with any Party that requests it.

## VI.    PARTICIPATION BY TELECONFERENCE

To minimize travel and related costs, counsel may participate in any deposition by telephone to the extent practicable. Counsel intending to do so must notify counsel for the Party that noticed the deposition and counsel for the witness at least seven (7) business days before the date of the deposition. Counsel noticing the deposition shall make arrangements so that a conference call line and a real-time video and text feed are available during the deposition, to the extent practicable. The Parties participating by telephone shall bear the costs of the conference call and/or live video and text feed, to the extent one is used. To the extent that it is not practicable to provide a conference call line and a real time video and text feed, counsel noticing the deposition must make reasonable efforts to cause all liaison counsel to be notified that a conference call line and/or a real time video and text feed will not be provided at least five (5) business days before the date of the deposition. Examining counsel and counsel intending to participate by telephone shall cooperate in good faith to facilitate such participation, including reasonable efforts to identify any exhibit used during the deposition by bates number.

## VII.    CONDUCT OF DEPOSITIONS

A.      Objections shall be limited to objection to the form of the question ("asked and answered," "compound," etc.) unless the objection involves privilege or the examining attorney asks for an explanation. Speaking objections or those which the court could interpret as coaching the deponent are prohibited. Attorneys shall not argue disputed objections or assertions of privilege on the record. Any objection to the form of a question shall be deemed to have been made on behalf of all other Parties. The objection of one counsel to a question need not be repeated by another counsel to

- 9 -

[PROPOSED] ORDER
RE DISCOVERY AND DEPOSITION PROTOCOL

preserve that objection on behalf of such other counsel, and counsel shall avoid repeating objections already preserved.

      B.     The court-reporter service shall maintain a total running time for actual depositions in order to measure compliance with the time limitation and the time allocation provisions above.

      C.     Direct Purchaser Class Plaintiffs, Indirect Purchaser Class Plaintiffs and Direct Action Plaintiffs shall coordinate in order to avoid duplicative questioning during depositions.

## VIII.   STANDARD STIPULATION

      The following stipulation shall apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

      1.     Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Within 30 days of receiving the transcript from the court reporter, or within 60 days if a translator or translated documents were used at deposition, the witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

      2.     If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter.  After review, correction, and signature within 30 days from the date of receipt, or within 60 days if a translator or translated documents were used at deposition, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony made by the witness.

      3.     The court reporter will provide the original transcript to the first examining attorney.  If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

## IX. FIFTH-AMENDMENT ASSERTIONS

A. Upon receipt of notice that a witness intends to assert his or her Fifth Amendment right against self-incrimination, the noticing Party's and any other examining Party's attorneys may submit a list of written questions to the witness to speed up the deposition, delivered to each Party no fewer than five (5) business days before the scheduled deposition. At the deposition, the written questions and any associated documents shall be introduced as an exhibit to the deposition, and the witness shall be asked summarily whether the witness would assert the Fifth Amendment to each of the written questions if they were posed individually. If the answer to the summary question is "yes," the deposition shall last no more than one hour. To the extent the answer to the summary question is "yes," use of the questions and answers at trial shall not be precluded on the basis that the written questions were not asked and answered individually. The use of the written questions and associated documents shall not prevent questions from being asked other than those contained in the written ones subject to the time limits described herein and under the Federal Rules of Civil Procedure.

B. All objections to written questions submitted to a deponent will be reserved, including objections to form.

C. Any person who at deposition asserts his or her right not to testify under the Fifth Amendment of the United States Constitution will be bound by that assertion of the privilege and shall not be permitted to revoke that assertion and testify otherwise at trial if allowing the person to testify would be unduly prejudicial to another Party. There is no undue prejudice where notice of intent to revoke is provided and the person is made available for deposition 30 days prior to the close of fact discovery. A rebuttable presumption of undue prejudice shall apply, however, if the person, after revoking the assertion of the privilege, is not made available for deposition at least 30 days prior to the close of fact discovery. Notice of intent to revoke the assertion of privilege shall be provided to all Parties in writing. If such notice is provided and the person is not available for deposition until after the close of fact discovery, the revoking person shall make himself or herself available for deposition at his or her expense in San Francisco, California.

**X. USE OF DEPOSITIONS**

A. The depositions taken by any Party pursuant to this Deposition Protocol may be made available and used in all Batteries Cases, and in any substantially similar action not part of this proceeding that directly relates to lithium ion batteries, such as cases filed in state courts by State Attorneys General.

