# EXHIBIT E

| | |
|---|---|
| **From:** | Brandon Boulware |
| **To:** | Gray, Jeremy J.; Matt Dameron; Courtney Stout; Jeremy Suhr |
| **Cc:** | Bierig, Jack R.; JKeas@foley.com; Mahoney, Stacey Anne; "David.Kully@hklaw.com"; Render, Paula W.; Kliebard, Kenneth M.; JVaron@foley.com; Diederich, Adam; "Anna.Hayes@hklaw.com"; "denise.lazar@btlaw.com"; EKennelly@foley.com; Nelson, Heather J.; "kjackson@btlaw.com"; "martin.durkin@hklaw.com"; "matthew.barr@btlaw.com"; "matthew.ciulla@btlaw.com"; "robert.macgill@btlaw.com"; Hasdoo, Eddie; Wierenga, Robert J.; "Timothy.Ray@hklaw.com"; "william.farley@hklaw.com"; "Karoline.Jackson@btlaw.com"; Wahl, Suzanne L.; "Joseph.Wendt@btlaw.com"; Katherine Johnson; Ryan, Megan E.; Erin Lawrence |
| **Subject:** | RE: Sitzer -- Post-filing discovery cutoff |
| **Attachments:** | image001.png |

Thanks, Jeremy. The deal regarding post-Complaint discovery is accurately reflected in the five points of your 9:31am email.

**Brandon Boulware | Attorney**
**Boulware Law**
1600 Genessee, Suite 416
Kansas City, Missouri 64102
brandon@boulware-law.com
O: (816) 492-2826
C: (816) 590-1882



**From:** Gray, Jeremy J. <jjgray@JonesDay.com>
**Sent:** Friday, April 3, 2020 9:31 AM
**To:** Brandon Boulware <Brandon@boulware-law.com>; Matt Dameron <matt@williamsdirks.com>; Courtney Stout <cstout@williamsdirks.com>; Jeremy Suhr <Jeremy@boulware-law.com>
**Cc:** Bierig, Jack R. <JBierig@schiffhardin.com>; JKeas@foley.com; Mahoney, Stacey Anne <stacey.mahoney@morganlewis.com>; 'David.Kully@hklaw.com' <David.Kully@hklaw.com>; Render, Paula W. <prender@JonesDay.com>; Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; JVaron@foley.com; Diederich, Adam <ADiederich@schiffhardin.com>; 'Anna.Hayes@hklaw.com' <Anna.Hayes@hklaw.com>; 'denise.lazar@btlaw.com' <denise.lazar@btlaw.com>; EKennelly@foley.com; Nelson, Heather J. <heather.nelson@morganlewis.com>; 'kjackson@btlaw.com' <kjackson@btlaw.com>; 'martin.durkin@hklaw.com' <martin.durkin@hklaw.com>; 'matthew.barr@btlaw.com' <matthew.barr@btlaw.com>; 'matthew.ciulla@btlaw.com' <matthew.ciulla@btlaw.com>; 'robert.macgill@btlaw.com' <robert.macgill@btlaw.com>; Hasdoo, Eddie <ehasdoo@jonesday.com>; Wierenga, Robert J. <RWierenga@schiffhardin.com>; 'Timothy.Ray@hklaw.com' <Timothy.Ray@hklaw.com>; 'william.farley@hklaw.com' <william.farley@hklaw.com>; 'Karoline.Jackson@btlaw.com' <Karoline.Jackson@btlaw.com>; Wahl, Suzanne L. <SWahl@schiffhardin.com>; 'Joseph.Wendt@btlaw.com' <Joseph.Wendt@btlaw.com>; Katherine Johnson <kjohnson@realtors.org>; Ryan, Megan E. <mryan@jonesday.com>
**Subject:** RE: Sitzer -- Post-filing discovery cutoff

Brandon:

