UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, VALERIE NAGER, JACK RAMEY, DANIEL UMPA, And JANE RUH, on behalf of themselves and all others similarly situated ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 1:19-cv-01610 |
| v. ) ) | Judge Andrea R. Wood |
| THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC. ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

**MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINE TO ACCOMMODATE ALREADY-SERVED SUBPOENAS**

Defendants respectfully move the Court for a modest extension of the October 6, 2022 fact discovery deadline to allow for production of documents and data and possible enforcement actions with respect to already-served third-party subpoenas. Defendants also ask for a limited extension of the deposition deadlines for these subpoenas to accommodate the document and data productions. No other deadlines would be affected by this modest extension, and Plaintiffs would suffer no prejudice.

**I.  BACKGROUND**

Under the current schedule, fact discovery is set to close on October 6, 2022, although the parties and the Court have already agreed that certain fact depositions of both parties and non-

1

parties will occur after that date. Consistent with these timelines, the parties have been diligently working together to schedule and complete outstanding discovery activities, including depositions and document productions. In the last two weeks alone, there have been fourteen (14) depositions, with multiple depositions occurring on the same day. Over the next several weeks, there are six depositions currently scheduled and additional depositions contemplated for which dates have not yet been set, including 30(b)(6) depositions and third-party depositions.

To accommodate completion of deposition discovery, the current schedule required the parties to provide notice of any non-party depositions and subpoenas by September 28, 2022. Dkt. 350 at 2 ("The parties . . . will provide notice of all remaining third[-]party depositions by September 28th[.]"). Consistent with this schedule, both Plaintiffs and Defendants provided notice and served multiple third-party subpoenas on September 27 and 28.[1] Some of Defendants' subpoenas included requests for both depositions and documents/data pursuant to F.R.C.P. 45(a)(1)(C); two subpoenas sought only documents or data pursuant to F.R.C.P. 45(a)(1)(D). Defendants have been in contact with all of the recipients except one, and Defendants do not anticipate any issues with enforcement.

On September 29, Plaintiffs sent an email to Defendants objecting to the subpoenas served by Defendants, but only to the extent they seek the production of documents. Plaintiffs took the position that document discovery must be completed by the October 6 deadline for fact discovery, even though deposition discovery will continue and even though most of these

---

[1] Plaintiffs noticed and served the following non-party deposition subpoenas this week: Jeremy Pharr, Wendy DiVecchio, Greater Las Vegas Association of Realtors, Stefan Swanepoel, T360, Tom Ferry, Ferry International, LLC, OneKey MLS, The Real Estate Board of New York, Brooklyn MLS.

Similarly, Defendants noticed and served the following non-party subpoenas this week: Bright MLS, Inc. (deposition only), Stellar MLS (deposition only), Northstar MLS (deposition only), Triangle MLS (deposition only), Brooklyn MLS (deposition and documents/data), OneKey MLS (deposition and documents/data), The Real Estate Board of New York (deposition and documents/data), REX (data only) and West Penn Multi-List (data only).

document requests were served in connection with timely-noticed non-party depositions. Plaintiffs do **not** object to the attendant depositions.

Defendants conferred with counsel for Plaintiffs on this issue on September 30, 2022, at which Plaintiffs were represented by Robby Braun of Cohen Milstein. This dispute was the sole topic at the September 30 meet and confer, and Defendants and Plaintiffs were unable to resolve this dispute without Court intervention.

After that meet and confer and after the September 28 deadline, Plaintiffs served two "revised" deposition notices and four new "counter-notices."

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a schedule may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. General & Cologna Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) (cleaned up; citation omitted). This Court has "extraordinary discretion in managing discovery . . . ." *Yost v. Carroll*, No. 20 C 5393, 2022 U.S. Dist. LEXIS 56627, at *2 (N.D. Ill. Mar. 29, 2022). In exercising this discretion, the Court should be mindful that, "in all cases . . . who is on the 'right' side of the issues cannot be determined without appropriate discovery . . . ." *Id.* at *3. "And that requires that each side be given an appropriate amount of time to conduct relevant and proportional discovery." *Id.* (granting defendant's request for an additional 45 days to complete fact discovery).

## III. ARGUMENT

Defendants have good cause for a modest extension of the current discovery deadline to allow for document production and potential enforcement of the subpoenas *duces tecum* that have already been noticed and served. Defendants have been working diligently to complete

3

discovery; certain of the non-parties at issue were just identified as part of Plaintiffs' supplemental expert reports; and a modest extension of the fact-discovery cutoff is appropriate.

First, Defendants have been diligent in their efforts to complete fact discovery. For the past two weeks, depositions have been occurring almost every day, sometimes on multiple tracks—14 have been completed in the last 2 weeks, and more than 25 additional depositions are either scheduled or will be scheduled over the next several weeks.

