UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>    Defendants. | Case No: 1:19-cv-01610<br><br>Judge Andrea Wood |

**JOINT STATUS REPORT**

Pursuant to the Court's Order (Docket No. 354), Plaintiffs Christopher Moehrl, Michael Cole, Steve Darnell, Jack Ramey, Daniel Umpa, and Jane Ruh, on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendants The National Association of Realtors®, Realogy Holdings Corp., HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, The Long & Foster Companies, Inc. (collectively, "HomeServices"), RE/MAX LLC ("RMLLC"), and Keller Williams Realty, Inc. ("Defendants"), (collectively, the "Parties"), respectfully submit this Joint Status Report.

1.    **LIMITED EXTENSION FOR SCHEDULING OF DEPOSITIONS**

The parties are continuing to work to schedule the depositions of certain Defendant and third-party witnesses. To address deponent scheduling conflicts, the Parties and third parties have agreed, subject to Court approval, to schedule certain already noticed depositions for after the current October 27, 2022 deadline for deposition discovery. The Parties jointly request the Court's leave to take those already noticed depositions after October 27.

In addition, during certain recent third-party depositions, issues have arisen with the deponents refusing to testify regarding various non-privileged matters. Plaintiffs will work to

resolve these issues with counsel for the third parties in question but will advise the Court if a satisfactory resolution cannot be reached.

**2.      PLAINTIFFS' SECOND SET OF INTERROGATORIES**

The Parties are currently conferring over Defendants' responses to Plaintiffs' Second Set of Interrogatories. The Parties hope to resolve any disputed issues without involving the Court. However, should the parties prove unable to resolve their disputes, they expect to brief these issues shortly.

**3.      FACT DISCOVERY DEADLINE**

The Parties have fully briefed a dispute over Defendants' request to extend the fact discovery deadline with respect to certain subpoenas duces tecum and Plaintiffs' related motion for a protective order. ECF 364, 367 and 370. The Parties' motions are now ripe.

**4.      MERITS CASE SCHEDULE PROPOSALS**

The Court ordered that the parties include in this status report a proposed schedule for completion of outstanding discovery and filing dispositive motions. ECF 354. The parties have met and conferred on this issue and have been unable to reach agreement on a merits schedule. The parties' respective positions are set out below.

## MERITS SCHEDULE PROPOSALS

|  | **PLAINTIFFS' PROPOSAL** | **DEFENDANTS' PROPOSAL** |
|---|---|---|
| Filing of Plaintiffs' Expert Reports | March 23, 2023 (~6.5 following completion of class certification briefing) | 90 days after class cert decision |
| Filing of Defendants' Expert Reports | May 25, 2023 (9 weeks) | 90 days after plaintiffs' expert reports |
| Filing of Plaintiffs' Rebuttal Expert Reports | July 27, 2023 (9 weeks) | 60 days after defendants' expert reports if permitted by the Court |

2

| | | |
|---|---|---|
| Filing of Defendants' Sur-Rebuttal Report | Plaintiffs oppose proposed sur-rebuttal report. | 60 Days after plaintiffs Rebuttal Reports if permitted by the Court |
| Filing of Defendants' dispositive motions and Daubert motions on Plaintiffs' experts | August 24, 2023 (4 weeks) | ALL motions due: 270 days after class certification order |
| Filing of Plaintiffs' dispositive motions, opposition to Defendants' dispositive motions, Daubert motions on Defendants' merits experts; and opposition to Defendants' Daubert motions on Plaintiffs' experts | October 12, 2023 (7 weeks) | ALL responsive briefs due 45 days after filing of initial motions |
| Filing of Defendants' reply in support of their dispositive motions, opposition to Plaintiffs' dispositive motions, Daubert oppositions on defendants' experts, Daubert reply on Plaintiffs' merits experts | November 16, 2023 (5 weeks) | ALL reply briefs due 30 days after responsive briefs |
| Filing of Plaintiffs' reply in support of their dispositive motions, Daubert replies on Defendants' experts | December 14, 2023 (4 weeks) | ALL reply briefs due 30 days after responsive briefs |
| Final Pretrial Conference | February 22, 2024 (10 weeks) | To be set by the Court after a ruling on dispositive motions |
| Trial | March 21, 2024 (4 weeks) | To be set by the Court after a ruling on dispositive motions |

