**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, VALERIE NAGER, JACK RAMEY, DANIEL UMPA, And JANE RUH, on behalf of themselves and all others similarly situated ) ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) ) THE NATIONAL ASSOCIATION OF ) REALTORS, REALOGY HOLDINGS ) CORP., HOMESERVICES OF AMERICA, ) INC., BHH AFFILIATES, LLC, HSF ) AFFILIATES, LLC, THE LONG & FOSTER ) COMPANIES, INC., RE/MAX LLC, ) and KELLER WILLIAMS REALTY, ) INC. ) ) Defendants. ) ) | Case No. 1:19-cv-01610  Judge Andrea R. Wood |

## THE HOMESERVICES DEFENDANTS' MOTION FOR LEAVE TO SERVE ONE DEPOSITION CROSS-SUBPOENA

Pursuant to the Court's instruction at the October 24, 2022 Status Conference, the HomeServices Defendants respectfully move the Court for leave to serve one cross-subpoena.

The proposed cross-subpoena is for a personal deposition (without document requests) of Stefan Swanepoel. Mr. Swanepoel's deposition was scheduled by Plaintiffs for October 31. They repeatedly confirmed. Nevertheless, Plaintiffs then unilaterally cancelled the deposition on Sunday, October 30, about twenty-four hours before it was to begin. Plaintiffs have not rescheduled the deposition, and they have refused to permit Defendants to proceed with a deposition of Mr. Swanepoel without a subpoena.

In order to meet the Court's December 9, 2022 deadline for completing depositions, the HomeServices Defendants request leave to serve a subpoena on Mr. Swanepoel to ensure his

1

deposition moves forward expeditiously. In support of their motion, the HomeServices Defendants respectfully show the Court:

## FACTS

### A. Plaintiffs Utilize the DANGER Report, Which Was Authored by Swanepoel.

1. Plaintiffs have pointed to the so-called "DANGER Report" to support their selection of certain "yardstick countries" as part of their antitrust impact and other arguments. *See, e.g.*, Doc. 346 at 13 & n.16, 24, 25, 41; Doc. 306-7 at 13 & n.37, 18, 22; Doc. 346-2 at 12, 18, 48 n.189; Doc. 345 at 15; Doc. 302-7 at 169.

2. Stefan Swanepoel is the Executive Chairman of a company, T360.[1] The DANGER Report was "researched and authored by Swanepoel T3Group." Doc. 346-5 at 2. Stefan Swanepoel was the "Analyst/Author of the DANGER Report" and was the "Editor in Chief" of the DANGER Report. *Id.* at 9, 14.

### B. Plaintiffs Repeatedly Confirm the October 31, 2022 Deposition of Swanepoel.

3. On September 29, 2022, Plaintiffs provided notice of their intent to subpoena Mr. Swanepoel for deposition. Exhibit A.

4. On October 5, 2022, Plaintiffs indicated that Mr. Swanepoel's deposition would occur on October 31, 2022. Exhibit B.

5. On October 26, 2022, Plaintiffs confirmed to the undersigned that Mr. Swanepoel's deposition would proceed on October 31, 2022. Exhibit C.

6. On October 26, 2022, Plaintiffs again confirmed to all parties that Mr. Swanepoel's deposition would proceed on October 31, 2022. Exhibit D.

7. On October 28, 2022, Plaintiffs confirmed yet again to all parties that Mr. Swanepoel's deposition would proceed on October 31, 2022. Exhibit E.

---

[1] https://www.t360.com/our-people/stefan-swanepoel/

### C. Plaintiffs Unilaterally Cancel the Deposition and Refuse to Permit Defendants to Proceed.

8. On October 30, 2022—the day before the deposition—Plaintiffs cancelled. Exhibit F.

9. The undersigned indicated to Plaintiffs that travel arrangements had been made, and the deposition would need to move forward on October 31, 2022. Exhibit H. The undersigned requested that one of the other attorneys representing Plaintiffs plan to proceed. *Id.*

10. Plaintiffs refused. Exhibit I. Plaintiffs also refused to permit Defendants to proceed with the deposition without a subpoena. *Id.*

### D. Plaintiffs Decline to Engage on Rescheduling the Deposition.

11. Defendants contacted Plaintiffs on November 2, 2022, requesting a new date for the deposition. Exhibit J. Plaintiffs did not respond. Defendants reached out again on November 3, 2022. Exhibit K.

