UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, JACK RAMEY, DANIEL UMPA, and JANE RUH, and on behalf of all others similarly situated, </br></br> Plaintiffs, </br></br> vs. </br></br> THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., HSF AFFILIATES, LLC, BHH AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC., </br></br> Defendants. | Civil Action No: 1:19-cv-01610 </br></br> Judge Andrea R. Wood |

**THE LONG AND FOSTER COMPANIES, INC.'S
MOTION TO COMPEL ARBITRATION**[1]

Robert D. MacGill (*pro hac vice*)
Matthew T. Ciulla (*pro hac vice*)
Scott E. Murray (*pro hac vice*)
Patrick J. Sanders (*pro hac vice*)
MACGILL PC
156 E. Market St., Suite 1200
Indianapolis, IN 46204

Jay N. Varon (*pro hac vice*)
Jennifer M. Keas (*pro hac vice*)
FOLEY & LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007

---

[1] *Joined by* HomeServices of America, Inc.; BHH Affiliates, LLC; and HSF Affiliates, LLC

i

Defendant The Long & Foster Companies, Inc. ("Long & Foster") hereby moves to compel arbitration with respect to any class member who signed an arbitration agreement in the form at Doc. 206-12 at ECF pp. 11-12 pursuant to 9 U.S.C. §§ 2 & 4, and for a stay pending arbitration pursuant to 9 U.S.C. § 3. Defendants HomeServices of America, Inc.; BHH Affiliates, LLC; and HSF Affiliates, LLC join Long & Foster's motion. Long & Foster brings this separate motion because the instant arbitration agreement does not delegate gateway issues to the arbitrator, so a different analysis is needed.[2] In support of its motion, Long & Foster respectfully shows the Court:

## **FACTUAL BACKGROUND**

**The Complaint.** The Complaint alleges that home sellers "pay inflated commissions on the sale of their homes," Doc. 84 ¶ 1, pursuant to a listing agreement:

> A seller-broker's compensation is specified in a listing agreement…. The listing agreement specifies the total commission that a home seller will pay to the seller-broker, often with a portion of that amount earmarked to be paid to the buyer-broker in the event the buyer has a broker.

Doc. 84 ¶ 46. The core allegations in the Complaint elaborate:

> In the listing agreement, the seller sets the total commission to be paid to the seller-broker with the expectation that a portion of the commission will be paid to a buyer-broker. If, as would happen in the absence of the Buyer Broker Commission Rule, buyers paid their brokers, (i) sellers would agree to pay a commission solely to compensate the

---

[2] This motion addresses only the arbitration agreement at Doc. 206-12 at ECF pp. 11-12. The other LFRE arbitration agreements are addressed in companion motions.

1

> seller-broker because sellers have no incentive to compensate a buyer broker negotiating against their interests, and (ii) the seller-broker commission would be about half or less of the amount that sellers have paid as a total commission to compensate both the buyer-broker and the seller-broker.

Doc. 84 ¶ 48.

**The Moving Parties.** The Long & Foster Companies, Inc., a named defendant in this lawsuit, indirectly owns the operating real estate brokerage company, Long & Foster Real Estate, Inc. Decl. of Dana Strandmo, Doc. 206-1 ¶ 15. The Long & Foster Companies, Inc., is, in turn, a wholly owned subsidiary of Defendant HomeServices of America, Inc. (through a series of other subsidiaries of HomeServices). *Id.*

Defendant BHH Affiliates LLC is held by Defendant HSF Affiliates, LLC. Decl. of Rosalie Warner, Doc. 217-4 ¶ 2. HSF Affiliates, LLC is indirectly wholly owned by Defendant HomeServices of America, Inc. *Id.*

This Court has determined that "Plaintiffs' [Complaint] treats HomeServices Defendants and their wholly owned or controlled subsidiaries collectively as a single real estate brokerage firm that it describes as 'the second largest residential real estate brokerage firm in the United States of America.'" Doc. 256 at 2.

**Long & Foster's Brokerage Operations.** Long & Foster Real Estate, Inc. ("LFRE") provides real estate brokerage services through independent contractor agents. Decl. of J. Nicholas D'Ambrosia, Doc. 206-12 ¶ 6. LFRE requires that its independent contractor agents execute listing agreements with homeowners, which articulate the terms of the

2

agreement between LFRE and the homeowner. *Id.* ¶ 7. These same listing agreements also set the commission rate at which the broker is compensated. *Id.* LFRE provides the form listing agreements for the independent contractor agents to use. *Id.*

**The Arbitration Agreement's Use.** From July 2019 through at least December 2021, LFRE provided its real estate agents with a form addendum to each listing agreement that includes an arbitration clause. Doc. 206-12 ¶ 7, Supp. Decl. of J. Nicholas D'Ambrosia, Ex. 2023-12 [Doc.404-12] ¶ 5. Since July 2019, LFRE has instructed its real estate agents to request that homeowners listing their homes for sale execute the arbitration addendum when signing the associated listing agreement. Doc. 206-12 ¶¶ 7-9, Ex. 2023-12 [Doc.404-12] ¶ 5. Accordingly, every LFRE listing agreement executed in or after July 2019 should be accompanied by an executed addendum requiring the arbitration of disputes. Ex. 2023-12 [Doc.404-12] ¶ 8; Doc. 206-12 ¶ 9.

