IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>　　　　Defendants. | Case No: 1:19-cv-01610<br><br>Judge Andrea R. Wood |

## JOINT STATUS REPORT

Pursuant to the Court's May 30, 2023 Order (Docket No. 424), Plaintiffs Christopher Moehrl, Michael Cole, Steve Darnell, Jack Ramey, Daniel Umpa, and Jane Ruh, on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendants Realogy Holdings Corp., RE/MAX LLC ("RMLLC"), and Keller Williams Realty, Inc. ("Defendants"), (collectively, the "Parties"), respectfully submit this Joint Status Report regarding the disputed interrogatory responses previously addressed in their December 14, 2022 status report.

The Parties have conferred, and their separate positions are reflected below. For the Court's convenience, the parties re-print here the interrogatories at issue (*see also* ECF No 390, Ex. A.):

INTERROGATORY NO. 1:

Identify and Describe each procompetitive justification or benefit to consumers that you contend applies to NAR's rules concerning the Buyer Broker Commission Rule, Commission Filtering and Disclosure, Restraints on Negotiation, or Advertising Commissions as "Free" and all facts and evidence that you contend support each such procompetitive justification or benefit.

INTERROGATORY NO. 2:

Identify and Describe all facts and evidence that you contend show that any such procompetitive justification or benefit could not be reasonably achieved through less anticompetitive means.

INTERROGATORY NO. 3:

To the extent You contend that Defendants do not collectively possess market power, Identify and Describe all facts and evidence that you contend support that position, including what you contend to be relevant geographic and product markets.

**PLAINTIFFS' POSITION**

Plaintiffs continue to seek an order requiring Defendants[1] Keller Williams, Realogy, and REMAX to supplement their responses to Interrogatory Nos. 1, 2, and 3. In particular, Plaintiffs request that each Defendant be directed to: (a) list and describe with reasonable specificity each procompetitive justification or benefit on which that Defendant intends to rely and (b) list or reference with reasonable specificity the supporting facts and evidence for each such contention. Plaintiffs request comparable relief with respect to Interrogatory Nos. 2 and 3.

Entering a minute order now, in advance of any supplemental responses, will: (i) provide the Parties with clear direction; (ii) resolve a long-pending dispute and save the parties and the Court from having to brief this dispute a third time; (iii) ensure that Plaintiffs have meaningful responses in advance of summary judgment that they and the Court can use to potentially identify and narrow the disputed issues in this case; and (iv) save Defendants from a possible a third round of responses to the same interrogatories. Alternatively, Plaintiffs seek an order directing the Parties to submit a joint report by July 11, 2023 updating the Court on the status of any disputes and, if necessary, briefing those disputes.

"[C]ontention interrogatories require the answering party to commit to a position and give factual specifics supporting its claims." *Thomas & Betts Corp. v. Panduit Corp.*, No. 93-cv-4017, 1996 WL 169389, at *2 (N.D. Ill. Apr. 9, 1996). Defendants served nine expert reports, and the parties have taken dozens of depositions and produced millions of pages of documents. In cases like this one, the Manual for Complex Litigation recommends that contention interrogatories be used to summarize and narrow the facts and issues in advance of summary judgment motions. *See, e.g.*, Manual for Complex Litigation § 26:837 ("Interrogatories may also be used . . . to provide the foundation for a summary judgment motion. Whether certain facts are genuinely in dispute may be difficult to ascertain from depositions and affidavits . . . . Interrogatories are a means of requiring a party to disclose any facts that it believes raise a triable issue with respect to particular elements of a claim or defense."). Plaintiffs incorporate their original briefing, which reflects that

---

[1] Plaintiffs use the term "Defendants" as shorthand but note that two Defendants (NAR and HomeServices) long ago provided certain of the substantive information Plaintiffs seek here. That two Defendants provided this information, apparently with little difficulty, even in advance of their expert disclosure deadline belies any suggestion that Plaintiffs' requests present an undue burden or are otherwise unreasonable.

courts commonly order antitrust defendants to provide information in advance of summary judgment identical to what Plaintiffs seek here. *See* ECF 390 at 3-7.

