IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., <br><br> Defendants. | Case No: 1:19-cv-01610 <br><br> Judge Andrea R. Wood |

## PLAINTIFFS' SUPPLEMENT TO THE PARTIES' AUGUST 18, 2023 JOINT STATUS REPORT

Counsel for the HomeServices Defendants (Robert MacGill) advised Plaintiffs on a conference call this morning that, in breach of the Parties' clearly written agreement on merits expert depositions, at tomorrow's status conference, he intends to seek from the Court second rebuttal depositions of one or more of Plaintiffs' international benchmark experts.[1] Defendants did not raise this issue in their pre-hearing joint status report or in any other filing.

The Parties' contrary agreement on the number and length of depositions of Plaintiffs' merits experts is clear and was memorialized to the Court in the Parties' April 25, 2023 joint status report:

---

[1] Following that call, Plaintiffs advised Defendants that they intended to submit a supplement to the prior joint status report addressing this issue (so that it would not be raised for the first time at the hearing) and invited Defendants to join them in doing so. Plaintiffs have not received any response to that invitation. (Notably, the Parties were set to brief this same issue in the August 18, 2023 joint status report, but Defendants withdrew the dispute immediately prior to filing before suddenly raising it again this weekend.)

> The Parties have agreed on deposition dates for all of Plaintiffs' merits experts. The Parties have also agreed that, for each of Profs. Elhauge and Economides, Defendants will have up to 7 hours total for questioning which they may allocate among up to two merits depositions. **The Parties have further agreed that Defendants may conduct a single merits deposition of up to 7 hours for each of the remaining experts**.

*See* ECF 411, April 25, 2023 Joint Status Report at 1 (emphasis added). HomeServices Counsel (Mr. MacGill) personally negotiated this agreement on merits expert depositions and then reviewed and approved the inclusion of the above language in the Parties' status report.

Accordingly, Plaintiffs oppose any effort by Defendants to renege on their agreement not to seek second depositions of Plaintiffs' experts focused on the U.K. and Australia real estate markets (Philippa Sole and John Pye). By way of background, at the October 27, 2022 status conference, the Court questioned the parties about whether Defendants planned to take two separate depositions of Plaintiffs' merits expert reports. In response, counsel for Defendants stated that "I strongly believe that the defendants should be given the option as when to take the [expert] deposition . . . I'm hearing you loud and clear that you have a strong predisposition against a second deposition, and so I think if Your Honor wants to set a deadline, that's fine, but give the defendants the option. If we get several hundred pages of reports and we choose to take depositions before our expert submits their reports, that should be our choice. And then we would need to understand that there would be a heavy burden against us in the event we were going to seek a second deposition and that the Court would be strongly inclined not to permit that. And we would have to take that into account at the decision-making time." *See* ECF 377, October 24, 2022 Status Conference at 43:1-16.

Following that status conference, Plaintiffs nevertheless negotiated in good faith with Defendants for an agreement that would provide Defendants with the opportunity to take two depositions of Professors Elhauge and Economides, despite the Court's "strong predisposition" against that approach. In exchange for Plaintiffs agreeing to two depositions of the economic experts (Messrs. Elhauge and Economides), Defendants agreed that they would be limited to a single deposition of Plaintiffs' international experts (Ms. Sole and Mr. Pye). Consistent with this agreement, Professors Elhauge and Economides each sat for two merits depositions—one after their opening merits reports, and another following their rebuttal reports. Now that Defendants have received the benefit they sought (in the form of second merits depositions of Messrs. Elhauge and Economides), they belatedly seek judicial intervention to upend the bargain they themselves struck.

There has been no change of circumstances that would justify permitting Defendants to back out of their agreement. Defendants were aware of the Court's skepticism regarding second depositions of experts at the merits stage. Nevertheless, Defendants made conscious strategic decisions both: (i) to agree to a single merits deposition of Ms. Sole and Mr. Pye and (ii) to take that deposition after their opening merits reports, rather than after their rebuttal reports. Furthermore, any professed justification for additional merits depositions is a red herring. Ms. Sole and Mr. Pye submitted rebuttal expert reports that were only 9 pages long each. These circumstances cannot justify the burden on Plaintiffs' counsel and their experts of scheduling,

preparing for, and conducting depositions of individuals located in Australia and the United Kingdom—particularly in the short timeframe at issue here.

Finally, Defendants' request to conduct a second deposition of Ms. Sole and Mr. Pye violates this Court's September 1, 2023 deadline for completing merits expert discovery. Although Plaintiffs have consented to affording Defendants additional time to depose merits experts Prof. Richard Green and Mr. Gerry Trainor, Plaintiffs do not consent to extending the September 1, 2023 deadline so that Defendants can conduct other depositions that are inconsistent with the Parties' prior agreements on merits expert discovery.

Dated: September 11, 2023

Respectfully submitted,

*Co-Lead Counsel for Plaintiffs*

/s/     Robert A. Braun
Kit A. Pierson
 kpierson@cohenmilstein.com
Benjamin D. Brown
 bbrown@cohenmilstein.com
Robert A. Braun
 rbraun@cohenmilstein.com
Daniel Silverman
 dsilverman@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600

Carol V. Gilden (Bar No. 6185530)
 cgilden@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370

Marc M. Seltzer
 mseltzer@susmangodfrey.com
Steven G. Sklaver
 ssklaver@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100

Beatrice C. Franklin
 bfranklin@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, New York 10019
Telephone: (212) 336-8330

Matthew R. Berry
 mberry@susmangodfrey.com
Floyd G. Short
 fshort@susmangodfrey.com
Alexander W. Aiken
 aaiken@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880

Steve W. Berman (Bar No. 3126833)
 steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Daniel Kurowski
 dank@hbsslaw.com
Jeannie Evans
 jeannie@hbsslaw.com
Whitney Siehl
 wsiehl@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

Rio S. Pierce
 riop@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000