UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of himself and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No: 1:19-cv-01610 |
| v. | ) ) ) | Judge Andrea Wood |
| THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., | ) ) ) ) ) ) ) ) ) | ORAL ARGUMENT REQUESTED |
| Defendants. | ) | |

## DEFENDANT KELLER WILLIAMS REALTY, INC.'S
## MOTION FOR SUMMARY JUDGMENT

After almost five years of litigation, it is clear that Keller Williams Realty, Inc. ("Keller Williams") had no involvement in the issuance and or enforcement of NAR rules and that it did not impose those rules, including the Cooperative Compensation Rule, upon its franchisee brokerages or their affiliated independent contractor agents. The record also reflects that not only were there no discussions among Defendants about the Cooperative Compensation Rule, the Rule was never of interest to or a topic of discussion among anyone at Keller Williams. Keller Williams never discussed the Rule with anyone and it never attended any meetings or participated in any forum where the Rule was discussed. There is simply no evidence—no emails, no meeting minutes, no testimony—showing any involvement by anyone associated with Keller Williams in

1

any activities relating to the NAR rule Keller Williams is alleged to have knowingly conspired to adopt, implement, or enforce..

At this stage of the litigation Plaintiffs must produce evidence that "tends to exclude the possibility" that Keller Williams acted independently rather than in furtherance of any conspiracy. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). Plaintiffs cannot do so. After extensive discovery, Plaintiffs cannot produce evidence that meets its burden and supports Keller Williams' involvement in a conspiracy.

Keller Williams had no material involvement in NAR activities of any nature, much less any involvement in the Cooperative Compensation Rule at issue in this litigation. This is not a case in which Defendants engaged in regular discussions with one another and the question for the Court is whether Plaintiffs offered enough evidence of the substance of those discussions to support the existence of a conspiracy. *See, e.g.*, *In re Text Messaging Antitrust Litig.*, 46 F. Supp. 3d 788, 805–07 (N.D. Ill. 2014) (granting summary judgment in spite of regular interactions between defendant executives when plaintiffs "offer[ed] nothing other than speculation about the substance of these talks"), *aff'd*, 782 F.3d 867 (7th Cir. 2015). There is almost no evidence of any participation by anyone from Keller Williams in any NAR activities and no evidence whatsoever that the Rule was ever a topic of discussion at any NAR meeting.

Keller Williams maintains (but does not monitor compliance with or enforce) a policy requiring agents to participate in their local board of REALTORS® and MLS (unless exempted by a franchisee brokerage), but the evidence is clear and beyond a genuine factual dispute that Keller Williams adopted the requirement in 1989 when the company began franchising independently owned and operated brokerages, well before the adoption of the Cooperative Compensation Rule in 1996, and that it adopted and maintained the requirement because the

company believes that MLS participation allows agents to effectively serve their buyer and seller clients. In the face of this evidence of an independent, non-conspiratorial interest on the part of Keller Williams in establishing this Policy, Plaintiffs must present evidence that tends "to rule out the possibility that [Keller Williams was] acting independently." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). But Plaintiffs cannot do so because there is no evidence that Keller Williams ever considered requiring agent participation in MLSs as a way to ensure adherence with the Cooperative Compensation Rule (or, for that matter, any specific MLS rules). Without some evidence that Keller Williams adopted its policy to ensure agent adherence to NAR's rules or indication that Keller Williams ever communicated about its policy with NAR or *anyone* outside the company—evidence that simply does not exist—Keller Williams' policy cannot support having Plaintiffs' claims against Keller Williams presented to a jury.

With the benefit of a full discovery record, the evidence is clear that Keller Williams has not participated in a conspiracy with NAR or other Defendants relating to the Cooperative Compensation Rule. Plaintiffs cannot produce evidence that Keller Williams "had a conscious commitment to a common scheme designed to achieve an unlawful objective," *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984), or a "unity of purpose or a common design and understanding" with other Defendants. *Omnicare Inc. v. UnitedHealth Group Inc.*, 629 F.3d 697, 706 (7th Cir. 2011) (quoting *Am. Tobacco Co. v. United States*, 328 U.S. 781, 810 (1946). With no genuine dispute as to any material fact concerning the first element of Plaintiffs' Sherman Act claim, the Court should grant summary judgment for Keller Williams.

For the foregoing reasons, the reasons articulated in Keller Williams' accompanying Memorandum of Law, and the reasons expressed in the Motion for Summary Judgment and accompanying Memorandum filed by the National Association of REALTORS®, which Keller

3

Williams joins and incorporates herein, the Court should grant summary judgment in Keller Williams' favor on Plaintiffs' claims.

Dated:  December 19, 2023                          *Counsel for Keller Williams Realty, Inc.*

/s/ Timothy Ray
Timothy Ray
timothy.ray@hklaw.com
William Ringhofer
william.ringhofer@hklaw.com
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600

David C. Kully, *pro hac vice*
david.kully@hklaw.com
Anna P. Hayes, *pro hac vice*
anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

Jennifer Lada, *pro hac vice*
jennifer.lada@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street
12th Floor
New York, NY 10019
202-513-3513

Dina W. McKenney, *pro hac vice*
dina.mckenney@hklaw.com
HOLLAND & KNIGHT LLP
1772 Routh Street, Suite 1500
Dallas, Texas 75201
214-969-1757

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 19, 2023, a true and correct copy of the foregoing was filed electronically through the Court's ECF system which will send notification of the same to all counsel of record in this matter.

    /s/ David C. Kully
David C. Kully
Counsel for Keller Williams Realty, Inc.