UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, VALERIE NAGER, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No.: 1:19-cv-01610<br><br>Judge Andrea R. Wood |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
EXPEDITED MOTION TO APPROVE THE MANNER
AND FORM OF CLASS NOTICE**

## I. INTRODUCTION

Plaintiffs Christopher Moehrl, Michael Cole, Steve Darnell, Jack Ramey, Daniel Umpa, and Jane Ruh, on behalf of themselves and all others similarly situated ("*Moehrl* Plaintiffs"), respectfully request that the Court enter an order (a) approving their proposed manner and form of providing notice of the pendency of this class action to the Damages Litigation Class ("*Moehrl* Class" or "Litigation Class") and (b) appointing a notice administrator.

Plaintiffs respectfully request *expedited* approval of this motion by no later than **January 31, 2024**. In order to reduce costs and avoid confusion to class members, *Moehrl* Plaintiffs seek to proceed with their Litigation Class notice program on the same timeline as the Nationwide Settlement Class notice program recently approved in the related *Burnett* case, and with the same notice and claims administrator appointed in *Burnett*. The proposed notice administrator can accommodate a parallel timeline if Plaintiffs receive this Court's approval of their proposed notice plan by January 31, 2024.

To maintain the proposed schedule, Plaintiffs respectfully request a January 25, 2024, deadline for any briefs in opposition to this motion. Defendants Anywhere, RE/MAX, and NAR do not oppose this requested deadline. Defendants Keller Williams and Home Services have not indicated their position.

Plaintiffs contacted all Defendants on the morning of January 16, 2024, seeking their consent to the form of the notice. After review of the notice forms, and meet-and-confer calls and correspondence over the past few days, Defendant Keller Williams indicated that it did not object to the form of the notice, and the remaining Defendants indicated they are continuing to review it.

The proposed notice plan is described below. It complies with all the requirements of Federal Rule of Civil Procedure 23. First, the proposed Long-Form, Email, and Postcard Notices

1

state in concise and easily understood language the nature of the action, the definitions of the certified classes, how to identify whether the recipient falls in the class, and information about Litigation Class members' rights and options at this stage of the litigation. The proposed manner of notice—direct notice by email or mail, nationwide media campaign, website, phone number, and QR Code—is comprehensive. The nationwide media effort alone will reach at least 70% of potential Litigation Class members. The extensive direct notice effort and the additional efforts, including an internet search campaign, the distribution of a press release, and class action sponsorships, will further extend reach. The proposed Notice Program is similar to other court-approved programs and meets the high reach standard set forth by the Federal Judicial Center ("FJC").

An experienced Class Notice administrator, JND Legal Administration ("JND") supports the proposed notice plan.[1]

## II. RELEVANT PROCEDURAL BACKGROUND

In this action, the Court certified a Damages Class and an Injunctive Relief Class on March 29, 2023. (Doc. 403) The classes are defined as follows:

**Damages Class**: Home sellers who paid a commission between March 6, 2015, and December 31, 2020, to a brokerage affiliated with a Corporate Defendant in connection with the sale of residential real estate listed on a Covered MLS and in a covered jurisdiction.

**Injunctive Relief Class**: Current and future owners of residential real estate in the covered jurisdictions who are presently listing or will in the future list their home for sale on a Covered MLS.[2]

The Covered Multiple Listing Services or "Covered MLSs" in the Moehrl litigation are 20 MLSs

---

[1] *See* Declaration of Jennifer M. Keough ("Keough Decl.").

[2] Excluded from both Classes are "(i) sales of residential real estate for a price below $56,500, (ii) sales of residential real estate at auction, and (iii) employees, officers, and directors of defendants, the presiding Judge in this case, and the Judge's staff." (Doc. 403, Mem. Opinion and Order, pp. 53–54).

spanning all or parts of 20 states.[3] In the related action, *Burnett, et al. v. The National Association of Realtors, et al.*, Case No. 4:19-cv-00332-SRB, pending in the Western District of Missouri ("*Burnett*"), the court certified classes of home sellers on April 22, 2022. (*Burnett*, Doc. 741) The *Burnett* classes include consumers who sold homes listed for sale on four MLSs in Missouri.

