IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MOEHRL, MICHAEL COLE, STEVE DARNELL, JACK RAMEY, DANIEL UMPA, and JANE RUH, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>    Defendants. | Case No: 1:19-cv-01610<br><br>Judge Andrea R. Wood |

## JOINT STATUS REPORT

Pursuant to the Court's Order (Docket No. 443), Plaintiffs Christopher Moehrl, Michael Cole, Steve Darnell, Jack Ramey, Daniel Umpa, and Jane Ruh, on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendants The National Association of REALTORS®, HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, The Long & Foster Companies, Inc. (collectively, "HomeServices"), and Keller Williams Realty, Inc. ("Defendants"), (collectively, the "Parties"), respectfully submit this Joint Status Report.

### I. Trial Length Estimates

The Court requested that the Parties provide their "best estimate for the length of the jury trial in this matter, including the number of trial days needed for testimony (assuming 5 hours per regular weekday)." ECF No. 433. The Parties provide their positions below.

### A. Plaintiffs

Plaintiffs propose that the Court set aside 15 trial days, including for testimony, opening statements, closing arguments, and jury selection. This is consistent with—indeed, *significantly*

*more time than*—what was used in the trial in *Burnett v. National Association of Realtors*. Moreover, to ensure that trial time is allocated equitably, Plaintiffs suggest that the Court adopt a "chess clock" and provide Plaintiffs and Defendants collectively with up to 30 hours each to use for questioning. Plaintiffs believe that a 15-day schedule represents the appropriate balance among the issues in this case, the expected evidentiary presentations, and the competing demands on the time of the Court and jurors.

The amount of trial time should reflect the serious costs of excessively lengthy jury trials on jurors, the parties, and the Court. Trials are burdensome on jurors—who must often miss work, educational, and personal commitments to perform their civic duties. A side effect of these burdens is that trials lasting a month or longer severely restrict the jury pool, resulting in juries that are not a fair cross-section of society. Overly long trials also tax jurors' attention spans and diminish their ability to absorb and recall testimony and argument. *See In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 665 (7th Cir. 2002) (observing in an antitrust suit that judges should be "realistic about the absorptive capacities of judges and juries" and noting that "complexity of the case is largely illusory and a streamlined trial strikes us as eminently feasible"). Lengthy trials also impose burdens on courts, which must devote most of each trial day solely to the case being tried, despite continuing to shoulder extremely heavy caseloads.

Excessively long trials are also unnecessary. They result in cumulative testimony and other evidence—particularly in cases with large discovery records like this one. And here there is no need to speculate on the time *actually* required to try this case: a similar suit involving the same Defendant families as this one was recently tried in *Burnett*. There, the Parties agreed to reserve three weeks (e.g., 15 days) for trial, and ultimately used significantly less time than what was reserved. *See Burnett v. National Association of Realtors*, No. 4:19-cv-00332 (W.D. Mo. Sept. 8, 2023) (ECF No. 869) (reflecting also that, at the time the trial length was set, there were five Defendant families; as opposed to the three Defendant families who may participate in a trial here.) In fact, the *Burnett* trial lasted only around **10 days**, including opening statements and closing arguments (but excluding jury selection). Defendants now contend that the larger geographic scope of this case merits more than doubling the allotted trial time. But vague contentions that Defendants will introduce repetitive testimony from multiple MLS witnesses do not justify the burdens of a monthslong trial.

In contrast to Defendants' proposal, the amount of time Plaintiffs propose for trial is comparable to what courts have ordered in similar, large antitrust suits, including in this District. *See, e.g.*, *In re Dealer Management Systems Antitrust Litig.*, 1:18-cv-00864 (N.D. Ill. July 31, 2023) (ECF No. 1390) (reflecting a planned "[j]ury trial, estimated to require three weeks"); *In re Ranbaxy Generic Drug Application Antitrust Litig.*, No. 19-md-02878, ECF No. 545 at *1 (D. Mass. Jan. 25, 2022) (granting plaintiffs 34 hours of trial time and defendants 30 hours, *including* opening and closing arguments); *In re HIV Antitrust Litig.*, No. 3:19-cv-02573, ECF No. 1835 at 2 (N.D. Cal. May 11, 2023) (granting plaintiffs collectively 38 hours of trial time and defendants collectively 32 hours); *In re Capacitors Antitrust Litigation*, 3:17-md-02801-JD (N.D. Cal.) (ECF No. 1576) ("trial has been set for 20 hours per side, not including opening and closing statements; each side will have up to 45 minutes for opening statements and 90 minutes for closing