B. Before a deposition taken pursuant to this Order may be used by any person not part of this proceeding, including State Attorneys General, that person must agree either (1) to abide by the terms of the Stipulated Protective Order entered in this proceeding and execute Exhibit A thereto, or (2) to abide by the terms of a substantially similar protective order.

**XI. PRESERVATION OF RIGHTS AND DEFENSES**

Any Party's agreement to and appearance on this stipulation does not constitute a waiver of any defense or right not specifically addressed. Defendants preserve all rights and defenses, including all defenses under Federal Rule of Civil Procedure 12 and their right to move to compel arbitration.

**XII. COORDINATION OF DISCOVERY**

A. Discovery in all actions transferred to this MDL proceeding shall be coordinated. Counsel for the Direct Purchaser Class Plaintiffs and the Indirect Purchaser Class Plaintiffs, in consultation with the Direct Action Plaintiffs, shall be responsible for coordination of discovery in all actions transferred to this MDL proceeding. The duty to consult and coordinate amongst the Plaintiffs is not intended to give any Party or group of Parties a veto right over the other Parties, nor is it intended to lessen the previously assigned role of the Direct Purchaser Class Plaintiffs / Indirect Purchaser Class Plaintiffs.

B. All Parties shall be served with all pleadings, deposition notices, discovery (limited to requests for production, interrogatories, requests for admission, subpoenas, and responses and documents produced thereto), and expert reports served in the MDL after entry of this Order.

C. All discovery previously produced by the Defendants in the MDL shall be produced by Defendants to the Direct Action Plaintiffs within 10 days of the filing of this Proposed Order Re Discovery and Deposition Protocol. DAPs agree to be bound by the existing, operative Protective Order (MDL Dkt. No. 193). Subject to the provisions herein, all Parties may use this previously-

- 12 -

[PROPOSED] ORDER
RE DISCOVERY AND DEPOSITION PROTOCOL

produced discovery during discovery, in pretrial motions, at trial, or for any other purpose to the same degree as if the discovery was provided in response to requests propounded by the Direct Action Plaintiffs.  This provision is without prejudice to the Direct Action Plaintiffs' ability to propound additional discovery on the Defendants.  In making requests, Direct Action Plaintiffs should (1) confirm the information they seek is not contained in the documents previously produced in the MDL; and (2) identify the information they seek as specifically as possible.  Defendants may assert duplication as a proper objection to any written discovery requests propounded by Direct Action Plaintiffs.

D.    Defendants may refer to their previously produced discovery in response to any discovery propounded by the Direct Action Plaintiffs if, and to the extent that, the previously-produced materials are responsive to the Direct Action Plaintiffs' discovery requests.  Defendants do not waive (a) any previously lodged objection to the production of documents, or (b) any objection to the admissibility or use of any document for any purpose except an objection based on the fact that the Defendants produced the documents in the first instance to other plaintiffs in the above-captioned action.  Any Defendant's objection to the admissibility or use of any document by any Party shall apply equally to the Direct Action Plaintiffs' admission or use of that document.

E.    Direct Action Plaintiffs that were validly served with a third-party subpoena pursuant to Federal Rule of Civil Procedure 45, prior to consolidation as a party in this MDL proceeding, shall continue, consistent with the Federal Rules of Civil Procedure, to respond to any outstanding subpoena.

F.    All Parties shall engage in their best efforts to conduct discovery efficiently and without duplication.

G.    Counsel for Direct Purchaser Class Plaintiffs, Counsel for Indirect Purchaser Class Plaintiffs, and Counsel for Direct Action Plaintiffs shall attempt to determine in good faith ways to avoid duplicative discovery. Likewise, Defendants shall consult in good faith in an effort to propound joint written discovery requests, but to the extent separate written discovery is served, Defendants shall not duplicate interrogatories, requests for admission, and requests for documents.  Duplication is a proper objection in written discovery requests.  This paragraph in no way prejudices or diminishes any

- 13 -

Party's right to serve their own written discovery requests regarding issues that are not common to any other Parties.

## XIII.  BINDING ORDER

This Deposition and Discovery Protocol is binding on all Parties to MDL No. 2420, including all current or future Parties to this MDL.  This Deposition and Discovery Protocol Order may be modified only by stipulation and order, or by order of the Magistrate or the Court for good cause shown.

**IT IS SO ORDERED.**

DATED:  October 19, 2015




HON. DONNA M. RYU
United States Magistrate Judge

- 14 -