I think the revised (4) below captures your request. The post-filing discovery deal is (based on the

entire chain) reflected below:
> (1) The general post-complaint discovery cut off is December 31, 2019, with the exception of NAR custodians whose documents were collected in June 2019. For those custodians, the post-complaint discovery cut off will be the date of the prior collection.
> (2) After this cut off, the corporate defendants will refresh transaction/commission data and quarterly financial information (income statements; P&L), to the extent the financial information is relevant to the claims/defenses in the case, (i) at a date agreed upon by the parties before plaintiffs file for class certification (e.g., three months before February 22, 2021 or November 22, 2020) and (ii) at a date to be agreed upon before close of fact discovery, which date shall be decided after resolution of the class certification motion.
> (3) After this cut off, defendants' ongoing obligation to produce custodial documents will be limited to (i) a limited subset of "priority" custodians to be agreed upon (not to exceed 6 custodians per defendant or defendant group (i.e., 6 custodians for the HomeServices Defendants collectively)), (ii) based on TAR protocols and/or or a limited set of search terms to be agreed upon, and (iii) to be refreshed as of a certain date for all agreed custodians, which date shall be decided after resolution of the class certification motion. If plaintiffs believe any additional refresh is needed, plaintiffs can petition the court. Each defendant is committed to discussing the identity of its custodians and relevant search terms in good faith with counsel for plaintiffs (in the case of the HomeServices Defendants, subject to resolution of their Arbitration Motion).
> (4) After this cut off, the defendants will refresh production from a limited subset of central file locations to be agreed upon for documents based on TAR protocols and/or or a limited set of search terms to be agreed upon, subject to further meet and confer relating to the scope of such refresh. The refresh shall occur (i) at a date agreed upon by the parties before plaintiffs file for class certification and (ii) at a date to be agreed upon before close of fact discovery, which date shall be decided after resolution of the class certification motion.
> (5) The above does not waive any party's ability to object to the scope of discovery under Fed. R. Civ. P. 26 on the basis of any other issue including custodians, TAR, or search terms.

We believe this summary embodies the agreement the parties have reached.

Thanks,

Jeremy

> Jeremy J. Gray (bio)
> Partner
> **JONES DAY® - One Firm Worldwide℠**
> 77 West Wacker
> Chicago, Illinois 60601-1692
> Office +1.312.269.1553
> jjgray@jonesday.com

**From:** Brandon Boulware <Brandon@boulware-law.com>
**Sent:** Friday, April 3, 2020 9:24 AM
**To:** Gray, Jeremy J. <jjgray@JonesDay.com>; Matt Dameron <matt@williamsdirks.com>; Courtney Stout <cstout@williamsdirks.com>; Jeremy Suhr <Jeremy@boulware-law.com>
**Cc:** Bierig, Jack R. <JBierig@schiffhardin.com>; JKeas@foley.com; Mahoney, Stacey Anne <stacey.mahoney@morganlewis.com>; 'David.Kully@hklaw.com' <David.Kully@hklaw.com>; Render, Paula W. <prender@JonesDay.com>; Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; JVaron@foley.com; Diederich, Adam

<ADiederich@schiffhardin.com>; 'Anna.Hayes@hklaw.com' <Anna.Hayes@hklaw.com>; 'denise.lazar@btlaw.com' <denise.lazar@btlaw.com>; EKennelly@foley.com; Nelson, Heather J. <heather.nelson@morganlewis.com>; 'kjackson@btlaw.com' <kjackson@btlaw.com>; 'martin.durkin@hklaw.com' <martin.durkin@hklaw.com>; 'matthew.barr@btlaw.com' <matthew.barr@btlaw.com>; 'matthew.ciulla@btlaw.com' <matthew.ciulla@btlaw.com>; 'robert.macgill@btlaw.com' <robert.macgill@btlaw.com>; Hasdoo, Eddie <ehasdoo@jonesday.com>; Wierenga, Robert J. <RWierenga@schiffhardin.com>; 'Timothy.Ray@hklaw.com' <Timothy.Ray@hklaw.com>; 'william.farley@hklaw.com' <william.farley@hklaw.com>; 'Karoline.Jackson@btlaw.com' <Karoline.Jackson@btlaw.com>; Wahl, Suzanne L. <SWahl@schiffhardin.com>; 'Joseph.Wendt@btlaw.com' <Joseph.Wendt@btlaw.com>; Katherine Johnson <kjohnson@realtors.org>; Ryan, Megan E. <mryan@jonesday.com>