Defendants did not intentionally delay the sending of the subpoenas *duces tecum* at issue—most are to parties whose potential relevance only came to light in the last few weeks after Plaintiffs served their expert rebuttal reports. For example, three of the subpoenas are to non-party MLSs in New York, two of which were mentioned in the rebuttal report filed by Plaintiffs' expert, Professor Elhauge, which was served on August 22. Professor Elhauge asserted in his report that the Brooklyn MLS might be an appropriate benchmark because he claims it does not have a rule like the Cooperative Compensation Rule at issue in this case. Elhauge Rebuttal Rep. ¶ 76. As a factual matter, Defendants believe that Professor Elhauge is incorrect and that the Brooklyn MLS does have an analogous rule. The served subpoena seeks copies of the Brooklyn MLS rules and data regarding cooperative compensation offers in that MLS to respond to Professor Elhauge's new assertions. As another example, Professor Elhauge criticized Defendants' expert's use of only Keller Williams and Realogy data for her analysis for certain MLSs. *Id.* ¶¶ 63, 75. Two non-party subpoenas at issue seek additional data to directly respond to Professor Elhauge's critique.

Second, Defendants believe the subpoenas are consistent with the spirit of the current Scheduling Order. That order required the parties to provide notice of third-party depositions by September 28, 2022. Dkt. No. 350-2. The order does not distinguish between non-party

4

deposition subpoenas or subpoenas *duces tecum* served in connection with such depositions. Nor did it purport to exclude combined deposition and document subpoenas that are expressly permitted by Rule 45. Defendants provided notice and served their subpoenas by September 28, and those subpoenas require production prior to the October 27 timeframe during which the parties told the Court they anticipate completing most of the remaining depositions.[2] *Id.* Nonetheless, Plaintiffs contend there is a distinction between deposition subpoenas and subpoenas *duces tecum*, which led to the filing of this motion.

Finally, there is no prejudice to Plaintiffs from the modest requested extension. The extension is limited and contemporaneous with the completion of other depositions agreed to by Plaintiffs and the Court that will occur into at least November 2022. The extension will not impact any other case deadlines. Indeed, there is no schedule yet in place for merit expert disclosure or discovery, summary judgment, or trial.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to enlarge the current fact-discovery deadline to allow for document and data production, deposition, and potential enforcement actions with respect to the non-party subpoenas that were noticed on or before September 28, 2022.

---

[2] Defendants could have issued these subpoenas with return dates of October 6—counsel has been in contact with all of the recipients except for one, and Defendants do not expect there to be any enforcement issues. But given that depositions are continuing throughout October, Defendants chose the slightly longer return dates to give the non-parties additional time to respond and to coincide with the deposition schedule.

Dated: September 30, 2022　　　　　　　　　　Respectfully submitted,

**Counsel for HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, The Long & Foster Companies, Inc.**

/s/ Robert D. MacGill
Robert D. MacGill
robert.macgill@macgilllaw.com
Scott E. Murray
scott.murray@macgilllaw.com
Matthew T. Ciulla
matthew.ciulla@macgilllaw.com
MACGILL PC
156 E. Market St. Suite 1200
Indianapolis, IN 46204
(317) 961-5085

Jay N. Varon
jvaron@foley.com
Jennifer M. Keas
jkeas@foley.com
FOLEY & LARDNER LLP
3000 K Street NW
Washington, DC 20007
(202) 672-5436

James D. Dasso
jdasso@foley.com
FOLEY & LARDNER LLP
321 N. Clark St., Suite 2800
Chicago, IL 60654
(312) 832-4588

**Counsel for National Association of REALTORS®**

/s/ Jack R. Bierig
Jack R. Bierig
Robert J. Wierenga
Suzanne Wahl
ArentFox Schiff LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
(312) 258-5500
jack.bierig@afslaw.com

**Counsel for Keller Williams Realty, Inc.**

/s/ Timothy Ray
Timothy Ray
timothy.ray@hklaw.com
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600

David C. Kully, *pro hac vice*
david.kully@hklaw.com
Anna P. Hayes, *pro hac vice*
anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

Jennifer Lada, *pro hac vice*
jennifer.lada@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street
12th Floor
New York, NY 10019
(202) 513-3513

**Counsel for Realogy Holdings Corp.**

/s/ Kenneth M. Kliebard
Kenneth M. Kliebard
kenneth.kliebard@morganlewis.com
Heather J. Nelson
Heather.nelson@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
110 North Wacker Drive
Chicago, IL 60606-1511
(312) 324-1000

Stacey Anne Mahoney
stacey.mahoney@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

robert.wierenga@afslaw.com
suzanne.wahl@afslaw.com

Ethan Glass
Cooley LLP
1299 Pennsylvania Avenue, Suite 700
Washington, DC 20004
eglass@cooley.com
202-776-2244

*Counsel for RE/MAX, LLC*

/s/ Eddie Hasdoo
Eddie Hasdoo
ehasdoo@jonesday.com
JONES DAY
77 W. Wacker, Suite 3500
Chicago, IL 60601
(312) 782-3939

Jeffrey A. LeVee
jlevee@jonesday.com
Eric P. Enson
epenson@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
(213) 243-2572

William T. McEnroe
William.mcenroe@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

**CERTIFICATE OF SERVICE**

    I, Robert D. MacGill, an attorney, hereby certify that on September 30, 2022, I caused the foregoing document to be served electronically on all parties of record via this Court's CM/ECF system.

                                            */s/ Robert D. MacGill*
                                                Robert D. MacGill