Plaintiffs' Position

**A. Plaintiffs' Proposed Schedule Complies with the Court's Instruction to Suggest "Reasonable, Firm Deadlines" for Merits Expert Reports and Dispositive Motions**

Consistent with the Court's instructions, Plaintiffs have proposed a schedule with specific and reasonable dates for merits expert reports and dispositive motion briefing. At the most recent status conference, the Court advised the parties that it wanted "reasonable, firm deadlines for the completion of the outstanding discovery as well as filing of dispositive motions." Sept. 15, 2022 Hearing Tr. at 29:12-20. The Court indicated that it intends to use these dates "for the purpose of considering what sort of trial date we might be looking at down the line just because I'm anticipating that when the time comes, there will be a lot of moving pieces to coordinate." *Id*. As the Court explained, "the sooner that we can look ahead to a potential trial date perhaps in 2023, the better." *Id*.

The dates Plaintiffs propose are reasonable for the Parties and the Court, while also facilitating a prompt resolution to a case that has impacted, and continues to impact, millions of homeowners and has already been pending for more than three years. For instance, under Plaintiffs' proposed schedule, the first merits deadline (Plaintiffs' merits expert reports) is set more than 6.5 months after the completion of class certification briefing and 5.5 months after the completion of *Daubert* briefing. This should provide the Parties and the Court with a reasonable amount of time following the resolution of class certification to prepare for the merits. Even so, Plaintiffs' proposal would also ensure that dispositive motion briefing is completed by the end of 2023, positioning the parties and the Court for a possible early 2024 trial.

Defendants contend that, despite the Court's instructions to the Parties, the Court should decline to enter a schedule with "reasonable, firm deadlines" and instead order intervals pegged to the issuance of the Court's class certification report. Defendants' approach suffers from multiple infirmities. By avoiding set deadlines, Defendants' schedule is unable to account for holidays that may impact both the days on which deadlines fall or the time intervals between deadlines. For instance, a three-week interval for filing a brief that might be reasonable if it falls in June would likely be problematic if it falls during or immediately after the winter holidays. Additionally, Defendants' proposed intervals cannot account for any scheduling limitations of counsel and experts. For example, in contrast to Defendants' class certification expert who works primarily for a litigation consulting shop, the economists supporting Plaintiffs' class certification request are both practicing academics, which impacts their availability during certain windows.

Defendants nevertheless justify their proposed intervals by pointing to their uncertainty in the timing of the Court's forthcoming class certification ruling. But, as noted above, Plaintiffs' proposed schedule builds in a significant amount of time between the completion of class certification briefing and the first merits deadline. And, regardless, the concerns Defendants raise can be addressed in any scheduling by including language specifying that, in the event a class certification order (or, alternatively, oral guidance concerning a forthcoming order) has not issued as merits deadlines approach, the Parties and the Court can discuss whether a revision to the merits schedule is appropriate. Similarly, in the event that a 23(f) petition is granted, the Parties and the

Court can discuss whether a revision to the merits schedule is appropriate. But Defendants identify no reason why the scheduling order needs to explicitly provide for reconsideration of the schedule when the Court has not even ruled on class certification yet.

### B. A "Staggered" Schedule for Summary Judgment Cross-Motions Is Efficient and Fair

Plaintiffs propose that the Court adopt a "staggered" schedule for any cross-motions for summary judgment in order to streamline resolution of dispositive motions and avoid unnecessarily lengthy, duplicative, and non-responsive summary judgment briefing. Under this proposal, Defendants would file their motions for summary judgment and then Plaintiffs would file in combination both their oppositions to Defendants' motions and (if any) their cross-motions for summary judgment.

Staggered summary judgment schedules have several benefits. First, on issues for which both sides seek summary judgment, staggered briefing schedules reduce the total number of briefs filed by the Parties from six to four. Under Plaintiffs' proposal, these would be (i) Defendants' opening summary judgment brief; (ii) Plaintiffs combined opposition and cross-motion; (iii) Defendants' combined motion reply and cross-motion opposition; and (iv) Plaintiffs' cross-motion reply. This contrasts with Defendants' proposed schedule which would require that each side file simultaneous summary judgment motions (2 briefs), simultaneous oppositions (2 briefs), and then simultaneous replies (2 briefs)—for a total of six briefs. Second, reducing the total number of instances in which the parties must address an issue permits the Court to streamline briefing page limits. Third, by ensuring that issues are addressed sequentially, rather than simultaneously, staggered briefing facilitates each side's ability to meaningfully respond to the other's arguments and evidence.