12. Plaintiffs indicated that they "will respond when [they] have a new date." Exhibit L.

### E. Mr. Swanepoel's Attorney Asserts That Defendants Cannot Confirm the Deposition Scheduling Without Issuing a Subpoena.

13. Swanepoel's attorney has indicated that Defendants must issue a subpoena in order to participate in scheduling Swanepoel's deposition. Exhibit M.

### THE COURT'S PROTOCOL

14. In determining a prior motion relating to third-party depositions noticed by Defendants, the Court permitted Plaintiffs to "serve their own subpoena in advance of the depositions going forward if the plaintiffs want to do so," as long as the "plaintiffs [] move forward with any such subpoenas fairly quickly…something in the nature of a 14-day turnaround." Exhibit N at 13:20-14:4; *see also id.* at 12:11-18 ("So plaintiffs will be able to issue their own subpoenas to those six who received the subpoenas within the time frame…."); *id.* at 13:14-17 ("I'm going to let

3

you seek third-party discovery from them because I think the fact that defendants were getting to subpoena the documents provides some good cause for you to be able to do the same.").

15. The Court further indicated that best practice is to "clarif[y] up front or [seek] additional permission…up front" before issuing certain subpoenas. *Id.* at 11:8-17.

16. The Court established December 9, 2022 as the deadline to complete such depositions. *Id.* at 14:9-16.

## ARGUMENT

The Court has indicated that cross-subpoenas for properly noticed depositions should be permitted, and that such cross-subpoenas should be issued "fairly quickly," *i.e.*, within fourteen days from the Court's October 24, 2022 status conference. Exhibit N at 13:20-14:4; *see also id.* at 12:11-18; *id.* at 13:14-17. This motion is brought within the fourteen-day expectation set by the Court.

Out of an abundance of caution, and mindful of the Court's instruction that seeking clarification up front is the best practice, *id.* at 11:8-17, HomeServices seeks leave to issue a cross-subpoena of Mr. Swanepoel. Such a cross-subpoena would permit HomeServices to productively engage in scheduling discussions with Mr. Swanepoel's counsel, who has indicated that she requires a subpoena to be issued. Exhibit M.

Further, despite repeatedly confirming the deposition, Plaintiffs cancelled the deposition of Mr. Swanepoel at the last minute. In light of these circumstances, the undersigned believes that he can facilitate a more productive scheduling process between all involved parties if he is given leave to issue a subpoena. If leave is granted, the undersigned believes that the Court's December 9, 2022 deadline for deposition discovery can be achieved with respect to Mr. Swanepoel.

Mr. Swanepoel is the author of a document heavily relied upon by Plaintiffs in their papers thus far (the DANGER Report), including in the reports by their experts, Elhauge and Economides. Plaintiffs have indicated that these two experts will also testify in the merits stage of this case.

4

Exhibit O at 25:3-8 ("Yes, as of now, we certainly expect fully that they will be some of our – at least some of our merits experts."); *see also id.* at 25:20-24 ("[T]here is a very significant amount of overlap between the class certification reports and the merits reports, and we are not going to be changing our theory of the case."). Defendants have the right to examine the historical and drafting context of the DANGER Report through the deposition of its Editor in Chief, Mr. Swanepoel. Permitting HomeServices to issue a cross-subpoena will satisfy Defendants' need in this respect.

## CONCLUSION

The Court should authorize HomeServices to issue a deposition cross-subpoena of Mr. Swanepoel in order to facilitate scheduling the deposition and meeting the December 9, 2022 completion deadline.

Dated: November 3, 2022

*Counsel for Defendants
Homeservices of America, Inc., BHH
Affiliates, LLC, HSF Affiliates, LLC, and
The Long and Foster Companies, Inc.*

By: /s/ Robert D. MacGill
Robert D. MacGill, *pro hac vice*
Matthew T. Ciulla, *pro hac vice*
Scott E. Murray, *pro hac vice*
Robert.MacGill@MacGillLaw.com
Matthew.Ciulla@MacGillLaw.com
MacGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
(317) 721-1253

Jay N. Varon, *pro hac vice*
Jennifer M. Keas, *pro hac vice*
jvaron@foley.com
jkeas@foley.com
FOLEY & LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5300

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon all counsel of record via the Court's CM/ECF System on November 3, 2022.

/s/Matthew T. Ciulla

One of HomeServices of America, Inc.'s Attorneys