A copy of the arbitration addendum used by LFRE from July 2019 to December 2021 is located at Doc. 206-12 at ECF pp. 11 to 12.

## PROCEDURAL BACKGROUND

Like HomeServices of America, Inc. and its other subsidiary defendants, Long & Foster repeatedly invoked its arbitration rights in this litigation, including in the motion to dismiss (Doc. 69 at ECF p. 9 n.2), the second motion to dismiss (Doc. 116 at ECF p. 9 n.1), and in the answer (Doc. 200 at ECF p. 28 ¶ 3).

No Named Plaintiff signed an arbitration agreement with a HomeServices-affiliated company. Therefore, Long & Foster was unable to file a motion to compel arbitration until after the class was certified by the Court. *See generally Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1238 (11th Cir. 2018) (it is "jurisdictionally impossible for [a] District Court to rule" on a motion to compel unnamed putative class members to arbitration "before the class [is] certified").

On March 29, 2023, the Court certified the class. *Moehrl v. NAR*, No. 19-cv-1610, 2023 U.S. Dist. LEXIS 53299 (N.D. Ill. Mar. 29, 2023). In its class certification order, the Court found that the "best course" would be for Long & Foster to raise any arbitration issues "by separate motion." *Id.* at *83. Today, in conjunction with the other contemporaneously-filed motions, Long & Foster does so.

## LEGAL STANDARD

In "interpreting the construction of the contract language, 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 53 (7th Cir. 1995) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, (1983));[3] *see also IBEW Local 2150 v. NextEra Energy Point Beach*, LLC, 762 F.3d 592, 594 (7th Cir. 2014) ("[W]here any ambiguity as to the scope of the clause exists, [the court] will construe it in favor of the

---

[3] *See also, e.g.*, *MFB Fertility Inc. v. Easy Healthcare Corp.*, No. 20-cv-07833, 2023 U.S. Dist. LEXIS 53806, at *5-6 (N.D. Ill. Mar. 29, 2023).

4

party seeking arbitration."). "This is because of the overriding federal policy favoring arbitration." *Matthews*, 72 F.3d at 53.[4] Accordingly, "an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Id.* (citation omitted).[5]

## ARGUMENT

The Court must enforce arbitration agreements "according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Long & Foster, HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC, hereby "elect" to arbitrate this suit pursuant to Doc. 206-12 at ECF pp. 11-12.

The LFRE arbitration agreement at issue expressly contemplates the arbitration of disputes brought by class members against the "[n]on-signatory parent or other affiliated companies" of LFRE:

> **Mutual Agreement to Arbitrate Certain Disputes and to Waive Class Actions**
>
> The following provisions are hereby incorporated into the Listing Contract or Buyer Agency Contract ("Contract") between Long & Foster Real Estate, Inc. ("Broker/Licensee") and you ("You" or "Consumer") (together, the "Parties").
>
> **Agreement to Arbitrate and Claims Included and Excluded from Arbitration:**
>
> The Parties hereby mutually agree that, other than Excluded Claims, any and all claims, disputes or controversies between them that in any way arise from or relate to (i) the Contract, (ii) the real estate transaction relating to the Contract (the "Transaction"); and/or (iii) the services, advertising, disclosures, practices and procedures related to the Contract or the Transaction (collectively, a "Claim") shall be submitted to arbitration.

---

[4] *See also, e.g., MFB*, 2023 U.S. Dist. LEXIS 53806, at *5-6.

[5] *See also, e.g., Hauptman v. Midland Credit Mgmt.*, No. 1:18-cv-976, 2019 U.S. Dist. LEXIS 230359, at *6 (N.D. Ill. Jan. 31, 2019).

> **Non-Signatory Broker/Licensee Affiliates:**
>
> Non-signatory parent or other affiliated companies of Broker/Licensee shall have the benefit of electing to utilize this Agreement to Arbitrate Certain Disputes and to Waive Class Actions to the extent that a Claim is asserted against them (*i.e.*, a Claim that arises from the Contract, the Transaction, and/or the services, advertising, disclosures, practices and procedures related to the Contract or the Transaction).

Doc. 206-12 at ECF pp. 11-12. When reading these two clauses together, class members and LFRE agreed that the following disputes may be submitted to arbitration at the "elect[ion]" of Long & Foster and any other "affiliated company" of LFRE:

> "any and all claims, disputes or controversies" that are "asserted against" a "[n]on-signatory parent or other affiliated compan[y] of [LFRE]"
>
> "that in any way arise from or relate to (i) the Contract [listing agreement], (ii) the real estate transaction relating to the Contract (the 'Transaction'); and/or (iii) the services, advertising, disclosures, practices and procedures related to the Contract or the Transaction (collectively, a 'Claim')"
>
> "to the extent that a Claim is asserted against them (i.e., a Claim that arises from the Contract, the Transaction, and/or the services, advertising, disclosures, practices and procedures related to the Contract or the Transaction)."