In spite of their discovery obligations, Defendants' existing single-sentence interrogatory responses do not describe their "positions" and do not "give any factual specifics" supporting those positions; they include only a generic reference to expert reports that "have been or will be produced."[2] Although Defendants now vaguely claim that they will "supplement" these responses, they have refused to provide any information about the scope of these supplements or to answer even basic questions about them. For instance, Defendants have refused to commit to including in their responses a reasonably detailed description of each of the procompetitive justifications they intend to rely on.[3] Defendants have also refused to say whether they will list the evidence they intend to rely on in support of those procompetitive justifications. And at various points Defendants have indicated they may simply rephrase their existing deficient responses.

Defendants' conduct suggests that their strategy may be to run out the clock—as they have during the more than nine months since Plaintiffs served these interrogatories, and during the nearly seven months since this dispute was originally briefed. Plaintiffs have been prejudiced by Defendants' failure to timely provide substantive responses in advance of Plaintiffs' expert reports. In order to avoid further prejudice, Plaintiffs respectfully seek a short order requiring Defendants to provide the basic information Plaintiffs seek—e.g., to describe with reasonable specificity each procompetitive justification or benefit on which they intend to rely and, for each, the supporting facts and evidence.

**DEFENDANTS' POSITION**

The original dispute submitted to the Court in Section 3 of the Joint Status Report filed on December 14, 2022 (ECF 390) is moot, and Plaintiffs' insistence on manufacturing a new dispute about forthcoming supplemental interrogatory responses is improper and should be denied.

On June 8, Defendants Keller Williams, RE/MAX, and Realogy agreed to serve supplemental responses to Plaintiffs' Interrogatory Nos. 1-3 by June 30, a date proposed initially by Plaintiffs. With that agreement, any live dispute between the parties as to these interrogatories had come to an end. But Plaintiffs now seek an advisory opinion from the Court concerning the form and substance of the supplemental interrogatory responses that Defendants have not yet drafted or served. The Court should deny Plaintiffs' request.

---

[2] *See* ECF 390, Ex. 2 ("KWRI refers Plaintiffs to expert testimony and/or reports that have been or will be produced in this litigation, as well as any documents relied upon by the experts in forming their opinions."); ECF 390, Ex. 3 ("RMLLC states that it will disclose expert opinions on this subject in accordance with the scheduling order entered by the Court, as well as any documents relied upon by the experts in forming their opinions."); ECF 390, Ex. 4 ("[A]t this time Realogy refers Plaintiffs to expert testimony and/or reports that have been or will be produced in this litigation.").

[3] See, e.g., Ex. A, Email from William T. McEnroe to Robert A. Braun Dated June 9, 2023 (refusing to provide any information about Defendants responses beyond a vague representation that they "will comply with the Federal Rules").

Plaintiffs have manufactured this dispute after the parties' prior dispute over these interrogatories became moot. The parties submitted their positions on that dispute to the Court in Section 3 of the Joint Status Report filed on December 14, 2022 (ECF 390). Plaintiffs argued at that time that Defendants' failure to respond by January 23, 2023 to their contention interrogatories – which sought Defendants' contentions as to issues on which Defendants intended to rely on their merits experts – "would severely prejudice Plaintiffs' ability to prepare their merits expert disclosures . . . ." But the date by which Plaintiffs requested that the Court resolve the dispute has now passed, Plaintiffs have served their expert reports, and Plaintiffs are now in possession of expert reports from Defendants that address the subjects of Interrogatory Nos. 1-3.

Despite the fact that Plaintiffs now have Defendants' expert reports, which render further discovery cumulative and unnecessary, Defendants have agreed in the interest of compromise to provide supplemental interrogatory responses consistent with the Federal Rules. Defendants cannot, however, commit to Plaintiffs exactly what those interrogatories will say because they have not yet been written. Under Fed. R. Civ. P. 37(a)(3)(B), (a)(4), a party may move to compel discovery where the party has failed to provide a complete answer. That has not happened because the agreed-upon deadline to submit supplemental responses is three weeks away. "Phrased differently, the motion seeks an advisory opinion, which is impermissible under the case or controversy requirement of Article III of the Constitution." *Bowden v. Kirkland & Ellis Ltd. Liab. P'ship*, 254 F.R.D. 542, 543 (N.D. Ill. 2009); *Orthoarm, Inc. v. Am. Orthodontics Corp.*, No. 06-C-0532, 2009 U.S. Dist. LEXIS 140343, at *3 (E.D. Wis. Feb. 9, 2009) ("the court will not issue an advisory opinion on [discovery] issues that have not ripen"); *Kmoch v. Klein*, Case No. 95 C 2256, 1996 U.S. Dist. LEXIS 3916, at *9 (N.D. Ill. Mar. 28, 1996) ("Such an advisory opinion regarding discovery would be unwise and improper.").