Since the time classes were certified in both cases, Plaintiffs from this action and the *Burnett* action (together "Plaintiffs") reached agreements with Defendants Anywhere Real Estate, Inc. (f/k/a Realogy Holdings Corp.) ("Anywhere") and RE/MAX LLC ("RE/MAX") (together the "Settling Defendants") to settle, and resolve on a nationwide basis, Plaintiffs' claims for damages and injunctive relief against the Settling Defendants for their alleged anticompetitive trade practices, including the claims in this case and the *Burnett* case. *Moehrl* and *Burnett* Plaintiffs jointly moved for preliminary approval of the Nationwide Settlements in the Missouri Court. On November 20, 2023, that Court granted preliminary approval of the Settlements, and provisionally certified a nationwide "Settlement Class" defined as follows.

> All persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date ranges:
>
> a. Moehrl MLSs: March 6, 2015 to date of notice;
> b. Burnett MLSs: April 29, 2014 to date of notice;
> c. MLS PIN: December 17, 2016 to date of notice;
> d. All other MLSs: four years prior to the date a new or amended complaint (if any) is filed in the Actions[4] or the date of notice, whichever is earlier, up to the date of notice.

---

[3] The "Covered MLSs" are listed in the Long Form, email, and postcard notice documents, which are attached as Exhibits B-D to the Declaration of Jennifer Keough in support of this motion. The Covered MLSs are also listed in the Corrected Memorandum in Support of Plaintiffs' Motion for Class Certification. (Doc 306, p. 20, fn.9).

[4] The "Actions" are *Burnett, et al. v. National Association of Realtors, et al.*, Case No. 4:19-cv-003322-SRB and *Moehrl, et al. v. National Association of Realtors, et al.*, Case No. 1:19-cv-01610-ARW (Northern District of Illinois).

(*Burnett*, Case No. 4:19-cv-00332-SRB, W.D. Missouri, Doc. 1321, ¶ 3).

The *Burnett* Court further appointed JND Legal Administration as the Settlement Administrator, and authorized JND to implement the parties' Class Notice Plan—to send notice of the settlements to the Nationwide Settlement Class. The Court found that the Notice Plan constituted "the best notice practicable and satisfied the requirements of due process." (*Burnett*, Doc. 1321, ¶ 9). On January 11, 2024, the *Burnett* Court further granted the parties' Unopposed Motion to Approve Form of Notices. (*Burnett*, Doc. 1366). The Nationwide Settlement Class Notice program will proceed on the following timeline:

| Notice Start Date. | 2/1/2024 |
|---|---|
| Deadline for class members to exclude themselves ("opt out") of the Nationwide Settlements. | 4/13/2024 |
| Deadline for class members to object to the Nationwide Settlements. | 4/13/2024 |
| Final Fairness Hearing to consider approval of the proposed Settlements. | 5/9/2024 |
| Deadline for class members to submit a claim form to receive a payment. | 5/9/2024 |

As members of the Settlement Class, *Moehrl* Class members will receive notice of the Nationwide Settlements with Anywhere and RE/MAX through the Nationwide Settlement Notice program described above.

*Moehrl* Plaintiffs further seek to direct notice to the *Moehrl* Litigation Class of the ongoing litigation. To streamline the *Moehrl* Litigation Class Notice program, reduce costs, and avoid confusion to class members, *Moehrl* Plaintiffs seek to proceed on the same timeline as in *Burnett*, and with the same notice and claims administrator appointed in *Burnett*.