2

statements."); *In re Wholesale Grocery Products Antitrust Litig.*, 957 F.3d 879 (8th Cir. 2020) (Reflecting a "two-week trial").[1]

  Consistent with Plaintiffs' proposed trial length, Plaintiffs suggest that the Court use a "chess clock" to ensure that the time reserved is divided equitably between Plaintiffs and Defendants collectively, with each side allocated 30 hours (i.e., roughly 6 days each excluding openings and closings). The use of a "chess clock" is a commonly used trial management method. It ensures that each side has a fair opportunity to present its case and prevents each from engaging in gamesmanship tactics by monopolizing the time reserved for trial. Plaintiffs are frequently allotted more time than Defendants because they have the overall burden of proof, must typically amass more evidence than a defendant to prevail, and must also devote a portion of their time to laying out basic facts about the issues and markets at stake. *See, e.g.*, *In re Ranbaxy Generic Drug Application Antitrust Litig.*, No. 19-md-02878 (ECF No. 545) (D. Mass. Jan. 25, 2022) (granting plaintiffs 34 hours of trial time and defendants 30 hours, *including* opening and closing arguments); *In re HIV Antitrust Litig.*, No. 3:19-cv-02573, ECF No. 1835 at 2 (N.D. Cal. May 11, 2023) (granting plaintiffs collectively 38 hours of trial time and defendants collectively 32 hours). Even so, here Plaintiffs propose that each side be afforded an equal amount of time to try its case. By contrast, although Defendants agree to the use of "chess clock," they suggest that they be afforded nearly 66% more time than Plaintiffs (50 vs. 30 hours) because that's the amount of time Defendants claim they "need." Defendants' proposal is not only inequitable, but it is also fails to address the concerns Plaintiffs raise about the impact of the overall trial length on jurors, the Court, and the overall process.

  Beyond the 60 total hours reserved for testimony, the remaining two trial days (assuming a five-hour day) would be used for the Parties' openings and closings.[2] *See, e.g.*, *In re Capacitors Antitrust Litigation*, 3:17-md-02801-JD (N.D. Ill.) (ECF No. 1576 (ordering that "each side will have up to 45 minutes for opening statements and 90 minutes for closing statements"). Plaintiffs propose that the Court address time allocation for openings and closings with the parties closer to trial.

---

[1] Although there are exceptional cases in which courts have ordered more time, they typically involve either trials against many more defendants than are at issue here or those in which the claims of multiple separate classes and/or "direct action" plaintiffs are consolidated in a single trial. *See, e.g.*, Joint Status Report Related to Mar. 12, 2024 Trial at 2, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill. Nov. 17, 2023) (ECF No. 7044) (reflecting that for purposes of a consolidated trial involving class action claims and the claims of 54 different individual plaintiffs that the plaintiffs collectively "put on their case in roughly 53 hours and [the defendant] presented its defense in 35.").

[2] Defendants' plainly excessive request for *six hours* of opening statements *for Defendants alone*, plus an additional *six hours* of closing arguments *for Defendants alone* is instructive regarding their general approach. In *Burnett*, Defendants collectively agreed that just *over one-third* of this amount (i.e., two hours and fifteen minutes) was appropriate for their opening statements. *See* Tr. of Pretrial Conference at 9, *Burnett v. National Association of Realtors*, No. 4:19-cv-00332 (W.D. Mo. Sept. 8, 2023) (ECF No. 1139) (reflecting opening statement time limits of two hours for Plaintiffs and two hours and fifteen minutes collectively for Defendants).

B. **Defendants**

Defendants respectfully request the Court grant them summary judgment, which of course would render trial time discussions unnecessary.

But, to respond to the Court's inquiry, in the event of a trial, Defendants respectfully request a schedule that provides Defendants with 13 days (65 hours) for their time to pick a jury, make openings and closings, and examine witnesses. Defendants take no position on how much time Plaintiffs should receive, although Plaintiffs have said they would be proposing 7 days for their case (14 days split evenly between the Plaintiffs and the Defendants collectively). Therefore, that would put the total trial time at 20 days—split 13 days to Defendants collectively and 7 days for Plaintiffs.