**Subject:** RE: Sitzer -- Post-filing discovery cutoff

All –

We are finalizing our brief and want to get on file. Please let me know by 9:45 whether we have a deal on the post-Complaint discovery issue. If the defendants do not accept the proposal as modified below by 9:45, our brief will reflect that the parties negotiated but did not come to an agreement and, as a result, Plaintiffs request that the Court rule on the issue. Going forward, we will need to put hard deadlines on discussions re open discovery and other issues teed up for the Court. Not trying to be unreasonable here, but it simply is not practical or efficient for the parties to continue discussions all the way up to the filing deadline. If a compromise can be reached, it can be reached before the 11th hour.

**Brandon Boulware | Attorney**
[Boulware Law](...)
1600 Genessee, Suite 416
Kansas City, Missouri 64102
brandon@boulware-law.com
O: (816) 492-2826
C: (816) 590-1882



**From:** Brandon Boulware <Brandon@boulware-law.com>
**Sent:** Thursday, April 2, 2020 10:37 PM
**To:** Gray, Jeremy J. <jjgray@JonesDay.com>; Matt Dameron <matt@williamsdirks.com>; Courtney Stout <cstout@williamsdirks.com>; Jeremy Suhr <Jeremy@boulware-law.com>
**Cc:** Bierig, Jack R. <JBierig@schiffhardin.com>; JKeas@foley.com; Mahoney, Stacey Anne <stacey.mahoney@morganlewis.com>; 'David.Kully@hklaw.com' <David.Kully@hklaw.com>; Render, Paula W. <prender@JonesDay.com>; Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; JVaron@foley.com; Diederich, Adam <ADiederich@schiffhardin.com>; 'Anna.Hayes@hklaw.com' <Anna.Hayes@hklaw.com>; 'denise.lazar@btlaw.com' <denise.lazar@btlaw.com>; EKennelly@foley.com; Nelson, Heather J. <heather.nelson@morganlewis.com>; 'kjackson@btlaw.com' <kjackson@btlaw.com>;

'martin.durkin@hklaw.com' <martin.durkin@hklaw.com>; 'matthew.barr@btlaw.com' <matthew.barr@btlaw.com>; 'matthew.ciulla@btlaw.com' <matthew.ciulla@btlaw.com>; 'robert.macgill@btlaw.com' <robert.macgill@btlaw.com>; Hasdoo, Eddie <ehasdoo@jonesday.com>; Wierenga, Robert J. <RWierenga@schiffhardin.com>; 'Timothy.Ray@hklaw.com' <Timothy.Ray@hklaw.com>; 'william.farley@hklaw.com' <william.farley@hklaw.com>; 'Karoline.Jackson@btlaw.com' <Karoline.Jackson@btlaw.com>; Wahl, Suzanne L. <SWahl@schiffhardin.com>; 'Joseph.Wendt@btlaw.com' <Joseph.Wendt@btlaw.com>; Katherine Johnson <kjohnson@realtors.org>; Ryan, Megan E. <mryan@jonesday.com>

**Subject:** Re: Sitzer -- Post-filing discovery cutoff

Jeremy -

We can't agree to limit the "central file" documents to Rule changes, but we can agree to limit the refresh to limited set of search terms or TAR like we are doing with refresh custodial documents.