That is why courts—including in this District—frequently order staggered summary judgment schedules in cases like this one where cross-motions for summary judgment are reasonably likely to occur. For example, Judge Chang ordered in one recent case that, "[t]o avoid repetitive briefs, the [summary judgment] briefing schedule will comprise four briefs instead of six." Minute Order, *Nucap Indus. Inc. v. Robert Bosch LLC*, No. 15-cv-02207, ECF No. 1110 (N.D. Ill. Oct. 29, 2018) (entering a dispositive motion schedule beginning with "Defendants' opening motion for summary judgment," and followed by "Plaintiffs' combined response and crossmotion (if any)," "Defendants' reply on their own motion and response to Plaintiffs' motion," and "Plaintiffs' reply on their own motion").[1]

---

[1] *See also, e.g.*, *Diplomat Golf Course Venture, LLC v. Indian Habor Ins. Co.*, No. 19-61275-CIV, 2021 WL 4972942, at *2 (S.D. Fla. Aug. 2, 2021) ("to ensure that the docket is more "reader friendly" the Court will order that the motions for summary judgment be filed on a staggered basis"); *Rhino Metals, Inc. v. Sturdy Gun Safe, Inc.*, No. 1:18-cv-00474, 2020 WL 3052675, at *2 n.6 (D. Idaho June 8, 2020) ("Upon an exhaustive review of hundreds of cases in the District of Idaho over the last 20 years in which cross motions for summary judgment were filed . . . . [i]n the vast majority of cases, the parties utilized the court's preference of staggered, combined briefing"); Minute Order, ECF 45, *Babb v. Merisant USA, Inc.*, No. 06-cv-01383 (N.D. Ill. Feb. 7, 2007) (adopting staggered summary judgment briefing schedule); Minute Order, *EPIC v. DOJ*, No. 13-cv-1961 (D.D.C. Aug. 18, 2014) (adopting staggered summary judgment briefing schedule).

In addition to being efficient, the staggered briefing schedule Plaintiffs propose—in which Defendants would file the initial summary judgment motion and also the final brief on non-overlapping issues—is also fair. In contrast to Defendants' efforts to manufacture a schedule the affords them the "last word" on *every* issue at *each* stage of the litigation (*see also* Defendants' proposed surrebuttal merits expert report), Plaintiffs' proposed schedule would give each side the last word on some issues. In antitrust suits, it is common for Defendants to file sweeping summary judgment motions that aim dispose of the case in its entirety, while Plaintiffs typically file (if any) more targeted motions that address a subset of the issues also raised by Defendants. If summary judgment briefing is staggered, this would result in Defendants filing the final brief on non-overlapping issues they have raised and Plaintiffs' filing the final brief on overlapping issues.

### C. Defendants' Unusual Demand for Sur-Rebuttal Merits Expert Reports Should be Rejected

Plaintiffs oppose Defendants' highly unusual demand that the schedule permit them to file sur-rebuttal merits expert reports. "[P]ermitting sur-rebuttal reports is far from the norm." *Archer Daniels Midland, Co. v. M/T Am. Liberty*, No. 19-cv-10525, 2022 WL 3700896, at *4 (E.D. La. Aug. 26, 2022). Indeed, "while the [Federal] Rules expressly contemplate rebuttal reports, the Rules nowhere mention sur-rebuttal reports." *Id*. This is for good reason. "Continuously allowing expert rebuttal would create a situation where there would be no finality to expert reports" and "would wreak havoc [o]n docket control." *Id*. As a result, sur-rebuttal reports are typically permitted at the discretion of the court only in exceptional circumstances after a rebuttal report has been filed in response to specific demonstration of need by the party proposing to serve the sur-rebuttal. Here, Defendants' proposal for a sur-rebuttal is particularly disruptive, because Defendants, under their own schedule, propose filing it 30 days *after* the initial motions for summary judgment.[2] In particular, Defendants' proposal would mean that Plaintiffs would have to file their summary judgment motion before Defendants filed their final merits expert reports. This obvious schedule discrepancy would potentially allow Defendants alone to adjust their expert opinions in response to Plaintiffs' motions for summary judgment. By contrast, Plaintiffs' proposal reasonably ensures that all expert reports will be filed before motion practice commences.