Doc. 206-12 at ECF pp. 11-12.

Plaintiffs' lawsuit plainly arises from or relates to (i) the Contract [listing agreement], (ii) the real estate transaction relating to the Contract (the 'Transaction'); and/or (iii) the services, advertising, disclosures, practices and procedures related to the Contract or the Transaction (collectively, a 'Claim')." The suit's chief complaint is that the class members "pay inflated commissions on the sale of their homes," Doc. 84 ¶ 1, pursuant to a listing agreement. Doc. 84 ¶ 46; Doc. 84 ¶ 48. That listing agreement

6

contains this arbitration clause. Additionally, Plaintiffs' suit challenges the "services…practices and procedures" relating to the listing agreement and the transaction. Plaintiffs contend that Defendants' compensation practices and procedures relating to their real estate transactions violate the antitrust laws.

Nor can it be disputed that Long & Foster, HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC, qualify as "parent[s]" or "affiliated companies" of LFRE. Long & Foster and HomeServices of America, Inc. are both "parents" of LFRE. Doc. 206-1 ¶ 15. BHH Affiliates LLC and HSF Affiliates, LLC are other subsidiaries of HomeServices of America, Inc., and are therefore "affiliated companies" of LFRE. Doc. 217-4 ¶ 2.

This Court addressed a similar situation in *Smith v. Bank of America*, No. 17-cv-286, 2019 U.S. Dist. LEXIS 237480 (N.D. Ill. May 15, 2019). In that case, Smith entered into an arbitration agreement with Adecco. *Id.* at *2. The agreement provided that clients and affiliates, although not Smith's employers, may refer disputes against them to arbitration pursuant to the arbitration agreement in the same manner as claims made against Adecco. *Id.* at *2-3. Bank of America was not a party to the agreement. *Id.* at *6. However, this Court determined that Bank of America, as a 'client' under the agreement, could compel arbitration because "the Agreement requires any dispute asserted against a Client based on Smith's temporary work assignment for that Client to be subject to arbitration." *Id.* at *7; *see also Thompson v. Sutherland Global Servs.*, No. 17-c-

3607, 2019 U.S. Dist. LEXIS 57539, at *16-17 (N.D. Ill. Apr. 3, 2019) ("There is also a clear intent in the arbitration agreement to benefit Illinois Bell's affiliates and provide them the legal right to dispute claims with Plaintiff in arbitration….Defendant can enforce the arbitration agreement as a third-party beneficiary because it is an affiliate of Illinois Bell.").[6]

So too here. The arbitration agreement's plain language authorizes Long & Foster, HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC, to arbitrate this dispute. The motion to compel arbitration should be granted.

### REQUESTED RELIEF

The Court should compel the following class members to arbitration and should stay pending arbitration their claims pending in this Court under 9 U.S.C. § 3. Alternatively, the Court should dismiss them from this action in favor of arbitration.

| Any Class Member Who Listed Their Home With: | During[7]: | Citation: |
|---|---|---|
| Long & Foster (its brokerage subsidiary) | July 2019 to December 2021 | Doc. 206-12 ¶ 10 & Ex. 2023-12 [Doc.404-12] ¶ 6 (July 2019 – Dec. 2021) |

---

[6] *See also, e.g.*, *Bakon v. Rushmore Serv. Ctr., LLC*, No. 16-cv-6137, 2017 U.S. Dist. LEXIS 85038, at *8 (E.D.N.Y. June 2, 2017) ("Here, the Agreement identifies a class of parties who are covered by the Agreement in addition to the bank and cardholder, namely the 'employees, parents, subsidiaries, affiliates, beneficiaries, agents and assigns of you and us.'…Rushmore, as a member of this class, was intended as a third party beneficiary who may enforce the Agreement."); *Alvarez v. Experian Info. Sols., Inc.*, No. 19-cv-3343, 2023 U.S. Dist. LEXIS 43659, at *14-15 (E.D.N.Y. Mar. 15, 2023).

[7] Long & Foster has provided testimony that its independent contractor real estate agents were instructed to utilize the then-operative arbitration agreement together with the then-operative listing agreement and to request that home sellers (i.e., class members) execute the listing agreement with that arbitration agreement. *See* Doc. 206-12 ¶¶ 7-9, Ex. 2023-12 [Doc.404-12] ¶¶ 5, 9.

8

Dated: April 7, 2023     /s/*Robert D. MacGill*
Robert D. MacGill (*pro hac vice*)
Matthew T. Ciulla (*pro hac vice*)
Scott E. Murray (*pro hac vice*)
Patrick J. Sanders (*pro hac vice*)
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Phone: (317) 721-1253

Jay N. Varon (*pro hac vice*)
Jennifer M. Keas (*pro hac vice*)
FOLEY & LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5300

*Attorneys for HomeServices of America, Inc., HSF Affiliates, LLC, BHH Affiliates, LLC, and The Long & Foster Companies, Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on April 7, 2023 on all counsel of record by virtue of the Court's CM/ECF System.

/s/Matthew T. Ciulla