The parties' prior dispute is now moot. Any dispute over forthcoming supplemental interrogatory response is not (and might never become) ripe. The Court should deny Plaintiffs' request.

Dated: June 9, 2023                              Respectfully submitted,

*Co-Lead Counsel for Plaintiffs*                 *Counsel for Realogy Holdings Corp.*

/s/      Robert A. Braun                         /s/      Kenneth Kliebard
Kit A. Pierson                                   Kenneth Michael Kliebard
 kpierson@cohenmilstein.com                       kenneth.kliebard@morganlewis.com
Benjamin D. Brown                                Heather Nelson
 bbrown@cohenmilstein.com                         heather.nelson@morganlewis.com
Robert A. Braun                                  MORGAN LEWIS & BOCKIUS LLP
 rbraun@cohenmilstein.com                        110 North Wacker Drive, Suite 2800
Daniel Silverman                                 Chicago, IL 60606-1511
  dsilverman@cohenmilstein.com                   (312) 324-1000

COHEN MILSTEIN SELLERS & TOLL PLLC               Stacey Anne Mahoney
1100 New York Ave. NW, Fifth Floor                stacey.mahoney@morganlewis.com
Washington, DC 20005                             MORGAN, LEWIS & BOCKIUS LLP
Telephone: (202) 408-4600                        101 Park Avenue
                                                 New York, NY 10178
Carol V. Gilden (Bar No. 6185530)                (212) 309-6000
 cgilden@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC               William T. McEnroe
190 South LaSalle Street, Suite 1705              william.mcenroe@morganlewis.com
Chicago, IL 60603                                MORGAN, LEWIS & BOCKIUS LLP
Telephone: (312) 357-0370                        1701 Market Street
                                                 Philadelphia, PA 19103
                                                 (215) 963-5000

Marc M. Seltzer                                  *Counsel for Keller Williams Realty, Inc.*
 mseltzer@susmangodfrey.com
Steven G. Sklaver                                /s/ Timothy Ray
 ssklaver@susmangodfrey.com                      Timothy Ray
SUSMAN GODFREY L.L.P.                             Timothy.Ray@hklaw.com
1900 Avenue of the Stars, Suite 1400             HOLLAND & KNIGHT LLP
Los Angeles, California 90067                    150 N. Riverside Plaza, Suite 2700
Telephone: (310) 789-3100                        Chicago, IL 60603
                                                 (312) 263-3600

Beatrice C. Franklin                             David C. Kully
 bfranklin@susmangodfrey.com                      david.kully@hklaw.com
SUSMAN GODFREY L.L.P.                            Anna P. Hayes
1301 Avenue of the Americas                       anna.hayes@hklaw.com
32nd Floor                                       HOLLAND & KNIGHT LLP
New York, New York 10019                         800 17th Street NW, Suite 1100
Telephone: (212) 336-8330                        Washington, DC 20530

Matthew R. Berry                                 (202) 469-5415

| | |
|---|---|
| mberry@susmangodfrey.com<br>Alexander W. Aiken<br>aaiken@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1201 Third Avenue, Suite 3800<br>Seattle, Washington 98101<br>Telephone: (206) 516-3880<br><br>Steve W. Berman (Bar No. 3126833)<br>steve@hbsslaw.com<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br><br>Daniel Kurowski<br>dank@hbsslaw.com<br>Jeannie Evans<br>jeannie@hbsslaw.com<br>Whitney Siehl<br>wsiehl@hbsslaw.com<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>455 North Cityfront Plaza Drive, Suite 2410<br>Chicago, IL 60611<br>Telephone: (708) 628-4949<br><br>Rio S. Pierce<br>riop@hbsslaw.com<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>Telephone: (510) 725-3000 | *Counsel for RE/MAX, LLC*<br><br>/s/      *Eddie Hasdoo*<br>Eddie Hasdoo<br>ehasdoo@jonesday.com<br>JONES DAY<br>110 N. Wacker, Suite 4800<br>Chicago, IL 60606<br>(312) 782-3939<br><br>Jeffrey A. LeVee<br>jlevee@jonesday.com<br>Eric P. Enson<br>epenson@jonesday.com<br>JONES DAY<br>555 S. Flower Street, 50th Floor<br>Los Angeles, CA 90071<br>(213) 243-2572 |