### III. THE PROPOSED NOTICE PROGRAM

The proposed Litigation Notice Program, as described in further detail in the Declaration

4

of Jennifer Keough,[5] has been designed to provide the best notice practicable. It includes the following components:

**A.  Manner of Notice**

**1.  Direct Notice – Email and Postcard**

Direct notice to all *Moehrl* Litigation Class Members for whom the Defendants provide contact information or for whom contact information is located via other means, including data obtained from third parties. Direct notice will be by email to all Litigation Class Members for whom Plaintiffs can identify an email address after reasonable efforts. For those Litigation Class Members for whom an email address is unavailable or where the email bounces back and cannot be ultimately delivered, the notice administrator will send a Postcard Notice.[6]

**2.  Website**

An established shared website that will provide *Moehrl* Litigation Class Members and Nationwide Settlement Class Members access to information about both the Nationwide Settlements with Anywhere and RE/MAX and the ongoing Moehrl Litigation, as well as copies of relevant case documentation.[7]

**3.  Phone**

An established shared toll-free telephone number with an Interactive Voice Recording system ("IVR") that Litigation and Settlement Class Members may call to obtain more information about both this Litigation and the Nationwide Settlements, and request copies of the long form notice for each matter. The IVR recording will be comprehensive. And if operators become

---

[5] *See* Keough Decl. ¶¶ 17–73.
[6] *See* Keough Decl. ¶¶ 22-39.
[7] *See* Keough Decl. ¶¶61-62.

desired, the notice administrator will accommodate.[8]

### 4. QR Code

The notice administrator will create a QR Code (a matrix barcode) that will allow quick and direct access to the shared website through mobile devices. The QR Code will be included, where practicable, in printed notice documents (i.e., the postcard, and print publication notices).[9] Litigation and Settlement Class Members will be able to access information about both this Litigation and the Nationwide Settlements through the QR Code.

### 5. Nationwide Media Campaign

The notice administrator will conduct a robust nationwide media effort that will direct Litigation and Settlement Class members to the shared website, allowing access to information about both this Litigation and the Nationwide Settlements. The media effort will target members of the Settlement Class, which includes all members of the *Moehrl* Litigation Class. The proposed campaign includes a targeted digital effort with the leading digital network (Google Display Network – "GDN"), the top social media platform (Facebook), and a respected programmatic partner (OMTD); a notice placement in a popular consumer magazine (*Better Homes & Gardens*); and additional efforts including an internet search campaign, the distribution of a national press release, and sponsorships with popular class action websites (TopClassActions.com and ClassAction.org).[10]

### B. Form of Notice

#### 1. Notice Design and Content

Each of the notice documents contains easy-to-read summaries of the Litigation and the

---

[8] *See* Keough Decl. ¶¶63-64.
[9] *See* Keough Decl. ¶ 66.
[10] *See* Keough Decl. ¶¶ 40–60.

options that are available to Litigation Class Members. Additionally, the notice documents provide instructions on how to obtain more information about the Litigation and the Nationwide Settlements. Copies of the proposed Long Form Notice, Email Notice, and Postcard Notice are attached as Exhibits B-D to the Declaration of Jennifer Keough. The Keough Declaration is attached as Exhibit 1 to this Memorandum.

The Litigation Long Form Notice will be posted on the Litigation section of the shared website and will be available by mail if requested. It provides details regarding, among other things, the nature of the action, who is in the Litigation Class, general descriptions of the claims asserted and relief requested, references to the defenses of the Defendants, and the right of Litigation Class Members to obtain counsel or exclude themselves from the Litigation. The Litigation Long Form Notice provides details regarding how and when to opt out, and how and where to seek additional information. The Long Form Notice was used as the basis to create the summary forms of notice: Email Notice and Postcard Notice. These Short Form Notices provide, among other things, a summary of what the lawsuit is about, who is affected, how to opt out, and how and where to obtain more information.

To the extent that some Litigation Class Members may speak Spanish as their primary language, the print notice documents include a subheading in Spanish at the top directing Spanish speaking Litigation Class Members to visit the website for a notice in Spanish.

### 2. Opt-Outs

Any Damages Litigation Class member may opt out of the Damages Class. The Long Form Notice includes instructions regarding how to opt out, and the deadline to do so.