Defendants do not come to their request easily. It is based on the following:

- 2 hours per Defendant for openings (6 hours for Defendants collectively)

- 2 hours per Defendant for closings (6 hours for Defendants collectively)

- 50 hours for Defendants collectively to take witness testimony (direct, cross, and redirect examinations)

- 3 hours for jury selection (all parties)

Another way of thinking about it, 65 hours would be approximately 22 hours per Defendant.

A trial of this length would balance efficiency with a fair hearing. There are three Defendants groups: NAR, KW, and HSA. Each is entitled to present a full-throated and independent defense.

Plaintiffs' case is sprawling, covering virtually all home sales since 2015 in 20 MLS areas across the country, each with its own local market conditions. Over 100 witnesses have been identified in discovery (in initial disclosures or been deposed)—although Defendants will call far fewer witnesses at trial, there still will be a large number of trial witnesses. Plaintiffs seek tens of billions of dollars and challenge the way real estate brokerage has worked for generations, and a Model Rule everyone has relied upon for about 30 years—which was modified in the early 1990s to provide consumers with more choice, not to increase commissions.

Defendants respectfully request sufficient time to prove their innocence, and any less would risk significant undue prejudice on Defendants. However, Defendants assure the Court we will be respectful of the Court's and Jury's time and sacrifices, and will make an efficient presentation.

Finally, the same Defendants, with the same counsel, just tried the Burnett case. (Notably, the Plaintiffs' counsel here were not involved in that trial.) In Burnett, Plaintiffs were allocated a week and Defendants two weeks, based on a trial day than exceeded 6 hours. That totaled over 60 hours for Defendants' presentation. And Judge Bough made it clear he was not going to apply

4

those limits slavishly. Yet that case was substantively different, and literally narrower, than this case. Just looking at objective statistics, and ignoring the subjective differences, Burnett only covered 4 cities, one-fifth of the cities at issue here, each with their own market conditions; Burnett only covered one state, this case covers 15, each with their own real estate laws and regulations; the Burnett Plaintiffs had one economic expert, Plaintiffs here have 2; and the Burnett Plaintiffs presented their case largely by deposition designations. While Defendants did not use their total allocated time in that trial, they should not be punished for their efficiency when setting the lengths for this trial here, especially since it is substantively different and broader than the Burnett case.

If the Court does not grant Defendants motion for summary judgment, Defendants respectfully request a trial schedule that is long enough that they receive 13 days for their time to pick a jury, make openings and closings, and examine witnesses (with 10 days allocated collectively to Defendants' witness examination). If Plaintiffs still only seek 7 days for their opening, closing, and examinations, that would result in a trial that is 20 days long.

## II. Plaintiffs' Expedited Class Notice Motion

On January 19, 2024, Plaintiffs filed an Expedited Motion to Approve the Manner and Form of Class Notice. ECF Nos. 469, 470. As discussed in the filings (ECF. 470), Plaintiffs requested an expedited briefing schedule so that the class notice program in *Moehrl* can proceed on the same timeline as the settlement class notice program recently approved in the *Burnett* case. Notice to the settlement class in *Burnett* will begin on February 1, 2024. The proposed notice administrator can accommodate this parallel timeline if Plaintiffs receive this Court's approval of their proposed notice plan by January 31, 2024.

After conferring, Defendants have not advised Plaintiffs whether they will oppose the motion. Defendant Keller Williams indicated that it does not object to the form of the notice, and the remaining Defendants indicated they are continuing to review it.

On January 22, 2024, the Court granted Plaintiffs' request for expedited consideration of the motion as follows: "Any response to the motion (whether in support or opposition) shall be filed by 1/25/2024. Any reply by Plaintiffs, if necessary, shall be filed by 4:00 PM CST on 1/29/2024. The parties should be prepared to answer questions about the motion and briefing at the previously scheduled 1/31/2024 telephonic hearing." (ECF. 471).

## III. Dispositive Motion and *Daubert* Briefing Schedule

The Parties are on track with the schedule for briefing dispositive motions and *Daubert* motions.