Brandon Boulware
Boulware Law LLC
www.boulware-law.com
O: 816-492-2826
C: 816-590-1882

---

**From:** Gray, Jeremy J. <jjgray@JonesDay.com>
**Sent:** Thursday, April 2, 2020 9:46 PM
**To:** Brandon Boulware; Matt Dameron; Courtney Stout; Jeremy Suhr
**Cc:** Bierig, Jack R.; JKeas@foley.com; Mahoney, Stacey Anne; 'David.Kully@hklaw.com'; Render, Paula W.; Kliebard, Kenneth M.; JVaron@foley.com; Diederich, Adam; 'Anna.Hayes@hklaw.com'; 'denise.lazar@btlaw.com'; EKennelly@foley.com; Nelson, Heather J.; 'kjackson@btlaw.com'; 'martin.durkin@hklaw.com'; 'matthew.barr@btlaw.com'; 'matthew.ciulla@btlaw.com'; 'robert.macgill@btlaw.com'; Hasdoo, Eddie; Wierenga, Robert J.; 'Timothy.Ray@hklaw.com'; 'william.farley@hklaw.com'; 'Karoline.Jackson@btlaw.com'; Wahl, Suzanne L.; 'Joseph.Wendt@btlaw.com'; Katherine Johnson; Ryan, Megan E.
**Subject:** RE: Sitzer -- Post-filing discovery cutoff

Brandon: Thank you for your patience. For the bullets below:

- We have agreement re: December 31, 2019.
- Responsive quarterly financial statements are OK.
- For central file review, would this be acceptable?
    - After this Cutoff, the defendants will refresh production from any central files for documents relating to changes or modifications to the Rules challenged by Plaintiffs, subject to further meet and confer relating to the scope of such refresh. The refresh shall occur (i) at a date agreed upon by the parties before plaintiffs file for class certification and (ii) at a date to be agreed upon before close of fact discovery, which date shall be decided after resolution of the class certification motion.

Hopefully this finishes everything.

Thanks,
Jeremy

> Jeremy J. Gray (bio)
> Partner
> **JONES DAY® - One Firm Worldwide℠**
> 77 West Wacker

Chicago, Illinois 60601-1692
Office +1.312.269.1553
jjgray@jonesday.com

**From:** Brandon Boulware <Brandon@boulware-law.com>
**Sent:** Thursday, April 2, 2020 7:25 PM
**To:** Gray, Jeremy J. <jjgray@JonesDay.com>; Matt Dameron <matt@williamsdirks.com>; Courtney Stout <cstout@williamsdirks.com>; Jeremy Suhr <Jeremy@boulware-law.com>
**Cc:** Bierig, Jack R. <JBierig@schiffhardin.com>; JKeas@foley.com; Mahoney, Stacey Anne <stacey.mahoney@morganlewis.com>; 'David.Kully@hklaw.com' <David.Kully@hklaw.com>; Render, Paula W. <prender@JonesDay.com>; Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; JVaron@foley.com; Diederich, Adam <ADiederich@schiffhardin.com>; 'Anna.Hayes@hklaw.com' <Anna.Hayes@hklaw.com>; 'denise.lazar@btlaw.com' <denise.lazar@btlaw.com>; EKennelly@foley.com; Nelson, Heather J. <heather.nelson@morganlewis.com>; 'kjackson@btlaw.com' <kjackson@btlaw.com>; 'martin.durkin@hklaw.com' <martin.durkin@hklaw.com>; 'matthew.barr@btlaw.com' <matthew.barr@btlaw.com>; 'matthew.ciulla@btlaw.com' <matthew.ciulla@btlaw.com>; 'robert.macgill@btlaw.com' <robert.macgill@btlaw.com>; Hasdoo, Eddie <ehasdoo@jonesday.com>; Wierenga, Robert J. <RWierenga@schiffhardin.com>; 'Timothy.Ray@hklaw.com' <Timothy.Ray@hklaw.com>; 'william.farley@hklaw.com' <william.farley@hklaw.com>; 'Karoline.Jackson@btlaw.com' <Karoline.Jackson@btlaw.com>; Wahl, Suzanne L. <SWahl@schiffhardin.com>; 'Joseph.Wendt@btlaw.com' <Joseph.Wendt@btlaw.com>; Katherine Johnson <kjohnson@realtors.org>; Ryan, Megan E. <mryan@jonesday.com>
**Subject:** RE: Sitzer -- Post-filing discovery cutoff

Folks – Do we have a deal or not? We need to put this to bed tonight or decide we can't.