Defendants' proposed surrebuttal is unnecessary, inequitable, and contrary to the Court's practice in this case. Permitting Defendants to file a sur-rebuttal expert report would unnecessarily lengthen the merits schedule, delaying resolution of the case. Moreover, consistent with ordinary practice, the class certification schedule did not contemplate sur-rebuttal expert reports. Defendants fail to explain why the Court should change course now at the merits stage. Finally, on most issues, Plaintiffs will have the ultimate burdens of persuasion and proof at trial. Accordingly, it makes sense for Plaintiffs' trial experts to have the final opportunity on rebuttal.

---

[2] Defendants' proposal has summary judgment motions filed 270 days after the order on class certification. Defendants' proposal has their sur-rebuttal to be filed 300 days after the order on class certification. (90 days after class certification for Plaintiffs' Initial Report, 90 days after that for Defendants' Opposition, 60 days after that for Plaintiffs' Reply, and 60 days after that for Defendants' sur-rebuttal, which adds up to 300 days).

### D. Plaintiffs Experts Should Be Afforded the Same Amount of Time For Their Rebuttal Expert Reports that Defendants' Experts Receive for the Reports

Plaintiffs request the same amount of time for Plaintiffs' merits expert rebuttal reports that Defendants' experts receive for their merits expert reports. The conduct of Defendants and their experts in both this case and *Burnett* highlights why this is appropriate. First, at class certification, Defendants' expert relied on several new datasets, the backup for which Defendants were not even required to produce until 5 days after their expert reports were served. Much of the data and the corresponding analyses by Defendants' expert were flawed. But it required time to obtain, understand, and analyze the large and complex datasets Defendants' expert relied on and to identify the flaws in her analyses. Second, it appears from the public docket in the *Burnett* case that—for whatever reason—Defendants made the strategic decision not to continue to retain their class certification expert Dr. Stiroh (who is also their expert at class certification in this matter) as a testifying expert during the merits phase. Although Plaintiffs cannot be sure of Defendants' intention in this case, there is certainly no guarantee that Dr. Stiroh will be among Defendants' merits experts or that whoever Defendants do retain will take the same approach Dr. Stiroh did at class certification. Moreover, Plaintiffs have no visibility into what approach Defendants' merits experts in *Burnett* took because Defendants have not filed redacted public version of their *Burnett* merits expert reports and have refused to produce to Plaintiffs here. Third, it appears that each side in *Burnett* retained around a half dozen merits experts. As a result, it is highly likely that Plaintiffs will be required to review and rebut new opinions and analyses offered by multiple experts who did not serve class certification reports.

### E. Defendants' Efforts to Micromanage the Parties and the Court Through the Schedule Are Unnecessary and Inappropriate

There are several other aspects of Defendants' proposed schedule that unnecessarily go beyond merely identifying deadlines for merits expert reports and dispositive motions and, instead, try to micromanage the Court and the Parties. These include the following:

- Defendants have proposed including in the schedule that "[a]ny trial setting and related deadlines shall be set by the Court after it rules on dispositive motions." This appears to be inconsistent with the Court's prior guidance that it will likely set a trial date at an earlier stage of the litigation given the number of "moving pieces to coordinate." Sept. 15, 2022 Hearing Tr. at 29:12-20. In any event, this language is an unnecessary incursion on the Court's authority.

- Defendants' proposal would also purport to require the Court to commit now to holding oral argument on both *Daubert* and summary judgment motions and to set a "target date" for such argument. Plaintiffs generally defer to the Court on whether such argument will be useful to it in resolving the Parties' motions and, in any event, suggest that the Court and the Parties will be in a better position to make such determinations at a later date.

- Defendants have proposed including in the schedule specific language addressing a hypothetical Rule 23(f) proceeding. In the unlikely event this become relevant (Rule 23(f) petitions are rarely granted), there is case law controlling whether, when, and to what extent

stays may be appropriate. There is no need for the schedule to address such a contingency at this stage.

- Finally, Defendants have proposed an unnecessary and problematic procedure for scheduling merits expert depositions. Expert depositions require considerable preparation by attorneys and experts. As a result, the scheduling of expert depositions partially depends on the deposing party to request a deposition reasonably in advance of any contemplated deposition dates. Rather than micromanage the timing and procedure for scheduling such depositions, Plaintiffs suggest instead that the Parties were cooperatively on scheduling merits expert depositions and, if necessary, raise any disputes with the Court when they arise.