### 3. Exclusion (Opt-Out) Date

The proposed forms include an exclusion ("opt-out") deadline of April 13, 2024. Plaintiffs

propose that the Litigation Notice Plan proceed along the same timeline as the Nationwide Settlement Class Notice Plan, with a Litigation Notice Start Date of February 1, 2024, and an Exclusion Deadline of April 13, 2024. To allow sufficient time for best practicable notice, Plaintiffs will adjust these dates based on the date the Court approves the Notice Plan, such that the Exclusion Deadline will be set at 72 days following the Notice Start Date. Plaintiffs will update the proposed notice forms accordingly after the Notice Plan is approved.

## IV. ARGUMENT

### A. The proposed form of notice complies with Rule 23.

Federal Rule of Civil Procedure 23(c)(2)(B) provides that, for any class certified under Rule 23(b)(3), "[t]he notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."[11]

The proposed forms of notice satisfy each of the Rule 23(c)(2)(B) requirements. The Long Form Notice mirrors those recommended by the Federal Judicial Center[12] and succinctly describes the litigation, the parties' primary claims and defenses, and the two certified classes in concise, easily understood language. The notice also includes a chart that clearly sets forth the options available for class members and the deadline for submitting an exclusion request. The Long Form

---

[11] *See also Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 232 (N.D. Ill. 2016) (approving notices with form and content that is straightforward and satisfied the Federal Judicial Center's guidelines).
[12] *See* "Class Action Forms & Notices," FEDERAL JUDICIAL CENTER, https://www.fjc.gov/subject/class-action-forms-notices (last visited January 8, 2023).

8

Notice will be published to the case website. The Email and Postcard Notice are short forms of notice that provide summary information about the lawsuit, provide key information and the exclusion deadline, and direct potential class members to the case website, where they can obtain additional information.

Because all *Moehrl* Litigation Class Members are also eligible to participate in the Nationwide Settlements, the Litigation Notice also includes certain information about the rights of Nationwide Settlement Class Members. The Litigation Class Notice program includes information and deadlines regarding the rights of potential class members to participate in or opt out of the Litigation Class, the Settlement Class, or both. It includes information and deadlines regarding Settlement Class Members' rights to submit a claim, object to, or opt out of one or both of the Nationwide Settlements with Anywhere and RE/MAX. And it directs potential members of the Nationwide Settlement Class to the shared website with more complete notice and information regarding the Nationwide Settlements.

Because the Litigation Class Notice forms clearly and fairly appraise class members of the nature of this class action and the scope of their rights, they should be approved.

**B.  The proposed manner of notice complies with Rule 23.**

Rule 23(c)(2)(B) requires that notice of a class action certified under Rule 23(b)(3) be the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."[13] This does not mean actual notice must reach every class member.[14] Best notice practicable means "individual notice to all members who can

---

[13] Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974).

[14] *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313–14 (1950) ("A construction of the Due Process Clause which would place impossible or impractical obstacles in the way could not be justified."); *see also Shurland v. Bacci Cafe & Pizzeria on Ogden, Inc.*, 271 F.R.D. 139, 144 (N.D. Ill. 2010).

be identified through reasonable effort."[15] When individual notice is not possible, "courts may use alternative means such as notice through third parties, paid advertising, and/or posting in places frequented by class members, all without offending due process."[16]

In this case, the notice administrator will email or mail direct notice to all Litigation Class Members for whom email or United States mail addresses can be obtained from Defendants or third parties through reasonable efforts. Such Litigation Class Members will receive the Short-Form Notice (email or postcard) that contains a summary of relevant information about the lawsuit, a toll-free number, and a link to the case website. The case website will include the Long Form Notice, which will provide more detailed information. To extend the reach of the Notice Plan for home sellers, the notice administrator will conduct a comprehensive nationwide media campaign, as detailed in the Declaration of Jennifer Keough at ¶¶ 40–60.