## IV. Status of Realogy and RE/MAX Settlement Approval

As the Parties previously advised, on October 5, 2023, Plaintiffs moved in the *Burnett* case docket for preliminary approval of the *Moehrl* and *Burnett* Plaintiffs' joint settlements with Defendants Realogy and RE/MAX. *Burnett v. NAR*, 4:19-cv-00332 (W.D. Mo.) (ECF No. 1192) Plaintiffs filed supplemental materials, including to address class notice, on November 17, 2023.

5

ECF No. 1319. The *Burnett* court held a settlement approval hearing and preliminarily approved the settlements on November 20, 2023. ECF No. 1321.

On January 10, 2024, the Plaintiffs filed a motion with Judge Bough seeking to approve the form of notices (ECF 1365), which the Court approved on January 11, 2024. ECF No. 1366. The notice reflects the following approval schedule:

- Notice start date: February 1, 2024:

- Class member exclusion and objection deadline: April 13, 2024:

- Final approval hearing: May 9, 2024

- Claim submission deadline: May 9, 2025[3]

Dated: January 22, 2024

Respectfully submitted,

*Co-Lead Counsel for Plaintiffs*

*/s/     Robert A. Braun*
Kit A. Pierson
 kpierson@cohenmilstein.com
Benjamin D. Brown
 bbrown@cohenmilstein.com
Robert A. Braun
 rbraun@cohenmilstein.com
Daniel Silverman
 dsilverman@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600

Carol V. Gilden (Bar No. 6185530)
 cgilden@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370

*Counsel for HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, The Long & Foster Companies, Inc.*

*/s/     Robert D. MacGill*
Robert D. MacGill
 robert.macgill@macgilllaw.com
Scott E. Murray
 scott.murray@macgilllaw.com
Matthew T. Ciulla
 matthew.ciulla@macgilllaw.com
MACGILL PC
156 E. Market St., Suite 1200
Indianapolis, IN 46204
(317) 961-5085

Jay N. Varon
 jvaron@foley.com
Jennifer M. Keas
 jkeas@foley.com
FOLEY & LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5436

---

[3] This deadline was inadvertently reflected as "5/9/2024" in Plaintiffs' class notice brief filed in *Moehrl*. ECF No. 470

6

| | |
|---|---|
| Steve W. Berman (Bar No. 3126833)<br> steve@hbsslaw.com<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 623-7292 | James D. Dasso<br> jdasso@foley.com<br>FOLEY & LARDNER LLP<br>321 N. Clark St., Suite 2800<br>Chicago, IL 60654<br>(312) 832-4588 |

Daniel Kurowski
 dank@hbsslaw.com
Jeannie Evans
 jeannie@hbsslaw.com
Whitney Siehl
 wsiehl@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

Rio S. Pierce
 riop@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Marc M. Seltzer
 mseltzer@susmangodfrey.com
Steven G. Sklaver
 ssklaver@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100

Beatrice C. Franklin
 bfranklin@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, New York 10019
Telephone: (212) 336-8330

Matthew R. Berry
 mberry@susmangodfrey.com
Floyd G. Short
 fshort@susmangodfrey.com

***Counsel for Keller Williams Realty, Inc.***

*/s/ Timothy Ray*
Timothy Ray
 Timothy.Ray@hklaw.com
HOLLAND & KNIGHT LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60603
(312) 263-3600

David C. Kully
 david.kully@hklaw.com
Anna P. Hayes
 anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415


***Counsel for National Association of REALTORS®***

*/s/      Ethan Glass*
Ethan Glass (N.D. Ill. Bar #1034207)
 eglass@cooley.com
Deepti Bansal (*pro hac vice*)
 dbansal@cooley.com
Samantha Strauss (*pro hac vice*)
 sastrauss@cooley.com
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004-2400
Telephone: (202) 776-2244

7

Alexander W. Aiken
aaiken@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880

Beatriz Mejia (*pro hac vice*)
mejiab@cooley.com
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000

Elizabeth Wright (*pro hac vice*)
ewright@cooley.com
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116
Telephone: (617) 937-2300

Jack R. Bierig
jack.bierig@afslaw.com
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
312-258-5500 (Phone)

Suzanne L. Wahl
suzanne.wahl@afslaw.com
ARENTFOX SCHIFF LLP
350 S. Main Street, Suite 210
Ann Arbor, MI 48104
(734) 222-1517