**Brandon Boulware | Attorney**
**Boulware Law**
1600 Genessee, Suite 416
Kansas City, Missouri 64102
brandon@boulware-law.com
O: (816) 492-2826
C: (816) 590-1882



**From:** Brandon Boulware
**Sent:** Thursday, April 2, 2020 5:17 PM
**To:** 'Gray, Jeremy J.' <jjgray@JonesDay.com>; Matt Dameron <matt@williamsdirks.com>; Courtney Stout <cstout@williamsdirks.com>; Jeremy Suhr <Jeremy@boulware-law.com>
**Cc:** Bierig, Jack R. <JBierig@schiffhardin.com>; JKeas@foley.com; Mahoney, Stacey Anne <stacey.mahoney@morganlewis.com>; 'David.Kully@hklaw.com' <David.Kully@hklaw.com>; Render, Paula W. <prender@JonesDay.com>; Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; JVaron@foley.com; Diederich, Adam

<ADiederich@schiffhardin.com>; 'Anna.Hayes@hklaw.com' <Anna.Hayes@hklaw.com>; 'denise.lazar@btlaw.com' <denise.lazar@btlaw.com>; EKennelly@foley.com; Nelson, Heather J. <heather.nelson@morganlewis.com>; 'kjackson@btlaw.com' <kjackson@btlaw.com>; 'martin.durkin@hklaw.com' <martin.durkin@hklaw.com>; 'matthew.barr@btlaw.com' <matthew.barr@btlaw.com>; 'matthew.ciulla@btlaw.com' <matthew.ciulla@btlaw.com>; 'robert.macgill@btlaw.com' <robert.macgill@btlaw.com>; Hasdoo, Eddie <ehasdoo@jonesday.com>; Wierenga, Robert J. <RWierenga@schiffhardin.com>; 'Timothy.Ray@hklaw.com' <Timothy.Ray@hklaw.com>; 'william.farley@hklaw.com' <william.farley@hklaw.com>; 'Karoline.Jackson@btlaw.com' <Karoline.Jackson@btlaw.com>; Wahl, Suzanne L. <SWahl@schiffhardin.com>; 'Joseph.Wendt@btlaw.com' <Joseph.Wendt@btlaw.com>; Katherine Johnson <kjohnson@realtors.org>; Ryan, Megan E. <mryan@jonesday.com>

**Subject:** RE: Sitzer -- Post-filing discovery cutoff

Jeremy –

Responses in red font below. I think we are close if not there.

**Brandon Boulware | Attorney**
**Boulware Law**
1600 Genessee, Suite 416
Kansas City, Missouri 64102
brandon@boulware-law.com
O: (816) 492-2826
C: (816) 590-1882