Defendants' Position

### DEFENDANTS' PROPOSED PRE-TRIAL SCHEDULE

1. Plaintiffs shall serve the reports of any expert witness(es) that they intend to call at trial 90 days after the Court issues its class certification decision. Plaintiffs shall make their expert witnesses available for deposition on dates reasonably acceptable to defendants such that defendants can complete the depositions within 60 days after plaintiffs' disclosure. Defendants may elect to agree to later deposition dates without seeking Court approval.

2. Defendants shall serve the reports of any expert witness(es) that they intend to call at trial 90 days after plaintiffs' expert disclosure deadline. Defendants shall make their expert witnesses available for deposition on dates reasonably acceptable to plaintiffs such that plaintiffs can complete the depositions within 60 days after defendants' disclosure. Plaintiffs may elect to agree to later deposition dates without seeking Court approval.

3. Plaintiffs shall have 60 days after receiving the reports of defendants' experts to serve any rebuttal reports that are permitted by the Court. Defendants' experts shall have 60 days to serve surrebuttal reports if permitted by the Court.

4. All dispositive motions by any party, except for those under Rule 12(h)(2) or (3), shall be filed not later than 270 days after the Court's class certification order. All briefs in opposition shall be filed 45 days later. All reply briefs in support of motions shall be filed 30 days after the opposition briefs are filed. Oral argument on the motions will be scheduled as directed by the Court.

5. All motions to strike trial expert designations or preclude expert testimony premised on *Daubert v. Merrill Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), shall be filed no later than 270 days after the Court's class certification order. All briefs in opposition shall be filed 45 days later. All reply briefs shall be filed 30 days after opposition briefs are filed. Oral argument on the motions will be scheduled as directed by the Court, possibly in conjunction with oral argument on the dispositive motions if the Court entertains oral argument on those motions.

6.	In the event this Court grants certification of a class and the 7th Circuit thereafter grants a Rule 23(f) petition for immediate review of the Court's ruling on class certification, the parties will meet and confer to determine whether the above dates should continue to control.  If the parties are unable to agree, either party may petition the Court for reconsideration of the schedule.

7.  If there is to be a trial, the Court will set dates for a final pre-trial conference and for the commencement of trial after issuing a ruling on all dispositive motions.

**DEFENDANTS' ARGUMENTS FOR ADOPTION OF THEIR PROPOSED SCHEDULE**

The parties' proposals for a pre-trial schedule differ in six material respects:

A.	Whether (as plaintiffs propose) deadlines should be set without regard to the timing of the Court's ruling on the pending motion for class certification -- or whether (as defendants propose) these deadlines should be set in light of the date on which the Court issues a ruling on plaintiffs' motion for class certification;

B.	How long the experts for each side should be given to submit their expert reports and any rebuttal or surrebuttal reports that are permitted by the Court;

C.	How long after the Court's ruling on class certification should the parties be given to file dispositive motions;

D.	Whether (as plaintiffs propose) plaintiffs should be permitted to file their dispositive motions several weeks after defendants file their dispositive motions – or whether (as defendants propose) all dispositive motions should be filed simultaneously;

E.	Whether the schedule should make reference to the possibility of a change in the schedule if the Seventh Circuit Court of Appeals grants a Rule 23(f) petition for immediate review of this Court's ruling on class certification; and

F.	Whether (as plaintiffs propose) firm dates for the trial and final pre-trial conference should be set at this time without knowing this Court's schedule or when the Court will rule on dispositive motions – or whether the Court should set these dates after it has ruled on dispositive motions filed by the parties.

**Defendants' position on each of these six issues is set forth below.**

**A.	Deadlines For Merits Expert Reports And Dispositive Motions Should Be Based On The Date Of the Court's Ruling On Class Certification.**

At the most recent status conference, the Court directed the parties to propose reasonable, firm dates for a pre-trial schedule for the case going forward.  Plaintiffs interpret this direction as a requirement to provide specific dates, without regard to when there will be a ruling on the pending motion for class certification.  By contrast, defendants understand the Court's direction

9

as requiring firm deadlines for expert reports, completion of discovery, and the filing of dispositive motions and responses. Our proposal provides firm and reasonable deadlines, but those deadlines are tethered to the date on which there is a ruling on the motion for class certification.