The comprehensive notice program satisfies the requirements of constitutional due process and Rule 23(c)(2)(B), and should be approved.

C.  **JND Legal Administration ("JND") is well-qualified to serve as notice administrator.**

JND is well-qualified to serve as notice administrator in this case.[17] JND has been recognized by various publications, including the *National Law Journal*, the *Legal Times*, and the *New York Law Journal*, for excellence in class action administration. JND was named the #1 Class Action Claims Administrator in the U.S. by the national legal community for multiple consecutive years. JND was also recognized last year as the Most Trusted Class Action Administration

---

[15] *Eisen*, 417 U.S. at 173; *see also Gehrich*, 316 F.R.D. at 231-32 (citing *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015)); Manual for Complex Litigation § 21.311 (4th ed. 2004) ("Rule 23(c)(2)(B) requires that individual notice in 23(b)(3) actions be given to class members who can be identified through reasonable effort.").

[16] *Mullins*, 795 F.3d at 665-66*; Hughes v. Kore of Indiana Enters., Inc.*, 731 F.3d 672, 676-77 (7th Cir. 2013).

[17] *See* Keough Decl. ¶¶ 1–11.

Specialists in the Americas by *New World Report* (formerly *U.S. Business News*) in the publication's 2022 Legal Elite Awards program.[18]

JND is an approved vendor for the United States Securities and Exchange Commission ("SEC"), the Federal Trade Commission ("FTC"), and the Consumer Financial Protection Bureau ("CFPB"). JND was appointed the settlement administrator in the $1.3 billion Equifax Data Breach Settlement, where more than 18 million claims were received.[19] Further, as discussed above, JND is currently serving as the Settlement Administrator in the proposed Nationwide Settlements, in connection with the *Burnett* action and this action. Thus, JND is highly qualified and well positioned to serve as notice administrator for the *Moehrl* Litigation Class.

## V. CONCLUSION

For these reasons, *Moehrl* Plaintiffs respectfully request that the Court approve the Proposed Litigation Notice Plan, authorize distribution of notice to the certified Damages Litigation Class, and appoint JND as notice administrator.

Plaintiffs further request that the Court authorize the Litigation Notice program to begin on February 1, 2024, and the deadline for Litigation Class Members to request exclusion to be set for April 13, 2024.

If the Court does not approve the form and manner of class notice by January 31, 2024, then Plaintiffs instead request that the Court authorize the Litigation Notice program to begin no later than 14 days after the date the Court enters an order approving the proposed notice plan; and the deadline for Litigation Class Members to request exclusion to be set at 72 days following the Notice Start Date.

---

[18] *See* Keough Decl. ¶5.
[19] *See* Keough Decl. ¶4.

Dated: January 19, 2024

*Co-Lead Counsel for Plaintiffs*

*/s/ Robert A. Braun*

Kit A. Pierson
 kpierson@cohenmilstein.com
Benjamin D. Brown
 bbrown@cohenmilstein.com
Robert A. Braun
 rbraun@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600

Carol V. Gilden (Bar No. 6185530)
 cgilden@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370

Steve W. Berman (Bar No. 3126833)
 steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Daniel Kurowski
 dank@hbsslaw.com
Jeannie Evans
 jeannie@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

Rio S. Pierce
 riop@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP

715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Marc M. Seltzer
 mseltzer@susmangodfrey.com
Steven G. Sklaver
 ssklaver@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100

Beatrice C. Franklin
 bfranklin@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, New York 10019
Telephone: (212) 336-8330

Matthew R. Berry
 mberry@susmangodfrey.com
Alexander W. Aiken
 aaiken@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880

## **CERTIFICATE OF SERVICE**

  The undersigned attorney of record hereby certifies that on January 19, 2024, a true and correct copy of the foregoing was electronically filed using the Court's CM/ECF system, which caused notice to be sent to all counsel of record.

Dated: January 19, 2024        By: */s/ Robert A. Braun*
                      Robert A. Braun