**From:** Gray, Jeremy J. <jjgray@JonesDay.com>
**Sent:** Thursday, April 2, 2020 4:44 PM
**To:** Brandon Boulware <Brandon@boulware-law.com>; Matt Dameron <matt@williamsdirks.com>; Courtney Stout <cstout@williamsdirks.com>; Jeremy Suhr <Jeremy@boulware-law.com>
**Cc:** Bierig, Jack R. <JBierig@schiffhardin.com>; JKeas@foley.com; Mahoney, Stacey Anne <stacey.mahoney@morganlewis.com>; 'David.Kully@hklaw.com' <David.Kully@hklaw.com>; Render, Paula W. <prender@JonesDay.com>; Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; JVaron@foley.com; Diederich, Adam <ADiederich@schiffhardin.com>; 'Anna.Hayes@hklaw.com' <Anna.Hayes@hklaw.com>; 'denise.lazar@btlaw.com' <denise.lazar@btlaw.com>; EKennelly@foley.com; Nelson, Heather J. <heather.nelson@morganlewis.com>; 'kjackson@btlaw.com' <kjackson@btlaw.com>; 'martin.durkin@hklaw.com' <martin.durkin@hklaw.com>; 'matthew.barr@btlaw.com' <matthew.barr@btlaw.com>; 'matthew.ciulla@btlaw.com' <matthew.ciulla@btlaw.com>; 'robert.macgill@btlaw.com' <robert.macgill@btlaw.com>; Hasdoo, Eddie <ehasdoo@jonesday.com>; Wierenga, Robert J. <RWierenga@schiffhardin.com>; 'Timothy.Ray@hklaw.com' <Timothy.Ray@hklaw.com>; 'william.farley@hklaw.com' <william.farley@hklaw.com>; 'Karoline.Jackson@btlaw.com' <Karoline.Jackson@btlaw.com>; Wahl, Suzanne L. <SWahl@schiffhardin.com>; 'Joseph.Wendt@btlaw.com' <Joseph.Wendt@btlaw.com>;

Katherine Johnson <kjohnson@realtors.org>; Ryan, Megan E. <mryan@jonesday.com>
**Subject:** RE: Sitzer -- Post-filing discovery cutoff

Brandon:

To your questions below and to short-circuit the need to get responses from everyone:

- I think we have a deal on December 31, 2019. None of the corporate defendants are seeking a cutoff for any custodians before December 31, 2019. The proposed exception is that, for NAR custodians collected in June of 2019, will you agree that the cutoff for those custodians will be the date of collection? Okay.
- As for financial information, what do you consider to be the "financial information" that should be updated? Quarterly financial statements (income statement; P&L).
- As it relates to central file review, this appears to be a refresh more consistent with non-custodial documents and should be covered by that clause. We would propose that the defendants and plaintiffs agree to meet and confer relating to the scope of central file refresh that will occur after resolution of the class certification motion. The refresh could occur on the same schedule as the custodial documents. This response says the refresh is "more consistent with *non*-custodial documents" but also states the refresh should be on same schedule as "custodial documents." I suspect the "non-" is a typo. Regardless, we think the central file refresh should be on same schedule as the transaction/commission/financial documents because, for example, if another change is made to a Challenged Restraint, we will want discovery about that change for class cert.

Let us know the answer to the second question and if we are in agreement.

Thanks,
Jeremy

> Jeremy J. Gray (bio)
> Partner
> **JONES DAY® - One Firm Worldwide℠**
> 77 West Wacker
> Chicago, Illinois 60601-1692
> Office +1.312.269.1553
> jjgray@jonesday.com

**From:** Brandon Boulware <Brandon@boulware-law.com>
**Sent:** Thursday, April 2, 2020 10:37 AM
**To:** Gray, Jeremy J. <jjgray@JonesDay.com>; Matt Dameron <matt@williamsdirks.com>; Courtney Stout <cstout@williamsdirks.com>; Jeremy Suhr <Jeremy@boulware-law.com>
**Cc:** Bierig, Jack R. <JBierig@schiffhardin.com>; JKeas@foley.com; Mahoney, Stacey Anne <stacey.mahoney@morganlewis.com>; 'David.Kully@hklaw.com' <David.Kully@hklaw.com>; Render, Paula W. <prender@JonesDay.com>; Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; JVaron@foley.com; Diederich, Adam <ADiederich@schiffhardin.com>; 'Anna.Hayes@hklaw.com' <Anna.Hayes@hklaw.com>; 'denise.lazar@btlaw.com' <denise.lazar@btlaw.com>; EKennelly@foley.com; Nelson, Heather J. <heather.nelson@morganlewis.com>; 'kjackson@btlaw.com' <kjackson@btlaw.com>; 'martin.durkin@hklaw.com' <martin.durkin@hklaw.com>; 'matthew.barr@btlaw.com' <matthew.barr@btlaw.com>; 'matthew.ciulla@btlaw.com' <matthew.ciulla@btlaw.com>; 'robert.macgill@btlaw.com' <robert.macgill@btlaw.com>; Hasdoo, Eddie <ehasdoo@jonesday.com>; Wierenga, Robert J. <RWierenga@schiffhardin.com>; 'Timothy.Ray@hklaw.com' <Timothy.Ray@hklaw.com>; 'william.farley@hklaw.com'