Defendants submit that setting specific arbitrary dates, potentially falling before the Court has issued a class certification ruling, for various filings that may well be affected by the Court's ruling on class certification would be contrary to the goal of promoting a fair and efficient resolution of this case. The Court's class certification ruling is likely to have a significant impact on the need for, and scope of, merits expert discovery and summary judgment briefing. For example, if no class is certified, merits expert reports and summary judgment briefing would be unnecessary or severely truncated. If a class is certified, the Court's order might well alter the class definition advocated by plaintiffs, thereby impacting the scope and content of merits expert reports and any summary judgment motions.

Plaintiffs say that their proposed schedule "builds in a significant amount of time between the completion of class certification briefing and the first merits deadline". However, it is not the completion of briefing on class certification, but rather the Court's decision on that issue, that should be the starting point for subsequent dates. Setting specific deadlines that occur at specified intervals after the Court's decision on class certification decision, as defendants have proposed, will avoid the risk of engaging in unnecessary and expensive additional discovery and briefing. Moreover, it will not unduly delay the trial of this case in any way.

Courts in this District have followed the approach suggested by defendants in significant antitrust cases. . *See, e.g., In re Delta Dental Antitrust Litig*., 1:19-cv-06734 (Bucklo, J.) (Dkt. No. 306) (requiring the parties to meet and confer on dates for "filing of dispositive motions, merits expert discovery, Daubert motions for merits expert reports, motions in limine, and other final pre-trial matters" within thirty days of the Court's ruling on a motion for class certification); *In re Local TV Advertising Antitrust Litig.,* No. 18-cv-06785 (Kendall, J.) (Dkt.No. 218) (relating plaintiffs' merits expert disclosure, defendants' merits expert disclosure, and motions for summary judgment to time periods after the court makes its class certification decision).

**B.      The Experts For Each Side Should Be Given Ninety Days From The Previous Triggering Event To Serve Their Merits Reports; Plaintiffs' Experts Should Have 60 Days To Serve Any Rebuttal Reports That Are Permitted By The Court; and Defendants' Experts Should Have Sixty Days To Serve Any Surrebuttal Reports That Are Permitted By The Court.**

Plaintiffs have suggested nine weeks (72 days) from the triggering event for each side's experts to serve its reports. Given the multitude of issues in this case, defendants believe that (90) ninety days will be needed to prepare and serve expert reports on the merits. We have, therefore, proposed ninety days from the Court's ruling on class certification for submission of plaintiffs' expert reports and ninety days from the deadline for submission of plaintiffs' experts' merits reports for submission of defendants' experts' merits reports.

The parties further disagree (i) on the time for any rebuttal reports by plaintiffs' experts if permitted by the Court, and (ii) on whether defendants' experts may serve surrebuttal reports at all. On the first of these issues, defendants propose sixty days for rebuttal reports. Defendants believe that sixty days is ample time to prepare rebuttal reports. After all, rebuttal reports should be limited to new material in the opposing side's experts' reports.

On the second issue, plaintiffs take the position that defendants' should not be permitted to offer surrebuttal reports. But if there is new material or clarifications in any rebuttal reports that are permitted by the Court, it seems only fair that defendants' experts should be able to address any new material or clarifications. Defendants believe that their experts should be given the same amount of time as plaintiffs' experts, *i.e.* sixty days.

### C. Defendants Should Have At Least 270 Days After The Court's Ruling On Class Certification To File Dispositive Motions.

Plaintiffs have proposed that they file their expert reports on the merits on March 23, 2023 and that defendants file any dispositive motions by August 24, 2023 – five months later. As noted above, defendants believe that it is inappropriate to set deadlines that bear no relationship to the date of a ruling on the motion for class certification. In any event, plaintiffs' proposal to give defendants only five months to file dispositive motions is entirely too short. Rather, defendants submit that we will need at least 270 days from the date of a ruling on class certification to file our dispositive motions.

On defendants' proposed schedule, plaintiffs would have ninety days after a ruling on class certification to file their expert reports. Defendants would then have ninety days to file their expert reports. Plaintiffs would have 60 days to file rebuttal reports. Putting aside whether defendants will be permitted to serve surrebuttal reports, this schedule comes to 240 days. The requested minimum of 270 days from the date of a ruling on class certification would give defendants only 30 additional days to file dispositive motions. This is the absolute minimum required to produce dispositive motions with supporting briefs that will appropriately set forth defendants' positions on the relevant issues in this multi-faceted case.