<william.farley@hklaw.com>; 'Karoline.Jackson@btlaw.com' <Karoline.Jackson@btlaw.com>; Wahl, Suzanne L. <SWahl@schiffhardin.com>; 'Joseph.Wendt@btlaw.com' <Joseph.Wendt@btlaw.com>; Katherine Johnson <kjohnson@realtors.org>; Ryan, Megan E. <mryan@jonesday.com>
**Subject:** RE: Sitzer -- Post-filing discovery cutoff

Jeremy –

This is progress. Thank you for making this counter-proposal. Below in red font are responses to each point. We have asked for more information from HSA, RE/MAX, and Realogy. When a defendant responds, please copy everyone on this email thread. Look forward to hearing back. We are obviously speaking for *Sitzer* Plaintiffs only.

**Brandon Boulware | Attorney**
[Boulware Law](#)
1600 Genessee, Suite 416
Kansas City, Missouri 64102
[brandon@boulware-law.com](#)
O: (816) 492-2826
C: (816) 590-1882



**From:** Gray, Jeremy J. <jjgray@JonesDay.com>
**Sent:** Wednesday, April 1, 2020 9:14 PM
**To:** Brandon Boulware <Brandon@boulware-law.com>; Matt Dameron <matt@williamsdirks.com>; Courtney Stout <cstout@williamsdirks.com>; Jeremy Suhr <Jeremy@boulware-law.com>
**Cc:** Bierig, Jack R. <JBierig@schiffhardin.com>; JKeas@foley.com; Mahoney, Stacey Anne <stacey.mahoney@morganlewis.com>; 'David.Kully@hklaw.com' <David.Kully@hklaw.com>; Render, Paula W. <prender@JonesDay.com>; Kliebard, Kenneth M. <kenneth.kliebard@morganlewis.com>; JVaron@foley.com; Diederich, Adam <ADiederich@schiffhardin.com>; 'Anna.Hayes@hklaw.com' <Anna.Hayes@hklaw.com>; 'denise.lazar@btlaw.com' <denise.lazar@btlaw.com>; EKennelly@foley.com; Nelson, Heather J. <heather.nelson@morganlewis.com>; 'kjackson@btlaw.com' <kjackson@btlaw.com>; 'martin.durkin@hklaw.com' <martin.durkin@hklaw.com>; 'matthew.barr@btlaw.com' <matthew.barr@btlaw.com>; 'matthew.ciulla@btlaw.com' <matthew.ciulla@btlaw.com>; 'robert.macgill@btlaw.com' <robert.macgill@btlaw.com>; Hasdoo, Eddie <ehasdoo@jonesday.com>; Wierenga, Robert J. <RWierenga@schiffhardin.com>; 'Timothy.Ray@hklaw.com' <Timothy.Ray@hklaw.com>; 'william.farley@hklaw.com' <william.farley@hklaw.com>; 'Karoline.Jackson@btlaw.com' <Karoline.Jackson@btlaw.com>; Wahl, Suzanne L. <SWahl@schiffhardin.com>; 'Joseph.Wendt@btlaw.com' <Joseph.Wendt@btlaw.com>; Katherine Johnson <kjohnson@realtors.org>; Ryan, Megan E. <mryan@jonesday.com>
**Subject:** Sitzer -- Post-filing discovery cutoff