The system that plaintiffs are challenging has been in place for more than a century. There is no need to set a schedule that does not give defendants adequate time to seek summary judgment and to file any other dispositive motions. If the trial of this case is set three or four months later than plaintiffs would prefer, there is simply no prejudice to plaintiffs. And, given all of the issues that are likely to be raised in dispositive motions, defendants will need at least 270 days from a ruling on class certification to file their dispositive motions.

### D. All Dispositive Motions Should Be Filed Simultaneously.

Apart from the deadline for the filing of defendants' dispositive motions, there is a dispute regarding the timing of any dispositive motions by plaintiffs. Plaintiffs' proposed schedule would have defendants file their dispositive motions by August 24, 2023 while plaintiffs would

11

not have to file their dispositive motions until October 12, 2023. Sequencing the summary judgment briefs in this manner is entirely inappropriate in a significant antitrust case such as this one.

Once the record is closed, the parties should be aware of whether there are issues that should be addressed on motions for summary judgment. There is no good reason that plaintiffs should be given roughly seven more weeks than defendants to prepare and file any dispositive motions. To the contrary, allowing plaintiffs to file their dispositive motions nearly two months after defendants would serve only to give plaintiffs an unfair advantage.

Plaintiffs assert that "(s)taggered summary judgment have several benefits". But other than giving plaintiffs the benefit of seeing the briefing of defendants' motions before plaintiffs have to file, there are no benefits. Staggered briefing would not reduce the total number of briefs. Under defendants' proposal, each side would file one initial brief, one responsive brief, and one reply brief on summary judgment. That would be it.

Plaintiffs further assert that "staggered briefing facilitates each side's ability to meaningfully respond to the other's arguments and evidence". Once again, this is simply not so. With simultaneous briefing, each side will have the opportunity to respond in full to the points made in the motion by the other side. Further, simultaneous briefing would have the added benefit of shortening the entire briefing schedule and thereby allowing for a trial sooner than if briefing were staggered.

Plaintiffs also assert that courts frequently order staggered summary judgment schedules. The cases that they cite in support of this assertion do not appear to be complex antitrust cases. We are unable to ascertain what about the facts of those cases led to the scheduling of dispositive motions there. However, defendants' experience is that simultaneous briefing of cross-motions for summary judgment in cases such as this one is far more common that staggered briefing.

### E. Any Scheduling Order Should Provide For Reconsideration If The Court of Appeals Grants A Rule 23(f) Petition.

It is quite foreseeable that the losing side in a ruling by this Court on plaintiffs' motion to certify a class will ask the Seventh Circuit, pursuant to Rule 23(f), for interlocutory review of that ruling. If the Court of Appeals grants immediate review of the class certification issue, it would not seem to serve the goal of an efficient resolution of this litigation to require the parties to file dispositive motions and motions in *limine*, and otherwise to prepare for trial, until it is determined whether this case will, or will not, proceed as a class action.

Likewise, it would be a waste of this Court's resources to consider motions and prepare for trial if the Court of Appeals grants interlocutory review of the class certification issue. For these reasons, defendants have included a provision in the proposed scheduling Order that would permit the parties and the Court to reconsider of the dates set forth in that Order if Rule 23(f) review is granted. In this event, the schedule would not automatically become moot; the parties and the Court would, instead, address whether to adjust the schedule.

Plaintiffs have taken the position that such a provision is unnecessary because the parties can always move for a change in the schedule. But defendants see no harm in including the provision, and we do not want plaintiffs later to be able to argue that we waived the right to seek rescheduling based on the failure to include a provision to that effect in the scheduling Order.

**F.      Firm Dates Should Not Be Set For The Final Pre-Trial Conference Or The Trial Until After The Court Has Ruled On Dispositive Motions.**

Plaintiffs have arbitrarily set Dec. 14, 2023 as the date for their reply in support of their dispositive motions. They have set the equally arbitrary dates of February 22, 2024 and March 21, 2024 as the dates, respectively, of the final pre-trial conference and the trial. These dates do not give this Court much time to rule on dispositive motions, on *Daubert* motions, or on any other motions that may be presented. It also takes no account of what other matters may be before the Court.

Defendants respectfully submit that, if there is to be a trial in this case, dates for the final pre-trial conference and for the commencement of trial should be set by Your Honor after the Court's ruling on dispositive motions – with a schedule that gives the parties adequate time to prepare and that takes into account the other matters on the Court's calendar. Therefore, defendants propose that the setting of dates for the final pre-trial conference and the trial itself should be left to the discretion of the Court after it has decided all dispositive motions.