Brandon –

We understand that you have made similar proposals to the defendants relating to post-filing discovery (I have set forth your proposal to RE/MAX below). The defendants believe that a

structured post-filing discovery schedule is a possible means to resolve this issue, but defendants believe that plaintiffs' proposal—which requires, in part, multiple and continuing refreshes—would be overly burdensome. The defendants propose, instead, the post-filing discovery structure outlined below:

- Post-complaint discovery.
    - Subject to the points below, the post-complaint discovery Cutoff should be December 31, 2019, except that for custodians whose files have already been collected by the individual defendants before December 31, 2019, the cut-off shall be the day of the collection for that custodian. Plaintiffs can live with the cutoff being December 31, 2019. As for an earlier cutoff for custodians whose files have already been collected, we tried during the joint call to learn from each defendant whether it had already collected from some custodians and, if so, when. We got answers from NAR (collected in June 2019) and Keller Williams (collected in January 2020). If HSA, RE/MAX, and Realogy could answer the following, we may be able to agree on this point.
    (1) Have you collected custodial files?
    (2) From how many custodians?
    (3) What was collected? We want to avoid a situation where a defendant made only a minimal collection from a custodian (e.g., collected only emails), but then uses the date of that minimal collection as the cutoff date for purposes of this deal.
    (4) When was the collection done?
    - After this Cutoff, the corporate defendants will refresh transaction/commission data (i) at a date agreed upon by the parties before plaintiffs file for class certification (*e.g.*, three months before February 22, 2021 or November 22, 2020) and (ii) at a date to be agreed upon before close of fact discovery, which date shall be decided after resolution of the class certification motion. Agreed if this also includes the defendant's financial information, to the extent the financial information is relevant to the claims/defenses in the case.
    - After this Cutoff, defendants' ongoing obligation to produce custodial documents will be limited to (i) a limited subset of "priority" custodians to be agreed upon (not to exceed 6 custodians per defendant or defendant group (*i.e.*, 6 custodians for the HomeServices Defendants collectively)), (ii) based on TAR protocols and/or or a limited set of search terms to be agreed upon, and (iii) to be refreshed as of a certain date for all agreed custodians, which date shall be decided after resolution of the class certification motion. If plaintiffs believe any additional refresh is needed, plaintiffs can petition the court. Each defendant is committed to discussing the identity of its custodians and relevant search terms in good faith with counsel for plaintiffs (in the case of the HomeServices Defendants, subject to resolution of their Arbitration Motion). Agreed.
    - The above does not waive any party's ability to object to the scope of discovery under Fed. R. Civ. P. 26 on the basis of any other issue including custodians, TAR, or search terms. Understood.
    
    Note: One issue not addressed here is refresh of central file (non-custodial) documents. What do you all propose to do with those documents? For example, one of the practices challenged in the lawsuit is the standard regarding what a broker/agent can say about providing "free" services. The standard was changed

<span style="color:red">after the lawsuit was filed. We obviously want to take discovery on that change and other changes to the Challenged Restraints. Open to ideas on how to handle, but maybe the answer is to agree to put these documents on the same refresh schedule as the transaction/commission/financial data above.</span>

Please let us know if plaintiffs will accept this post-filing discovery proposal.

Sincerely,

Jeremy Gray

_____

Plaintiffs' proposal to RE/MAX:
- The post-Complaint discovery cutoff is March 31, 2020.
- After this cutoff, Defendant's ongoing obligation to produce custodial documents will be limited to (i) a subset of "priority" custodians (5-6 custodians), (ii) based on a more limited set of search terms, and (iii) at reasonable production intervals (once every six months, and one month in advance of the custodian's deposition) until the end of fact discovery.
- After this cutoff, Defendant will continue producing non-custodial market data (e.g., commissions and transaction data, financial information) so that Plaintiffs can prove post-Complaint impact and damages. Defendant will produce this data at 3-month intervals.

Jeremy J. Gray (bio)
Partner
JONES DAY® - One Firm Worldwide℠
77 West Wacker
Chicago, Illinois 60601-1692
Office +1.312.269.1553
jjgray@jonesday.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***