Dated: October 19, 2022                                                            Respectfully submitted,

*Co-Lead Counsel for Plaintiffs*                               *Counsel for HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, The Long & Foster Companies, Inc.*

/s/      Steve W. Berman
Steve W. Berman (Bar No. 3126833)
 steve@hbsslaw.com                                                  /s/      Robert D. MacGill
HAGENS BERMAN SOBOL SHAPIRO LLP     Robert D. MacGill
1301 Second Avenue, Suite 2000                            robert.macgill@macgilllaw.com
Seattle, WA 98101                                                        Scott E. Murray
Telephone: (206) 623-7292                                        scott.murray@macgilllaw.com
                                                                                        Matthew T. Ciulla
Daniel Kurowski                                                           matthew.ciulla@macgilllaw.com
 dank@hbsslaw.com                                                 MACGILL PC
Jeannie Evans                                                              156 E. Market St., Suite 1200 Indianapolis,
 jeannie@hbsslaw.com                                             IN 46204
Whitney Siehl                                                              (317) 961-5085
 wsiehl@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP     Jay N. Varon
455 North Cityfront Plaza Drive, Suite 2410        jvaron@foley.com
Chicago, IL 60611                                                        Jennifer M. Keas

13

Telephone: (708) 628-4949

Rio S. Pierce
 riop@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000


Marc M. Seltzer
 mseltzer@susmangodfrey.com
Steven G. Sklaver
 ssklaver@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100

Beatrice C. Franklin
 bfranklin@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, New York 10019
Telephone: (212) 336-8330

Matthew R. Berry
 mberry@susmangodfrey.com
Alexander W. Aiken
 aaiken@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880

Daniel A. Small
 dsmall@cohenmilstein.com
Kit A. Pierson
 kpierson@cohenmilstein.com
Benjamin D. Brown
 bbrown@cohenmilstein.com
Robert A. Braun
 rbraun@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC

 jkeas@foley.com
FOLEY AND LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5436

James D. Dasso
 jdasso@foley.com
FOLEY & LARDNER LLP
321 N. Clark St., Suite 2800
Chicago, IL 60654
(312) 832-4588


***Counsel for Realogy Holdings Corp.***

*/s/        Kenneth Kliebard*
Kenneth Michael Kliebard
 kenneth.kliebard@morganlewis.com
Heather Nelson
 heather.nelson@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
77 West Wacker Drive, Suite 500
Chicago, IL 60601-5094
(312) 324-1000

Stacey Anne Mahoney
 stacey.mahoney@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

William T. McEnroe
  william.mcenroe@morganlewis.com
 MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

***Counsel for Keller Williams Realty, Inc.***

*/s/ Timothy Ray*
 Timothy Ray
 Timothy.Ray@hklaw.com

1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600

Carol V. Gilden (Bar No. 6185530)
 cgilden@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370

HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60603
(312) 263-3600

David C. Kully
 david.kully@hklaw.com
Anna P. Hayes
 anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

*Counsel for Keller Williams Realty, Inc.*

*/s/ Timothy Ray*
Timothy Ray
 Timothy.Ray@hklaw.com

HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60603
(312) 263-3600

David C. Kully
 david.kully@hklaw.com
Anna P. Hayes
 anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

*Counsel for RE/MAX, LLC*

*/s/     Eddie Hasdoo*
Eddie Hasdoo
 ehasdoo@jonesday.com
JONES DAY
110 N. Wacker, Suite 4800
Chicago, IL 60606
(312) 782-3939

Jeffrey A. LeVee
  jlevee@jonesday.com
Eric P. Enson
  epenson@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
(213) 243-2572


*Counsel for Defendant*
*National Association of Realtors®*

*/s/      Jack R. Bierig*
Jack R. Bierig
 jbierig@schiffhardin.com
Adam J. Diederich
 adiederich@schiffhardin.com
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
312-258-5500 (Phone)
312-258-5600 (Fax)

Robert J. Wierenga
 rwierenga@schiffhardin.com
Suzanne L. Wahl
  swahl@schiffhardin.com
SCHIFF HARDIN LLP
350 S. Main Street, Suite 210
Ann Arbor, MI 48104
(734) 222-1517